**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (SBN: 249203)
ak@kazlg.com
2700 N. Main Street, Ste. 1000
Santa Ana, California 92705
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

**HYDE & SWIGART**
Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
411 Camino Del Rio South, Suite 301
San Diego, CA 92108
Telephone: (619) 233-7770
Facsimile: (619) 297-1022

**LAW OFFICES OF TODD M. FRIEDMAN, P.C.**
Todd M. Friedman (SBN 216752)
369 S. Doheny Dr., #415
Beverly Hills, CA 90211
Phone: 877-206-4741
Fax: 866-633-0228
tfriedman@attorneysforconsumers.com

Attorneys for the Plaintiffs

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **MUHAMMED ABDELJALIL AND RICHARD SPRINGER, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,**<br><br>PLAINTIFFS,<br><br>V.<br><br>**GENERAL ELECTRIC CAPITAL CORPORATION,**<br><br>DEFENDANT. | CASE NO.: 12-CV-02078-IEG-RBB<br><br>**CLASS ACTION**<br><br>**SECOND AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF PURSUANT TO THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C § 227 ET SEQ.**<br><br>**JURY TRIAL DEMANDED** |

**INTRODUCTION**

1. MUHAMMED ABDELJALIL (referred to individually as "Mr. Abdeljalil" or collectively as "Plaintiffs") and RICHARD SPRINGER (referred to individually as "Mr. Springer" or collectively as "Plaintiffs"), bring this class action for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of GENERAL ELECTRIC CAPITAL CORPORATION and its related entities, subsidiaries and agents ("Defendant") in negligently, knowingly, and/or willfully contacting Plaintiffs on Plaintiffs' cellular telephones, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq., ("TCPA"), thereby invading Plaintiffs' privacy. Plaintiffs allege as follows upon personal knowledge as to themselves and their own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by Plaintiffs' attorneys.

## JURISDICTION AND VENUE

1. Jurisdiction is proper pursuant to 28 U.S.C. § 1331.
2. Venue is proper in the United States District Court for the Southern District of California pursuant to 18 U.S.C. § 1391(b) and 1441(a) because the events giving rise to Plaintiffs' causes of action against Defendant occurred within the State of California and Defendants conducts business in the County of San Diego.

## PARTIES

2. Plaintiffs are, and at all times mentioned herein were, individual citizens and residents of the State of California.
3. Plaintiffs are informed and believe, and thereon allege, that Defendant is, and at all times mentioned herein was, a corporation whose primary corporate address is 901 Main Avenue, Norwalk, CT 06851. Defendant is, and at all times mentioned herein was, a corporation and a "person," as defined by 47 U.S.C. § 153 (10). Plaintiffs are informed and believe, and thereon allege, that at all times relevant Defendant conducted business in the State of California and in the County of San Diego. General Electric Capital Corporation is a global financial services company that extends credit to consumers,

businesses, and governments. It is a wholly-owned subsidiary of non-party General Electric Company.

## FACTUAL ALLEGATIONS

3. On or about November, 2011, Mr. Abdeljalil's wife was offered a line of credit by Defendant.

4. Sometime thereafter Mr. Abdeljalil's wife allegedly fell behind on her line of credit with Defendant.

5. On or about February, 2012, Mr. Abdeljalil received numerous telephone call/s on his cellular telephone from Defendant where Defendant used "an artificial or prerecorded voice" as prohibited by 47 U.S.C. § 227 (b)(1)(A). This conduct continued on almost a daily basis for approximately three months.

6. The calls from Defendant came from phone numbers including but not limited to 800-945-6596, 866-437-2914 and 866-419-2780, as well as numbers that showed up on Mr. Abdeljalil's caller ID as "unknown".

