1  MATTHEW A. HODEL (SB#93962)
   mhodel@hbwllp.com
2  KARLA J. KRAFT (SB# 205540)
   kkraft@hbwllp.com
3  FRED L. WILKS (SB# 205403)
   fwilks@hbwllp.com
4  HODEL BRIGGS WINTER LLP
   8105 Irvine Center Drive, Suite 1400
5  Irvine, California 92618
   Telephone: (949) 450-8040
6  Facsimile: (949) 450-8033

7  Attorneys for Defendant
   GENERAL ELECTRIC CAPITAL
8  CORPORATION

9              UNITED STATES DISTRICT COURT

10            SOUTHERN DISTRICT OF CALIFORNIA

11

12  MUHAMMED ABDELJALIL and         CASE NO.:  12CV2078 IEG RBB
    RICHARD SPRINGER, individually
13  and on behalf of all others similarly   **DEFENDANT'S NOTICE OF**
    situated,                        **MOTION AND MOTION TO**
14                                   **DISMISS CLASS ALLEGATIONS**
                  Plaintiffs,        **IN SECOND AMENDED**
15                                   **COMPLAINT**
          vs.
16                                   [Fed. R. Civ. P. 12(b)(6)]
    GENERAL ELECTRIC CAPITAL
17  CORPORATION,

18                Defendant.

19                                   Hearing:
                                     Date:  December 10, 2012
20                                   Time: 10:30 a.m.
                                     Courtroom:  1
21

22

23

24

25

26

27

28

129392

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on December 10, 2012, at 10:30 a.m. in Courtroom 1 of the above-captioned Court, located at 940 Front Street, San Diego, California, defendant General Electric Capital Corporation ("GECC") will and hereby does move this Court, pursuant to Federal Rule of Civil Procedure 12(b)(6), for an order dismissing the class allegations in plaintiffs' Second Amended Complaint on the grounds that the class claims do not meet the criteria established under Federal Rule of Civil Procedure 23, and the Second Amended Complaint fails to state any class claims upon which relief may be granted.

This Motion is and will be based upon this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, and the pleadings and records, all matters of which the court may take judicial notice, and such other arguments offered at the hearing.

DATED:  November 2, 2012      HODEL BRIGGS WINTER LLP
                              MATTHEW A. HODEL
                              KARLA J. KRAFT
                              FRED L. WILKS


                              By: _____ s/ FRED L. WILKS
                                            FRED L. WILKS

                              Attorneys for Defendant
                              GENERAL ELECTRIC CAPITAL
                              CORPORATION

129392

# **TABLE OF CONTENTS**

I.  INTRODUCTION ......................................................................... 1

II.  SUMMARY OF COMPLAINT ...................................................... 2

III.  LEGAL STANDARD.................................................................... 4

IV.  THE CLASS ALLEGATIONS SHOULD BE DISMISSED................ 6

    A.  The Proposed Class Is not Adequately Defined Because It Is Improperly Merits-Based................................................... 6

    B.  Plaintiffs' Class Definition Establishes that the Statutory Prerequisites of Federal Rule of Civil Procedure 23 Cannot Be Satisfied............................................................... 9

        1.  The Commonality and Typicality Requirements of Rule 23(a) Cannot Be Satisfied.......................................... 9

        2.  None of the Requirements of Rule 23(b) Can Be Satisfied....................................................................... 13

V.  CONCLUSION............................................................................. 15

i

# TABLE OF AUTHORITIES

## CASES                                                                PAGE(S)

Ashcroft v. Iqbal,
      129 S. Ct. 1937 (2009)................................................... 4, 5

Balistreri v. Pacifica Police Dep't,
      901 F. 2d 696 (9th Cir. 1988)........................................... 4

Berndt v. California Dept. of Corr.,
      2010 WL 2035325, *3 (N.D. Cal. May 19, 2010)..................... 7

Blitz v. Xpress Image, Inc.,
      2006 WL 2425573 (N.C. Super. Aug. 23, 2006)....................... 11

Bremaecker v. Short,
      433 F. 2d 733 (5th Cir. 1970)........................................... 6

Carnett's Inc. v. Hammond,
      279 Ga. 125, 610 S.E.2d 529, 532 (Ga. 2005)........................... 11

Forman v. Data Transfer, Inc.,
      164 F.R.D. 400 (E.D. Pa. 1995)................................. 8, 9, 10, 14

Gene And Gene LLC v. BioPay LLC,
      541 F. 3d  318 (5th Cir. 2008)........................................... 11

Gen. Tel. Co. of the Southwest v. Falcon,
      457 U.S. 147 (1982).................................................... 5

Hagen v. Winnemucca,
      108 F.R.D. 61 (D. Nev. 1985)........................................... 7

Heffelfinger v. Elec. Data Sys. Corp.,
      2008 WL 8128621 (C.D. Cal. Jan 7, 2008) ........................... 6

