1

2

3

4

5

6

7

8                           UNITED STATES DISTRICT COURT

9                        SOUTHERN DISTRICT OF CALIFORNIA

10   MUHAMMED ABDELJALIL and            )   Civil No. 12cv2078 JAH(MDD)
     RICHARD SPRINGER, individually     )
11   and on behalf of all others similarly )   **ORDER DENYING DEFENDANT'S**
     situated,                          )   **MOTION TO DISMISS CLASS**
12                                      )   **ALLEGATIONS [DOC. # 15]**
                        Plaintiffs,     )
13   v.                                 )
                                        )
14   GENERAL ELECTRIC CAPITAL           )
     CORPORATION,                       )
15                                      )
                        Defendant.      )
16   ───────────────────────────────    )

17                              **INTRODUCTION**

18          Currently pending before this Court is the motion to dismiss class allegations filed

19   by defendant General Electric Capital Corporation ("defendant").  The motion has been

20   fully briefed by the parties.  After a careful consideration of the pleadings and relevant

21   exhibits submitted, and for the reasons set forth below, this Court DENIES defendant's

22   motion to dismiss without prejudice.

23                              **BACKGROUND**

24          Plaintiffs Muhammed Abdeljalil and Richard Springer (collectively "plaintiffs")

25   allege in their complaint that defendant violated the Telephone Consumer Protection Act,

26   47 U.S.C. § 227 *et seq.* ("the TCPA") when it made repeated telephone calls to plaintiff

27   without prior consent and after instructing the calls to stop.  Plaintiffs originally filed their

28   complaint on August 22, 2012, an amended complaint on September 27, 2012 and their

second amended complaint, the operative pleading here, on October 17, 2012. In lieu of an answer, defendant filed the instant motion on November 2, 2012. An opposition and a reply brief were subsequently filed[1] and the motion was taken under submission without oral argument. *See* CivLR 7.1(d.1).

## DISCUSSION

**1.  Legal Standard**

Rule 12(b)(6) tests the sufficiency of the complaint. *See* <u>Navarro v. Block</u>, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal is warranted under Rule 12(b)(6) where the complaint lacks a cognizable legal theory. *See* <u>Robertson v. Dean Witter Reynolds, Inc.</u>, 749 F.2d 530, 534 (9th Cir. 1984); *see* <u>Neitzke v. Williams</u>, 490 U.S. 319, 326 (1989) ("Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law."). Alternatively, a complaint may be dismissed where it presents a cognizable legal theory yet fails to plead essential facts under that theory. <u>Robertson</u>, 749 F.2d at 534. While a plaintiff need not give "detailed factual allegations," he must plead sufficient facts that, if true, "raise a right to relief above the speculative level." <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 545 (2007).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" <u>Ashcroft v. Iqbal</u>, 129 S.Ct. 1937, 1949 (2009) (quoting <u>Twombly</u>, 550 U.S. at 547). A claim is facially plausible when the factual allegations permit "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Id.</u> In other words, "the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." <u>Moss v. U.S. Secret Service</u>, 572 F.3d 962, 969 (9th Cir. 2009). "Determining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw

---

[1] Defendant also filed notices of recent authority, to which plaintiffs filed responses thereto. *See* Docs. # 24-28. Because this Court finds that neither of the recent authority noticed by defendant are applicable to the determination of the issues presented here, the recent authority cited is not addressed herein.

1    on its judicial experience and common sense." Iqbal, 129 S.Ct. at 1950.

2        In reviewing a motion to dismiss under Rule 12(b)(6), the court must assume the

3    truth of all factual allegations and must construe all inferences from them in the light most

4    favorable to the nonmoving party. See Thompson v. Davis, 295 F.3d 890, 895 (9th  Cir.

5    2002);  Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996).  However,

6    legal conclusions need not be taken as true merely because they are cast in the form of

7    factual allegations. See Ileto v. Glock, Inc., 349 F.3d 1191, 1200 (9th Cir. 2003); Western

8    Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).  When ruling on a motion

9    to dismiss, the Court may consider the facts alleged in the complaint, documents attached

10   to the complaint, documents relied upon but not attached to the complaint when

11   authenticity is not contested, and matters of which the Court takes judicial notice. See Lee

12   v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001).  If a court determines that

13   a complaint fails to state a claim, the court should grant leave to amend unless it

14   determines that the pleading could not possibly be cured by the allegation of other facts.

15   See Doe v. United States, 58 F.3d 494, 497 (9th Cir. 1995).

16   **2.    Analysis**

17       Defendant moves to dismiss the class allegations contained in plaintiffs' complaint

18   on the grounds that the proposed class definition is not adequately defined because it is

19   improperly merits based.  See Doc. # 15 at  6.  Plaintiffs oppose the motion, contending

20   the issue is premature and a motion to dismiss is an inappropriate vehicle for challenging

21   class allegations.[2]  Doc. # 20 at 2-8 (citing Gillibeau v. City of Richmond, 417 F.2d 426,

22   432 (9th Cir. 1969); Vinle v. Countrywide Home Loans, Inc., 571 F.3d 935, 942 (9th Cir.

23   2009).  Defendant does not address the issue in reply, focusing solely on the merits of its

24   claim that plaintiffs' class definition is inadequate.  See Doc. # 21.

25       After a review of the case authority cited by the parties, as well as the case authority

26   discovered through its own independent research, this Court is persuaded that it is

27   ─────────────────

28       [2] Plaintiffs also dispute the merits of defendant's contentions regarding the adequacy of the class
     definition.  See Doc. # 20 at 8-25.  Because this Court finds defendant's motion premature, this Court does
     not address the merits at this time.

inappropriate to "resolve class claims at the pleading stage." *See* <u>Connelly v. Hilton Grant Vacations Company</u>, 2012 WL 2129365 at *3 (S.D.Cal. June 11, 2012)(finding a motion filed pursuant to Rule 23 of the Federal Rules of Civil Procedure the proper vehicle for deciding the propriety of class certification) (citing <u>Gillibeau</u>, 417 F.2d at 432 ("[C]ompliance with [Rule] 23 is not to be tested by a motion to dismiss for failure to state a claim.")); *see also* <u>Rosales v. Fitflop USA, LLC</u>, 882 F.Supp.2d 1168, 1179 (S.D.Cal. 2012)(finding motion to strike class allegations premature and more properly presented in opposition to a class certification motion).  This Court similarly finds that defendant's motion here is premature and more properly presented in opposition to plaintiffs' motion for class certification.   Therefore, defendant's motion to dismiss plaintiffs' class allegations is DENIED without prejudice.

## CONCLUSION AND ORDER

Based on the foregoing, IT IS HEREBY ORDERED that defendant's motion to dismiss class allegations [doc. # 15] is **DENIED WITHOUT PREJUDICE.**

Dated:        August 2, 2013

JOHN A. HOUSTON
United States District Judge

12cv2078