MATTHEW A. HODEL (SB#93962)
mhodel@hbwllp.com
KARLA J. KRAFT (SB# 205540)
kkraft@hbwllp.com
FRED L. WILKS (SB# 205403)
fwilks@hbwllp.com
HODEL BRIGGS WINTER LLP
8105 Irvine Center Drive, Suite 1400
Irvine, California 92618
Telephone: (949) 450-8040
Facsimile: (949) 450-8033

Attorneys for Defendant
GE CAPITAL RETAIL BANK

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MUHAMMED ABDELJALIL and RICHARD SPRINGER, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>GE CAPITAL RETAIL BANK,<br><br>Defendant. | CASE NO.: 12cv2078 JAH(MDD)<br><br>**ANSWER TO THIRD AMENDED COMPLAINT** |

209858

ANSWER TO THIRD AMENDED COMPLAINT

Defendant GE Capital Retail Bank ("GE CRB" or "Defendant") answers the Third Amended Complaint in this action and admits, denies and alleges as follows:

ANSWER TO GENERAL FACTUAL ALLEGATIONS

1. Responding to Paragraph 1, Defendant admits that it placed telephone calls. Defendant otherwise denies plaintiffs' factual allegations in this paragraph. Paragraph 1 also states legal conclusions to which no answer is required.

2. Responding to the Paragraph 2, this paragraph cites legal authority and states legal conclusions to which no answer is required. To the extent any factual allegations are set forth in Paragraph 2, Defendant lacks sufficient information and knowledge necessary to form a belief as to those allegations, and on that basis denies the allegations.

3. Responding to Paragraph 3, this paragraph cites legal authority and states legal conclusions to which no answer is required. To the extent any factual allegations are set forth in Paragraph 3, Defendant lacks sufficient information and knowledge necessary to form a belief as to those allegations, and on that basis denies the allegations.

4. Responding to Paragraph 4, this paragraph cites legal authority and states legal conclusions to which no answer is required. To the extent any factual allegations are set forth in Paragraph 4, Defendant lacks sufficient information and knowledge necessary to form a belief as to those allegations, and on that basis denies the allegations.

5. Responding to Paragraph 5, this paragraph cites legal authority and states legal conclusions to which no answer is required. To the extent any factual allegations are set forth in Paragraph 5, Defendant lacks sufficient information and knowledge necessary to form a belief as to those allegations, and on that basis denies the allegations.

6. Responding to Paragraph 6, this paragraph cites legal authority and states legal conclusions to which no answer is required. To the extent any factual allegations are set forth in Paragraph 6, Defendant lacks sufficient information and knowledge necessary to form a belief as to those allegations, and on that basis denies the allegations.

7. Responding to Paragraph 7, this paragraph cites legal authority and states legal conclusions to which no answer is required. To the extent any factual allegations are set forth in Paragraph 7, Defendant lacks sufficient information and knowledge necessary to form a belief as to those allegations, and on that basis denies the allegations.

8. Responding to Paragraph 8, Defendant admits that it does business within the County of San Diego. Defendant otherwise denies plaintiffs' factual allegations in this paragraph. Paragraph 8 also states legal conclusions to which no answer is required.

9. Responding to Paragraph 9, Defendant lacks sufficient information and knowledge necessary to form a belief as to plaintiffs' allegations, and on that basis denies the allegations.

10. Responding to Paragraph 10, Defendant admits that its headquarters is 170 West Election Road, Suite 125, Draper, UT 84020. Defendant otherwise denies plaintiffs' factual allegations in this paragraph. Paragraph 10 also states legal conclusions to which no answer is required.

11. Responding to Paragraph 11, Defendant admits that it is an FDIC-insured federal savings bank with a home office located in Draper, UT. Defendant further admits that it is engaged in various consumer lending activities, including retail sales financing programs, private label credit cards, bank cards, co-branded and dual credit cards, as well as consumer installment loans. Defendant otherwise denies the allegations of this paragraph.

12. Responding to Paragraph 12, Defendant admits that it conducted business in the State of California and in the County of San Diego.

13. Responding to Paragraph 13, Defendant lacks sufficient information and knowledge necessary to form a belief as to plaintiffs' allegations, and on that basis denies the allegations in this paragraph.

14. Responding to Paragraph 14, Defendant lacks sufficient information and knowledge necessary to form a belief as to plaintiffs' allegations, and on that basis denies the allegations in this paragraph.

15. Responding to Paragraph 15, Defendant denies the allegations in this paragraph. Paragraph 15 also states legal conclusions to which no answer is required.

16. Responding to Paragraph 16, Defendant lacks sufficient information and knowledge necessary to form a belief as to plaintiffs' allegations, and on that basis denies the allegations in this paragraph.

