Karla J. Kraft, State Bar No. 205530
    kkraft@sycr.com
Craig A. Taggart, State Bar No. 239168
    ctaggart@sycr.com
STRADLING YOCCA CARLSON & RAUTH
A Professional Corporation
660 Newport Center Drive, Suite 1600
Newport Beach, CA  92660-6422
Telephone:  (949) 725-4000
Facsimile:  (949) 725-4100

Attorneys for Defendant
GE CAPITAL RETAIL BANK

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MUHAMMED ABDELJALIL and RICHARD SPRINGER, INDIVIDUALLY AND ON BEHALF OF OTHERS SIMILARLY SITUATED,<br><br>       Plaintiffs,<br><br>       vs.<br><br>GE CAPITAL RETAIL BANK<br><br>       Defendant. | CASE NO. 12-cv-2078-JAH-MDD<br><br>**DEFENDANT GE CAPITAL RETAIL BANK'S OPPOSITION TO PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**<br><br>[Declarations of Karla Kraft, Martha Koehler, Randy Majerczak, and Lisa Popp filed concurrently herewith]<br><br>Date:    July 28, 2014<br>Time:   2:30 p.m.<br>Ctrm:   13B<br>Judge:  Hon. John A. Houston |

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

OPPOSITION TO MOTION FOR CLASS CERTIFICATION

LITIOC/2097020v10/103139-0002

1

# TABLE OF CONTENTS

2

3

I.      INTRODUCTION ................................................................................ 1

4

II.     PROCEDURAL BACKGROUND ..................................................... 3

5

III.    STATEMENT OF FACTS ................................................................. 4

6
        A.    GECRB Intentionally Calls Only Account Holders Who
              Provided Prior Express Consent ......................................... 4

7
        B.    Plaintiffs' TCPA Claims Against GECRB .......................... 6

8
              1.    Abdeljalil's Claims ................................................... 7

9
              2.    Springer's Claims ..................................................... 7

10

11
IV.     PLAINTIFFS ARE IMPROPERLY SEEKING TO CERTIFY A
        CLASS THAT IS NOT PLED IN THE TAC ..................................... 7

12
V.      PLAINTIFFS MUST SATISFY RULE 23 BY A
        PREPONDERANCE OF THE EVIDENCE ....................................... 9

13
VI.     PLAINTIFFS' PROPOSED CLASSES ARE NEITHER
        ADEQUATELY DEFINED NOR ASCERTAINABLE ...................... 10

14

15
        A.    Plaintiffs' Proposed Classes Simultaneously Are Over-Inclusive
              And Under-Inclusive, Rendering Them Inadequately Defined ......... 10

16
        B.    Plaintiffs Fail To Demonstrate Any Objective, Precise Way to
              Ascertain the Proposed Class ............................................. 12

17

18
VII.    PLAINTIFFS FAIL TO SATISFY RULE 23(a) ............................. 15

19
        A.    Springer's Claims Are Not Typical Of The Proposed Class ............. 15

20
        B.    Plaintiffs Fail to Show Common Questions of Law and Fact ........... 17

21
        C.    Plaintiffs Fail To Present Evidence Establishing Numerosity ........... 19

22
        D.    Springer Is Not an Adequate Class Representative ...................... 19

23
VIII.   PLAINTIFFS FAIL TO SATISFY RULE 23(b)(3) ........................ 20

24
        A.    Plaintiffs Fail To Demonstrate Predominance ................................. 20

25
        B.    Plaintiffs Fail To Satisfy Superiority ............................................... 24

26
IX.     PLAINTIFFS FAIL TO SATISFY RULE 23(b)(2) ........................ 24

27
X.      CONCLUSION ................................................................................. 25

28

STRADLING YOCCA
CARLSON & RAUTH
L A W Y E R S
NEWPORT BEACH

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Algarin v. Maybelline, LLC*,
No.12cv3000 AJB, 2014 U.S. Dist. LEXIS 65173
(S.D. Cal. May 12, 2014) ....................................................................................15

*Berlowitz ex rel. Berlowitz v. Nob Hill Masonic Mgmt.*,
No. C-96-01241 MHP, 1996 U.S. Dist. LEXIS 22599
(N.D. Cal. 1996) ..................................................................................................8

*Buonomo v. Optimum Outcomes, Inc.*,
No. 13-cv-5274, 2014 U.S. Dist. LEXIS 33973
(N.D. Ill. Mar. 17, 2014) ...............................................................10, 16, 17, 21

*Chow v. Neutrogena Corp.*,
CV 12-04624 R, 2013 U.S. Dist. LEXIS 17670, at *1
(C.D. Cal. Jan. 22, 2013). ...................................................................................9

*Clarke v. Baptist Mem. Healthcare Corp.*,
264 F.R.D. 375
(W.D. Tenn. 2009) ...............................................................................................8

*Connelly v. Hilton Grand Vacations Co., LLC*,
294 F.R.D. 574
(S.D. Cal. 2013) ...................................................................................20, 24, 25

*Costelo v. Chertoff*,
258 F.R.D. 600
(C.D. Cal. 2009) ..................................................................................................8

*Dominguez v. Yahoo!, Inc.*,
2014 U.S. Dist. LEXIS 36542
(E.D. Pa. Mar. 20, 2014) ...................................................................................23

*Fields v. Mobile Messengers Am., Inc.*,
No. C 12-05160 WHA, 2013 U.S. Dist. LEXIS 163950
(N.D. Cal. Nov. 18, 2013) .................................................................................21

*Gannon v. Network Tel. Servs.*,
No. CV 12-9777-RGK, 2013 U.S. Dist. LEXIS 81250
(C.D. Cal. June 5, 2013) ................................................................................9, 21

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

i

OPPOSITION TO MOTION FOR CLASS CERTIFICATION

LITIOC/2097020v10/103139-0002

*Gutierrez v. Barclays Group*,
No. 10cv1012 DMS, 2011 U.S. Dist. LEXIS 12546
(S.D. Cal. Feb. 9, 2011)......................................................................11, 18, 21

*Hanlon v. Chrysler Corp.*,
150 F.3d 1011 (9th Cir. 1998) ...................................................................20

*Hurrle v. Real Time Resolutions, Inc.*,
No. C13-5765 BHS, 2014 U.S. Dist. LEXIS 22204
(W.D. Wash. Feb. 20, 2014)..........................................................................6

*In re POM Wonderful, LLC*,
No. ML 10-02199 DDP, 2014 U.S. Dist. LEXIS 40415
(C.D. Cal. Mar. 25, 2014) ...........................................................................15

*In re Wash. Mut., Inc. Sec., Derivative, & ERISA Litig.*,
Nos. 2:08-md-1919 and C08-387 MJP, 2010 U.S. Dist. LEXIS 142992
(W.D. Wash. Oct. 12, 2010)........................................................................19

*Jamison v. First Credit Servs.*,
290 F.R.D. 92
(N.D. Ill. 2013) ....................................................................................10, 15

*Jeffries v. Pension Trust Fund*,
172 F. Supp. 2d 389
(S.D.N.Y. 2001)............................................................................................19

*Karen S. Little, L.L.C. v. Drury Inns, Inc.*,
306 S.W.3d 577
(Mo. Ct. App. 2010) .......................................................................................9

*Lamont v. Furniture North, LLC*,
No. 14-cv-036-LM, 2014 U.S. Dist. LEXIS 51927
(D.N.H. 2014) ..............................................................................................11

*Legg v. Voice Media Group, Inc.*,
No. 13-62044-CIV-COHN, 2014 U.S. Dist. LEXIS 61836
(S.D. Fla. May 5, 2014)...............................................................................19

*Lemieux v. Schwan's Home Serv.*,
No. 3:12-cv-0964-GPC, 2013 U.S. Dist. LEXIS 127032
(S.D. Cal. Sept. 5, 2013)........................................................................24, 25

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

ii

LITIOC/2097020v10/103139-0002

*Mazur v. eBay, Inc.,*
257 F.R.D. 563
(N.D. Cal. 2009) ...................................................................... 10

*McPhail v. First Command Fin. Planning, Inc.,*
247 F.R.D. 598
(S.D. Cal. 2007) ........................................................................ 8

