UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MUHAMMED ABDELJALIL and RICHARD SPRINGER, individually and on behalf of all others similarly situated,<br><br>　　　　　　　Plaintiffs,<br>v.<br><br>GENERAL ELECTRIC CAPITAL CORPORATION,<br><br>　　　　　　　Defendant. | Civil No. 12cv2078 JAH(MDD)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR CLASS CERTIFICATION**<br>**[DOC. # 70]** |

## INTRODUCTION

Currently pending before this Court is the motion for class certification filed by plaintiff Richard Springer[1] ("plaintiff"). The motion has been fully briefed by the parties. After a careful consideration of the pleadings and relevant exhibits submitted, and for the reasons set forth below, this Court GRANTS in part and DENIES in part plaintiff's motion.

//

//

//

---

[1] Plaintiff Muhammed Abdeljalil states that he intends to voluntarily dismiss his claims without prejudice, thus only Richard Springer moves for class certification. *See* Doc. # 70 at 2 n.1. Plaintiffs have been granted leave to file a motion seeking leave to file a fourth amended complaint adding a defendant and deleting Abdeljalil's claims. *See* Doc. # 102.

**BACKGROUND**

Plaintiff alleges in his complaint that defendant GE Capital Retail Bank ("defendant") violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("the TCPA") when it made repeated telephone calls to plaintiff without prior consent and after instructing the calls to stop. Plaintiff originally filed his complaint on August 22, 2012, an amended complaint on September 27, 2012, a second amended complaint on October 17, 2012, and a third amended complaint ("TAC"), the operative pleading here, on August 22, 2013. Defendant filed an answer to the TAC on September 11, 2013 and filed an amended answer on November 4, 2013. Plaintiff, on April 28, 2014, filed the instant motion for class certification. The motion has been fully briefed. After a review of the pleadings presented, this Court took the motion under submission without oral argument. *See* CivLR 7.1(d.1).

**DISCUSSION**

1.  **Legal Standard**

Whether to grant class certification is within the discretion of the court. Montgomery v. Rumsfeld, 572 F.2d 250, 255 (9th Cir. 1978). A cause of action may proceed as a class action if a plaintiff meets the threshold requirements of Rule 23(a) of the Federal Rules of Civil Procedure: numerosity, commonality, typicality, and adequacy of representation. Fed. R. Civ. P. 23(a). In addition, a party seeking class certification must meet one of the three criteria listed in Rule 23(b).

"The class action is 'an exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only.'" Wal-Mart Stores, Inc. v. Dukes, 131 S.Ct. 2541, 2550 (2011)(quoting Califano v. Yamasaki, 442 U.S. 682, 700-01(1979)). To justify a departure from the usual rule, a plaintiff seeking class certification must satisfy all of the requirements under Rule 23(a) of the Federal Rules of Civil Procedure, and at least one of the categories in Rule 23(b). Wang v. Chinese Daily News, Inc., 737 F.3d 538, 542 (9th Cir. 2013); United Steel, Paper & Forestry, Rubber, Mfg. Energy, Allied Indus. & Serv. Workers Int'l Union v. ConocoPhillips Co., 593 F.3d 802, 806 (9th Cir.

2010). A class may be certified only "if the trial court is satisfied, after a rigorous analysis, that the prerequisites of Rule 23(a) have been satisfied." Gen. Tel. Co. of the S.W. v. Falcon, 457 U.S. 147, 161 (1992); Ellis v. Costco Wholesale Corp., 657 F.3d 970, 980 (9th Cir. 2011). The class members' substantive claims may be highly relevant in determining the propriety of certifying a class, thus the "'district court *must* consider the merits' if they overlap with Rule 23(a)'s requirements." Wang, 737 F.3d at 433 (quoting Ellis, 657 F.3d at 983). "The same analytical principles govern Rule 23(b)." Comcast v. Behrend, 133 S.Ct. 1426, 1432 (2013). Plaintiff has the burden of demonstrating both Rule 23(a) and Rule 23(b)'s requirements have been met. Zinser v. Accufix Research Inst., Inc., 253 F.3d 1180, 1186 (9th Cir. 2001), *opinion amended on denial of reh'g*, 273 F.3d 1266 (9th Cir. 2001).

