**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (SBN: 249203)
ak@kazlg.com
Jason A. Ibey, Esq. (SBN: 284607)
jason@kazlg.com
245 Fischer Avenue, Suite D1
Costa Mesa, California 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

[Additional Attorneys On Signature Page]

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **MUHAMMED ABDELJALIL AND RICHARD SPRINGER, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,**<br><br>PLAINTIFFS,<br><br>V.<br><br>**GE CAPITAL RETAIL BANK,**<br><br>DEFENDANT. | Case No.: 12-CV-02078-JAH-MDD<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION FOR LEAVE TO FILE FOURTH AMENDED COMPLAINT**<br><br>**Date:** May 26, 2015<br>**Time:** 2:30 p.m.<br>**Place:** 13B<br>**Judge:** Hon. John A. Houston |

## I. INTRODUCTION

Plaintiff MUHAMMED ABDELJALIL and RICHARD SPRINGER ("Plaintiffs") allege that defendant GE CAPITAL RETAIL BANK ("GE" or "Defendant"), through its agent, contacted Richard Springer ("Mr. Springer") and putative class members on their cellular telephones via an "automatic telephone dialing system" ("ATDS") without their prior express consent during the four years prior to the filing of the Complaint in this action pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq. ("TCPA"). Plaintiffs seek leave to amend the Third Amended Complaint for two reasons: (1) add ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ as a named defendant, and necessary party; and (2) dismiss Muhammed Abdeljalil's ("Mr. Abdeljalil") individual and putative class claims without prejudice. Defendant does not oppose Plaintiff's request to dismiss Mr. Abdeljalil's claims without prejudice.

## II. PROCEDURAL HISTORY

This action was filed against GE on August 22, 2012 by Plaintiffs. [Dkt. No. 1]. A First Amended Complaint was filed on September 27, 2012. [Dkt. No. 9]. A Second Amended Complaint was filed on October 17, 2012. [Dkt. No. 12]. A Third Amended Complaint ("TAC") was filed on August 22, 2013. [Dkt. No. 34].

On March 27, 2014, Plaintiffs filed an ex parte application for leave to file a fourth amended complaint (Dkt. No. 62), which was stricken by the Court (Dkt. No. 64). On March 31, 2014, Plaintiffs filed an ex parte application for order continuing the deadline to amend the pleadings. [Dkt. No. 65].

---

[1] The identity of the alleged agent is redacted, as Defendant has previously requested that the identity of such agent be redacted. Even the identity of the agent was redacted in Defendant's opposition to the motion for class certification (*see* Dkt. No. 78, 13:4). To date, Plaintiffs have not received permission to file without redaction. Plaintiffs requested, on April 3, 2015, that Defendant file an ex parte application following the filing of this motion justifying the redaction of the identity of its alleged agent. Plaintiffs will file an unredacted version upon the Court's request.

Kazerouni Law Group, APC
Costa Mesa, California

On April 28, 2014, Mr. Springer filed a motion for class certification. [Dkt. No. 70]. On March 12, 2015, the Court issued an order permitting Plaintiffs to file a motion for leave to file a fourth amended complaint to add ▬ as a defendant and dismiss Mr. Abdeljalil's claims. [Dkt. No. 102]. On March 26, 2015, the Court granted Mr. Springer's Motion for Class Certification pursuant to Fed. R. Civ. P. 23(b)(3). [Dkt. No. 103].

Plaintiffs now file the instant motion and submit that there is good cause to extend the deadline to amend the pleadings and to grant the motion in the interests of justice and judicial economy.

