# EXHIBIT A

Abbas Kazerounian, Esq. (SBN: 249203)
Ak@kazlg.com
**KAZEROUNI LAW GROUP, APC**
245 Fischer Avenue, Suite D1
Costa Mesa, California 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
**HYDE & SWIGART**
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108
Telephone: (619) 233-7770
Facsimile: (619) 297-1022

Attorneys for the Plaintiff

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **RICHARD SPRINGER,** Individually And On Behalf Of All Others Similarly Situated, <br><br> Plaintiff, <br> v. <br><br> **FAIR ISAAC CORPORATION,** <br><br> Defendant. | Case No.: <br><br> **<u>CLASS ACTION</u>** <br><br> **CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF PURSUANT TO THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C § 227 ET SEQ.** <br><br> **Jury Trial Demanded** |

**Class Action Complaint for Damages**

**INTRODUCTION**

1. RICHARD SPRINGER (referred to individually as "Mr. Springer" or "Plaintiff"), brings this class action for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of FAIR ISAAC CORPORATION ("FICO" or "Defendant"), who acquired Adeptra ("Adeptra") its related entities, subsidiaries and agents, in negligently, knowingly, and/or willfully contacting Plaintiff on Plaintiff's cellular telephones, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq., ("TCPA"), thereby invading Plaintiff's privacy. Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

2. The TCPA was designed to prevent calls like the ones described within this complaint, and to protect the privacy of citizens like Plaintiffs. "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs.*, LLC, 132 S. Ct. 740, 744 (2012).

3. In enacting the TCPA, Congress intended to give consumers a choice as to how creditors and telemarketers may call them, and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer. TCPA, Pub.L. No. 102–243, § 11. Toward this end, Congress found that:

> [b]anning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

KAZEROUNI LAW GROUP
Costa Mesa, California

*Id.* at § 12; *see also*, *Martin v. Leading Edge Recovery Solutions, LLC*, 2012 WL 3292838, at *4 (N.D. Ill. Aug. 10, 2012) (citing Congressional findings on TCPA's purpose).

4. Congress also specifically found that "the evidence presented to the Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call..." *Id.* at §§ 12-13. *See also*, *Mims*, 132 S. Ct. at 744.

5. As Judge Easterbrook of the Seventh Circuit recently explained in a TCPA case regarding calls to a non-debtor similar to this one:

> The Telephone Consumer Protection Act … is well known for its provisions limiting junk-fax transmissions. A less-litigated part of the Act curtails the use of automated dialers and prerecorded messages to cell phones, whose subscribers often are billed by the minute as soon as the call is answered—and routing a call to voicemail counts as answering the call. An automated call to a landline phone can be an annoyance; an automated call to a cell phone adds expense to annoyance.

*Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 638 (7th Cir. 2012).

### JURISDICTION AND VENUE

6. This Court has federal question jurisdiction because this case arises out of violations of federal law. 47 U.S.C. §227(b); *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012).

7. Venue is proper in the United States District Court for the Eastern District of California pursuant to 18 U.S.C. § 1391(b) because the events giving rise to Plaintiff's causes of action against Defendant occurred within the State of California and within this judicial district, and Defendant conducts business in the area of Sacramento, California.

///

## PARTIES

8. Plaintiff is, and at all times mentioned herein were, an individual citizen and resident of the State of California.

9. Plaintiff is informed and believes, and thereon alleges, that FICO is, and at all times mentioned herein was, a company licensed in the state of Delaware and headquartered in San Rafael, California, and at all times mentioned herein was, a corporation and a "person," as defined by 47 U.S.C. § 153 (39).

10. Plaintiff is informed and believes, and thereon alleges, that Adeptra is, and at all times mentioned herein was, a corporation whose primary corporate address is 200 Brook Drive, Green Park Reading, RG2 6U, United Kingdom Adeptra is, and at all times mentioned herein was, a corporation and a "person," as defined by 47 U.S.C. § 153 (39), and was later acquired by Defendant FICO towards the end of the year 2012.

11. Plaintiff is informed and believes, and thereon allege, that at all times relevant that FICO conducted business in the State of California and in the area of Sacramento, California.

12. Adeptra is a company headquartered in United Kingdom. It provides automated contact services to several companies throughout the United States including auto-resolution services such as two-way voice and alerting solutions. Adeptra also provides IVR call services for collection purposes.

## FACTUAL ALLEGATIONS

13. Sometime prior to October 1, 2012, Mr. Springer was assigned, and became the owner of, a cellular telephone number from his wireless provider.

