**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (SBN: 249203)
ak@kazlg.com
Jason A. Ibey, Esq. (SBN: 284607)
jason@kazlg.com
245 Fischer Avenue, Suite D1
Costa Mesa, California 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

**HYDE & SWIGART**
Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108
Telephone: (619) 233-7770
Facsimile: (619) 297-1022

[Additional Attorney On Signature Page]

*Attorneys for Plaintiffs,*

*Kazerouni Law Group, APC*
*Costa Mesa, California*

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **MUHAMMED ABDELJALIL; RICHARD SPRINGER; JOSEPH HOFER; BRADLEY MOORE; INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,** | **Case No.: 3:12-CV-02078-JAH-MDD** <br><br> **CLASS ACTION** <br><br> **FOURTH AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF PURSUANT TO THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C § 227 ET SEQ.** |
| **PLAINTIFFS,** <br> **V.** | |
| **GE CAPITAL RETAIL BANK,** | |
| **DEFENDANT.** | **JURY TRIAL DEMANDED** |

**INTRODUCTION**

1.  MUHAMMED ABDELJALIL (referred to individually as "Mr. Abdeljalil" or collectively as "Plaintiffs"); RICHARD SPRINGER (referred to individually as "Mr. Springer" or collectively as "Plaintiffs"); JOSEPH HOFER (referred to individually as "Mr. Hofer" or collectively as "Plaintiffs"); and BRADLEY MOORE (referred to individually as "Mr. Moore" or collectively as "Plaintiffs"), bring this class action for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of GE CAPITAL RETAIL BANK[1] ("GECRB" or "Defendant") and its related entities, subsidiaries and agents in negligently, knowingly, and/or willfully contacting Plaintiffs on Plaintiffs' cellular telephones, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq., ("TCPA"), thereby invading Plaintiffs' privacy. Plaintiffs allege as follows upon personal knowledge as to themselves and their own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by their attorneys.

2.  The TCPA was designed to prevent calls like the ones described within this complaint, and to protect the privacy of citizens like Plaintiffs. "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

3.  In enacting the TCPA, Congress intended to give consumers a choice as to how creditors and telemarketers may call them, and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place

---

[1] GECRB is now known as "Synchrony Bank".

Kazerouni Law Group, APC
Costa Mesa, California

an inordinate burden on the consumer. TCPA, Pub.L. No. 102–243, § 11. Toward this end, Congress found that:

> [b]anning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

*Id.* at § 12; *see also, Martin v. Leading Edge Recovery Solutions, LLC*, 2012 WL 3292838, at *4 (N.D. Ill. Aug. 10, 2012) (citing Congressional findings on TCPA's purpose).

4.  Congress also specifically found that "the evidence presented to the Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call..." *Id.* at §§ 12-13. *See also*, *Mims*, 132 S. Ct. at 744.

5.  The Ninth Circuit affirmed certification of a TCPA class action similar to this one in *Meyer v. Portfolio Recovery Associates, LLC*, __ F.3d__, 2012 WL 4840814 (9th Cir. Oct. 12, 2012).

## JURISDICTION AND VENUE

6.  This Court has federal question jurisdiction because this case arises out of violations of federal law. 47 U.S.C. §227(b); *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012).

7.  Venue is proper in the United States District Court for the Southern District of California pursuant to 18 U.S.C. § 1391(b) because the events giving rise to Plaintiffs' causes of action against Defendant occurred within the State of California and Defendant conducts business in the County of San Diego.

*Kazerouni Law Group, APC*
Costa Mesa, California

**PARTIES**

8. Plaintiffs Mr. Abdeljalil, Mr. Springer and Mr. Moore are, and at all times mentioned herein were, individual citizens and residents of the State of California.

9. Plaintiff Mr. Hofer, and at all times mentioned herein, is an individual citizen and resident of the State of Missouri.