7. On the very first call to Mr. Abdeljalil's cellular telephone, Mr. Abdeljalil immediately revoked any consent, should it have ever existed in the very first place. Mr. Abdeljalil specifically stated to Defendant that he had never given out his cellular telephone number to Defendant and that the account that Defendant was calling about was not his. Despite Mr. Abdeljalil telling Defendant to stop contacting him (including contacting him on his cellular telephone), Defendant continued to contact Mr. Abdeljalil, including but not limited to auto-dialing Mr. Abdeljalil up to and including May 23, 2012.

8. Sometime prior to October 1, 2012, Mr. Springer was assigned, and became the owner of, a cellular telephone number from his wireless provider.

9. Beginning on or about October 1, 2012, Mr. Springer received numerous telephone call/s on his cellular telephone from Defendant where Defendant used "an artificial or prerecorded voice" as prohibited by 47 U.S.C. § 227 (b)(1)(A). This conduct continued on a daily basis for several days.

10. The calls to Mr. Springer from Defendant came from phone numbers including but not limited to 937-534-2092, 800-292-7508 and 480-707-4006.

11. During these calls from Defendant to Mr. Springer's cellular telephone, Defendant, by artificial or prerecorded voice, attempted to contact a person other than Mr. Springer. During at least one of these calls, an artificial or prerecorded voice informed that the person sought by Defendant (someone other than Mr. Springer) should call Defendant at 877-379-4933 to prevent further calls.

12. On or about October 2, 2012, Mr. Springer received a call from Defendant and was able to speak with a live representative of Defendant during the same call after pressing several buttons. Mr. Springer told the representative that he did not know the person that Defendant was trying to reach and requested that Defendant immediately stop calling Mr. Springer, thereby revoking any consent, should it have ever existed in the very first place.

13. Mr. Springer informed Defendant on other occasions since October 2, 2012, that the person who had previously owned the cellular telephone number now owned by Mr. Springer was no longer the owner of the telephone number and that Defendant was to stop calling Mr. Springer.

14. Despite Mr. Springer telling Defendant to stop contacting him (including contacting him on his cellular telephone), Defendant continued to contact Mr. Springer, including but not limited to auto-dialing Mr. Springer up to and including October 7, 2012.

15. The telephone numbers Defendant called were assigned to a cellular telephone service for which Plaintiffs incur a charge for incoming calls pursuant to 47 U.S.C. § 227 (b)(1).

16. This telephone calls constituted a call that was not for emergency purposes as defined by 47 U.S.C. § 227 (b)(1)(A)(i).

17. Plaintiffs did not provide express consent to Defendant to receive calls on Plaintiffs' cellular telephones, pursuant to 47 U.S.C. § 227 (b)(1)(A).

18. Plaintiffs did not provide "prior express consent" to Defendant to place telephone calls to Plaintiffs' cellular telephones with an artificial or prerecorded voice as proscribed under 47 U.S.C. § 227(b)(1)(A).

19. This telephone calls by Defendant were in violation of 47 U.S.C. § 227(b)(1).

## CLASS ACTION ALLEGATIONS

20. Plaintiffs bring this action on behalf of themselves and on behalf of all others similarly situated ("the Class").

21. Plaintiffs represent, and are members of, the Class, consisting of: "All persons within the United States who received any telephone call from Defendant or its agent/s and/or employee/s to said person's cellular telephone made through the use of any automatic telephone dialing system or with an artificial or prerecorded voice, which call was not made for emergency purposes or with the recipient's prior express consent, within the four years prior to the filing of this Complaint."

22. Defendant and its employees or agents are excluded from the Class. Plaintiffs do not know the number of members in the Class, but believe the Class members number in the tens of thousands, if not more. Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

23. Plaintiffs and members of the Class were harmed by the acts of Defendant in at least the following ways: Defendant illegally contacted Plaintiffs and the Class members via their cellular telephones thereby causing Plaintiffs and the Class members to incur certain cellular telephone charges or reduce cellular telephone time for which Plaintiffs and the Class members previously paid, by having to retrieve or administer messages left by Defendant during those illegal calls, and invading the privacy of said Plaintiffs and the Class members. Plaintiffs and the Class members were damaged thereby.