In re Paxil Litig.,
      212 F.R.D. 539 (C.D. Cal. 2003)........................................ 6

In re Rules and Regulations Implementing the Tel. Consumer
Prot. Act of 1991,
      23 F.C.C. Rcd. 559 (F.C.C. 2008) ................................. 4, 10

Kenro, Inc. v. Fax Daily, Inc.,
      962 F. Supp. 1162 (S.D. Ind. 1997)..................................... 11

Kim v. Sussman,
      2004 WL 3135348 (Ill. Cir. Ct. Oct. 19, 2004) ..................... 14

Kondos v. Lincoln Prop. Co.,
      110 S.W. 3d 716 (Tex. Ct. App. 2003)................................... 11

i

**CASES (Continued)**                                                    **PAGE(S)**

Livingston v. U.S. Bank, N.A.,
        58 P. 3d 1088 (Colo. App. 2002)...................................................... 11

Local Baking Products, Inc. v. Kosher Bagel Munch, Inc.,
        421 N.J. Super. 268 (App. Civ. 2011) ........................................ 9

Lukovsky v. City & County of San Francisco,
        2006 WL 140574 (N.D. Cal. Jan. 17, 2006)............................... 6

Meyer v. Portfolio Recovery Assocs., LLC,
        ____ F.3d ____, WL 4840814 (9th Cir. Oct. 12, 2012) ................ 12,1 3

O'Connor v. Boeing N. Am., Inc.,
        197 F.R.D. 404 (C.D. Cal. 2000)................................................ 6

Picus v. Wal-Mart Stores, Inc.,
        256 F.R.D. 651 (D. Nev. 2009).................................................. 5

Rodriguez v. Gates,
        2002 WL 1162675 (C.D. Cal. May 30, 2002) ........................... 6, 7

Sadowski v. Med1 Online, LLC,
        2008 WL 489360 (N.D. Ill. Feb. 20, 2008) ............................. 8, 9, 11

Valentino v. Carter-Wallace, Inc.,
        97 F. 3d 1227 (9th Cir. 1996)..................................................... 9

Versteeg v. Bennett, Deloney & Noyes, P.C.,
        271 F.R.D. 668 (D. Wyo. 2011) ............................................... 11

Walls v. Wells Fargo Bank, N.A. (In re Wells),
        262 B.R. 519 (E.D. Cal. 2001)................................................... 5


**STATUTES AND RULES**                                                  **PAGE(S)**

47 U.S.C. § 227(b)(1)(A) ............................................................. 8, 10

47 U.S.C. § 227(b)(1)(A)(iii) ....................................................... 3, 7, 8, 13

Federal Rules of Civil Procedure Section 12(b)(6)........................ 4

Federal Rules of Civil Procedure Section 23 ............................... 5

Federal Rules of Civil Procedure Section 23(a) ......................... 5, 9, 10

Federal Rules of Civil Procedure Section 23(a)(3)........................ 13

Federal Rules of Civil Procedure Section 23(b) .......................... 5, 9, 13

ii

**STATUTES AND RULES (Continued)**          **PAGE(S)**

Federal Rules of Civil Procedure Section 23(c)(1)(A) ........................... 5

Telephone Consumer Protection Act, 47 U.S.C. § 227 ........................ *passim*

Utah Code § 70C-4-105 ....................................................... 2


**OTHER AUTHORITY**          **PAGE(S)**

Manual for Complex Litigation § 21.222 (4th Ed. 2011)...................... 6

Wright & Miller, 7A <u>Fed. Prac. & Proc. Civ.</u> § 1760 (3d ed. 2011) ...... 6

Wright & Miller, 7B <u>Fed. Prac. & Proc. Civ.</u> § 1798 (3d ed. 2011) ...... 5

iii

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

This lawsuit cannot properly proceed on a class basis.  Defendant General Electric Capital Corporation ("GECC") moves to dismiss the class allegations in the Second Amended Complaint on two separate grounds:  (1) the class is inadequately defined, and (2) the class definition itself reveals that the statutory prerequisites for class certification cannot be satisfied.

First, the class definition is inadequate as a matter of law because the proposed class, as defined within the four corners of the complaint, is entirely merits-based.  In other words, the class definition mirrors the language of the statute that creates the claim, and requires each class member to qualify himself or herself as a member of the class by proving each of the elements they will be required to show at trial.  Merits-based class definitions are facially improper because they frustrate efforts to identify class members, contravene the policy against considering the merits of a claim in deciding whether to certify a class, and create problems of manageability.  Such definitions also provide no efficiencies over separate actions because each prospective class member will be required to successfully prove the merits of his or her claim before becoming a class member.