17. Responding to Paragraph 17, Defendant lacks sufficient information and knowledge necessary to form a belief as to plaintiffs' allegations, and on that basis denies the allegations in this paragraph.

18. Responding to Paragraph 18, Defendant lacks sufficient information and knowledge necessary to form a belief as to plaintiffs' allegations, and on that basis denies the allegations in this paragraph.

19. Responding to Paragraph 19, Defendant lacks sufficient information and knowledge necessary to form a belief as to plaintiffs' allegations, and on that basis denies the allegations in this paragraph. Paragraph 19 also states legal conclusions to which no answer is required.

20. Responding to Paragraph 20, Defendant lacks sufficient information and knowledge necessary to form a belief as to plaintiffs' allegations, and on that basis denies the allegations in this paragraph.

21. Responding to Paragraph 21, Defendant lacks sufficient information and knowledge necessary to form a belief as to plaintiffs' allegations, and on that basis denies the allegations in this paragraph.

22. Responding to Paragraph 22, Defendant lacks sufficient information and knowledge necessary to form a belief as to plaintiffs' allegations, and on that basis denies the allegations in this paragraph.

23. Responding to Paragraph 23, Defendant lacks sufficient information and knowledge necessary to form a belief as to plaintiffs' allegations, and on that basis denies the allegations in this paragraph.

24. Responding to Paragraph 24, Defendant lacks sufficient information and knowledge necessary to form a belief as to plaintiffs' allegations, and on that basis denies the allegations in this paragraph.

25. Responding to Paragraph 25, Defendant admits that it at times uses an automated telephone dialing system. Defendant otherwise denies the allegations of this paragraph.

26. Responding to Paragraph 26, Defendant lacks sufficient information and knowledge necessary to form a belief as to plaintiffs' allegations, and on that basis denies the allegations in this paragraph. Paragraph 26 also states legal conclusions to which no answer is required.

27. Responding to Paragraph 27, Defendant lacks sufficient information and knowledge necessary to form a belief as to plaintiffs' allegations, and on that basis denies the allegations in this paragraph. Paragraph 27 also states legal conclusions to which no answer is required.

28. Responding to Paragraph 28, Defendant lacks sufficient information and knowledge necessary to form a belief as to plaintiffs' allegations, and on that basis denies the allegations in this paragraph. Paragraph 28 also states legal conclusions to which no answer is required.

29. Responding to Paragraph 29, Defendant denies the factual allegations of this paragraph. Paragraph 29 also states legal conclusions to which no answer is required.

30. Responding to Paragraph 30, this paragraph does not assert any factual allegations. Defendant denies that this action is appropriate for class action treatment.

31. Responding to Paragraph 31, although this paragraph does not assert any factual allegations, Defendant denies any factual allegations that may be implied by this paragraph. Defendant denies that this action is appropriate for class action treatment.

32. Responding to Paragraph 32, Defendant denies the factual allegations of this paragraph. Defendant denies that this action is appropriate for class action treatment. Paragraph 32 also states legal conclusions to which no answer is required.

33. Responding to Paragraph 33, Defendant denies the factual allegations of this paragraph. Defendant denies that this action is appropriate for class action treatment. Paragraph 33 also states legal conclusions to which no answer is required.

34. Responding to Paragraph 34, although this paragraph does not assert any factual allegations, Defendant denies any factual allegations that may be implied by this paragraph. Defendant denies that this action is appropriate for class action treatment.

35. Responding to Paragraph 35, Defendant denies the factual allegations of this paragraph. Defendant denies that this action is appropriate for class action treatment. Paragraph 35 also states legal conclusions to which no answer is required.

36. Responding to Paragraph 36, although this paragraph does not assert any factual allegations, Defendant denies any factual allegations that may be implied by this paragraph. Defendant denies that this action is appropriate for class action treatment. Paragraph 36 also states legal conclusions to which no answer is required.

37. Responding to Paragraph 37, Defendant denies the factual allegations of this paragraph. GECC denies that this action is appropriate for class action treatment. Paragraph 27 also states legal conclusions to which no answer is required.

38. Responding to Paragraph 38, Defendant denies the factual allegations of this paragraph. Defendant denies that this action is appropriate for class action treatment. Paragraph 28 also states legal conclusions to which no answer is required.

39. Responding to Paragraph 39, Defendant lacks sufficient information and knowledge necessary to form a belief as to plaintiffs' allegations, and on that basis denies the allegations in this paragraph.

40. Responding to Paragraph 40, although this paragraph does not assert any factual allegations, Defendant denies any factual allegations that may be implied by this paragraph. Defendant denies that this action is appropriate for class action treatment. Paragraph 40 also states legal conclusions to which no answer is required.

41. Responding to Paragraph 41, Defendant denies the factual allegations of this paragraph. Defendant denies that this action is appropriate for class action treatment. Paragraph 31 also states legal conclusions to which no answer is required.