*Meyer v. Portfolio Recovery Assocs., LLC,*
707 F.3d 1036
(9th Cir. 2012) .......................................................................... 7

*Newman v. Americredit Fin. Servs.,*
No. 11cv3041 DMS, 2014 U.S. Dist. LEXIS 15728
(S.D. Cal. Feb. 3, 2014) .......................................................... 21

*O'Brien v. General Electric Capital Corp.,*
No. 3:12-cv-1909-JAH, at *7-11
(S.D. Cal. Aug. 2, 2013) ........................................................... 4

*Ortiz v. McNeil-PPC, Inc.,*
Nos. 07cv678-MMA , 2009 U.S. Dist. LEXIS 39584
(S.D. Cal. May 8, 2009) ............................................................ 8

*Osorio v. State Farm Bank, F.S.B.,*
No. 13-10951, 2014 U.S. App. LEXIS 5709
(11th Cir. Mar. 28, 2014) ................................................... 11, 21

*Pryor v. Aerotek Scientific, LLC,*
278 F.R.D. 516
(C.D. Cal. 2011) ...................................................................... 10

*Roy v. Dell Fin. Servs., LLC,*
No. 3:13-CV-738, 2013 U.S. Dist. LEXIS 97220
(M.D. Pa. July 12, 2013) ........................................................... 4

*Rules and Regulations Implementing the Telephone Consumer Protection
Act of 1991,*
FCC Order Adopted August 25, 2004 .................................... 22

*Ryan v. Jersey Mike's Franchise Sys.,*
2014 U.S. Dist. LEXIS 42677
(S.D. Cal. Mar. 27, 2014) ................................................... 16, 19

Stradling Yocca
Carlson & Rauth
Lawyers
Newport Beach

iii

LITIOC/2097020v10/103139-0002

*Schwartz v. Upper Deck Co.,*
    183 F.R.D. 672
    (S.D. Cal. 1999) ............................................................................ 10

*Soto v. Superior Telcoms., Inc.,*
    No. 10cv135-IEG, 2011 U.S. Dist. LEXIS 145205
    (S.D. Cal. Dec. 15, 2011) ............................................................. 20

*Sturdy v. Medtrak Educ. Servs. LLC,*
    No. 13-CV-3350, 2014 U.S. Dist. LEXIS 72312
    (C.D. Ill. May 28, 2014) .......................................................... 14, 19

*Wal-Mart Stores, Inc. v. Dukes,*
    131 S. Ct. 2541 (2011) ............................................................... 9, 17

*Wolfkiel v. Intersections Ins. Servs.,*
    No. 13 C 7133, 2014 U.S. Dist. LEXIS 28276
    (N.D. Ill. March 5, 2014) ......................................................... 21, 24

**STATUTES**

47 U.S.C. § 227 .............................................................................. 7, 9

**OHER AUTHORITIES**

Fed. R. Civ. P. 23 ......................................................................... passim

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

iv

OPPOSITION TO MOTION FOR CLASS CERTIFICATION

LITIOC/2097020v10/103139-0002

# I.   **INTRODUCTION**

After nearly two years of litigation and three flawed complaints with three distinct class definitions, on March 27, 2014 –a month before their motion for class certification was due – Plaintiffs filed an *ex parte* motion for leave to file a fourth amended complaint.  The fourth amended complaint sought to add a defendant and re-define the class for a *third time*.  The Court denied the *ex parte* motion.

Yet Plaintiffs' Motion for Class Certification ("Motion") seeks to accomplish what the *ex parte* motion failed – the certification of an entirely new class from the one in the operative complaint.[1]  Seeking certification of a class that is not defined in the operative complaint is improper, and the Court should deny the pending Motion on that basis alone.  But more significantly, proposing yet another new definition illustrates Plaintiffs' inability to define *any* certifiable class.

This case is about collection calls that GE Capital Retail Bank,[2] a credit card issuer, placed to individuals on their cellular phones allegedly via an automatic telephone dial system ("ATDS") or with an artificial or prerecorded voice.  The TAC Class is defined to include all persons (whether GECRB account holders or not) who received such calls.  Account holders, however, cannot be included in the class because they consented to being called on their cellular phones, and agreed to submit their claims to binding arbitration.

The Motion Class is therefore limited to non-account holders.  It is further limited to those non-account holders who received more than one call on a cellular telephone number where, prior to the second call, the person was identified as a non-account holder in GECRB's account records by one of several generic search terms, such as "wrong number" or "incorrect telephone number."

Narrowing the class, however, does not make it any more certifiable.  What

---

[1] The operative complaint is the Third Amended Complaint ("TAC").  The class defined in the TAC is referred to as the "TAC Class."  The class defined in the Motion is referred to as the "Motion Class."

[2] On June 2, 2014, GE Capital Retail Bank was renamed Synchrony Bank.  Despite the name change, GE Capital Retail Bank is referred to herein as "GECRB."

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

1

OPPOSITION TO MOTION FOR CLASS CERTIFICATION

LITIOC/2097020v10/103139-0002

makes this case unique from certified TCPA classes are the undisputed facts that GECRB does not call non-account holders intentionally and therefore does not maintain records of calls to non-account holders. Plaintiffs propose a "four-step process" that "theoretically" can overcome these obstacles by using word searches of account notes, scrubbing of telephone numbers, and reverse phone number look-ups. But the four-step process is just a theory and Plaintiffs present no admissible evidence that it will be successful.

In fact, the proposed process will neither ascertain class members in an objective, administratively feasible manner, nor eliminate the individual issues that will infect the claims of those members could they be identified. To wit:

- Word searches of ███████████████ using terms such as "wrong number," without a subsequent manual review of such notes, will not identify calls to non-account holders;

- Word searches will not identify the entity that placed the call or determine whether the call was placed manually or through a dialer;

- Even if word searches could identify a *single* call to non-account holders ██████████ of that call, they cannot determine whether non-account holders were called subsequent to that call or how often;

- Reverse phone number look-ups conducted *today* (two to six years after the class period) cannot identify the subscriber of the phone number at the time it was called; and finally

- There is *no* non-manual, non-individualized process for determining whether GECRB had received prior consent to call the phone number, or if that consent had been revoked.

The difficulties presented by these facts are apparent from the *two* named plaintiffs, Abdeljalil and Springer. Plaintiffs proposed word searches would have not have identified Abdeljalil as a member of the class. Nor would they have identified that GECRB received Abdeljalil's phone number, and the consent to call

Stradling Yocca
Carlson & Rauth
Lawyers
Newport Beach

2

OPPOSITION TO MOTION FOR CLASS CERTIFICATION

LITIOC/2097020v10/103139-0002

1   it, from Abdeljalil's wife, a GECRB account holder.  With respect to Springer,

2   Plaintiffs' process would have identified the phone number called, but not

3   necessarily that it belonged to Springer when called, and not the number of calls

4   made, if any, after Springer notified GECRB that he was a non-account holder.  All

5   of this would require manual review or additional investigation.

6        To certify a class, a plaintiff must demonstrate, *by a preponderance of*

7   *admissible evidence*, that a proposed class is ascertainable and the requisite

8   elements of Federal Rule of Civil Procedure 23(a) and 23(b) are met.  Whether the

9   Court evaluates the TAC Class or the Motion Class, Plaintiffs do not come close to

10  satisfying this burden.

11  **II.      PROCEDURAL BACKGROUND**

12       Plaintiffs filed the original complaint on August 22, 2012 as a putative class

13  action with Muhammed Abdeljalil as the sole proposed class representative.  *See*

14  Dkt. No. 1.  Plaintiffs subsequently amended the complaint twice, and added

15  Richard Springer as a proposed class representative.[3]  *See* Dkt. Nos. 9, 12.

16       GECRB moved to dismiss the class allegations in the Second Amended

17  Complaint on November 2, 2012.  *See* Dkt. No. 15.  The Court denied GECRB's

18  motion without prejudice on the sole ground that it was premature.  *See* Dkt. No.

19  29.  Plaintiffs, however, recognized flaws in their class definition, and introduced a

20  new class definition in the TAC.  *See* Dkt. No. 34.