"'Although there is no explicit requirement concerning the class definition in [Rule] 23, courts have held that the class must be adequately defined and clearly ascertainable before a class action may proceed.'" Schwartz v. Upper Deck Co., 183 F.R.D. 672, 679-80 (S.D.Cal. 1999)(quoting Elliott v. ITT Corp., 150 F.R.D. 569, 573-74 (N.D.Ill. 1992)). "A class is ascertainable if it identifies a group of unnamed plaintiffs by describing a set of common characteristics sufficient to allow a member of that group to identify himself or herself as having the right to recover based on the description." Moreno v. AutoZone, Inc., 251 F.R.D. 417, 421 (N.D. Cal. 2008), *vacated on other grounds*, 2009 WL 3320489 (N.D. Cal. 2009). A class will be considered sufficiently definite if it is administratively feasible to determine whether a particular person is a class member. Shaw v. BAC Home Loans Servicing, LP, 2011 WL 6934434 *2 (S.D. Cal. Dec. 29, 2011).

Rule 23 requires that four prerequisites be satisfied for class certification: (1) numerosity; (2) commonality; (3) typicality; and (4) adequacy of representation. Fed. R. Civ. P. 23(a). In addition, a party seeking class certification must meet one of the three criteria listed in Rule 23(b). *See* Fed. R. Civ. P. 23(b).

//

### 2. Analysis

Plaintiff moves for an order certifying the following class:

> All persons within the United States who had or have a number assigned to a cellular telephone service, who received at least two calls using an automatic telephone dialing system and/or an artificial or prerecorded voice from Defendant or its agent between August 22, 2008 and August 22, 2012 for debt collection purposes, who were not customers of Defendant at the time of the calls, where Defendant's customer account records indicate that prior to the second and any subsequent calls that said person were non-account holders as identified by one or more the following terms in Defendant's electronic customer account records: "wrong number," "wrong telephone number," incorrect number," "third party," "third party number," "third party telephone number," "third party contact," "wrong party," "wrong party number," or "wrong party telephone number."

Doc. # 70 at 6. Plaintiff explains that this proposed class excludes persons who were called by defendant for emergency purposes or those who gave defendant their prior express consent to be called. Id. at 7. Plaintiff claims this definition is narrower than the class proposed in the TAC. Id. (citing TAC ¶ 31). Plaintiff contends that the proposed class meets all the criteria required for class certification. Id. at 10-25.

Defendant, in opposition, initially contends that, because the proposed class definition is not plead in the TAC, the motion should be denied on that basis alone. Doc. # 78 at 8. Defendant points out that courts "routinely reject attempts to redefine a class at the class certification stage." Id. (citing Costello v. Chertoff, 258 F.R.D. 600, 604-05 (C.D.Cal. 2009)("The Court is bound by class definitions provided in the complaint and, absent an amended complaint, will not consider certification beyond it.")). Defendant claims that changing the class definition now would prejudice defendant because, among other reasons, class discovery was premised on the class pled in the TAC and, discovery would have been conducted differently if it was premised on the new definition. Id. at 9.

In reply, plaintiff argues that he is allowed to narrow the class definition in a motion for class certification without amending the operative complaint. Doc. # 83 at 2 (citing

Knutson[2] v. Schwan's Home Serv., 2013 WL 4774763 *5 (S.D.Cal. Sept. 5, 2013)). Plaintiff further argues that no prejudice will result to defendant by narrowing the class as opposed to seeking to broaden the class. Id. Plaintiff contends defendant's additional discovery argument is baseless because "having to defend a better pled class definition does not amount to undue prejudice." Id.

A review of the record reflects that the class definition presented in the TAC is clearly broader than the class definition plaintiff seeks to certify. Although defendant characterizes the two definitions as "very different classes," Doc. # 78 at 8, this Court agrees with plaintiff that the new definition is simply a narrower version of the class definition presented in the TAC, which is allowable. *See* Knutson, 2013 WL 4774763 at *5. Therefore, this Court finds defendant's initial arguments unavailing and turns to the criteria for class certification.