### III.  LEGAL STANDARDS

Rule 15(a) of the Federal Rules of Civil Procedure gives parties the opportunity to amend their pleadings in two different circumstances. The first circumstance, which is not available to the Plaintiff at this time, is amending as a matter of course. This is an automatic amendment that is allowed as long as it is done either before a response to the pleading is filed or 20 days after the pleading sought to be amended is filed. Secondly, if time has passed or a responsive pleading has been filed, the amending party's only other option is to either seek the consent of the opposing party to amend, or obtain leave to amend from the court. Fed. R. Civ. 15(a)(2). When seeking leave to amend from the court, the court will give leave to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2). Generally, leave to amend will be granted unless the weighing of several factors show that the amendment would be inappropriate.[2] It may be denied where it creates an element of undue surprise or prejudice to the opposing party.[3] Courts have pointed out that

---

[2] *United States ex rel. Lee v. SmithKline Beecham, Inc.*, 245 F. 3d. 1048, 1052 (9th Cir. 2001) (weighing bad faith, undue delay, prejudice and futility).

[3] *See Eminence Capital, L.L.C. v. Aspeon, Inc.*, 316 F. 3d 1048 1052 (9th Cir. 2003) ("[I]t is the consideration of prejudice to the opposing party that carries the greatest weight.").

Kazerouni Law Group, APC
Costa Mesa, California

no unfair prejudice should be found simply because a party has to defend against a better plead claim.[4] Where a deficiency could be cured by an amendment, leave to amend should be granted.[5]

Motions for leave to "amend should be granted unless amendment would cause prejudice to the opposing party, is sought in bad faith, is futile, or creates undue delay." *United States v. Wight*, 2000 U.S. Dist. LEXIS 1997, 3 (E.D. Cal. 2000) (citing *Ascon Properties, Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989)). "Absent prejudice, there is a presumption under Rule 15(a) in favor of granting leave to amend. [] The party opposing leave to amend bears the burden of showing prejudice." *Serpa v. SBC Telecomms., Inc.*, 2004 U.S. Dist. LEXIS 18307, 12 (N.D. Cal. Sept. 7, 2004) (citing *DCD Programs. Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987)). "[R]ule 15(a) severely restricts the court's freedom due to the bias in favor of granting leave to amend." *Sylvie v. City of Dallas*, 2002 U.S. Dist. LEXIS 9777, 4 (N.D. Tex. May 29, 2002).

After the court issues a pretrial scheduling order pursuant to Fed. R. Civ. P. 16(b) setting a deadline for amending the pleadings, the court must look to that rule in determining whether amendment should be allowed. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-08 (9th Cir. 1992). Rule 16(b) requires the party requesting amendment demonstrate "good cause" for seeking the amendment after the passing of the deadline to seek leave to amend the complaint. *Johnson*, 975 F.2d at 608. Once "good cause" is shown, the moving party must also demonstrate the proposed amendment would be proper under Rule 15. *Id.* at 608.

///

---

[4] *See Popp Telcom, Inc. v. American Sharecom, Inc.*, 210 F.3d 928, 943 (8th Cir. 2000) ("The inclusion of a claim based on facts already known or available to both sides does not prejudice the non-moving party.")

[5] *See Lopez v Smith*, 203 F. 3d 1122, 1130 (9th Cir. 2000) (leave to amend should be granted even if not requested).

## IV. THERE IS GOOD CAUSE TO PERMIT THE FILING OF A FOURTH AMENDED COMPLAINT

Plaintiff finds it necessary and appropriate to amend the Third Amended Complaint, with good cause, for the two reasons described in detail below.

### A. The Third Amended Complaint Should Be Amended To Add A Necessary Party To The Action

The deadline to amend the pleadings, according to the Court's order on December 4, 2013, was December 23, 2013 (*see* Dkt. No. 50). Defendant's initial disclosures pursuant to Fed. R. Civ. P. 26(a), served on Plaintiff on November 8, 2013,[6] did not identify, by name, its agent that was used to place the calls to Mr. Springer. *See* Exhibit B to Dkt. No. 65, filed previously. Apparently, Defendant desired to not disclose early in this action (and prior to the deadline to amend the pleadings) the identity of Defendant's agent. Defendant's response to Interrogatory No. 6, however, did indicated that Defendant used "▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉." to place calls to Richard Springer, which discovery response was served on Plaintiffs on January 21, 2014. *See* Dkt. No. 65, 6:17-24. Notably, this discovery response indicating the identity of the agent was provided nearly one month <u>after</u> the deadline to amend the pleadings had expired.