14. Beginning on or about October 2, 2012, Mr. Springer received numerous telephone call/s on his cellular telephone from FICO (and/or its subsidiary Adeptra), where FICO utilized an automatic telephone dialing system ("ATDS") as defined by 47 U.S.C. § 227(a)(1), using an "artificial or

prerecorded voice" as prohibited by 47 U.S.C. § 227(b)(1)(A). This conduct continued on a daily basis for several days.

15. The calls to Mr. Springer's cellular telephone number ending 9149 from FICO came from phone numbers including but not limited to 937-534-2092, 800-292-7508 and 480-707-4006.

16. During these calls from FICO to Mr. Springer's cellular telephone, FICO, by artificial or prerecorded voice, attempted to contact a person other than Mr. Springer. During at least one of these calls, an artificial or prerecorded voice informed that the person sought by Defendant (someone other than Mr. Springer) should call GE Capital Retail Bank at 877-379-4933 to prevent further calls.

17. On or about October 2, 2012, Mr. Springer received a call from FICO, and was then transferred to a live representative of GE Capital Retail Bank, as a result of Plaintiff pressing several buttons. Mr. Springer told the representative that he did not know the person that FICO and/or GE Capital Retail Bank was trying to reach and requested that GE Capital Retail Bank and/or FICO immediately stop calling Mr. Springer, thereby revoking any consent, should it have ever existed in the very first place to call Mr. Springer on his cellular telephone.

18. Mr. Springer informed FICO and/or GE Capital Retail Bank on other occasions, since October 2, 2012, that the person who had previously owned the cellular telephone number now owned by Mr. Springer was no longer the owner of the telephone number and that FICO and/or GE Capital Retail Bank were to stop calling Mr. Springer.

19. Despite Mr. Springer telling FICO and/or GE Capital Retail Bank to stop contacting him (including contacting him on his cellular telephone), Defendant, FICO, continued to contact Mr. Springer, including but not limited to auto-dialing Mr. Springer up to and including October 10, 2012.

20. This ATDS used by FICO has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

21. This ATDS used by FICO also has the capacity to, and does, call telephone numbers from a list of database of telephone numbers automatically and without human intervention.

22. The telephone number FICO called was assigned to a cellular telephone service for which Plaintiff incurred a charge for incoming calls pursuant to 47 U.S.C. § 227 (b)(1).

23. Plaintiff did not provide "prior express consent" to FICO and/or GE Capital Retail Bank to place telephone calls to Plaintiff's cellular telephones with an artificial or prerecorded voice utilizing an ATDS as proscribed under 47 U.S.C. § 227(b)(1)(A).

24. Prior to on or about November 1, 2012, Mr. Springer had not provided his cellular telephone number to FICO or GE Capital Retain Bank. Mr. Springer was not a customer of GE Capital Retain Bank until on or about November 1, 2012.

25. Any prior express consent that FICO may have had to contact Plaintiff on Plaintiff's cellular telephone number was revoked on or about October 2, 2012, when Plaintiff informed GE Capital Retain Bank and/or FICO that Plaintiff was not the person that it appeared to Plaintiff that FICO and/or GE Capital Retail Bank was attempting to contact.

26. These telephone calls by FICO or its agents were in violation of 47 U.S.C. § 227(b)(1).

///
///
///
///
///

**CLASS ACTION ALLEGATIONS**

27. Plaintiff brings this action on behalf of himself and on behalf of all others similarly situated ("the Class").

28. Plaintiff represents, and is a member of, the Class, consisting of:

> All persons within the United States who had or have a number assigned to a cellular telephone service, who received at least two calls using an automatic telephone dialing system and/or an artificial prerecorded voice from Fair Isaac Corporation (and/or its subsidiary Adeptra) or its agent, calling on behalf of GE Capital Retail Bank, between the date of filing this action and the four years preceding, where such calls were placed for debt collection purposes, to non-customers of GE Capital Retail Bank at the time of the calls, where GE Capital Retail Bank's customer account records indicate that prior to the second and any subsequent calls, that said person(s) were non-account holders as identified by one or more of the following terms in the records of GE Capital Retail Bank's electronic customer account records: "wrong number," "wrong telephone number," "incorrect number," "incorrect telephone number," "third party," "third party number," "third party telephone number," "third party contact," "wrong party," "wrong party number," or "wrong party telephone number."