10. Plaintiffs are informed and believe, and thereon allege, that GECRB is, and at all times mentioned herein was, a corporation whose primary corporate address is 170 West Election Road, Suite 125, Draper, Utah, 84020. GECRB is, and at all times mentioned herein was, a corporation and a "person," as defined by 47 U.S.C. § 153 (39).

11. Defendant is a federal savings bank headquartered in Draper, Utah and a member of the Federal Deposit Insurance Corporation. It provides customized credit programs to retailers and consumers in the United States, including private label and bankcard credit programs to major national, regional and independent retailers, as well as private label credit programs, promotional and installment lending, bankcards and financial services for consumers through dealers, contractors, manufacturers, healthcare practices, and service providers across nearly 20 industries.

12. Plaintiffs are informed and believe, and thereon allege, that at all times relevant Defendant conducted business in the State of California and in the County of San Diego.

**FACTUAL ALLEGATIONS BY MR. ABDELJALIL**

13. On or about November of 2011, Mr. Abdeljalil's wife was offered a line of credit by Defendant.

14. Sometime thereafter, Mr. Abdeljalil's wife allegedly fell behind on her line of credit with Defendant.

Kazerouni Law Group, APC
Costa Mesa, California

Kazerouni Law Group, APC
Costa Mesa, California

15. On or about February of 2012, Mr. Abdeljalil received numerous telephone calls on his cellular telephone from Defendant where Defendant used an automatic telephone dialing system ("ATDS") as defined by 47 U.S.C. § 227(a)(1), using an "artificial or prerecorded voice" as prohibited by 47 U.S.C. § 227(b)(1)(A). This conduct continued on almost a daily basis for approximately three months.

16. The calls from Defendant came from phone numbers including but not limited to 800-945-6596, 866-437-2914 and 866-419-2780, as well as numbers that showed up on Mr. Abdeljalil's caller ID as "unknown".

17. On the very first call to Mr. Abdeljalil's cellular telephone, Mr. Abdeljalil immediately revoked any consent, should it have ever existed in the very first place. Mr. Abdeljalil specifically stated to Defendant that he had never given out his cellular telephone number to Defendant and that the account that Defendant was calling about was not his. Despite Mr. Abdeljalil telling Defendant to stop contacting him (including contacting him on his cellular telephone), Defendant continued to contact Mr. Abdeljalil, including but not limited to auto-dialing Mr. Abdeljalil up to and including May 23, 2012.

### FACTUAL ALLEGATIONS BY MR. SPRINGER

18. Sometime prior to October 1, 2012, Mr. Springer was assigned, and became the owner of, a cellular telephone number from his wireless provider.

19. Beginning on or about October 1, 2012, Mr. Springer received numerous telephone call/s on his cellular telephone from Defendant where Defendant used an automatic telephone dialing system ("ATDS") as defined by 47 U.S.C. § 227(a)(1), using an "artificial or prerecorded voice" as prohibited by 47 U.S.C. § 227(b)(1)(A). This conduct continued on a daily basis for several days.

20. Mr. Springer did not provide his cellular telephone number to Synchrony and did not consent to receiving calls from Synchrony at that cellular telephone

number. The calls to Mr. Springer from Defendant came from phone numbers including but not limited to 937-534-2092, 800-292-7508 and 480-707-4006.

21.    During these calls from Defendant to Mr. Springer's cellular telephone, Defendant, by artificial or prerecorded voice, attempted to contact a person other than Mr. Springer. During at least one of these calls, an artificial or prerecorded voice informed that the person sought by Defendant (someone other than Mr. Springer) should call Defendant at 877-379-4933 to prevent further calls.

22.    On or about October 2, 2012, Mr. Springer received a call from Defendant and was able to speak with a live representative of Defendant during the same call after pressing several buttons. Mr. Springer told the representative that he did not know the person that Defendant was trying to reach and requested that Defendant immediately stop calling Mr. Springer, thereby revoking any consent, should it have ever existed in the very first place.