24. This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of the Class and it expressly is not intended to request any recovery for personal injury and claims related thereto. Plaintiffs reserve the right to expand the Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

25. The joinder of the Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the court. The Class can be identified through Defendant's records or Defendant's agents' records.

26. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact to the Class predominate over questions which may affect individual Class members, including the following:

    a. Whether, within the four years prior to the filing of this Complaint, Defendant made any call (other than a call made for emergency purposes or made with the prior express consent of the called party) to Class members using any automatic telephone dialing system or an artificial or prerecorded voice to any telephone number assigned to a cellular telephone service.

    b. Whether Plaintiffs and the Class members were damaged thereby, and the extent of damages for such violation; and

    c. Whether Defendant should be enjoined from engaging in such conduct in the future.

27. As a person that received numerous calls using an automatic telephone dialing system or an artificial or prerecorded voice, without Plaintiffs' prior express consent, Plaintiffs are asserting claims that are typical of the Class. Plaintiffs will fairly and adequately represent and protect the interests of the Class in that Plaintiffs have no interests antagonistic to any member of the Class.

28. Plaintiffs and the members of the Class have all suffered irreparable harm as a result of the Defendant's unlawful and wrongful conduct. Absent a class action, the Class will continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and Defendant will likely continue such illegal conduct. Because of the size of the individual Class member's claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein.

29. Plaintiffs have retained counsel experienced in handling class action claims and claims involving violations of the Telephone Consumer Protection Act.

30. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendant to comply with federal and California law. The interest of Class members in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual action for violation of privacy are minimal. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

31. Defendant has acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Class as a whole.

## FIRST CAUSE OF ACTION
## NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
## 47 U.S.C. § 227 *ET SEQ.*

32. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

33. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 *et seq.*

34. As a result of Defendant's negligent violations of 47 U.S.C. § 227 *et seq*, Plaintiffs and The Class are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

35. Plaintiffs and the The Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

///

///

///

## SECOND CAUSE OF ACTION
## KNOWING AND/OR WILLFUL VIOLATIONS OF THE
## TELEPHONE CONSUMER PROTECTION ACT
## 47 U.S.C. § 227 *ET SEQ.*

36. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

37. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 *et seq.*

38. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 *et seq.*, Plaintiffs and each of the The Class are entitled to treble damages, as provided by statute, up to $1,500.00, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

39. Plaintiffs and the The Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## PRAYER FOR RELIEF

Wherefore, Plaintiffs respectfully request the Court grant Plaintiffs and The Class members the following relief against Defendant:

### FIRST CAUSE OF ACTION FOR NEGLIGENT VIOLATION OF THE TCPA, 47 U.S.C. § 227 *ET SEQ.*

- As a result of Defendant's negligent violations of 47 U.S.C. § 227(b)(1), Plaintiffs seeks for themselves and each Class member $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

- Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.

- Any other relief the Court may deem just and proper.

/ / /

/ / /

**SECOND CAUSE OF ACTION FOR KNOWING AND/OR WILLFUL VIOLATION OF THE TCPA, 47 U.S.C. § 227 *ET SEQ.***

- As a result of Defendant's willful and/or knowing violations of 47 U.S.C. § 227(b)(1), Plaintiffs seek for themselves and each Class member treble damages, as provided by statute, up to $1,500.00 for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

- Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.

- Any other relief the Court may deem just and proper.

**TRIAL BY JURY**

Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiffs are entitled to, and demand, a trial by jury.

Date: October 9, 2012

**KAZEROUNI LAW GROUP, APC**

By: /s Abbas Kazerounian
Abbas Kazerounian

**HYDE & SWIGART**

By: /s Joshua B. Swigart
Joshua B. Swigart
Attorneys for Plaintiff