Second, plaintiffs' class definition reveals that individual rather than common questions will predominate.  Plaintiffs' claims under the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. (the "TCPA"), will require a determination regarding whether each putative class member received calls on their cellular telephone without providing "prior consent."  This issue, which is expressly included in plaintiffs' class definition, mandates an individualized inquiry.  Numerous courts have rejected class claims due to the individual inquiry that the question of consent requires.  In sum, common questions do not predominate because the complaint describes class claims that would require mini-trials on the merits of each putative class member's claim.

129392

1

1    Where, as a matter of law, a class cannot be certified, it would be a waste of

2 the parties' resources and judicial resources to conduct discovery and extensive

3 motion practice on class certification issues.  Thus, the Court should dismiss the

4 class allegations at this time.

5

6 **II.    SUMMARY OF COMPLAINT**

7    The Second Amended Complaint identifies two named plaintiffs,

8 Muhammed Abdeljalil and Richard Springer, who allege violations of the TCPA.

9 For the purposes of this motion, the alleged facts must be accepted as true, although

10 GECC does not concede the correctness or completeness of any of plaintiffs'

11 allegations, and reserves the right to challenge all allegations.

12    Plaintiff Muhammed Abdeljalil alleges that GECC is a financial services

13 company that extends credit to consumers, businesses, and governments, and that

14 GECC offered his wife a line of credit.[1]  (Second Amended Complaint ("SAC"),

15 ¶¶ 3, 3 (there are two paragraphs labeled "3").)  Abdeljalil alleges that, sometime

16 thereafter, his wife fell behind on her line of credit with GECC.  (Id., ¶ 4.)

17 Abdeljalil next alleges that GECC placed numerous telephone calls to his cellular

18 phone using an "artificial or prerecorded voice" in violation of the TCPA.  (Id., ¶

19 5.)  He further alleges that during the first call he received, he "immediately

20 revoked any consent, should it have ever existed in the very first place."  (Id., ¶ 7.)

21 Abdeljalil further alleges that, despite his alleged revocation, GECC continued to

22 contact him.  (Id., ¶ 7.)

23 _____

24 [1] Mr. Abdeljalil's wife and GECC's subsidiary, GE Capital Retail Bank, entered into a Credit Card Agreement that (1) requires the parties to resolve their disputes through binding arbitration,

25 and (2) waives any right to pursue class claims in arbitration or in court.  The parties' agreement selected Utah law as the governing law, and class waiver of claims arising out of a credit

26 relationship is expressly authorized by Utah statute.  See Utah Code § 70C-4-105.  The class waiver in the Credit Card Agreement is not asserted as a basis for the instant motion for the sole

27 reason that the agreement is not referenced in or attached to plaintiffs' complaint, but GECC ultimately will assert the agreement as an additional, independent reason why class claims cannot

28 be maintained, if this motion is not granted.

1   Plaintiff Richard Springer alleges that he too received telephone calls from
2   GECC to his cellular telephone using an "artificial or prerecorded device." (SAC,
3   ¶¶ 8, 9.)  Springer alleges that, in placing the calls to his cellular telephone, GECC
4   was attempting to contact the previous owner of the telephone number. (*Id.*, ¶¶ 11-
5   13.)  Springer further alleges that he requested that GECC stop calling him, but that
6   GECC continued to contact him. (*Id.*, ¶¶ 12-14.)

7   Based on these allegations, the complaint asserts claims for violation of the
8   TCPA.  Specifically, plaintiffs allege GECC violated a subsection of the TCPA that
9   prohibits non-emergency telephone calls to cellular telephones using an artificial or
10   prerecorded voice:

11
12   > It shall be unlawful for any person within the United States … to
13   > make any call (other than a call made for emergency purposes or
14   > made with prior express consent of the called party) using any
15   > automatic telephone dialing system or an artificial or prerecorded
16   > voice … to any telephone number assigned to a … cellular
17   > telephone service ….

16   See 47 U.S.C. § 227(b)(1)(A)(iii).

17   Plaintiffs assert their claims as a purported class action.  However, the class
18   definition suffers from two fundamental failures.  First, the complaint improperly
19   defines the class in terms that track the language of the TCPA:

20
21   > [A]ll persons within the United States who received any telephone
22   > call from Defendant or its agent/s and/or employee/s to said
23   > person's cellular telephone made through the use of any automatic
24   > telephone dialing system or with an artificial or prerecorded voice,
25   > which call was not made for emergency purposes or with the
26   > recipient's prior express consent, within the four years prior to the
27   > filing of this Complaint.

25   (SAC, ¶ 21.)  In other words, the class is defined as any person who has suffered a
26   violation of the TCPA resulting from GECC's conduct; *one must prove a violation*

28

129392                                    3

1   *of the TCPA on the merits in order to qualify as a class member.*  As demonstrated

2   below, a merits-based class definition such as the one at issue here is improper.