ANSWER TO FIRST CLAIM FOR RELIEF

(Negligent Violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA")

42. Responding to Paragraph 42, Defendant incorporates its responses above to each of the factual allegations incorporated by Paragraph 42.

43. Responding to Paragraph 43, Defendant denies the factual allegations of this paragraph. Paragraph 43 also states legal conclusions to which no answer is required.

209858

5

ANSWER TO THIRD AMENDED COMPLAINT

44. Responding to Paragraph 44, Defendant denies the factual allegations of this paragraph. Paragraph 44 also states legal conclusions to which no answer is required.

45. Responding to Paragraph 45, although this paragraph does not assert any factual allegations, Defendant denies any factual allegations that may be implied by this paragraph. Paragraph 45 also states legal conclusions to which no answer is required.

## ANSWER TO SECOND CLAIM FOR RELIEF

(Knowing and/or Willful Violations of the TCPA)

46. Responding to Paragraph 46, Defendant incorporates its responses above to each of the factual allegations incorporated by Paragraph 46.

47. Responding to Paragraph 47, Defendant denies the factual allegations of this paragraph. Paragraph 47 also states legal conclusions to which no answer is required.

48. Responding to Paragraph 48, Defendant denies the factual allegations of this paragraph. Paragraph 48 also states legal conclusions to which no answer is required.

49. Responding to Paragraph 49, although this paragraph does not assert any factual allegations, Defendant denies any factual allegations that may be implied by this paragraph. Paragraph 49 also states legal conclusions to which no answer is required.

## AFFIRMATIVE DEFENSES

50. Defendant asserts the following affirmative defense as to each and every one of plaintiffs' claims and as to the claims of each putative class member whom plaintiffs purport to represent.

### FIRST AFFIRMATIVE DEFENSE

(Failure to State a Claim)

51. The allegations fail to state a claim for which relief may be granted.

///

///

## SECOND AFFIRMATIVE DEFENSE

(Consent)

52. Plaintiffs' claims for relief are barred because the plaintiffs consented, or others consented on their behalf, to the conduct alleged.

## THIRD AFFIRMATIVE DEFENSE

(Reasonable and Good Faith Conduct)

53. Defendant's actions were taken in good faith, in reliance upon information provided by its customers and others, and with a reasonable belief that such actions were legal, appropriate and necessary. The conduct alleged to be in violation of statute, if any such conduct occurred, was purely unintentional, and occurred, if at all, despite Defendant's reasonable and appropriate efforts to avoid any such violation.

## FOURTH AFFIRMATIVE DEFENSE

(Conduct of Plaintiffs)

54. Plaintiffs' claims for relief, and each of them, are barred by the knowledge, acts, omissions and/or conduct of plaintiffs. Plaintiffs' claims for relief arise out of plaintiffs' own negligence, carelessness and/or intentional acts which caused and/or contributed to the alleged injuries and/or damages.

## FIFTH AFFIRMATIVE DEFENSE

(Conduct of Third Parties)

55. Plaintiffs' claims for relief arise out of the negligence, carelessness and/or intentional acts of other persons and parties, and this negligence, carelessness and/or intentional conduct proximately caused and/or contributed the alleged incidents such that any liability of Defendant should be reduced or eliminated. Defendant reserves the right to assert claims against such third parties for indemnification and/or contribution.

/ / /

/ / /

209858

## SIXTH AFFIRMATIVE DEFENSE

(Ineffective Revocation)

56. Defendant alleges that any alleged attempt by plaintiffs to revoke consent to receive the alleged calls from Defendant was not properly and/or clearly communicated to Defendant, and/or was otherwise ineffective as a matter of law.

## SEVENTH AFFIRMATIVE DEFENSE

(Safe Harbor)

57. Defendant alleges that plaintiffs' claims for relief are barred because Defendant's conduct complied with the provisions of the applicable F.C.C. regulations, including without limitation the safe harbor provisions of 47 C.F.R. § 64.1200.

## EIGHTH AFFIRMATIVE DEFENSE

(No Authority)

58. Defendant did not authorize, ratify encourage, participate in, aid or abet any of the alleged actions of its agents.

## NINTH AFFIRMATIVE DEFENSE

(Estoppel)

59. Plaintiffs, by their action or inaction, are estopped from asserting the purported claims for relief.

## TENTH AFFIRMATIVE DEFENSE

(Waiver)

60. Plaintiffs are barred by the doctrine of waiver from asserting the claims for relief, and each of them.

## ELEVENTH AFFIRMATIVE DEFENSE

(Unclean Hands)

61. Plaintiffs are barred by the doctrine of unclean hands from asserting the claims, and each of them.

///

///

209858

8

ANSWER TO THIRD AMENDED COMPLAINT

TWELFTH AFFIRMATIVE DEFENSE

(Contractual Arbitration)

62. Plaintiffs' claims for relief are all subject to mandatory arbitration pursuant to the parties' agreement to arbitration.