21       The parties conducted discovery pursuant to Magistrate Judge Dembin's

22  Case Management Order.  Judge Dembin limited discovery to non-account holders

23  because GECRB's agreements with account holders contain enforceable arbitration

24  provisions.  *See* Dkt. No. 50.

25       Plaintiffs filed an *ex parte* motion for leave to file a Fourth Amended

26  Complaint on March 27, 2014.  *See* Dkt. No. 62.  The class definition in the

---

[3] Plaintiffs' counsel told GECRB that Abdeljalil's claims will be dismissed.  *See* Declaration of Karla Kraft ("Kraft Decl.") ¶ 8, Ex. F.  However, Abdeljalil's claims have not been dismissed, and he remains a potential class member.

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

3

OPPOSITION TO MOTION FOR CLASS CERTIFICATION

LITIOC/2097020v10/103139-0002

1   proposed Fourth Amended Complaint is different than both the definition in the

2   TAC and the Motion.  The Court denied the *ex parte* motion.  *See* Dkt. No. 64.

3   Plaintiffs filed their Motion for Class Certification on April 28, 2014.  *See* Dkt. No.

4   70-1.  The Motion contains the fourth iteration of a class definition.  *Id*.

5   **III.   STATEMENT OF FACTS**

6        **A.    GECRB Intentionally Calls Only Account Holders Who Provided
         Prior Express Consent**

7

8        GECRB is *not* a telemarketer.[4]  GECRB is a federal savings bank that

9   primarily offers private label credit cards (e.g., store-branded cards such as the

10  Lowe's credit card) pursuant to agreements with its account holders.[5]  *See*

11  Declaration of Martha Koehler ("Koehler Decl.") ¶ 3.  ███████████████████

12  ████████████████████████████████████████████████████████████████████████

13  ██████████████████████████████████  *See id.* ¶¶ 9-11, 16, Exs. E, F.

14  ████████████████████████████████████  *Id.* ¶ 30.  For example, if an

15  account holder provides a new telephone number to GECRB, a GECRB associate

16  ████████████████████████████████████████████████████████████████████████

17  ████████████████  *Id.*; *see also* Declaration of Lisa Popp ("Popp Decl.") ¶ 12.

18  ████████████████████████████████████████████████████████████████████████

19  ████████████████████████████████████████████████████████████████  *See*

20  Declaration of Randall Majerczak ("Majerczak Decl.") ¶ 3; Koehler Decl. ¶¶ 17-

21  19.  In addition to calls that it places ██████████████████████████████████

22  ████████████████████████████████████████████████████████████████████████

23  ████████████████████████████████████.  Majerczak Decl. ¶ 4.  ███████████████

24  ████████████████████████████████████████  intentionally call non-account

[4] "The TCPA was '[e]nacted in 1991 as part of the Federal Communications Act' to 'deal with an increasingly common nuisance—***telemarketing***.'"  *Roy v. Dell Fin. Servs., LLC*, No. 3:13-CV-738, 2013 U.S. Dist. LEXIS 97220, at *6 (M.D. Pa. July 12, 2013) (citation omitted) (emphasis added).
[5]   The written agreements include an arbitration clause that this Court previously enforced.  *See* Koehler Decl. ¶¶ 12-14; *see also O'Brien v. General Electric Capital Corp.*, No. 3:12-cv-1909-JAH, at *7-11 (S.D. Cal. Aug. 2, 2013).

25
26
27
28

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

4

OPPOSITION TO MOTION FOR CLASS CERTIFICATION

LITIOC/2097020v10/103139-0002

1   holders for any reason.  Koehler Decl. ¶ 17.

2   

3

4

5

6                                                                *See*

7   *id.* ¶¶ 20, 34.

8

9

10                                                         *See* Koehler

11  Decl., ¶¶ 21-23, Exs. H and I.

12          Non-account holders occasionally are inadvertently called.  Circumstances

13  where a non-account holder might mistakenly be called include, but are not limited

14  to: (1) the GECRB account holder entered an incorrect phone number on the credit

15  application; (2) the GECRB account holder changed his or her phone number after

16  providing it to GECRB, did not notify GECRB of the change, and the original

17  number was given to a non-account holder (the Springer facts); or (3) the GECRB

18  account holder provided a number for a cell phone shared with or belonging to his

19  or her spouse or other family member (the Abdeljalil facts).  *Id.* ¶ 24.  GECRB has

20  no way of knowing whether any of these events have occurred until it calls the

21  number *and* the non-account holder informs GECRB that the number does not

22  belong to the account holder.

23                                                                and a

24  search of GECRB's

25                          – could not systematically identify non-account holders who may

26  have been called.  *See id.* ¶¶ 5, 34.

27

28

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

5

OPPOSITION TO MOTION FOR CLASS CERTIFICATION

LITIOC/2097020v10/103139-0002



1  ████████████████████████████████████

2  ████████████████████████████████████

3  ████████████████████████████ *Id.* ¶¶ 36-38.[6]

4  ████████████████████████████████████

5  ████████████████████████████████████

6  ██████████████ *Id.* ¶ 36. ████████████

7  ████████████████████████

8  ██████████████ *Id.* ¶ 39. ████████████

9  ████ *Id.* ¶ 43.  A person intimately familiar with the account records reviewed a

10 random sample set ████████████████████████

11 ████████████████████████████████ *Id.*  If,

12 for example, ████████████ accounts contained one of Plaintiffs'

13 suggested search terms (as Plaintiffs hypothesize, *see* Mot. at 14), the requisite

14 manual review of those accounts would take approximately ██████ minutes, i.e.,

15 at least ████ hours of manual review, or ████ eight-hour work days.

16 **B.     Plaintiffs' TCPA Claims Against GECRB**

17      Plaintiffs bring two TCPA claims (one for a basic violation, and one for a

18 willful and intentional violation) against GECRB in the TAC.[7]  There are three

19 elements to the TCPA claims: "(1) the defendant called a cellular telephone

20 number; (2) using an automatic telephone dialing system [("ATDS")]; (3) without

21

22 [6] ████████████████████████████████████

23 ████████████████████████████ sible to
determine whether a wron███████████████ese are collection
24 calls, persons who owe money to GECRB might attempt to evade the call by
claiming the number called is a wrong number when in fact it is not. *See id.* ¶ 27.

25 [7]   Should this case proceed, GECRB intends to seek summary judgment on a
variety of grounds, incl██████████████████████
26 that it placed, and that ████████████████████████
does not qualify as an A

27 5765 BHS, 2014 U.S. Dist. LEXIS 22204, at *4 (W.D. Wash. Feb. 20, 2014)
("Telemarketing is one activity while collecting debt from known debtors seems to
28 be a wholly separate activity. Whether the latter activity falls within the scope of
the TCPA is currently being addressed by Congress and the FCC.")

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

6

OPPOSITION TO MOTION FOR CLASS CERTIFICATION

LITIOC/2097020v10/103139-0002

1   the recipient's prior express consent." *Meyer v. Portfolio Recovery Assocs., LLC*,
2   707 F.3d 1036, 1043 (9th Cir. 2012) (citing 47 U.S.C. § 227(b)(1)).

3              1.      <u>Abdeljalil's Claims</u>

4         Abdeljalil's cell phone number was provided to GECRB in connection with
5   an application for credit with GECRB that was made in his wife's name, Roa
6   Abdelrahaman.  Abdeljalil was called by GECRB and placed calls to GECRB from
7   the listed number multiple times to discuss the terms of his wife's account, without
8   any objection to the number being used.  Kraft Decl., Ex. B (Abdeljalil Dep. 81:10-
9   88:17).  On May 23, 2012, he answered a call at the number on the account, again
10  discussed his wife's account with GECRB, and for the first time explained the
11  number was his cell number.  Koehler Decl., ¶ 29.  GECRB removed the number
12  from the account and did not call it again ███████████████████.  *Id.*

13             2.      <u>Springer's Claims</u>

14        Springer is the sole proposed class representative.  Springer alleges that he
15  obtained a new cell phone number on or around September 29, 2012.  *See* TAC ¶
16  18.  That number formerly belonged to an account holder, who provided that
17  number to GECRB as her home number in connection with her credit application,
18  and gave GECRB consent to call the number.  *See* Koehler Decl. ¶ 8, Ex. D.