    **a.    Ascertainability**

Plaintiff asserts that class membership here can be readily determined by objective criteria through the use of a four step process. Id. at 11. Plaintiff suggests the following steps: (1) obtain a list of telephone numbers called by defendant during the class period; (2) search the notes portion of defendant's customer account records for special terms to identify calls to third parties; (3) scrub the list of telephone numbers to unique cellular telephone numbers only; and (4) identify second and subsequent calls to non-account holders. Id. at 11-13. Based on this process, plaintiff claims the class definition is adequately defined and the class members are clearly ascertainable according to objective criteria. Id. at 14.

In opposition, defendant contends the proposed class definition[3] is over-inclusive

---

[2] Plaintiff cites this case as Lemieux v. Schwan's Home Servs. *See* Doc. # 83 at 2. A review of this case reveals that Knutson and Lemieux are co-plaintiffs but Knutson is listed first. Therefore, this Court cites this case as Knutson v. Schwan's Home Servs.

[3] Defendant unnecessarily discusses both the class definition presented in the TAC as well as the proposed class definition presented in plaintiff's moving papers. *See, e.g.*, Doc. # 78 at 10. Because this Court finds it appropriate for plaintiff to seek to certify a class based on a narrower definition than that set forth in the TAC, this Court addresses the narrower proposed class definition only.

and under-inclusive thereby rendering it inadequately defined. Doc. # 78 at 10. Defendant argues that the class definition is not ascertainable because the definition includes calls to non-account holders that had received prior express consent to call the non-account holder's family member or authorized representative. Id. at 10-11 (noting plaintiff Abdeljalil would be included in the class even though his number was provided by someone who had authority to give consent). Defendant claims plaintiff's proposed use of search terms does not aid plaintiff because, even if one of the search terms appears in an account record, it does not mean defendant did not have consent to call the number and does not mean the number called belongs to a non-account holder. Id. at 11. Also, defendant points out that the term "wrong number" could appear in an account holder record where an account holder has changed phone numbers or is trying to evade a debt collection by falsely stating defendant's associate had reached a wrong number. Id. at 11-12. Thus, according to defendant, after an electronic search is completed, the results will be "vastly over-inclusive and will require a painstaking and unreasonable manual review ... to determine the content and context of each search term." Id. at 12. In addition, even after a manual review, defendant claims "it will be impossible to know with certainty whether a person called is a class member," pointing out that the note in the account related to plaintiff Springer reads "other call third party (unauthorized)" which "could refer to reaching a non-account holder at the account holder's correct home number or it could refer to dialing a wrong number." Id.

Defendant maintains that plaintiff's proposed class definition is also under-inclusive because the search terms "will not capture each non-account holder who received a second or subsequent call" from defendants since a wrong party call can be identified in many different ways other than the proposed terms. Id. For example, defendant points to the notes contained in Abdeljalil's wife's account which are in shorthand but contain indications that a non-account holder told defendant the number was his cell number and should not be called. Id. Thus, defendant contends "it is impossible to craft search terms that will 'objectively' and 'precisely' identify the class." Id.

In reply, plaintiff contends defendant's over- and under-inclusive arguments fail. Doc. # 83 at 3-4. As to the over-inclusive argument, plaintiff admits that he intended to limit the class definition to calls placed by the dialer used by the identified company and, thus, seeks to modify the class definition accordingly, rendering this argument meritless. Doc. # 83 at 2-3. In regards to defendant's under-inclusive argument, plaintiff claims the argument fails because anyone not identified by the proposed search terms would not be included in the class and thus would not be bound by any class judgment. Id. at 3. Plaintiff suggests defendant's concern that persons identified as third parties who are actually account holders called with prior express consent can be alleviated by adding the line "'[e]xcluded from the class are persons who ... gave express [c]onsent' to the class definition." Id. (citing Knutson, 2013 WL 4774763 at *11).