The deadline to amend the pleadings should be extended so that Plaintiffs may add ▉▉▉ as a named defendant in this action. Defendant's alleged agent, ▉▉▉, should be added to this action as a necessary party. "Motions to amend under Rule 15(a) may be filed to … add, substitute or drop parties to the action." *Wausau Underwriters Ins. Co. v. Schifler*, 190 F.R.D. 341, 343. (E.D. Pa. 1999) (citing Charles Alan Wright, Arthur R. Miller, Mary Kay Kane, Federal Practice and Procedure: Civil 2d § 1474 (1990)). The relevant factors favor amendment to add

---

[6] The Proof of Service says the date of service was "November 8, 2012," however, the last page (page 4) of the Defendant's initial disclosures says the date was "November 8, 2013." Plaintiffs' initial disclosures were served on Defendant on November 7, 2013.

[REDACTED] as a named party defendant.

### 1. Amendment Is Not Sought In Bad Faith

"To oppose a motion for leave to amend on the grounds of bad faith, a party must show 'sharp practice' tactics such as, for example, seeking to add a defendant merely to destroy diversity jurisdiction." *SAES Getters S.P.A. v. Aeronex, Inc.*, 219 F. Supp. 2d 1081, 1095 (S.D. Cal. 2002) (citing *Sorosky v. Burroughs Corp.*, 826 F.2d 794, 805 (9th Cir. 1987). One of the purposes of this motion for leave to amend, to add a named defendant as a necessary party, is wholly proper.

Here, there is no indication that Plaintiff's motion to for leave to amend is sought in bad faith, especially since Plaintiffs believe that [REDACTED] is a necessary party to this action, being the alleged agent of Defendant that actually placed the telephone calls to Mr. Springer and the Class. *See e.g.*, *Campagnolo S.R.L. v. Full Speed Ahead, Inc.*, 2009 U.S. Dist. LEXIS 38526, *3 (W.D. Wash. Apr. 23, 2009) (granting leave to amend the complaint to add a defendant because, among other reasons, "all potential parties with an interest in the litigation should be before the Court."). Moreover, there is a separate lawsuit by Mr. Springer against [REDACTED] for calls placed by [REDACTED] on behalf of Defendant, allegedly in violation of the TCPA, which is pending in the Northern District of California (Exhibit A). That lawsuit may be transferred to this district if the Northern District of California grants the motion to transfer, which motion has been taken under submission (Exhibit B). It is simply more economical for the parties and this Court to add Defendant's alleged agent to the action as a named defendant than for there to be two separate yet very similar actions in different courts.

Also, this is unlike the case of *Trans Video Electronics, Ltd. v. Sony Electronics, Inc.*, 278 F.R.D. 505, 510 (N.D. Cal. 2011)[7] where a court found that a

---

[7] *Aff'd sub nom. Trans Video Electronics, Ltd. v. Sony Electronics Inc.*, 475 Fed. Appx. 334 (Fed. Cir. 2012) *cert. denied,* 12-575, 133 S. Ct. 880, 184 L. Ed. 2d 660 (U.S. 2013).

motion to amend was taken in bad faith when, after the court granted a defendant's motion for summary judgment, plaintiff moved to amend "as a last-ditch attempt to avoid the case being dismissed in its entirety." In the present case, however, which has been certified as a class action, the Defendant has not filed a motion for summary judgment.

Lastly, permitting the amendment to add ▮ as a named defendant may actually benefit GE, as GE would then have access to rights of discovery against ▮ without having to serve subpoenas for information from ▮.

Thus, Defendant would not be prejudiced by amendment and may even benefit from the amendment sought by Plaintiffs.