29. FICO and its employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class, but believes the Class members number in the tens of thousands, if not more. Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

30. Plaintiff and members of the Class were harmed by the acts of Defendant, FICO, in at least the following ways: Defendant, FICO, illegally contacted Plaintiff and the Class members via their cellular telephones thereby causing Plaintiff and the Class members to incur certain cellular telephone charges or reduce cellular telephone time for which Plaintiff and the Class members

KAZEROUNI LAW GROUP
Costa Mesa, California

previously paid, by having to retrieve or administer messages left by Defendant, FICO, during those illegal calls, and invading the privacy of said Plaintiff and the Class members. Plaintiff and the Class members were damaged thereby.

31. This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of the Class and it expressly is not intended to request any recovery for personal injury and claims related thereto. Plaintiff reserves the right to expand the Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

32. The joinder of the Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the court. The Class can be identified through Defendant's records and/or Defendant's agent's records.

33. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact to the Class predominate over questions which may affect individual Class members, including the following:

   a. Whether, within the four years prior to the filing of the Complaint, FICO made any call/s (other than a call made for emergency purposes or made with the prior express consent of the called party) to the Class members using any automatic telephone dialing system or an artificial or prerecorded voice to any telephone number assigned to a cellular telephone service;

   b. Whether FICO called non-customers of GE Capital Retail Bank for debt collection purposes on behalf of GE Capital Retail Bank;

   c. Whether Plaintiff and the Class members were damaged thereby, and the extent of damages for such violation; and

      d. Whether FICO should be enjoined from engaging in such conduct in the future.

34. As a person that received numerous calls using an automatic telephone dialing system or an artificial or prerecorded voice, without Plaintiff's prior express consent, Plaintiff is asserting claims that are typical of the Class.  Plaintiff will fairly and adequately represent and protect the interests of the Class in that Plaintiff has no interests antagonistic to any member of the Class.

35. Plaintiff and the members of the Class have all suffered irreparable harm as a result of the Defendant's unlawful and wrongful conduct.  Absent a class action, the Class will continue to face the potential for irreparable harm.  In addition, these violations of law will be allowed to proceed without remedy and Defendant will likely continue such illegal conduct.  Because of the size of the individual Class member's claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein.

36. Plaintiff has retained counsel experienced in handling class action claims and claims involving violations of the Telephone Consumer Protection Act.

37. A class action is a superior method for the fair and efficient adjudication of this controversy.  Class-wide damages are essential to induce Defendant to comply with federal and California law.  The interest of Class members in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual action for violation of privacy are minimal.  Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

38. Defendant has acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Class as a whole.

///

**FIRST CAUSE OF ACTION**

**NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT**

**47 U.S.C. § 227 ET SEQ.**

39. Defendant has acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Class as a whole.

40. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

41. The foregoing acts and omissions of Defendant constitutes numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

42. As a result of Defendant's negligent violations of 47 U.S.C. § 227 et seq., Plaintiff and the Class are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

43. Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

**SECOND CAUSE OF ACTION**

**KNOWING AND/OR WILLFUL VIOLATIONS OF THE**

**TELEPHONE CONSUMER PROTECTION ACT**

**47 U.S.C. § 227 ET SEQ.**

44. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

45. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

46. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 et seq., Plaintiff and each of the Class are entitled to treble damages, as

provided by statute, up to $1,500.00, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

47. Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

### PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully requests the Court grant Plaintiff and the Class members the following relief against FICO:

### FIRST CAUSE OF ACTION FOR NEGLIGENT VIOLATION OF THE TCPA, 47 U.S.C. § 227 ET SEQ.

48. As a result of Defendant's negligent violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for himself and each Class member $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

49. Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.

50. Any other relief the Court may deem just and proper.

### SECOND CAUSE OF ACTION FOR KNOWING AND/OR WILLFUL VIOLATION OF THE TCPA, 47 U.S.C. § 227 ET SEQ.

51. As a result of Defendant's willful and/or knowing violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for himself and each Class member treble damages, as provided by statute, up to $1,500.00 for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

52. Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.

53. Any other relief the Court may deem just and proper.

///
///
///

**TRIAL BY JURY**

54. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Respectfully submitted,

Date: September 22, 2014  **KAZEROUNI LAW GROUP, APC**

By:  /s Abbas Kazerounian
     Abbas Kazerounian
     *Attorneys for Plaintiff*

**Law Offices of Todd M. Friedman, P.C.**
Todd M. Friedman (SBN 216752)
tfriedman@attorneysforconsumers.com
324 S. Beverly Dr., #725
Beverly Hills, CA 90212
Telephone: (877) 206-4741
Facsimile: (866) 633-0228
*Attorneys for Plaintiff*