23.    Mr. Springer informed Defendant on other occasions, since October 2, 2012, that the person who had previously owned the cellular telephone number now owned by Mr. Springer was no longer the owner of the telephone number and that Defendant was to stop calling Mr. Springer.

24.    Despite Mr. Springer telling Defendant to stop contacting him (including contacting him on his cellular telephone), Defendant continued to contact Mr. Springer, including but not limited to auto-dialing Mr. Springer up to and including October 7, 2012.

### FACTUAL ALLEGATIONS BY MR. HOFER

25.    Defendant, or some party acting on its behalf called, Mr. Hofer's cellular telephone number from caller ID number (330) 433-5039 on October 12, 2014, at approximately 10:20 a.m., 12:34 p.m. and 1:58 p.m., and on October 24, 2014, at approximately 4:41 p.m. and 10:35 a.m., among other instances. Mr. Hofer did not provide his cellular telephone number to Synchrony and did

Kazerouni Law Group, APC
Costa Mesa, California

*Kazerouni Law Group, APC*
*Costa Mesa, California*

1   not consent to receiving calls from Synchrony at that cellular telephone
2   number.

3   26.   Upon information and belief, the calls were made in attempts to collect an
4   alleged credit card debt owed by Mr. Hofer's deceased father, a Synchrony
5   accountholder.

6   27.   Mr. Hofer answered some of defendant's calls, such as Defendant's fourth
7   call on October 12, 2014, and its second call on October 24, 2014.

8   28.   When Mr. Hofer answered these calls, he heard a distinctive pause on the
9   other end of the line, which indicated to Mr. Hofer that Defendant, or some
10   party on its behalf, used a predictive dialer to make such calls.

11   29.   When Mr. Hofer answered these calls, Mr. Hofer told Defendant that he had
12   nothing to do with the debt, and asked that the calls stop.

13   30.   Upon information and belief, on October 12, 2014, the Defendant's
14   representative with whom Mr. Hofer spoke made notations in Defendant's
15   computer system regarding the conversation with Mr. Hofer, including that
16   the phone number was not that of Mr. Hofer's father. Despite this, however,
17   the calls from Defendant continued.

18   **FACTUAL ALLEGATIONS BY MR. MOORE**

19   31.   Sometime prior to September 2, 2015, Mr. Moore was assigned, and became
20   the owner of, cellular telephone number ending 2357 from his wireless
21   provider.

22   32.   Beginning on or about September 2, 2015, Mr. Moore received numerous
23   telephone calls on his cellular telephone from Defendant where Defendant
24   used an automatic telephone dialing system ("ATDS") defined by 47 U.S.C. §
25   227(a)(1), using an "artificial or prerecorded voice" as prohibited by 47 U.S.C.
26   § 227(b)(1)(A). This conduct continued on a daily basis for several days.

27   33.   The calls to Mr. Moore from Defendant came from, including but not limited
28   to, telephone number 937-534-2092.

34.   During these calls from Defendant to Mr. Moore's cellular telephone, Defendant, by artificial or prerecorded voice, attempted to contact a person other than Mr. Moore. During at least one of these calls, an artificial or prerecorded voice informed that the person sought by Defendant (someone other than Mr. Moore) should call Defendant at to prevent further calls.

35.   On or about September 2, 2015, Mr. Moore received a call from Defendant and was able to speak with a live representative of Defendant during the same call after pressing several buttons. The representative asked to speak to Zaida J. Moore, Mr. Moore's wife.  Mr. Moore told the representative that she was not available. The representative of Defendant then asked for Brad Moore. Mr. Moore requested that Defendant immediately stop calling Mr. Moore.

36.   Mr. Moore did not provide his cellular telephone number to Synchrony and did not consent to receiving calls from Synchrony at that cellular telephone number.