3         Consent to receive calls placed by automated dialers or using pre-recorded

4   voices can be given in a variety of ways.  Among other things, the Federal

5   Communication Commission ("FCC") issued a declaratory ruling that "prior

6   express consent" is deemed granted to a creditor "if the wireless number was

7   provided by the consumer to the creditor, and that such number was provided

8   during the transaction that resulted in the debt owed."  In re Rules and Regulations

9   Implementing the Tel. Consumer Prot. Act of 1991, 23 F.C.C. Rcd. 559, 564

10  (F.C.C. 2008).  Thus, in order to make the basic determination of who is a member

11  of the proposed class, the court will be required to conduct an individualized

12  inquiry into, among other things, whether each putative class member provided

13  "prior express consent" for the calls by providing his or her cellular telephone

14  number to GECC in connection with the credit transaction; how each class

15  member's telephone number was provided to GECC; whether and in what way the

16  class member provided his or her consent; the scope, timing and circumstances of

17  such consent; the timing of any automated phone calls made to each class member,

18  if any; and, the type of telephone called.

19

20  **III.   LEGAL STANDARD**

21        A motion to dismiss will be granted where the plaintiff fails to state a claim

22  upon which relief can be granted.  See Fed. R. Civ. P. 12(b)(6).  Dismissal is proper

23  where there is either a "lack of a cognizable legal theory or the absence of sufficient

24  facts alleged under a cognizable legal theory."  See Balistreri v. Pacifica Police

25  Dept., 901 F.2d 696, 699 (9th Cir. 1988).  A pleading that offers "labels and

26  conclusions" or "a formulaic recitation of the elements of a cause of action will not

27  do."  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009).  Nor does a complaint suffice

28  if it tenders "naked assertion[s]" devoid of "further factual enhancement."  Id.  A

129392                                    4

1    complaint must contain sufficient factual allegations to "state a claim to relief that

2    is plausible on its face." Id.

3        As the U.S. Supreme Court has recognized, the Court may properly address

4    class certification based on the face of the complaint alone. See Gen. Tel. Co. of

5    the Southwest v. Falcon, 457 U.S. 147, 160 (1982)("sometimes [class certification]

6    issues are plain enough from the pleadings"). See also Walls v. Wells Fargo Bank,

7    N.A. (In re Wells), 262 B.R. 519, 524 (E.D. Cal. 2001) (a court may determine at

8    the pleading stage whether a complaint adequately pleads the prerequisites to class

9    action certification; a motion challenging class certification, "having been brought

10   prior to any discovery, should be construed according to the same legal standards as

11   a motion to dismiss under Rule 12"). Indeed, Federal Rule of Civil Procedure 23

12   requires the Court to consider issues of class certification "at an early practicable

13   time after a person sues or is sued as a class representative." Fed. R. Civ. P.

14   23(c)(1)(A).

15       There is no requirement that the parties first conduct discovery or file a

16   formal motion for class certification. Class allegations may be challenged by

17   means of a motion to dismiss. Such allegations may be dismissed where, as a

18   matter of law, the putative class cannot be certified. See In re Wells, 262 B.R. at

19   523("[i]f, as a matter of law, a class cannot be certified in this adversary

20   proceeding, it would be a waste of the parties' resources and judicial resources to

21   conduct discovery on class certification"); Picus v. Wal-Mart Stores, Inc., 256

22   F.R.D. 651, 655 (D. Nev. 2009)(same); Wright & Miller, 7B Fed. Prac. & Proc.

23   Civ. § 1798 (3d ed. 2011)(the pleader must set forth sufficient allegations to show

24   that the requirements of Rule 23(a) and 23(b) are satisfied). As demonstrated

25   below, the class definition and allegations in the complaint are inadequate, and no

26   amount of discovery could effect the inevitable legal conclusion that class

27   certification is improper.

28

129392

NOTICE OF MOTION AND MOTION TO DISMISS CLASS ALLEGATIONS

IV.   **THE CLASS ALLEGATIONS SHOULD BE DISMISSED**

    A.   **The Proposed Class Is Not Adequately Defined Because It Is Improperly Merits-Based.**

Before addressing the express statutory prerequisites for allowing a class action to proceed, "the class sought to be represented must be adequately defined and clearly ascertainable." Bremaecker v. Short, 433 F.2d 733, 734 (5th Cir. 1970). See also In re Paxil Litig., 212 F.R.D. 539, 549 (C.D. Cal. 2003)(in the absence of a clearly defined class, typicality cannot be established); Lukovsky v. City & County of San Francisco, 2006 WL 140574, *2 (N.D. Cal. Jan. 17, 2006)(a proposed "class must be adequately defined and clearly ascertainable before a class action may proceed"); Wright & Miller, 7A Fed. Prac. & Proc. Civ. § 1760 (3d ed. 2011)("if the court is persuaded that no definable class is present, it may have the class allegations stricken and allow the action to proceed on an individual basis"); O'Connor v. Boeing N. Am., Inc., 197 F.R.D. 404, 416 (C.D. Cal. 2000)(a plaintiff must propose a class definition that is "precise, objective, and presently ascertainable"); Manual for Complex Litigation, § 21.222 (4th Ed. 2011).  Put another way, the class definition must make it "administratively feasible for the court to ascertain whether an individual is a member." Heffelfinger v. Elec. Data Sys. Corp., 2008 WL 8128621, *5 (C.D. Cal. Jan. 7, 2008).