THIRTEENTH AFFIRMATIVE DEFENSE

(Standing)

63. Plaintiffs lack standing to assert claims for relief alleged in the second amended complaint.

FOURTEENTH AFFIRMATIVE DEFENSE

(Release)

64. Plaintiffs' claims for relief against Defendant are barred prior settlement, waiver and/or release.

FIFTEENTH AFFIRMATIVE DEFENSE

(Laches)

65. Plaintiffs unreasonably delayed in bringing their alleged claims against Defendant and such delay prejudiced Defendant. Thus, Plaintiffs are barred by the doctrine of laches from asserting the claims for relief, and each of them.

SIXTEENTH AFFIRMATIVE DEFENSE

(Mitigation of Damages)

66. Plaintiffs failed and neglected to use reasonable care to protect themselves and to avoid, minimize and/or mitigate their alleged injury and/or damages.

SEVENTEENTH AFFIRMATIVE DEFENSE

(Violation of Constitution)

67. The Telephone Consumer Protection Act (the "TCPA"), codified at 47 U.S.C. § 227, as asserted by plaintiffs, violates the First Amendment of the United States Constitution, and the California Constitution.

///

///

### EIGHTEENTH AFFIRMATIVE DEFENSE

(Violation of Constitution)

68. The TCPA, as asserted by plaintiffs, violates the Due Process Clauses of the Fifth and Fourteenth Amendments of the United States Constitution.

### NINETEENTH AFFIRMATIVE DEFENSE

(Violation of Constitution)

69. The fines and/or penalties sought by plaintiffs pursuant to the TCPA violate the Excessive Fines Clause of the Eight Amendment, and the Takings Clause of the Fifth Amendment of the United States Constitution.

### TWENTIETH AFFIRMATIVE DEFENSE

(Adequate Remedy at Law)

70. Plaintiffs' claim for injunctive relief is barred because plaintiffs cannot establish, among other things, that they do not have an adequate remedy at law.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

(Off-Set)

71. Any recovery to which plaintiffs allege they are entitled must be off-set against any and all amounts due Defendant from each plaintiff.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

(Statute of Limitations)

72. Plaintiffs' claims for relief are barred by the applicable statute of limitations.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

(Improper Class)

73. Plaintiffs' claims for relief are not suitable for class action treatment pursuant to Federal Rule of Civil Procedure 23.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

(Improper Class)

74. The putative class plaintiffs purport to represent is unmanageable.

209858

10

ANSWER TO THIRD AMENDED COMPLAINT

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

(Reservation of Defenses)

75. Defendant presently has insufficient knowledge or information on which to form a belief as to whether Defendant may have additional, separate defenses to plaintiffs' claims. These separate and additional defenses require discovery before they can be properly alleged. Defendant reserves the right to assert such separate and additional defenses after they are ascertained by Defendant or according to proof at trial.

## PRAYER FOR RELIEF

WHEREFORE, Defendant prays:

1. That the Second Amended Complaint be dismissed with prejudice;
2. That plaintiffs take nothing by way of the claims for relief;
3. That Defendant recover its costs of suit, including attorneys' fees, to the extent permitted by any applicable contract or statute; and
4. For such other relief as the Court deems just and proper.

DATED: September 11, 2013

HODEL BRIGGS WINTER LLP
KARLA J. KRAFT
FRED L. WILKS


By: _____/s/ FRED L. WILKS_____
         FRED L. WILKS

Attorneys for Defendant,
GENERAL ELECTRIC CAPITAL CORPORATION

209858

11

ANSWER TO THIRD AMENDED COMPLAINT

## PROOF OF SERVICE [F.R.C.P. § 5]

STATE OF CALIFORNIA      )
                         ) ss:
COUNTY OF ORANGE         )

I am employed in the County of Orange, State of California. I am over the age of 18, and not a party to the within action. My business address is Hodel Briggs Winter LLP, 8105 Irvine Center Drive, Suite 1400, Irvine, CA 92618.

On **September 11, 2013**, I served the foregoing document(s) described as: **ANSWER TO THIRD AMENDED COMPLAINT** on the interested parties by:

☒ **VIA ELECTRONIC SERVICE:** I caused the listed documents to be electronically filed through the CM/ECF system at the United States District Court which generates a Notice of Electronic Filing to all parties and constitutes service of the electronically filed documents on all parties for purposes of the Federal Rules of Civil Procedure.

☒ **FEDERAL:** I declare under penalty of perjury under the laws of the United States of America that the above is true and correct and that I took said action(s) at the direction of a licensed attorney authorized to practice before this Federal Court.

Executed on **September 11, 2013**, at Irvine, California.

_____
Heather Dorris