19        Springer asserts that he began receiving calls from GECRB on or around
20  October 1, 2012.  *See* TAC ¶ 19.  Springer had one conversation with GECRB.
21  Kraft Decl., Ex. E (Springer Dep. 53:25-55:9).  Springer does not remember
22  informing GECRB that the number it was calling was a cell phone number, which
23  is consistent with GECRB's █████.  *Id.*  Springer asserts that GECRB
24  "continued to contact Mr. Springer, including but not limited to auto-dialing Mr.
25  Springer up to and including October 7, 2012."  TAC ¶ 24.

26  **IV.**    **<u>PLAINTIFFS ARE IMPROPERLY SEEKING TO CERTIFY A</u>**
27  **<u>CLASS THAT IS NOT PLED IN THE TAC</u>**

28        Plaintiffs' Motion presents their *fourth* proposed class definition.  Plaintiffs'

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

7

OPPOSITION TO MOTION FOR CLASS CERTIFICATION

LITIOC/2097020v10/103139-0002

1   latest iteration is not pled in the TAC, and Plaintiffs' Motion should be denied on

2   this basis alone.

3        The TAC class includes all persons who received telephone calls from

4   GECRB made to the person's cell phone by an ATDS or with an artificial or

5   prerecorded voice.  *See* TAC ¶ 31.  In contrast, the Motion Class is defined as non-

6   customers who received two or more calls for debt collection purposes via an

7   ATDS or artificial or prerecorded voice who, prior to the second call, were

8   identified as non-account holders by one of several terms in customer account

9   records.  *See* Mot. at 6.  Obviously, these are very different classes.

10       Courts routinely reject attempts to redefine a class at the certification stage.

11  As this Court stated in *Costelo v. Chertoff*, 258 F.R.D. 600, 604-05 (C.D. Cal.

12  2009), "[t]he Court is bound to class definitions provided in the complaint and,

13  absent an amended complaint, will not consider certification beyond it." [8]  *See also*

14  *Berlowitz ex rel. Berlowitz v. Nob Hill Masonic Mgmt.*, No. C-96-01241 MHP,

15  1996 U.S. Dist. LEXIS 22599, at *6 (N.D. Cal. 1996) ("The court is bound by the

16  class definition provided in the complaint."); *Clarke v. Baptist Mem. Healthcare*

17  *Corp.*, 264 F.R.D. 375, 381 (W.D. Tenn. 2009) ("To accommodate a new proposed

18  class definition, Plaintiffs will need to amend the complaint . . .").[9]

19       Here, Plaintiffs' *ex parte* motion to amend their complaint to change the

20  class definition was denied because it was made three months after the deadline to

21  amend.  *See* Dkt. No. 64.  Plaintiffs' attempt to redefine the class in the Motion is

22  an improper end-run around this Court's order denying their request for leave.

23       Moreover, changing the class definition without notice prejudices GECRB.

24  It has a created a moving target, requiring GECRB to dedicate pages in this

25
26  [8] Plaintiffs' improperly rely on *McPhail v. First Command Fin. Planning, Inc.*, 247
    F.R.D. 598, 608 (S.D. Cal. 2007) (court ordered plaintiff to amend complaint for
    various reasons).  In this case, Plaintiffs' motion for leave to amend was *denied*.
27  [9] *See also Ortiz v. McNeil-PPC, Inc.*, Nos. 07cv678-MMA , 2009 U.S. Dist. LEXIS
28  39584, at *8-9 (S.D. Cal. May 8, 2009) (denying request to amend complaint to
    narrow class definition after denying class certification motion).

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

8

OPPOSITION TO MOTION FOR CLASS CERTIFICATION

LITIOC/2097020v10/103139-0002

1    Opposition to both of the proposed classes.  More significantly, class discovery,

2    including Magistrate Dembin's Case Management Order, was premised on the

3    class pleaded in the TAC.  Discovery, which closed on April 14, 2014, would have

4    been conducted differently if the Motion Class had been pled in a timely manner.

5          In sum, Plaintiffs are bound by the class in the TAC, and their failure to

6    present *any* evidence or argument in support of the TAC class requires that

7    Plaintiffs' Motion be denied.  If the Court permits Plaintiffs to pursue the new

8    class, GECRB is entitled to conduct discovery regarding the new class.

9    **V.    PLAINTIFFS MUST SATISFY RULE 23 BY A PREPONDERANCE**

10        **OF THE EVIDENCE**

11         "The class action is 'an exception to the usual rule that litigation is

12   conducted by and on behalf of the individual named parties only.'"  *Wal-Mart*

13   *Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2550 (2011) (citation omitted).  "Rule 23

14   does not set forth a mere pleading standard.  A party seeking class certification . . .

15   must be prepared to prove that there are *in fact* sufficiently numerous parties,

16   common questions of law or fact, etc."  *Id.* at 2551.  Plaintiffs must satisfy both

17   Rule 23 (a) and (b) "by a preponderance of the evidence."  *Chow v. Neutrogena*

18   *Corp.*, No. CV 12-04624 R, 2013 U.S. Dist. LEXIS 17670, at *1 (C.D. Cal. Jan.

19   22, 2013).  Further, "a plaintiff's class definition must set forth a class that is

20   identifiable and ascertainable."  *Gannon v. Network Tel. Servs.*, No. CV 12-9777-

21   RGK, 2013 U.S. Dist. LEXIS 81250, at *5 (C.D. Cal. June 5, 2013).

22         As explained below, *Plaintiffs offer no evidence* in support of any elements

23   of Rule 23.  The proposed classes are not ascertainable, and they fail to satisfy their

24   burden under Rule 23(a) and (b).[10]

25

26   _____

27   [10] Plaintiffs cite to a footnote in *Karen S. Little, L.L.C. v. Drury Inns, Inc.*, 306
     S.W.3d 577, 584 n.5 (Mo. Ct. App. 2010) to argue that 50 courts certified TPCA
     class actions as of 2010.  The cases cited by the court in this regard are markedly
28   different than this case in that they ALL involve blast fax telemarketers, , who are
     governed by an entirely different section of the TCPA, 47 U.S.C. § 227(b)(1)(c).

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

9

OPPOSITION TO MOTION FOR CLASS CERTIFICATION
LITIOC/2097020v10/103139-0002

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## VI.   PLAINTIFFS' PROPOSED CLASSES ARE NEITHER ADEQUATELY DEFINED NOR ASCERTAINABLE

"'[C]ourts have held that the class must be adequately defined and clearly ascertainable before a class action may proceed.'"  *Schwartz v. Upper Deck Co.*, 183 F.R.D. 672, 679-80 (S.D. Cal. 1999) (citation omitted).  "A class is sufficiently defined and ascertainable if it is 'administratively feasible for the court to determine whether a particular individual is a member.'"  *Pryor v. Aerotek Scientific, LLC*, 278 F.R.D. 516, 523 (C.D. Cal. 2011) (citation omitted).  "To satisfy ascertainability, the plaintiff must identify a method of determining class membership based on 'precise, objective criteria.'"  *Buonomo v. Optimum Outcomes, Inc.*, No. 13-cv-5274, 2014 U.S. Dist. LEXIS 33973, at *21 (N.D. Ill. Mar. 17, 2014) (citation omitted).  Plaintiffs' proposed classes are neither adequately defined nor ascertainable.

### A.   Plaintiffs' Proposed Classes Simultaneously Are Over-Inclusive And Under-Inclusive, Rendering Them Inadequately Defined

Neither proposed class is adequately defined: they are both over-inclusive and under-inclusive.  The TAC Class – which includes every person that GECRB called via an ATDS – is over-inclusive because it includes account holders who provided prior express consent to be called and agreed to individually arbitrate claims.  Because GECRB only intentionally calls account holders, who have voluntarily submitted their cell phone numbers, most of the class will consist of persons who have no claim at all.  *See Jamison v. First Credit Servs.*, 290 F.R.D. 92, 108-109 (N.D. Ill. 2013) (denying certification of TCPA claims where class definition was overly broad and included individuals who consented to be called).[11]

With respect to non-account holders, both the TAC Class and Motion Class are over-inclusive because they include calls to non-account holders where GECRB had received prior express consent to call by the non-account holder's

---

[11] *See also Mazur v. eBay, Inc.*, 257 F.R.D. 563, 567 (N.D. Cal. 2009) (rejecting as imprecise and overbroad class definition including non-harmed auction winners).