This Court is unconvinced that plaintiff's proposed class definition is over- or under-conclusive such that the class is not ascertainable. Plaintiff correctly points out that defendant does not claim it would be unmanageable or unfeasible to ascertain the class. Id. This Court agrees with plaintiff that the class here is ascertainable because class members likely can be determined by objective criteria based on defendant's business records and the class members will likely be able to identify whether they received prerecorded calls from defendant. Id. Thus, this Court finds defendant's arguments concerning ascertainability fail.[4]

**b.  Numerosity**

Rule 23(a)(1) requires that the proposed class be "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). "[C]ourts generally find that the numerosity factor is satisfied if the class comprises 40 or more members and will find that

---

[4] Defendant presents numerous arguments concerning the feasibility of plaintiff's proposed four-step process in identifying class members, contending the process will not work. *See* Doc. # 78 at 12-15. Plaintiff, in reply, contends these arguments are unavailing and claims the process can be tweaked to alleviate any of defendant's concerns concerning the viability of the proposed process. *See* Doc. # 83 at 2-5. This Court finds defendant's arguments are, for the most part, premature and speculative, in that the suggested process has yet to be implemented. If, after the process is implemented, defendant's prophecies of failure come true, defendant is free to present those arguments at that time. Accordingly, this Court does not address these arguments here.

it has not been satisfied when the class comprises 21 or fewer." Celano v. Marriott Int'l, Inc., 242 F.R.D. 544, 549 (N.D. Cal. 2007). Defendant contends plaintiff has presented no evidence satisfying their burden of demonstrating the numerosity requirement has been met. Doc. # 78 at 19. Defendant argues that plaintiff merely speculates there must be sufficient numbers of class members because defendant has "340 million accounts" and thus, "some persons were called inadvertently." Id. Plaintiff responds that "there are likely more than 40 class members, given that [the identified company][5] made 2% of [defendant's] calls ... using an automated dialer and there are 340 million ... account holders." Doc. # 83 at 5 (citing Doc. # 78 at 6, 14 n.16). In addition, plaintiff points out that further discovery will permit the parties to identify the exact number of class members. Id.

This Court finds plaintiff's contentions compelling. Based on the record presented, it is clearly reasonable that at least 40 class members or more can be identified from defendant's 340 million account holders. Thus, this Court finds plaintiff has sufficiently met, at this juncture, the numerosity requirement.

**c.  Commonality**

To meet the commonality requirement, the named plaintiff must show that there are "questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). "Commonality requires the plaintiff to demonstrate that the class members 'have suffered the same injury[.]'" Wal-Mart, 131 S.Ct. at 2551 (quoting Falcon, 457 U.S. at 157). However, "[a]ll questions of fact and law need not be common to satisfy the rule." Hanlon v. Chrysler Corp., 150 F.3d 1011, 1019 (9th Cir. 1998). "The existence of shared legal issues with divergent factual predicates is sufficient, as is a common core of salient facts coupled with disparate legal remedies within the class." Id.

Plaintiff presents the following common questions:

(1) whether Defendant placed ATDS and/or artificial or prerecorded voice

---

[5] The identity of the dialer identified by plaintiff is subject to redaction, thus this Court does not identify the dialer system or the company that used such system here. The parties are aware of the identity of both the dialer and the company identified by plaintiff.

>calls via [the identified dialer]; (2) to the cellular telephone[] numbers; (3) of non-customers of Defendant; (4) who had not provided their prior express consent; (5) where Defendant was on notice that Defendant was calling a third party according to Defendant's ... notes in their ... system ...

Doc. # 70 at 16. Defendant contends plaintiff fails to show there are questions of law and fact common to the class, arguing that "[n]one of [p]laintiff's questions are common ones because none can be answered across the board as to all class members with common evidence."  Doc. # 78 at 17.  Defendant explains that these questions require individualized analyses for each putative class member. Id.  In reply, plaintiff points out the factual situation for all the class members here is the same, that is, defendant called third parties on their cellular telephone number via an ATDS and/or prerecorded voice without prior express consent after defendant was on notice that it was calling a third party. Doc. # 83 at 5-6. Plaintiff thus claims that there are several questions subject to common proof in this case. Id. at 6.

This Court agrees with plaintiff. This Court finds there are common facts here that give rise to common questions of fact and law and, therefore, plaintiff has met the commonality requirement.