### 2. Amendment Would Not Be Futile

"[A] proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988). A proposed amendment is futile only if it does not raise a colorable claim. *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 188 (9th Cir. 1987). "At this stage, the Court looks to Plaintiff's allegations as set forth in the complaint, not Defendants' assessment of the merits of the underlying claims…" *Rieve v. Coventry Health Care, Inc.*, 2012 U.S. Dist. LEXIS 36814, *7-8 (C.D. Cal. Mar. 19, 2012).

Amendment to add ▮ would not be futile, especially since the operative complaint already alleges that defendant, or its "agent," placed the offending calls. *See* TAC, ¶¶ 1, 29 and 31. Again, there is a very similar action pending against ▮ by Mr. Springer in the Northern District of California. *See* Exhibit A. If ▮ is added to this action as a named defendant, Mr. Springer could then dismiss (without prejudice) the action against ▮ in the Northern District of California.

From a practical point of view, it makes sense to add ▮ to this action so that Plaintiffs may seek class certification against ▮ as well, since GE's "agent" (which Plaintiff now understands to be ▮) placed the calls to Mr. Springer and

the Class. *See e.g., Chase v. Rite Aid Corp.*, 2008 U.S. Dist. LEXIS 91658, *6 (C.D. Cal. Oct. 28, 2008) ("Plaintiffs' proposed amendments are not futile. Neither party disputes that Plaintiffs' claims against the Thrifty Defendants are substantively identical to their claims against Defendant Rite Aid.").

Therefore, Plaintiffs' proposed amendments would not be futile.

### 3. Amendment Would Not Create Undue Delay

Plaintiffs anticipate that Defendant will argue that amendment would unduly delay this litigation, but this is not so, especially when considering the Court only recently certified a national class actions against GE, and the party sought to be added allegedly acted as the agent of GE and placing the calls at issue.

Additionally, "[m]ere delay in seeking leave to amend is generally insufficient to deny a motion to amend." *Chase*, 2008 U.S. Dist. LEXIS 91658 at *7. Plaintiffs did not unreasonably delay in seeking to amend the Third Amended Complaint to add ▬ as a named defendant. ▬ was not identified in Defendant's initial disclosures served on Plaintiffs on or about November 8, 2013. However, the Defendant's response to Interrogatory No. 6 indicated that Defendant used "▬▬▬▬▬." to place calls to Richard Springer, which discovery response was served on Plaintiffs on or about January 21, 2014. Declaration of Abbas Kazerounian, ¶ 4, filed herewith. Plaintiffs sought to amend the complaint to add ▬ on March 27, 2014 (Dkt. No. 62), and then again on March 31, 2014 after the March 27, 2014 ex parte application was stricken (Dkt. No. 65).

A delay of approximately 3 months was not unreasonable here, especially where Defendant should have identified its agents by name in its initial disclosures, and prior to the deadline to amend the pleadings. Also, delays of a much longer period of time have found to be insufficient to warrant denial of leave to amend. *See e.g., DCD Programs, Ltd.*, 833 F.2d at 187 (14-month delay was insufficient to warrant denial of motion to amend); *SAES Getters S.P.A.*, 219 F. Supp. 2d at 1096 ("The Court is aware of no case that has held the passing of five months,

particularly where no other proceedings have taken place in the interim, to constitute undue delay."); *but see Hayes v. New England Millwork Distrib., Inc.*, 602 F.2d 15, 20 (1st Cir. 1979) (finding "undue delay" where movant failed to move to amend for 2 years, after parties had engaged in and completed discovery, and gave no valid excuse).

Once ▮ is added to the action, the parties can begin promptly conducting discovery as it concerns ▮'s involvement and business records, and Mr. Springer can then bring a motion for class certification against ▮ acting as the alleged agent of GE. Mr. Springer does not believe that much discovery would be needed in order to move for class certification against ▮, considering that the Court has already granted class certification against GE.