37.   Mr. Moore did not apply for a line of credit with Defendant.

38.   The ATDS used by Defendant, as mentioned above, has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

39.   The telephone numbers Defendant called were assigned to a cellular telephone service for which Plaintiffs incur a charge for incoming calls pursuant to 47 U.S.C. § 227 (b)(1).

40.   Plaintiffs did not provide express consent to Defendant to receive calls on Plaintiffs' cellular telephones, pursuant to 47 U.S.C. § 227(b)(1)(A).

41.   Plaintiffs did not provide "prior express consent" to Defendant to place telephone calls to Plaintiffs' cellular telephones with an artificial or prerecorded voice utilizing an ATDS as proscribed under 47 U.S.C. § 227(b)(1)(A).

Kazerouni Law Group, APC
Costa Mesa, California

42.  These telephone calls by Defendant or its agents were in violation of 47 U.S.C. § 227(b)(1).

## CLASS ACTION ALLEGATIONS

43.  Plaintiffs bring this action on behalf of themselves and on behalf of all others similarly situated ("the Class").

44.  Plaintiffs represent, and are members of, the Class, consisting of:

> All persons nationwide whose cellular telephone number, at any time on or after August 22, 2008 through the filing of this Fourth Amended Complaint, Synchrony (or any of its agents or entities) called using an artificial or prerecorded voice and/or using any automatic telephone dialing system and where the person called was called regarding an account that did not belong to him or her and did not provide the number to Synchrony or is not a person who had consented to receiving calls at that cellular telephone number.

45.  Defendant and its employees or agents are excluded from the Class. Plaintiffs do not know the number of members in the Class, but believe the Class members number in the hundreds of thousands, if not more. Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

46.  Plaintiffs and members of the Class were harmed by the acts of Defendant in at least the following ways: Defendant illegally contacted Plaintiffs and the Class members via their cellular telephones thereby causing Plaintiffs and the Class members to incur certain cellular telephone charges or reduce cellular telephone time for which Plaintiffs and the Class members previously paid, by having to retrieve or administer messages left by Defendant during those illegal calls, and invading the privacy of said Plaintiffs and the Class members. Plaintiffs and the Class members were damaged thereby.

47. This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of the Class and it expressly is not intended to request any recovery for personal injury and claims related thereto. Plaintiffs reserve the right to expand the Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

48. The joinder of the Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the Court. The Class can be identified through Defendant's records or Defendant's agent's records.

49. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact to the Class predominate over questions which may affect individual Class members, including the following:

   1. Whether, within the four years prior to the filing of the Complaint, Defendant made any call/s (other than a call made for emergency purposes or made with the prior express consent of the called party) to Class members using any automatic telephone dialing system or an artificial or prerecorded voice to any telephone number assigned to a cellular telephone service;

   2. Whether Plaintiffs and the Class members were damaged thereby, and the extent of damages for such violation; and

   3. Whether Defendant should be enjoined from engaging in such conduct in the future.

50. As a person that received numerous calls using an automatic telephone dialing system or an artificial or prerecorded voice, without Plaintiffs' prior express consent, Plaintiffs are asserting claims that are typical of the Class. Plaintiffs

Kazerouni Law Group, APC
Costa Mesa, California

Kazerouni Law Group, APC
Costa Mesa, California

will fairly and adequately represent and protect the interests of the Class in that Plaintiffs have no interests antagonistic to any member of the Class.

51.  Plaintiffs and the members of the Class have all suffered irreparable harm as a result of the Defendant's unlawful and wrongful conduct.  Absent a class action, the Class will continue to face the potential for irreparable harm.  In addition, these violations of law will be allowed to proceed without remedy and Defendant will likely continue such illegal conduct.  Because of the size of the individual Class member's claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein.

52.  Plaintiffs have retained counsel experienced in handling class action claims and claims involving violations of the Telephone Consumer Protection Act.