Where a class is defined in a way that requires the court to make a *merits-based* inquiry in order to ascertain the class members, the class cannot be certified because the court is unable to determine who is a member before a trial on the merits.  See Heffelfinger, 2008 WL 8128621, *10 (holding that a class defined in terms of workers who were denied overtime in violation of the law constituted an impermissible "fail-safe" class, whose members would be "bound only by a judgment favorable to plaintiffs but not by an adverse judgment"); Rodriguez v. Gates, 2002 WL 1162675, *9 (C.D. Cal. May 30, 2002)(denying certification where plaintiffs' "proposed definition would require the Court, before receipt of a

1   proof of claim, to hold a full trial on the merits of that purported class member's

2   claim ... to determine if the person was a class member"); Berndt v. California

3   Dept. of Corr., 2010 WL 2035325, *3 (N.D. Cal. May 19, 2010)(class definition

4   was improperly premised on the existence of a "hostile work environment,"

5   something that would not be determined until the merits were resolved); Hagen v.

6   Winnemucca, 108 F.R.D. 61, 63 (D.Nev.1985) (holding class certification improper

7   when it would require the court "to determine whether a person's constitutional

8   rights had actually been violated in order to determine whether that person was a

9   class member").  Merits-based "definitions frustrate efforts to identify class

10   members, contravene the policy against considering the merits of a claim in

11   deciding whether to certify a class, and create potential problems of manageability."

12   Rodriguez v. Gates, 2002 WL 1162675, *8 (citations omitted).

13          Here, plaintiffs' proposed class definition is entirely merits-based.  It

14   purports to define the class simply by tracking the language of 47 U.S.C.

15   § 227(b)(1)(A)(iii):

16

17   | Class Definition (Complaint, ¶ 21) | TCPA, Section 227(b)(1)(A)(iii) |
     |---|---|
     | [A]ll persons within the United States who received any telephone call from Defendant or its agent/s and/or employee/s to said person's *cellular telephone* made through the use of any *automatic telephone dialing system or with an artificial or prerecorded voice*, which call was *not made for emergency purposes* or with the recipient's *prior express consent*, within the four years prior to the filing of this Complaint. | It shall be unlawful for any person within the United States ... to make any call (*other than a call made for emergency purposes* or made with *prior express consent* of the called party) using any *automatic telephone dialing system or an artificial or prerecorded voice* ... to any telephone number assigned to a ... *cellular telephone service* .... |

NOTICE OF MOTION AND MOTION TO DISMISS CLASS ALLEGATIONS

1  Thus, plaintiffs' definition requires each prospective class member to prove each

2  element of his or her TCPA claim in order be allowed entry into the class.  Each

3  would be required to establish that he or she received a *non-emergency telephone*

4  *call* on a number assigned to a *cellular telephone service*, placed by GECC using

5  either an *automatic telephone dialing system* or an *artificial or prerecorded voice*

6  *message*.  See 47 U.S.C. § 227(b)(1)(A)(iii).

7      The most critical element that will be disputed as to nearly every class

8  member – whether each call was made without the recipient's *prior consent* – is

9  also included within the class definition.  Again, this is a central showing on the

10  merits of the claim.  See 47 U.S.C. § 227(b)(1)(A).  Courts have held that where a

11  TCPA violation is alleged, ascertaining the class by reference to the issue of

12  *consent* is improper.  Defining the class based on consent "requires addressing the

13  central issue of liability to be decided in the case." Forman v. Data Transfer, Inc.,

14  164 F.R.D. 400, 403 (E.D. Pa. 1995)(denying class certification of TCPA claim

15  because determining membership in the class required determination of whether fax

16  transmissions were "unsolicited," and "would essentially require a mini-hearing on

17  the merits of each case").

18      Like the plaintiffs here, the plaintiff in Sadowski v. Med1 Online, LLC, 2008

19  WL 489360 (N.D. Ill. Feb. 20, 2008) proposed a class definition based on a TCPA

20  claim consisting of the statutory elements of the statute – *i.e.,* persons who had

21  received faxes from defendant in the absence of "evidence of express consent" or

22  an "established business relationship." Id. at *3.  The court ruled that the "class is

23  not sufficiently identifiable to permit certification" because the class definition

24  "virtually mirrors the statutory language of the TCPA." Id.  The class definition

25  here suffers from the exact same problem.  It is unascertainable and self-defeating

26  because the burden of conducting mini-trials on the merits of each putative class

27  member's case negates the efficiency of the class action vehicle. See Forman v.