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

OPPOSITION TO MOTION FOR CLASS CERTIFICATION
LITIOC/2097020v10/103139-0002

family member or authorized representative.  For example, individuals such as Abdeljalil would be included in the proposed class even though their numbers were provided to GECRB by a spouse or other family member with whom they share a cell phone or who had authority to give consent.  For each such person, a determination must be made as to whether the spouse could provide prior express consent to GECRB for the spouse's number.  *See, e.g.*, *Gutierrez v. Barclays Group*, No. 10cv1012 DMS, 2011 U.S. Dist. LEXIS 12546, at *7-9 (S.D. Cal. Feb. 9, 2011) (finding prior express consent based on husband providing wife's number to company because husband had "common authority" over wife's cell phone); *Osorio v. State Farm Bank, F.S.B.*, No. 13-10951, 2014 U.S. App. LEXIS 5709, at *18-25 (11th Cir. Mar. 28, 2014) (holding that prior express consent can be provided by someone with an agency relationship); *Lamont v. Furniture North, LLC*, No. 14-cv-036-LM, 2014 U.S. Dist. LEXIS 51927, at *8-11 (D.N.H. 2014) (recognizing that spouse could provide prior express consent).

Plaintiffs do not avoid the over-inclusiveness of the Motion Class by their use of search terms in their class definition to identify non-account holders.  Just because one of the search terms in the class definition appears in an account record does not mean that GECRB did not have consent to call the number, and does not mean the number called belongs to a non-account holder.  For example, the term "third party" appears ███████████████████████████████████████ ████████████████████████████████████████████ ████████████████████████████████████████████ ██████████████████████████  Kraft Decl., Ex. A (Koehler Dep. at 92:5-94:17, 100:14-102:10); Koehler Decl., ¶ 38.

Another proposed term, "wrong number," could appear in account-holder records where an account holder has changed phone numbers or wants a different number to be the contact.  It could also appear where an account holder was trying to evade a debt collection call by telling the GECRB associate that the number was

11

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

OPPOSITION TO MOTION FOR CLASS CERTIFICATION
LITIOC/2097020v10/103139-0002

a "wrong number." ███████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████  Kraft Decl., Ex. A (Koehler Dep. 96:16-97:14, 100:14-101:4, 106:6-107:21, 109:7-110:16); Koehler Decl. ¶ 39.

Moreover, even after a manual review, it will be impossible to know with certainty whether a person called is a class member. █████████████████

████████████████████████████████████████ Koehler Decl. ¶ 39.   This could refer to reaching a non-account holder at the account holder's correct home number or it could refer to dialing a wrong number.  *Id.*

Finally, Plaintiffs' Motion class also is under-inclusive because the search terms proposed in the class definition will not capture each non-account holder who received a second or subsequent call from GECRB.  Since GECRB has no uniform words or phrases ████████████████, a wrong party call can be identified in many ways other than the proposed terms.  For example, ████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████  *Id.*, ¶ 21, Ex. H.  Given the nature of the ████████, it is impossible to craft search terms that will "objectively" and "precisely" identify the class.

### B.  <u>Plaintiffs Fail To Demonstrate Any Objective, Precise Way to Ascertain the Proposed Class</u>

Plaintiffs fail to present any evidence that non-account holders can be ascertained by objective, precise criteria, or that there is any way to provide them with reasonable notice.  Plaintiffs' proposed four-step method for ascertaining such persons is fundamentally flawed; at best, it would result in nothing more than a list of numbers without a name or contact information for the non-account holder.

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

12

OPPOSITION TO MOTION FOR CLASS CERTIFICATION

LITIOC/2097020v10/103139-0002

1    Plaintiffs' proposed *first step* is to obtain the outbound dial list for █████

2    █████.  *See* Mot. at 11.  Plaintiffs assert that proposed class members can be

3    ascertained through GECRB's records because GECRB "keeps records of artificial

4    or prerecorded calls for debt collection purposes via █████████    ████████

5    (█████████████) to telephone numbers provided by Defendant."  Mot. at 11.

6    While Plaintiffs' Motion focuses on █████,[12] neither class definition is limited to

7    calls placed by █████.  Rather, the class, as defined, include calls placed directly

8    by GECRB, and presumably calls place by all of the third parties with whom

9    GECRB contracted to provide collections services.[13]  ███████████████████

10   █████████    Majerczak Decl. ¶ 5.  Plaintiffs provide *no* evidence that records are

11   kept for other dialers, how far back those records are kept, or whether the records

12   are retrievable in any feasible way.  Plaintiffs ignore this problem, and refer only to

13   █████████ without regard to the fact that the class definitions are not so limited.

14   Plaintiffs' proposed *second step* is to search ████████ for non-account

15   holders.  Plaintiffs assert that the "██████" records can "*theoretically* be searched

16   using special coding for terms . . . ."  Mot. at 11 (emphasis added).  Plaintiffs

17   further speculate that data can be searched for the entire class period because "a

18   sophisticate [sic] company such as GE would likely need such capability to

19   conduct its business."  Mot. at 12.[14]  Neither of these claims is accurate, and

20   Plaintiffs' speculation has no evidentiary value to support the Motion.  Plaintiffs

21   base their assertion on information that they obtained from Daniel Kelly and Jodi

22   

23   [12] *See, e.g.,* Mot. at 11 ("Class members█        mined by objective
     criteria, namely, whether (i) Defendant ████████████████████████████
24   [13] Plaintiffs allege, without any factual s                                     alls
     and presumably would allege that the other third-par                         alls
25   are GECRB's agents.  GECRB denies this allegation and notes that the agency
     relationship, if any, would have to be determined on a case by case basis.
26   [14] Plaintiffs improperly suggest that their failure to produce evidence, as opposed to
     speculation, is because GECRB did not respond to written discovery requests
27   regarding searches for certain terms.  Mot. at 6 n.15.  GECRB legitimately objected
     to those discovery requests on numerous bases, including that the requests were not
28   timely served.  Plaintiffs never met and conferred regarding those requests or
     otherwise addressed the issues during the discovery period, which closed in April.

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

13

OPPOSITION TO MOTION FOR CLASS CERTIFICATION

LITIOC/2097020v10/103139-0002

1   Fisher at their depositions.  However, Mr. Kelly has not worked with the █████

2   █████ for 10 years, and has no foundation regarding how ████ records are kept

3   and searched.  Kraft Decl., Ex. C (Kelly Dep. 11:5-7).   Ms. Fisher similarly has

4   limited familiarity with ████.  *Id.*, Ex. D (Fisher Dep. 9:10-19).   Plaintiffs rely

5   upon witnesses who testified that they have no relevant knowledge or experience.

6   ████████████████████████████████████████████████████

7   ██████████████████████████.  Koehler Decl. ¶ 34.  Rather, ██████████████

8   ████████████████████████████ as previously described.[15]

9   And, as detailed above, the use of Plaintiffs' suggested search terms would still

10  require GECRB to conduct a *manual* line-by-line, account-by-account review to

11  determine whether a person called was a non-account holder who falls under

12  Plaintiffs' class definition.  Such a manual review is not precise, objective, or

13  feasible.  *See Sturdy v. Medtrak Educ. Servs. LLC*, No. 13-CV-3350, 2014 U.S.

14  Dist. LEXIS 72312, at *7 (C.D. Ill. May 28, 2014) (denying certification in TCPA

15  case where court could not ascertain class in "an objective, reasonable way").

16        Moreover, even if the proposed searches of the account notes could identify

17  calls to non-account holders, the searches would not determine whether the non-

18  account holder was called subsequently or the number of calls.  Indeed, while

19  plaintiffs focus on ████████████████████████████████████

20  ████████████████████████████████████████████████

21  ████████████████████████████████████████████████████

22  ██████████████████████████  *See* Koehler Decl. ¶¶ 25-27.