### d.     Typicality

To satisfy Rule 23(a)(3), the named plaintiff's claims must be typical of the claims of the class. Fed. R. Civ. P. 23(a)(3). "The typicality requirement is 'permissive' and requires only that the named plaintiff's claims 'are reasonably coextensive with those of absent class members.'" Stemple v. QC Holdings, Inc., 2014 WL 4409817 *5(S.D.Cal. Sept. 5, 214)(quoting Hanlon, 150 F.3d at 1020). Defendant contends that the named plaintiff's communications with defendant are not typical of the class members he seeks to represent because plaintiff does not remember whether he told defendant's representative that the number called was a cell phone number and defendant's notes similarly does not reflect such.[6]  Doc. # 78 at 15-16. Defendant points out that, if it was informed the number was a cell number, its policies require the cellular number be

---

[6] Defendant also presents arguments regarding typicality that are obviated by plaintiff's proposed amendments to the class definition. *See* Doc. # 78 at 15-16. These arguments will not be addressed.

immediately removed from the account records to prevent future calls. Id.  In reply, plaintiff does not address defendant's argument, pointing out that the proposed search terms will identify those persons called who are third parties and any slight variations in the account notations does not defeat typicality. Doc. # 83 at 6.

This Court finds that simply because defendant has a policy requiring removal of a cell phone number once it is informed of its existence does not demonstrate that such a policy was implemented consistently. This Court further finds that plaintiff's claims are clearly typical of the proposed class, in that plaintiff and the proposed class members, who were not customers of defendants, seek relief based on defendant's use of an automatic telephone dialing system and/or an artificial or prerecorded voice for debt collection purposes where defendant's records indicate defendant had knowledge prior to any subsequent calls that they were non-account holders. Therefore, this Court finds plaintiff has met the typicality requirement.

   **e.**   **Adequacy of Representation**

Rule 23(a)(4) requires that the representative plaintiff "will fairly and adequately protect the interest of the class." Fed. R. Civ. P. 23(a)(4). "To satisfy constitutional due process concerns, absent class members must be afforded adequate representation before entry of a judgment which binds them." Hanlon, 150 F.3d at 1020 (citing Hansberry v. Lee, 311 U.S. 32, 42-43 (1940)). "Resolution of two questions determines legal adequacy: (1) do the named plaintiffs and their counsel have any conflicts of interest with other class members and (2) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class?" Id. (citing Lerwill v. Inflight Motion Pictures, Inc., 582 F.2d 507, 512 (9th Cir. 1978)).

Defendant contends that plaintiff Springer is not an adequate representative because "there are 'serious concerns about his credibility and his ability to adequately represent the class.'" Doc. # 78 at 19 (quoting Ryan v. Jersey Mike's Franchise Systems, 2014 WL 1292930 *8 (S.D. Cal. March 28, 2014)). Defendant claims that "courts often deny class certification where 'the class representatives have 'so little knowledge of and

involvement in the class action that they would be unable or unwilling to protect the interest of the class against the possibly competing interest of the attorneys.'" Id. (quoting In re Wash. Mut., Inc. Sec. Derivative & ERISA Litig., 2010 WL 4272567 *7 (W.D. Wash. Oct. 12, 2010)). Defendant notes plaintiff testified he was unaware his wife, represented by the same counsel as plaintiff, had sued this same defendant in May 2013 and had also filed another lawsuit against a different creditor, stating that "such lawsuits were not 'important' to him." Id. at 19-20. Defendant further notes plaintiff failed to attend his noticed deposition which "resulted in four months of active effort to [re]schedule [it]." Id. at 20. According to defendant, this demonstrates a "lack of appreciation for the significance of litigation ... [and] undermines his claim that he is an adequate representative." Id. Plaintiff, in reply, contends defendant's attack on plaintiff's credibility is purely conjecture and points out defendant is aware of plaintiff's employment demands which caused plaintiff difficulty in scheduling his deposition. Doc. # 83 at 6.

This Court is unconvinced that plaintiff's statements concerning his wife's lawsuits nor his inability to attend his deposition renders him an inadequate representative. However, should facts arise which indicate plaintiff is not vigorously prosecuting the action develop in the future, defendant is free to seek remedial action as deemed appropriate. *See* Knutson, 2013 WL 4774763 at *8.