Therefore, it is unlikely that Defendant can show amendment would unduly delay the proceedings, especially since no trial date has been set and Defendant has not filed any motion for summary judgment. *See* Dkt. No. 103.

### 4. No Undue Prejudice To Defendant From Amendment To Add Defendant's Agent As A Named Party Defendant

"'Undue prejudice' means substantial prejudice or substantial negative effect." *SAES Getters S.P.A*, 219 F. Supp. 2d at 1086 (quoting *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir.1990)). "Prejudice typically arises where the opposing party is surprised with new allegations which require more discovery or will otherwise delay resolution of the case." *Wehlage v. EmpRes Healthcare Inc.,* No. C 10-5839 CW, 2012 U.S. Dist. LEXIS 14157, 2012 WL 380364, at *2 (N.D. Cal. Feb. 6, 2012) (citing *Acri v. International Asso. of Machinists & Aerospace Workers*, 781 F.2d 1393,1398-99 (9th Cir. Cal. 1986)). The burden of showing prejudice is on the party opposing an amendment to the complaint. *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987); *Beeck v. Aquaslide 'N' Dive Corp.*, 562 F.2d 537, 540 (9th Cir.1977).

It is still relatively early on in the proceedings because no trial date has been

1  set and the case was only recently certified as a class action against Defendant. Further, Defendant should not be surprised that Plaintiffs would seeks leave to add ▮ as a named defendant, as Plaintiffs have expressed an intention to do so many times previously.  Had ▮ been identified in Defendant's initial disclosures on November 8, 2013, Plaintiffs would have been able to seek leave to amend as early as November of 2013, and prior to the December 23, 2013 deadline to amend the pleadings (*see* Dkt. No 50).

Amendment would not adversely affect Defendant's defense against Mr. Springer, since Mr. Springer is not adding any new claims or causes of action in the proposed Fourth Amended Complaint against Defendant.  Defendant may prefer not to have its alleged agent brought into this lawsuit for business reasons, but that does not, and should not, prevent a necessary party from being added to this action under the circumstances of this case.

Thus, there is clear justification and good cause for the Court to grant Plaintiffs leave to amend the TAC at this time to add ▮ has a named defendant.

### B. The Third Amended Complaint Should Be Amended To Dismiss Mr. Abdeljalil's Claims Without Prejudice, Which Request Is Not Opposed By Defendant

Mr. Abdeljalil has decided to dismiss his individual and putative class claims against Defendant without prejudice pursuant to Fed. R. Civ. P. 41(a)(2). On April 3, 2015, counsel for Defendant informed Plaintiffs' counsel that Defendant does not oppose Plaintiffs' request to dismiss Mr. Abdeljalil's individual and putative class claims without prejudice, with the parties to bear their own fees and costs with respect to such dismissal.  Therefore, Plaintiffs respectfully request that the TAC be amended to dismiss Mr. Abdeljali's claims without prejudice.

### V. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully requests the Court grant the Motion For Leave To File Fourth Amended Complaint, thereby adding ▮ as a named defendant and also dismissing Mr. Abdeljalil's individual and putative class

claims without prejudice.  Defendant does not oppose Plaintiffs' request to dismiss Mr. Abdeljalil's claims without prejudice.

                                                Respectfully submitted,

                                                **KAZEROUNI LAW GROUP, APC**

Date: April 3, 2015                   By:/s/ Abbas Kazerounian
                                                      Abbas Kazerounian
                                                        *Attorneys for Plaintiffs*

**HYDE & SWIGART**
Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108
Telephone: (619) 233-7770
Facsimile: (619) 297-1022
*Attorneys for Plaintiffs*

**LAW OFFICES OF TODD M. FRIEDMAN, P.C.**
Todd M. Friedman (SBN: 216752)
Nicholas J. Bontrager (SBN: 252114)
324 S. Beverly Dr., #725
Beverly Hills, CA 90212
Telephone: 877-206-4741
Facsimile: 866-633-0228
*Attorneys for Plaintiffs*