53.  A class action is a superior method for the fair and efficient adjudication of this controversy.  Class-wide damages are essential to induce Defendant to comply with federal and California law.  The interest of Class members in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual action for violation of privacy are minimal.  Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

54.  Defendant has acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Class as a whole.

### FIRST CAUSE OF ACTION

### NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

### 47 U.S.C. § 227 ET SEQ.

55.  Plaintiffs incorporate by reference all of the above paragraphs of this Fourth Amended Complaint as though fully stated herein.

56.   The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 *et seq.*

57.   As a result of Defendant's negligent violations of 47 U.S.C. § 227 *et seq.*, Plaintiffs and the Class are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

58.   Plaintiffs and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

**Second Cause Of Action**

**Knowing and/or Willful Violations Of The**

**Telephone Consumer Protection Act**

**47 U.S.C. § 227 Et Seq.**

59.   Plaintiffs incorporate by reference all of the above paragraphs of this Fourth Amended Complaint as though fully stated herein.

60.   The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 *et seq.*

61.   As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 *et seq.*, Plaintiffs and each of the Class are entitled to treble damages, as provided by statute, up to $1,500.00, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

62.   Plaintiffs and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

**PRAYER FOR RELIEF**

Wherefore, Plaintiffs respectfully request the Court grant Plaintiffs and The Class members the following relief against GECRB:

///

**Kazerouni Law Group, APC**
Costa Mesa, California

**FIRST CAUSE OF ACTION FOR NEGLIGENT VIOLATION OF**

**THE TCPA, 47 U.S.C. § 227 ET SEQ.**

- As a result of Defendant's negligent violations of 47 U.S.C. § 227(b)(1), Plaintiffs seeks for themselves and each Class member $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

- Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.

- Any other relief the Court may deem just and proper.

**Second Cause of Action for Knowing and/or Willful Violation**

**of the TCPA, 47 U.S.C. § 227 Et Seq.**

- As a result of Defendant's willful and/or knowing violations of 47 U.S.C. § 227(b)(1), Plaintiffs seek for themselves and each Class member treble damages, as provided by statute, up to $1,500.00 for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

- Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.

- Any other relief the Court may deem just and proper.

///
///
///
///
///
///
///
///
///

Kazerouni Law Group, APC
Costa Mesa, California

TRIAL BY JURY

63.   Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiffs are entitled to, and demand, a trial by jury.


Respectfully submitted,

Date: February 19, 2016          **The Law Offices of Todd M. Friedman, PC**

By:  _/s Todd M. Friedman___
Todd M. Friedman
*Attorneys for Plaintiffs*


**LAW OFFICES OF TODD M. FRIEDMAN, P.C.**
Todd M. Friedman (SBN 216752)
tfriedman@attorneysforconsumers.com
324 S. Beverly Dr., #725
Beverly Hills, CA 90212
Telephone: (877) 206-4741
Facsimile: (866) 633-0228
*Attorneys for Plaintiffs*

Proof of Service

I, the undersigned, certify and declare that I am over the age of 18 years, employed in the County of Los Angeles, State of California, and not a party to the above-entitled cause. On February 19, 2016, I served a true copy of the **FOURTH AMENDED CLASS ACTION COMPLAINT** on the ECF Filing System:

| | |
|---|---|
| Julieta Stepanyan<br>jstepanyan@stroock.com | Marcos D. Sasso<br>msasso@stroock.com |
| Julia Beatrice Strickland<br>jstrickland@stroock.com | Craig Allen Taggart<br>ctaggart@sycr.com |
| Karla J. Kraft<br>kkraft@sycr.com | Arjun P. Rao<br>arao@stroock.com |

Executed on February 19, 2016, at Beverly Hills, CA

[X ] I hereby certify that I am a member of the Bar of the United States District Court, Central District of California.

**PROOF OF SERVICE**

[X] I hereby certify that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.

[x] I hereby certify under the penalty of perjury that the foregoing is true and

correct.

By: s/ Todd M. Friedman

      Todd M. Friedman

**Kazerouni Law Group, APC**
Costa Mesa, California

**PROOF OF SERVICE**