28

1 | <u>Data Transfer, Inc.</u>, 164 F.R.D. at 403; <u>Sadowski v. Med1 Online, LLC</u>, 2008 WL
2 | 489360, *3.

3 |      Further, the flaw in plaintiffs' class allegations is evident on the face of the
4 | pleading, without the need for discovery.  Under such circumstances, TCPA class
5 | allegations are properly dismissed at the pleading stage because "the same facts
6 | required to prevail on an individual TCPA claim … are identical to the facts that
7 | would have to be proven to merely identify a single class member."  <u>Local Baking</u>
8 | <u>Products, Inc. v. Kosher Bagel Munch, Inc.</u>, 421 N.J. Super. 268, 281, 23 A.3d 469,
9 | 477 (App. Div. 2011) (affirming dismissal of TCPA class claims at the pleading
10 | stage).

11 |      Plaintiffs' merits-based class definition is improper on its face, and cannot be
12 | amended to make the class sufficiently ascertainable.  For this reason, the class
13 | allegations must be dismissed.

14 |     **B.**    **Plaintiffs' Class Definition Establishes that the Statutory**
15 |          **Prerequisites of Federal Rule of Civil Procedure 23 Cannot Be**
16 |          **Satisfied.**

17 |      In order to maintain a class action, plaintiffs must allege and prove that
18 | common questions of law and fact predominate over questions affecting individual
19 | members, and a class action is superior to other available methods for the fair and
20 | efficient adjudication of the controversy.  <u>See</u> <u>Valentino v. Carter-Wallace, Inc.</u>, 97
21 | F.3d 1227, 1234 (9th Cir. 1996).  A purported class representative must
22 | demonstrate that all of the prerequisites of Rule 23(a) are met, and that at least one
23 | of the requirements of Rule 23(b) is met.  <u>See id.</u>

24 |     **1.**    **The Commonality and Typicality Requirements of**
25 |          **Rule 23(a) Cannot Be Satisfied.**

26 |      Rule 23(a) requires a class representative to establish all of the following
27 | prerequisites:  (1) the class must be "so numerous that joinder of all members is
28 | impracticable," (2) there are "questions of law or fact common to the class," (3) the

1     "claims or defenses of the representative parties are typical of the claims or

2     defenses of the class," and (4) the "representative parties will fairly and adequately

3     protect the interests of the class." Fed. R. Civ. P. 23(a).

4         Based on plaintiffs' own allegations and proposed class definition, the

5     commonality and typicality requirements cannot be met here.  At trial, the court

6     will be required to consider as to plaintiffs, and as to each individual class member,

7     individualized proof regarding whether each class member provided "prior express

8     consent."  47 U.S.C. § 227(b)(1)(A)(emphasis added).  Did each individual provide

9     his or her cell phone number in connection with applying for the account?[2]  What

10    did the account application say with regard to use of that number?  Did he or she

11    provide the number at some later point?  What was discussed?  Did the account

12    holder purport to revoke consent and, if so, how was that purported revocation

13    conveyed?  This would require inquiry into the timing, method and circumstances

14    of consent for each class member.

15        As illustrated above, the issue of prior consent rests on individualized

16    inquiry and proof resulting in a lack of typicality and predominance of individual

17    issues over common issues.  Numerous courts have held that the issue of prior

18    consent precluded TCPA claims, similar to the claims in the instant action, from

19    being maintained as class actions:

20        •     Forman v. Data Transfer, Inc., 164 F.R.D. 400, 403-04 (E.D. Pa. 1995)

21    (denying class certification of TCPA claim and observing that "the essential

22    question of fact that each potential plaintiff must prove is whether a specific [fax]

23    transmission to its machine was without express invitation or permission on its

24    part");

25

26

_____

27     [2] Again, the FCC has ruled that consent is established "if the wireless number was provided by the consumer to the creditor, and that such number was provided during the

28    transaction that resulted in the debt owed."  In re Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991, 23 F.C.C. Rcd. 559, 564 (F.C.C. 2008).

10

1    • Kenro, Inc. v. Fax Daily, Inc., 962 F.Supp. 1162, 1169-70 (S.D. Ind.

2    1997) (denying class certification of TCPA claim where the definition of the

3    proposed class would require the court "to conduct individual inquiries with regard

4    to each potential class member in order to determine whether each potential class

5    member had invited or given permission" for the communications);

6    • Gene And Gene LLC v. BioPay LLC, 541 F.3d 318, 329 (5th Cir.

7    2008)(reversing trial court's certification of TCPA class where there was "no

8    class-wide basis for distinguishing which recipients gave consent and which did

9    not");

10   • Versteeg v. Bennett, Deloney & Noyes, P.C., 271 F.R.D. 668, 674 (D.