23        Plaintiffs' proposed ***third step*** is to "scrub" the numbers to identify cell

24  numbers.  Mot. at 12.  Plaintiffs claim their expert, Jeffrey Hansen, [16] can do this.

25

26  _____
    [15] Plainti██████████████████████████████████d for the entire class
    period.  ████████████████████████  Koehler Decl. ¶ 35.

27  [16] Mr. Hansen's testimony is spec██████ and inad████████████████e
        it focuses on the ████████ dialer, ████████████████████████

28  ██████████████  *See* Majerczak D██████████
    14

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

LITIOC/2097020v10/103139-0002

1   Even if he can, the result would be nothing more than a list of numbers.  It would

2   not contain names or contact information for the owner of the number at the time

3   the number was called.  Cell phone users change phone numbers; a person called at

4   a certain cell phone number on a specific date may no longer be the owner of that

5   same cell phone number.  It is impossible to identify the actual owner of the cell

6   phone numbers at a specific point in time, and Plaintiffs present *no* evidence that

7   they can do so.  *See Jamison*, 290 F.R.D. at 108-09 (TCPA class unascertainable

8   where plaintiffs failed to explain how to "identify the regular user of a particular

9   wireless number at the specific point in time. . .."); *In re POM Wonderful, LLC*, No.

10  ML 10-02199 DDP, 2014 U.S. Dist. LEXIS 40415, at *23 (C.D. Cal. Mar. 25,

11  2014) (class not ascertainable).

12          Plaintiffs' proposed ***fourth step*** is to identify second and subsequent calls to

13  non-account holders.  Plaintiffs assert that the "actionable calls will be cross-

14  referenced with name and address information from public records such as reverse

15  telephone number lookup . . . ."  Mot. at 13.  Again, Plaintiffs present *no evidence*

16  to support their assertion that public records can correctly identify the owner of

17  each cell phone number, along with contact information for that person, for a

18  specific point in time.  *See Jamison*, 290 F.R.D. at 108-09.  Plaintiffs alternatively

19  suggest that publication notice or the use of a call center[17] could identify class

20  members.  But again, Plaintiffs offer no evidence of how these alternatives would

21  work or why they would eliminate the need to manually review account records.

22  **VII.   PLAINTIFFS FAIL TO SATISFY RULE 23(a)**

23          **A.     Springer's Claims Are Not Typical Of The Proposed Class**

24          "Typicality requires a determination as to whether the named plaintiffs'

25  claims are typical of those of the class members they seek to represent."  *Algarin v.*

26  ───────────────
    [17] Plaintiffs' suggestion of a call center, presumably to call the cell phone numbers

27  identified in the account records, is particular ███████████████████████████████

28  ██████████████████████████████████████████████████████████████████████████

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

OPPOSITION TO MOTION FOR CLASS CERTIFICATION

1  *Maybelline, LLC*, No.12cv3000 AJB, 2014 U.S. Dist. LEXIS 65173, at *29 (S.D.

2  Cal. May 12, 2014) (citing Fed. R. Civ. P. 23(a)(3)).  In TCPA cases, typicality is

3  not satisfied where a plaintiff seeks to represent a class consisting of (1) both

4  debtors and wrong parties, or (2) both persons who provided consent to be called

5  and those who did not.  *See, e.g.*, *Buonomo*, 2014 U.S. Dist. LEXIS 33973, at *12-

6  13 ("[The plaintiff] fails to satisfy Rule 23(a)(3)'s typicality requirement because

7  his 'wrong party' claim lacks the same 'essential characteristics' as the claims of

8  actual debtors included in the proposed class."); *Ryan v. Jersey Mike's Franchise*

9  *Sys.*, 2014 U.S. Dist. LEXIS 42677, at *18-20 (S.D. Cal. Mar. 27, 2014) (typicality

10  not demonstrated; plaintiff could not represent a class consisting of both persons

11  who may have provided consent to be called and those who did not).

12        Here, whether considering the TAC class or the Motion class, Springer's

13  claims are not typical.  Springer is a "wrong party" who allegedly did not provide

14  consent to be called.  The TAC class, however, consists of wrong parties like

15  Springer but also account holders whose claims and defenses are substantially

16  different from Springer's.  The Motion Class consists of persons like Springer who

17  did not provide consent to be called, but also persons like Abdeljalil for whom

18  GECRB had received consent to call.  In addition, Springer was called by ▮▮▮▮

19  but the majority of the other alleged class members, regardless of the definition,

20  were called by ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

21        Finally, Springer's communications with GECRB regarding his phone

22  number are not necessarily typical of other class members.  If GECRB is informed

23  that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

24  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

25  ▮▮▮  *See* Koehler Decl. ¶ 26; Popp Dec. ¶ 9.  Springer, however, does not

26  remember telling GECRB that the number dialed was a cell number and GECRB's

27  notes do not reflect Springer saying the number was a cell number or was his

28  number.  *See* Kraft Decl., Ex. E (Springer Depo. 53:25-57:17).  Springer's claims

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

16

OPPOSITION TO MOTION FOR CLASS CERTIFICATION

LITIOC/2097020v10/103139-0002

1 are not typical of a potential class member, like Abdeljalil, who immediately

2 informed GECRB that the number called was a cell phone ████████████

3 ██████████████████████████████. *See* Koehler Decl. ¶ 29.

### B.   Plaintiffs Fail to Show Common Questions of Law and Fact

5        Commonality requires "questions of law or fact common to the class."  Fed.

6 R. Civ. P. 23(a)(2).  The common question "must be of such a nature that it is

7 capable of class-wide resolution – which means determination of its truth or falsity

8 will resolve an issue that is central to the validity of each of the claims in one

9 stroke." *Dukes*, 131 S. Ct. at 2551.  "To establish commonality, a plaintiff must do

10 more than merely raise 'common questions—even in droves[;]' rather, the plaintiff

11 must show that a class-wide proceeding will 'generate common *answers* apt to

12 drive the resolution of the litigation.'"  *Buonomo*, 2014 U.S. Dist. LEXIS 33973, at

13 *13-14 (citation omitted) (emphasis in the original).  "'If, to make a prima facie

14 showing on a given question, the members of a proposed class will need to present

15 evidence that varies from member to member, then it is an individual question.'"

16 *Id.* (citation omitted).  Plaintiffs assert that the common questions are:

> (1) whether Def█████████ ATDS and/or artificial or prerecorded
> voice calls via ██████████ dialer; (2) to the cellular telephones
> numbers; (3) o████████ers of Defendant; (4) who had not
> provided their prior express consent; (5) where Defendant was on
> notice that ████nt was ██████third party according to
> Defendant's ████████ in their ██████████ . . . .

Mot. at 16.  *None* of Plaintiffs' questions are common ones because none can be

21 answered across the board as to all class members with common evidence.

22        Plaintiffs' first question regarding ██████ is not common:  Neither

23 proposed class is limited to ██████ calls, ██████████████████████

24 ██████████████ *See* Majerczak Decl. ¶ 5.  Whether each call was made by

25 an ATDS and/or an artificial or prerecorded voice will depend on different

26 evidence related to different segments of the proposed class depending on what

27 entity called them.  Plaintiffs offer no evidence that this is a common question.

28

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

17

OPPOSITION TO MOTION FOR CLASS CERTIFICATION

LITIOC/2097020v10/103139-0002

Plaintiffs' second and third questions – whether calls were made to cellular telephone numbers of non-customers – are not common, either.  For each proposed class member, a determination must be made as to whether the number called was a cell phone number, of a non-account holder, *at the time* GECRB called the number.  But, as explained above, this question cannot be answered with common evidence.  GECRB will have to go through each account record to try to determine whether the person called is actually a non-account holder and, even then, the review may not answer the question.  Plaintiffs present no evidence or feasible way to identify the persons called to make this determination.

Plaintiffs' fourth question, whether the person called provided prior express consent, similarly cannot be answered with common evidence.  As detailed above, each number called is a number that was provided to GECRB by an account holder with prior express consent to call.  Thus, as to account holders, an individualized inquiry must be made as to whether that consent was ever effectively revoked.[18] As to non-account holders, individualized analysis is also necessary to determine whether an authorized person, such as a spouse, provided prior express consent to call the number.  *See, e.g.*, *Gutierrez*, 2011 U.S. Dist. LEXIS 12546, at *7-9.