    **f.**    **Rule 23(b)**

        **1.**    **Injunctive Relief - Rule 23(b)(2)**

Rule 23(b)(2) requires a plaintiff to establish that the defendant "has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2). Claims for individualized monetary relief belong in a Rule 23(b)(3) certification, not under Rule 23(b)(2). Wang, 737 F.3d at 544 (citing Wal-Mart, 131 S.Ct. at 2558). Plaintiff contends that the injunctive relief requested here would apply class-wide and, thus, plaintiff should be allowed to seek injunctive relief as well as monetary relief. *See* Doc. # 70 at 20-21. Defendant contend that plaintiff should not be

1  granted certification under Rule 23(b)(2) because (1) plaintiff is primarily interested in
2  monetary damages; (2) defendant has not acted or refused to act unlawfully with respect
3  to the class as a whole but, instead, any wrongful acts were inadvertent which cannot be
4  prevented by injunctive relief; and (3) plaintiff fails to describe the injunction sought.
5  Doc. # 78 at 24-25.  Plaintiff fails to address these arguments in reply.

6  This Court finds defendant's arguments persuasive.  Because plaintiff is seeking
7  individualized monetary claims and not solely injunctive relief, certification is only proper
8  under Rule 23(b)(3). *See* Connelly v. Hilton Grand Vacations Co., LLC, 294 F.R.D. 574,
9  579 (S.D. Cal. 2013).

10              **2.    Predominance and Superiority - Rule 23(b)(3)**
11                   **A.    Predominance**

12  Rule 23(b)(3) requires the court to find "that the questions of law or fact common
13  to class members predominate over any questions affecting only individual members." Fed.
14  R. Civ. P. 23(b)(3). "The predominance inquiry focuses on 'the relationship between the
15  common and individual issues' and 'tests whether proposed classes are sufficiently cohesive
16  to warrant adjudication by representation.'" In Vinole v. Countrywide Home Loans, Inc.,
17  571 F.3d 935 (9th Cir. 2009), the Ninth Circuit noted:

> Rule 23(b)(3)'s predominance and superiority requirements were added to cover cases in which a class action would achieve economies of time, effort, and expense, and promote…uniformity of decision as to persons similarly situated, without sacrificing procedural fairness or bringing about other undesirable results. Accordingly, a central concern of the Rule 23(b)(3) predominance test is whether adjudication of common issues will help achieve judicial economy.

22  Id. at 944 (internal quotation marks and citations omitted). This is a "far more
23  demanding" standard than the commonality requirement of Rule 23(a). In re Hydrogen
24  Peroxide Antitrust Litig., 552 F.3d 305, 310-311 (3d Cir. 2008) (quoting Newton v.
25  Merrill Lynch, Pierce, Fenner & Smith, Inc., 259 F.3d 154, 187 (3d Cir. 2001)).

26  Defendant argues that there are numerous individualized issues which preclude a
27  finding of predominance. Doc. # 78 at 20 (citing Connelly v. Hilton Grand Vacations
28  Co., LLC, 294 F.R.D. 574, 577 (S.D. Cal. 2013)). Specifically, defendant points to seven

1 issues that it claims will require individualized analysis: (1) whether the called party gave
2 prior express consent; (2) whether the called party revoked express consent; (3) whether
3 a call recipient is a non-account holder; (4) whether defendant placed calls subsequent to
4 being notified that the number belonged to a non-account holder; (5) whether the calls
5 were made during the safe harbor period; (6) whether the calls were made via an ATDS;
6 and (7) whether defendant knowingly and willfully violated the TCPA. *See* id. at 20-23.