11   Wyo. 2011) (class certification denied because TCPA claims would "require

12   extensive individual fact inquiries into whether each individual gave 'express

13   consent' by providing their wireless number to the creditor during the transaction

14   that resulted in the debt owed");

15   • Blitz v. Xpress Image, Inc., 2006 WL 2425573, *7 (N.C. Super. Aug.

16   23, 2006) (class certification of TCPA claim denied upon the conclusion that

17   "there is no avoiding an individualized inquiry into the facts and circumstances of

18   each recipient's 'invitation and permission' should this matter proceed as a class

19   action");

20   • Carnett's Inc. v. Hammond, 279 Ga. 125, 610 S.E.2d 529, 532 (Ga.

21   2005) (while the question of whether communications were unsolicited was

22   common to all class members, "a common question [of consent] is not enough

23   when the *answer* may vary with each class member and is determinative of

24   whether the member is properly part of the class")(emphasis added);

25   • Kondos v. Lincoln Prop. Co., 110 S.W.3d 716, 721-22 (Tex. Ct. App.

26   2003) (class certification reversed on the ground that the predominant issue for

27   litigation would be whether individual fax recipients gave permission to receive

28   advertisements);

129392

11

1    • <u>Livingston v. U.S. Bank, N.A.</u>, 58 P.3d 1088, 1091 (Colo. App. 2002)

2    (upheld trial court's determination that "the question whether any particular fax

3    recipient gave 'prior express invitation or permission' would have to be decided on

4    an individual basis and therefore would overwhelm, let alone predominate over,

5    the common issues");

6    • <u>Sadowski v. Med1 Online, LLC</u>, 2008 WL 489360 at *3 (N.D. Ill. Feb.

7    20, 2008)(class definition identifying persons "with respect to whom defendant

8    cannot provide evidence of express consent" would require "the court to

9    investigate – and the Defendants to provide evidence regarding – the relationship

10   between each potential class member and the Defendants").

11       The analysis and conclusions reached by these courts are sound and should

12   be followed here.  The necessarily individualized question of whether prior consent

13   was granted will overwhelm all other issues in this case.

14       Plaintiffs will undoubtedly respond by pointing to cases in which TCPA

15   claims were certified for class-wide treatment, and will try to make the over-

16   generalized argument that all TCPA claims are susceptible to class-wide treatment.

17   For instance, the Ninth Circuit recently affirmed provisional class certification for

18   the purposes of a preliminary injunction in a TCPA case.  <u>See</u> <u>Meyer v. Portfolio</u>

19   <u>Recovery Assocs., LLC</u>, __ F.3d __, 2012 WL 4840814 (9th Cir. Oct. 12, 2012).

20   The class definition in <u>Meyer</u>, however, was not merits-based and essentially

21   removed the issue of consent.  The defendant in that case was accused of obtaining

22   cellular numbers "via skip-tracing." <u>Id.</u> at *1.  Further, the class definition

23   excluded all persons using a cellular telephone number that the defendant "did not

24   obtain either from a creditor or from the Injunctive Class Member." <u>Id.</u> at *3.

25   Here, plaintiffs do not allege GECC obtained their telephone numbers via skip-

26   tracing – in fact, they both tacitly acknowledge their numbers were given to GECC

27   by others – and their class definition does not, and cannot, exclude telephone

28   numbers obtained from the *creditor*.  Here, *GECC is the creditor*.  Thus, both

NOTICE OF MOTION AND MOTION TO DISMISS CLASS ALLEGATIONS

1   plaintiffs would be excluded from the class if the class definition in <u>Meyer</u> were

2   accepted here.  Plaintiffs have not attempted to remove the issue of consent from

3   the class definition, and any such attempt will fail.

4        Further, even if some class members can establish they did not give consent,

5   each would be required to prove that GECC placed a telephone call to a number

6   assigned to a cellular telephone, not a land line.  Then, each individual class

7   member would be required to demonstrate that the call used either (a) an automatic

8   telephone dialing system or (b) an artificial or prerecorded voice message.

9   47 U.S.C. § 227(b)(1)(A)(iii).  Again, all of this is the same individualized inquiry

10  that will be required to determine whether each and every putative class member

11  belongs in the class in the first place, let alone whether that class member is entitled

12  to relief.

13       Finally, plaintiffs' complaint reflects on its face that their claims are not

14  "typical" of the claims or defenses of the class.  Fed. R. Civ. P. 23(a)(3).  Plaintiffs

15  allege that they did not apply for a credit account with GECC.  Yet they do not –

16  and cannot – allege that GECC has a general practice of making debt collection

17  calls to non-account holders.  Their claims, as a non-account holders, are not typical

18  of the putative class.

19         **2.**    **None of the Requirements of Rule 23(b) Can Be Satisfied.**

20       A prospective class representative also must demonstrate that one of the

21  following requirements of Rule 23(b) is met:  (1) there is risk of substantial

22  prejudice from separate actions; (2) that declaratory or injunctive relief benefiting

23  the class as a whole would be appropriate; or (3) that common questions of law or

24  fact predominate and the class action is superior to other available methods of

25  adjudication.  <u>See</u> Fed. R. Civ. P. 23(b).