Plaintiffs' last "common" question, whether GECRB was put "on notice" that the person being called was a third party, again requires an individualized analysis of each account.  Whether the person with whom GECRB spoke effectively informed GECRB that it was the subscriber of the called phone number and that it was a non-account holder depends on the nature and context of those communications.  This is not something that can be determined on a class-wide basis with common evidence.

Accordingly, Plaintiffs fail to identify a single common question amongst either class that can be determined for each class member with common evidence.

---

[18] If an account holder revoked consent and has a claim, it must be individually arbitrated, rather than proceeding as part of the class.

Stradling Yocca
Carlson & Rauth
Lawyers
Newport Beach

18

OPPOSITION TO MOTION FOR CLASS CERTIFICATION

LITIOC/2097020v10/103139-0002

### C.     <u>Plaintiffs Fail To Present Evidence Establishing Numerosity</u>

Under Rule 23(a), a class must be "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). "[T]he plaintiff must provide factual support for its contentions regarding the size of the class, and cannot satisfy the numerosity requirement through speculation." *Legg v. Voice Media Group, Inc*., No. 13-62044-CIV-COHN, 2014 U.S. Dist. LEXIS 61836, at *6 (S.D. Fla. May 5, 2014) (citation omitted); *Jeffries v. Pension Trust Fund*, 172 F. Supp. 2d 389, 394 (S.D.N.Y. 2001) (court cannot find numerosity "on the basis of pure speculation") (citation omitted); *Sturdy*, 2014 U.S. Dist. LEXIS 72312, at *7 (denying TCPA certification where numerosity was "speculative and not properly supported").

Here, Plaintiffs present *no evidence* to satisfy their burden on numerosity. Plaintiffs merely infer that there must be sufficient numbers because GECRB has "█████ accounts" and that some persons were called inadvertently. Mot. at 14. This is exactly the type of pure speculation that is not permitted.

### D.     <u>Springer Is Not an Adequate Class Representative</u>

A class representative is not adequate where there are "serious concerns about his credibility and his ability to adequately represent the class." *Ryan*, 2014 U.S. Dist. LEXIS 42677, at *21. Further, courts often deny class certification where "the class representatives have "'so little knowledge of and involvement in the class action that they would be unable or unwilling to protect the interest of the class against the possibly competing interest of the attorneys.'" *In re Wash. Mut., Inc. Sec., Derivative, & ERISA Litig*., Nos. 2:08-md-1919 and C08-387 MJP, 2010 U.S. Dist. LEXIS 142992, at *5-6 (W.D. Wash. Oct. 12, 2010) (citation omitted).

Springer is not credible. Springer testified that he is unaware that his wife, represented by the same lawyers as himself in this case, sued GECRB in May 2013, and unaware that his wife filed an additional lawsuit against another creditor. *See* Kraft Decl., Ex. E (Springer Dep. 68:25-69:5, 79:10-20). It is implausible that Springer did not know his spouse is suing the same company in a separate lawsuit.

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

19

OPPOSITION TO MOTION FOR CLASS CERTIFICATION

LITIOC/2097020v10/103139-0002

1    Further, Springer testified that such lawsuits were not "important" to him.  *See id.*

2    at 79:10-20 (explaining that he and his wife only keep each other abreast of

3    "important things.").   Consistent with the lack of "importance" of this lawsuit,

4    Springer strenuously resisted taking a one hour flight to the district in which he

5    filed his lawsuit in order to be deposed, resulting in four months of active effort to

6    schedule his deposition.  *Id.* ¶ 7.  Springer's lack of appreciation for the

7    significance of litigation, let alone a lawsuit in which he is the class representative,

8    undermines his claim that he is an adequate representative.

9    **VIII.  PLAINTIFFS FAIL TO SATISFY RULE 23(b)(3)**

10        **A.    Plaintiffs Fail To Demonstrate Predominance**

11        The predominance inquiry focuses on "the relationship between the common

12   and individual issues" and "tests whether proposed classes are sufficiently

13   cohesive to warrant adjudication by representation." *Hanlon v. Chrysler Corp.*, 150

14   F.3d 1011, 1022 (9th Cir. 1998).  "This analysis requires more than proof of

15   common issues of law or fact."  *Soto v. Superior Telcoms., Inc.*, No. 10cv135-IEG,

16   2011 U.S. Dist. LEXIS 145205, at *16-17 (S.D. Cal. Dec. 15, 2011).  Rather, the

17   common questions should "'present a significant aspect of the case and . . . be

18   resolved for all members of the class in a single adjudication.'"  *Id.* (citation

19   omitted).  As detailed below, even if Plaintiffs could establish a common question,

20   numerous individualized issues preclude a finding of predominance.

21        • ***First*, there are significant individualized issues of prior express**

22   **consent in both classes**.  "In TCPA actions, the predominance inquiry is satisfied

23   only when Plaintiffs 'advance a viable theory employing generalized proof to

24   establish liability with respect to the class involved.'"  *Connelly v. Hilton Grand*

25   *Vacations Co., LLC*, 294 F.R.D. 574, 577 (S.D. Cal. 2013) (citation omitted).

26   "[C]lass certification is warranted only when the 'unique facts' of a particular case

27   indicate that individual adjudication of the pivotal element of prior express consent

28   is unnecessary."  *Id.* (citation omitted).  Where there are individualized issues of

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

20

OPPOSITION TO MOTION FOR CLASS CERTIFICATION
LITIOC/2097020v10/103139-0002

1  prior express consent, class certification should be denied.  *See, e.g.*, *Fields v.*

2  *Mobile Messengers Am., Inc.*, No. C 12-05160 WHA, 2013 U.S. Dist. LEXIS

3  163950, at *13-14 (N.D. Cal. Nov. 18, 2013).[19]

4  In this case, individualized issues of prior express consent must be analyzed

5  for *each* member of both proposed classes.  The TAC class consists of both

6  account holders and non-account holders, and the account holders indisputably

7  provided prior express consent to be called.  Koehler Decl. ¶¶ 9, 16, 30-31.

8  Further, Plaintiffs' Motion Class and TAC Class both consist of non-account

9  holders, some of whom, like Abdeljalil, gave prior express consent via an

10  authorized person, such as a spouse.  *See id.* ¶ 24.  An individualized evaluation

11  must occur regarding whether (1) who the actual subscriber is of the cell phone

12  number; and (2) whether the person that provided the number to GECRB is an

13  agent under the state law where the subscriber lives and had authority to consent to

14  having the number called.  *See, e.g.*, *Osorio*, 2014 U.S. App. LEXIS 5709, at *18-

15  25 (reversing summary judgment based on disputed issues of fact as to whether

16  there was an agency relationship).

17  • ***Second*, there are individualized issues regarding whether consent**

18  **was effectively revoked**.  For each class member who provided consent to be

19  called (either personally or through an agent), an individualized inquiry must be

20  made into whether that person effectively revoked consent.  *See Gutierrez*, 2011

21  U.S. Dist. LEXIS 12546, at *11-12 (denying summary judgment on prior express

22  consent issue due to disputed revocation issues); *Wolfkiel v. Intersections Ins.*

23

24  [19] *See also Gannon*, 2013 U.S. Dist. LEXIS 81250, at *3 (predominance not
satisfied where issue of consent required individual inquiry regarding class
25  members' interactions with defendant); *Newman v. Americredit Fin. Servs.*, No.
11cv3041 DMS, 2014 U.S. Dist. LEXIS 15728, at *12-13 (S.D. Cal. Feb. 3, 2014)
26  (denying preliminary approval of TCPA class action settlement where proposed
class included account holders who presumably consented to receiving calls);
27  *Buonomo*, 2014 U.S. Dist. LEXIS 33973, at *15-16  ("Where the defendant 'sets
forth specific evidence showing that a significant percentage of the putative class
28  consented to receiving calls on their cellphone,' courts have found that issues of
individualized consent predominate any common questions of law or fact.").