7      In reply, plaintiff contends that the issues surrounding consent are subject to
8 common proof because the proposed search will identify persons called by defendant's
9 agent who were third parties. Doc. # 83 at 7. Plaintiff points out that defendant's
10 argument was presented and rejected recently by a district court in this district. Id. (citing
11 Van Patten v. Vertical Fitness Group, LLC, Case No. 12cv1614 LAB(MDD) at
12 p. 10-19[Doc. # 83-2])). Plaintiff further contends that he need only present a viable
13 legal theory along with evidence suggesting defendant did not obtain express consent from
14 third parties before placing the calls, noting that defendant's argument concerning a
15 spouse or agent providing express consent is pure speculation. Id. (citing Agne v. Papa
16 John's Int'l, 286 F.R.D. 559, 567 (W.D. Wash. 2012)). Plaintiff also notes that
17 defendant is free to revisit the express consent issue if, after the case progresses, it obtains
18 evidence that the issue is too individualized to warrant class status. Id. at 8-9 (citing
19 Kristensen v. Credit Payment Servs., 12 F.Supp.3d 1292, 1308 (D.Nev. 2014)).

20      In regards to identifying the unlawful calls, plaintiff contends that his proposed
21 amendment to the class definition should alleviate any concern of defendant that such a
22 search would be unmanageable. Id. at 9. As to safe harbor, plaintiff points out that this
23 defense is not an obstacle to certification because, if it is determined to be applicable to
24 a class member, that person can easily be excluded. Id. Plaintiff also points out the issue
25 of whether defendant's dialer is an ATDS is clearly subject to common proof and
26 defendant's intent is a damages issue, as the TCPA is a strict liability statute, that does not
27 preclude certification. Id. at 9-10.

28      This Court agrees with plaintiff. This Court is persuaded that plaintiff has met his

burden of demonstrating that questions of fact and law predominate over individualized issues and that defendant's concerns can be revisited if, after the case proceeds, evidence is discovered that the questions of fact and law require burdensome individualized inquiry, this Court may revisit certification at that time. *See* <u>Kristensen</u>, 12 F.Supp.3d at 1308.

### B. Superiority

In addition to the "predominance" inquiry outlined above, a court must also find that "a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). "Where classwide litigation of common issues will reduce litigation costs and promote greater efficiency, a class action may be superior to other methods of litigation," and it is superior "if no realistic alternative exists." <u>Valentino v. Carter-Wallace, Inc.</u>, 97 F.3d 1227, 1234-35 (9th Cir. 1996). The following factors are pertinent to this analysis: "(A) the class members' interests in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already begun by or against class members; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and (D) the likely difficulties in managing a class action." Fed. R. Civ. P. 23(b)(3)(A)-(D). Defendant contends that, because plaintiff's counsel "actively solicits and regularly files individual TCPA actions," this "disproves the idea that no individuals will litigate these matters on their own." Doc. # 78 at 24. Defendant claims it is "vastly more efficient to litigation TCPA claims individually ... [because] [defendant] can obtain the telephone number and search the ... system for that number quickly and accurately ..." <u>Id.</u> Plaintiff responds that defendant cites to no "single case where [p]laintiff's counsel filed an individual TCPA case with only a few calls at issue, nor has [defendant] pointed to evidence that the putative class would actually recover four or five figure awards or make individual TCPA actions involving only a few calls economical." Doc. # 83 at 10.

This Court finds this case, in which "damages suffered by each putative class member are not large," is appropriate for class certification. <u>Zinser</u>, 253 F.3d at 1190.

Thus, this Court finds plaintiff has met the superiority requirement.

## CONCLUSION AND ORDER

Based upon the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for class certification [doc. # 70] is **GRANTED in part and DENIED in part** as follows:

   a. Plaintiff's motion for class certification pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure is **DENIED**;

   b. Plaintiff's motion for class certification pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure is **GRANTED**; and

2. The class definition is modified as follows:

   All persons within the United States who had or have a number assigned to a cellular telephone service, who received at least two calls using an automated dialing system and/or an artificial or prerecorded voice from Defendant or its agent between August 22, 2008 and August 22, 2012 for debt collection purposes, who were not customers of Defendant at the time of the calls, where Defendant's customer account records indicate that prior to the second and any subsequent calls that said person were non-account holders as identified by one or more of the following terms in Defendant's electronic customer account records: "wrong number," "wrong telephone number," incorrect number," "third party," "third party number," "third party telephone number," "third party contact," "wrong party," "wrong party number," or "wrong party telephone number." Excluded from the class are persons who gave express consent to Defendant.

Dated: March 26, 2015

JOHN A. HOUSTON
United States District Judge