26       Again, the issue of prior consent precludes plaintiffs from satisfying these

27  requirements here.  There is no risk of prejudice from separate actions; indeed,

28  mini-trials will be necessary to determine whether each class member gave prior

129392

13

NOTICE OF MOTION AND MOTION TO DISMISS CLASS ALLEGATIONS

1  consent, so each potential plaintiff's claim must be tried as a separate action.

2  Further, there can be no risk of prejudice from requiring separate actions because,

3  in enacting the TCPA, Congress expressly struck a balance designed to be fair to

4  both the recipient and the sender, allowing small claims actions to recover

5  substantial penalties for a very minor intrusion.  See Kim v. Sussman, 2004 WL

6  3135348, *2-3 (Ill. Cir. Ct. Oct. 19, 2004)("To certify a class under these

7  circumstances would upset that balance."); Forman v. Data Transfer, Inc., 164

8  F.R.D. at 405 ("A class action would be inconsistent with the specific and personal

9  remedy provided by Congress to address the minor nuisance of unsolicited

10  facsimile advertisements").

11     The issue of prior consent also precludes the possibility of injunctive relief

12  benefitting the class as a whole because of the impracticality of ascertaining who

13  belongs in the class.  Again, that is a task that requires an individualized

14  determination of the merits of each class member's claim, including whether prior

15  consent was given by each and every member of the alleged class, a class which

16  plaintiffs allege numbers in the "tens of thousands."  (See SAC, ¶ 15.)  The basic

17  step of determining who belongs in the class and thus would benefit by an

18  injunction would be an overwhelmingly burdensome and time-consuming task.

19     For similar reasons, common questions of law or fact do not predominate.

20  Individualized issues will predominate:  What type of phone was called?  What was

21  the purpose of the call?  Who placed the call?  What was said?  Was an automatic

22  dialing system used?  Was a prerecorded voice used?  How did GECC obtain the

23  recipient's phone number to make a debt collection call if the recipient did not

24  provide the number?  Did the recipient of the call provide prior consent?  What

25  were the circumstances of the consent?  Did the recipient attempt to revoke consent

26  and, if so, was that revocation effective?

27

28

129392

14

NOTICE OF MOTION AND MOTION TO DISMISS CLASS ALLEGATIONS

1    The problems with class-wide treatment are evident on the face of the

2  complaint, and are insurmountable.  Therefore, the Court should dismiss the class

3  allegations.

4

5  **V.    <u>CONCLUSION</u>**

6    Plaintiffs' proposed class, as defined, provides no efficiencies over separate

7  actions because each prospective class member will be required to prove the merits

8  of his or her claim before becoming a class member.  Further, the issue of prior

9  consent – an issue included in the proposed class definition – precludes a finding

10  that the requirements of typicality and commonality are present.   The allegations of

11  the complaint describe claims that would require mini-trials on the merits of each

12  class member's claims.  For each of these independent reasons, this case cannot

13  proceed on a class basis, and the Court should dismiss the class allegations.

14

15  DATED:  November 2, 2012        HODEL BRIGGS WINTER LLP
                                    KARLA J. KRAFT
16                                  FRED L. WILKS

17

18                                  By:  _____  s/ FRED L. WILKS
                                                    FRED L. WILKS
19
                                    Attorneys for Defendant
20                                  GENERAL ELECTRIC CAPITAL
                                    CORPORATION

21

22

23

24

25

26

27

28

129392

15

NOTICE OF MOTION AND MOTION TO DISMISS CLASS ALLEGATIONS

## PROOF OF SERVICE [F.R.C.P. § 5]

STATE OF CALIFORNIA )
) ss:
COUNTY OF ORANGE )

     I am employed in the County of Orange, State of California.  I am over the age of 18, and not a party to the within action.  My business address is Hodel Briggs Winter LLP, 8105 Irvine Center Drive, Suite 1400, Irvine, CA 92618.

     On **November 2, 2012**, I served the foregoing document(s) described as: **DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS CLASS ALLEGATIONS IN SECOND AMENDED COMPLAINT** on the interested parties by:

☒     **VIA ELECTRONIC SERVICE:**
I caused the listed documents to be electronically filed through the CM/ECF system at the United States District Court which generates a Notice of Electronic Filing to all parties and constitutes service of the electronically filed documents on all parties for purposes of the Federal Rules of Civil Procedure.

☒     **FEDERAL:**  I declare under penalty of perjury under the laws of the United States of America that the above is true and correct and that I took said action(s) at the direction of a licensed attorney authorized to practice before this Federal Court.

Executed on **November 2, 2012**, at Irvine, California.

                                 /s/ Heather Dorris
                                 **Heather Dorris**