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

LITIOC/2097020v10/103139-0002

21

OPPOSITION TO MOTION FOR CLASS CERTIFICATION

*Servs.*, No. 13 C 7133, 2014 U.S. Dist. LEXIS 28276, at \*15 (N.D. Ill. March 5, 2014) ("In order to determine whether each potential class member did in fact revoke his or her prior consent at the pertinent time, the Court would have to conduct class-member-specific inquiries for each individual.")

- ***Third*, there are significant individualized issues to determine whether a call recipient is a non-account holder**.  Plaintiffs speculate that it is feasible to determine whether a number belongs to a non-account holder through an electronic search of GECRB's account records.  But, as detailed in Section VI.B above, just because one of Plaintiffs' proposed search terms results in a "hit" on a specific account does not mean the call recipient is a non-account holder.  *Each* account record must be manually reviewed, and *each* called person may need to be contacted, subpoenaed or deposed to determine whether the number actually belonged to him or her at the time the call was made.

- ***Fourth*, there are individualized issues regarding whether GECRB placed calls subsequent to being notified that the number belonged to a non account-holder.**  Even assuming that plaintiffs proposed electronic searches of GECRB's account records could identify calls to non-account holders, a manual review of those records would be required to determine whether calls were placed subsequent to GECRB being placed on notice.

- ***Fifth*, there are individualized issues regarding whether calls were made during the safe harbor period**.  In November 2004, the FCC established a "limited safe harbor period from the prohibition on placing [ATDS] or prerecorded message calls to wireless numbers when such calls are made to numbers that have been recently ported from wireline service to wireless service." *See Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, FCC Order Adopted August 25, 2004.  Callers are not liable during the initial 15 days after a wireline number has been ported to wireless service.  *Id.*  A determination must be made as to when class members obtained their cell numbers, whether the

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

22

OPPOSITION TO MOTION FOR CLASS CERTIFICATION
LITIOC/2097020v10/103139-0002

number was ported, and whether any calls were made within the safe-harbor.

- *Sixth*, **there are individualized issues regarding whether a person was called via an ATDS**.  For each person, a determination will have to be made regarding (1) whether a call was placed manually or via a dialer, (2) what dialer was used to call, and (3) whether the dialer qualifies as an ATDS.  During the relevant period, ████████████████████████████████████████████
████████████████████████████████████████████████████████████████████████
██████████████████████  *See* Majerczak Decl. ¶¶ 3-4; Koehler Decl. ¶ 19.  The differences between how calls are placed create significant individualized issues.[20] Plaintiffs ignore this problem, and present no evidence that each of the dialers qualifies as an ATDS, or each call used an artificial or prerecorded voice.  *See Dominguez v. Yahoo!, Inc*., 2014 U.S. Dist. LEXIS 36542, at *19 (E.D. Pa. Mar. 20, 2014) (granting summary judgment; "Plaintiff has not offered any evidence to show that Yahoo's system had the capacity to randomly or sequentially generate telephone numbers . . . , as required by the statutory definition . . .").

- *Seventh*, **there are individualized issues regarding whether GECRB knowingly and willfully violated the TCPA**.  *See* TAC ¶¶ 46-49. ████████████████████████████████████████████████████████████████████████
████████████████████████████████  *See* Koehler Decl. ¶¶ 30-31, Ex. G.  It is difficult to imagine how a "knowing or willful" finding could be made.  However, to determine whether GECRB acted in knowing or willful violation of the TCPA for any given call will require inquiry into individualized issues, including what knowledge, if any, GECRB had at the time the call was made that the number did not belong to an account holder who provided prior express consent.  In light of the numerous individualized issues, Plaintiffs utterly fail to satisfy their burden of demonstrating that common issues predominate over individual questions.

---

[20] In addition to the ATDS issue, as noted above, whether any third-party caller would be deemed to be GECRB's agent requires a case by case analysis.

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

OPPOSITION TO MOTION FOR CLASS CERTIFICATION

LITIOC/2097020v10/103139-0002

### B.     <u>Plaintiffs Fail To Satisfy Superiority</u>

Plaintiffs' primary argument is that the class action device is superior because "[t]he Class members are individual consumers who are not likely able to successfully maintain a TCPA action against Defendant where the maximum statutory damages per negligent violation of the TCPA is only $500, or $1,500 for a willful violation." Mot. at 25. However, Plaintiffs' counsel actively solicits and regularly files individual TCPA actions, which disproves the idea that no individuals will litigate these matters on their own. Kraft Decl. ¶¶ 9-10. Further, because statutory damages attach to each call, individuals who were called a number of times can assert five and even six figure damages.

It is vastly more efficient to litigate TCPA claims individually. If an individual plaintiff asserts a claim, GECRB can obtain the telephone number called and search the ███████████ for that number to quickly and accurately identify the relevant records, like it could with Abdeljalil and Springer. Plaintiffs simply fail to establish that a class is a superior method for litigating TCPA claims.

### IX.     <u>PLAINTIFFS FAIL TO SATISFY RULE 23(b)(2)</u>

"Rule 23(b)(2) provides for class certification when 'the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole . . . .'" *Connelly*, 294 F.R.D. at 579. TCPA claims are inappropriate for Rule 23(b)(2) certification where, as here, plaintiffs are primarily interested in monetary damages. *See id.* (denying certification under Rule 23(b)(2) where plaintiffs sought monetary damages for each unlawful call); *Lemieux v. Schwan's Home Serv.*, No. 3:12-cv-0964-GPC, 2013 U.S. Dist. LEXIS 127032, at *24-25 (S.D. Cal. Sept. 5, 2013) (holding that "certification under Rule 23(b)(2) is inappropriate" because Plaintiffs were primarily interested in monetary damages.); *Wolfkiel*, 2014 U.S. Dist. LEXIS 28276, at *13 (striking class allegations and finding Rule 23(b)(2) not applicable to TCPA claims seeking monetary damages).

Stradling Yocca
Carlson & Rauth
Lawyers
Newport Beach

OPPOSITION TO MOTION FOR CLASS CERTIFICATION

LITIOC/2097020v10/103139-0002

1    In this case, similar to *Connelly* and *Lemieux*, certification under Rule

2    23(b)(2) is inappropriate for at least three distinct reasons:

3        1.    Plaintiffs are primarily interested in monetary damages:  They seek

4    statutory damages for each violation of the TCPA.

5        2.    GECRB has not acted or refused to act in an unlawful manner with

6    respect to the class as a whole.  Any call to a non-account holder, or an account

7    holder who revoked consent, is inadvertent.  ████████████████████████

8    ████████████████████████  *See* Popp Decl. ¶¶ 8-11.  Injunctive

9    relief cannot prevent an inadvertent call, and an injunction requiring GECRB to

10   follow existing, enforced policies is not appropriate or necessary.

11       3.    Plaintiffs fail to describe the injunction they seek.[21]  GECRB and the

12   Court cannot be left to guess at what injunctive relief is requested, and Plaintiffs do

13   not get to wait until later to define the injunction they want because that prejudices

14   GECRB's ability to oppose the Motion.

15       Accordingly, Plaintiffs fail to meet their burden of establishing that Rule

16   23(b)(2) certification is appropriate.

17   **X.    <u>CONCLUSION</u>**

18       For the foregoing reasons, Plaintiffs fail to carry their burden to certify any

19   class, and GECRB respectfully requests that Plaintiffs' Motion be denied.

20   DATED: June 9, 2014              STRADLING YOCCA CARLSON & RAUTH
                                      A Professional Corporation
21

22                                    By:   *s/Karla J. Kraft*
                                            KARLA J. KRAFT
23                                          Attorneys for Defendant
                                            GE CAPITAL RETAIL BANK

24   ---
     [21] Plaintiffs mention (but do not request an injunction requiring) that GECRB could
25   "scrub" telephone numbers to identify and remove cell numbers.  Yet, there is
     nothing improper about calling a cell number when prior express consent is    argue
26   prov ████████████████████████████████████████████████████████
27   ████████████████████████████████████████████████████████
28   ████████████████████████████████████████████████████████

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

LITIOC/2097020v10/103139-0002