**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (SBN: 249203)
ak@kazlg.com
Jason A. Ibey Esq. (SBN: 284607)
jason@kazlg.com
245 Fischer Avenue, Suite D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

[Additional Counsel On Signature Page]

*Attorneys for Plaintiffs*

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **MUHAMMED ABDELJALIL; RICHARD SPRINGER; JOSEPH A. HOFER; BRADLEY MOORE; Individually and on Behalf of All Others Similarly Situated,**<br><br>**PLAINTIFFS,**<br><br>**V.**<br><br>**GE CAPITAL RETAIL BANK,**<br><br>**DEFENDANT.** | **Case No.:** 12-CV-02078-JAH-MDD<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND CERTIFICATION OF SETTLEMENT CLASS**<br><br>**DATE**:    April 25, 2016<br>**TIME**:    2:30 p.m.<br>**CRTRM**: 13B<br>**JUDGE**:   Hon. John A. Houston<br><br>[Declaration of Abbas Kazerounian; Declaration of Joshua B. Swigart; Declaration of Todd M. Friedman; Declaration of Muhammed Abdeljalil; Declaration of Richard Springer; Declaration of Joseph A. Hofer; Declaration of Bradley Moore.] |

Kazerouni Law Group, APC
Costa Mesa, California

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ............................................................................... iii

I.    INTRODUCTION ..................................................................................... 1

II.    FACTUAL BACKGROUND AND PROCEDURAL HISTORY ................... 2

III.   THE SETTLEMENT ................................................................................. 3

    A.   The Settlement Class ..................................................................... 3

    B.   Settlement Payment ....................................................................... 4

        1.   Monetary Award to Class Members ....................................... 4

        2.   Non-Monetary Award ............................................................. 4

    C.   Class Notice .................................................................................. 5

        1.   Email Notice/Mail Notice ...................................................... 5

        2.   Publication/Media Notice ...................................................... 6

        3.   Settlement Website and Internet-Based Notice ....................... 7

        4.   Toll-Free Number ................................................................... 7

    D.   Claim Process ............................................................................... 8

    E.   Opportunity to Opt Out and Object ............................................... 8

    F.   Scope of Release ........................................................................... 9

    G.   Termination of Settlement ............................................................ 9

    H.   Payment of Notice and Administrative Costs ............................. 10

    I.    Class Representative's Application for Service Award ............... 10

    J.    Class Counsel's Application for Attorneys' Fees and Costs....... 10

    K.   Remaining Funds and Redistribution .......................................... 11

    L.   *Cy Pres* Distribution ................................................................. 11

IV.   LEGAL STANDARDS FOR PRELIMINARY APPROVAL OF A CLASS ACTION SETTLEMENT .......................................................... 12

    A.   Public Policy Favors Settlement.................................................. 12

    B.   Conclusions of Fact And Law Are Not Necessary At This Stage............. 13

    C.   Counsel's Experienced Judgment Holds Considerable Weight ................. 13

Kazerouni Law Group, APC
Costa Mesa, California

Kazerouni Law Group, APC
Costa Mesa, California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

V.   THE PROPOSED SETTLEMENT IS FAIR, REASONABLE AND ADEQUATE AND SHOULD BE PRELIMINARILY APPROVED ............ 14

A. Liability Is Highly Contested and Both Sides Face Significant Challenges in Litigating This Case ................................................................ 14

B. The Agreement to Create a $7,000,000 Fund Provides a Fair and Substantial Class Benefit ............................................................ 16

C. The Settlement Was Reached as the Result of Arm's Length Negotiation With The Court's Assistance .................................... 17

D. Experienced Counsel Have Determined That the Settlement is Appropriate and Fair to the Class ................................................................ 17

E. The Court Should Preliminarily Certify the Class for Purposes of Settlement ................................................................ 18

1. The Proposed Class is Sufficiently Numerous ....................................... 18

2. The Commonality Requirement is Satisfied ............................. 19

3. The Typicality Requirement is Satisfied ................................. 19

4. The Adequacy Requirement is Satisfied ................................. 20

5. Common Questions Predominate Sufficient to Certify a Class for Settlement Purposes Only ................................................ 21

6. Class Treatment for Settlement Purposes is Superior to Individual Resolutions ................................................................ 22

F. The Proposed Method of Class Notice is Appropriate ............................. 23

G. The Court Should Appoint the Class Representative and Class Counsel ... 24

H. KCC Claims Group as Settlement Administrator ................................. 25

I. A Final Approval Hearing Should Be Scheduled ................................. 25

VI.  CLASS ACTION FAIRNESS ACT NOTICE ............................................ 25

VII. CONCLUSION ................................................................ 25

# TABLE OF AUTHORITIES

## Cases

*Abdeljalil v. GE Capital Corp.,*
    306 F.R.D. 303 (S.D. Cal. 2015) .............................................................. passim

*Adams v. AllianceOne, Inc.,*
    Case No. 08-cv-00248-JAH-WVG (S.D. Cal. Sept. 28, 2012) ........................ 10

*Amchem Prods. Inc. v. Woodward,*
    521 U.S. 591 (1997) ...................................................................................... 22

*Barrett v. Wesley Financial Group, LLC et. al.,*
    13-cv-00554-LAB-KSC (S.D. Cal. Mar. 30, 2015) ......................................... 23

*Boyd v. Bechtel Corp.,*
    485 F. Supp. 610 (N.D. Cal. 1979).................................................................. 14

*Chaikin v. Lululemon USA Inc.,*
    2014 U.S. Dist. LEXIS 35258 (S.D. Cal. Mar. 14, 2014) .................................. 6

*Cohorst v. Bre Props., Inc.,*
    2012 U.S. Dist. LEXIS 5387 (S.D. Cal. Jan. 18, 2012) ..................................... 6

*Connelly v. Hilton Grand Vacations Co., LLC,*
    294 F.R.D. 574 (S.D. Cal. 2013) .................................................................... 14

*Couser v. Comenity Bank,*
    1 2015 U.S. Dist. LEXIS 118061 (S.D. Cal. May 27, 2015) ............................ 16

*Dennis v. Kellogg Co.,*
    2012 WL 2870128 (9th Cir. July 13, 2012) .................................................... 11

*Elkins v. Equitable Life Ins. of Iowa,*
    No. Civ. A96-296-Civ-T-17B, 1998 WL 133741 (M.D. Fla. Jan. 27, 1998).... 22

*Hanlon v. Chrysler Corp.,*
    150 F.3d 1011 (9th Cir. 1998) .................................................................. passim

*Harris v. Palm Springs Alpine Estates, Inc.,*
    329 F.2d 909 (9th Cir. 1964) ......................................................................... 18

**Kazerouni Law Group, APC**
Costa Mesa, California

# TABLE OF AUTHORITIES

## (continued)

### Cases

*Harris v. Palm Springs Alpine Estates, Inc.,*
   329 F.2d 909 (9th Cir. 1964) .................................................................. 18

*Hoffman v. Bank of America, N.A.,*
   12-cv-00539-JAH-DHB (S.D. Cal. Nov. 6, 2014) .......................................... 24

*In re Global Crossing Sec. and ERISA Litig.,*
   225 F.R.D. 436 (E.D. Pa. 2000) ............................................................. 17

*In re Mego Fin'l Corp. Sec. Litig.,*
   213 F. 3d 454 (9th Cir. 2000) ............................................................... 17

*In re Omnivision Tech., Inc.,*
   559 F. Supp. 2d 1036 (N.D. Cal. Jan. 9, 2008) .................................... 17

*In re Prudential Sec. Inc. Ltd. Partnerships Litig.,*
   163 F.R.D. 200 (S.D.N.Y. 1995) ........................................................... 12

*In re Wireless Facilities, Inc. Sec. Litig. II,*
   253 F.R.D. 607 (S.D. Cal. 2008) ..................................................... 17, 20

*Kirkorian v. Borelli,*
   695 F. Supp. 446 (N.D. Cal.1988) .......................................................... 14

*Knutson v. Schwan's Home Serv.,*
   2013 U.S. Dist. LEXIS 127032 (S.D. Cal. Sept. 5, 2013) ................................ 18

*Lemieux v. Schwan's Home Serv.,*
   2013 U.S. Dist. LEXIS 98735 (S.D. Cal. July 15, 2013) ................................. 19

*Linney v. Cellular Alaska P'ship,*
   151 F.3d 1234 (9th Cir. 1998) .............................................................. 13

*Lo v. Oxnard European Motors, LLC,*
   2012 WL 1932283 (S.D. Cal., May 29, 2012) .............................................. 4

Kazerouni Law Group, APC
Costa Mesa, California

**TABLE OF AUTHORITIES**

**(continued)**

**Cases**

*Local Joint Exec. Bd. of Culinary/Bartender Trust Fund v. Las Vegas Sands, Inc.,*

244 F.3d 1152 (9th Cir. 2001) .......................................................................... 21

*Mainstream Mktg. Servs. v. FTC,*

284 F. Supp. 2d 1266 (D. Colo. 2003) ............................................................. 23

*Malta v. Fed. Home Loan Mortg. Corp.,*

2013 U.S. Dist. LEXIS 15731 (S.D. Cal. Feb. 4, 2013) ................. 16, 20, 21, 24

*Morey v. Louis Vuitton N. Am., Inc.,*

2014 U.S. Dist. LEXIS 3331 (S.D. Cal. Jan. 9, 2014) .................................. 6, 10

*Mullane v. Central Hanover Bank & Trust Co.,*

339 U.S. 306 (1950) ......................................................................................... 23

*National Rural Tele. Coop. v. DIRECTV, Inc.,*

221 F.R.D. 523 (C.D. Cal. 2004) ...................................................................... 17

*Officers for Justice v. Civil Service Comm'n,*

688 F.2d 615 (9th Cir. 1982) ............................................................................ 13

*Philadelphia Hous. Auth. v. Am. Radiator & Standard Sanitary Corp.,*

323 F. Supp. 364 (E.D. Pa. 1970) .................................................................... 13

*Shames v. Hertz Corp.,*

2012 U.S. Dist. LEXIS 158577(S.D. Cal. Nov. 5, 2012) ................................... 6

*Silber v. Mabon,*

18 F.3d 1449 (9th Cir. 1994) ............................................................................ 23

*Smith v. Microsoft Corp.,*

2014 U.S. Dist. LEXIS 12799 (S.D. Cal. 2014) ............................................... 14

*Spokeo v Thomas Robbins*,

11-56843 (9th Cir. 2014) .................................................................................. 15

Kazerouni Law Group, APC
Costa Mesa, California

**TABLE OF AUTHORITIES**

**(continued)**

**Cases**

*Staton v. Boeing Co.*,

   327 F.3d 938 (9th Cir. 2003) ................................................................ 20

*Stemple v. QC Holdings, Inc.*,

   2014 U.S. Dist. LEXIS 125313 (S.D. Cal. Sept. 5, 2014)................................ 18

*Strube v. Am. Equity Inv. Life Ins. Co.*,

   226 F.R.D. 688 (M.D. Fla. 2005) ....................................................... 22

*Texas v. American Blast Fax, Inc.*,

   121 F. Supp. 2d 1085 (W.D. Tex. 2000) ............................................. 4

*Torrisi v. Tucson Electric Power Co.*,

   8 F.3d 1370 (9th Cir. 1993) ............................................................... 24

*Utility Reform Project v. Bonneville Power Admin.*,

   869 F.2d 437 (9th Cir. 1989) ............................................................. 12

*Valentino v. Carter-Wallace*,

   97 F.3d 1227 (9th Cir. 1996) ............................................................. 21

*Vandervort v. Balboa Capital Corp.*,

   2014 U.S. Dist. LEXIS 46174 (C.D. Cal. Mar. 27, 2014)................................ 11

*Wehner v. Syntex Corp.*,

   117 F.R.D. 641 (N.D. Cal. 1987) ....................................................... 20

*West Va. v. Chas. Pfizer & Co.*,

   440 F.2d 10796 (2d Cir. 1971) ........................................................... 13

*Williams v. Costco Wholesale Corp.*,

   No. 02-cv-2003-IEG-AJB, 2010 U.S. Dist. LEXIS 67731, 2012 WL 2721452

   (S.D. Cal. Jul. 7, 2010) ................................................................... 10

*Zincser v. Accufix Research Institute, Inc.*,

   253 F.3d 1188 (9th Cir. 2001) ........................................................... 21

**Kazerouni Law Group, APC**
Costa Mesa, California

# TABLE OF AUTHORITIES

## (continued)

### Statutes

28 U.S.C. § 1715 ................................................................. 25

### Rules

47 U.S.C. § 227 *et seq.* ........................................................ 2

Fed. R. Civ. P. 23 ................................................................ 18

Fed. R. Civ. P. 23(a) ........................................................... 18

Fed. R. Civ. P. 23(a)(1) ........................................................ 18

Fed. R. Civ. P. 23(a)(4) .................................................. 19, 20

Fed. R. Civ. P. 23(b)(3) ................................................... passim

Fed. R. Civ. P. 23(b)(3)(A) ..................................................... 23

Fed. R. Civ. P. 23(b)(3)(B) ..................................................... 23

Fed. R. Civ. P. 23(b)(3)(C) ..................................................... 23

Fed. R. Civ. P. 23(b)(3)(D) ..................................................... 23

Fed. R. Civ. P. 23(c)(2)(B) ................................................... 6, 23

Fed. R. Civ. P. 23(c)(3) ..................................................... 23, 24

Fed. R. Civ. P. 23(e) ....................................................... 12, 23

Fed. R. Civ. P. 23(e)(1)(B) ..................................................... 23

Fed. R. Civ. P. 30(b)(6) ...................................................... 3, 4

### Other

4 Herbert B. Newberg,

 *Newberg on Class Actions* § 11.25 (4th Ed. 2002 and Supp. 2004) ................. 12

4 Herbert B. Newberg,

 *Newberg on Class Actions* § 13.64 (4th Ed. 2002 and Supp. 2004) ................. 12

5 James Wm Moore,

 *Moore's Fed. Prac.* § 23.165[5] (3rd ed.) ...................................... 13

**Kazerouni Law Group, APC**
Costa Mesa, California

## TABLE OF AUTHORITIES

### (continued)

### Other

Fed. Judicial Center,

    *Manual for Complex Litigation* § 30.21 (3rd ed.) ........................................... 24

Fed. Judicial Center,

    *Manual for Complex Litigation* § 21.632 (4th ed. 2004)................................. 13

Klonoff, Robert H., Herrmann, Mark & Harrison, Brad,

    *Making Class Actions Work: The Untapped Potential of the Internet,*

    69 U. Pitt. L. Rev. 727 (2008) ........................................................... 6

### Congressional Record

S. Rep. No. 102-178 (1991),

    *as reprinted in 1991 U.S.C.C.A.N. 1968, 1973* ................................................ 16

Kazerouni Law Group, APC
Costa Mesa, California

# I.   INTRODUCTION

Plaintiffs Muhammed Abdeljalil, Richard Springer, Joseph A. Hofer and Bradley Moore (collectively, "Plaintiffs") submit this motion for preliminary approval of the proposed class action settlement (the "Settlement") of this action (the "Action"), which is unopposed by defendant Synchrony Bank, formerly known as GE Capital Retail Bank ("Defendant" or "Synchrony").[1] The terms of the Settlement are set forth in the Settlement Agreement and Release (hereinafter the "Agreement" or "Agr.") filed as Exhibit A[2] to the Declaration of Abbas Kazerounian ("Kazerounian Decl."), ¶ 40.[3]

The proposed Settlement provides that Synchrony will pay the sum of $7,000,000 (the "Settlement Fund") (Agr. § II.A.28 and III.D.1) in settlement of all claims of Plaintiffs and the approximately 1,000,000 Settlement Class Members (*see* Kazerounian Decl., ¶¶ 11-14). The Settlement Fund will be used to make payments to claiming Settlement Class Members, any redistribution (defined below), and Settlement Costs (defined below). The Settlement Fund will be reduced by the Settlement Costs prior to making any awards to Settlement Class Members. Agr. § III.D.1. In return for payment of the Settlement Fund, Plaintiffs, on behalf of the proposed Settlement Class, will dismiss the action with prejudice, and the Settlement Class will release and discharge Defendant and other related Released Parties from all claims relating to the Action with prejudice.  Agr. § I.D.

While Plaintiffs are confident of a favorable determination on the merits, having certified a similar class action with Mr. Springer as a class representative, Plaintiffs have determined that the proposed Settlement provides significant

---

[1] Plaintiffs and Defendant are collectively referred to as the "Parties." Defendant denies all claims asserted in the Action and all allegations of wrongdoing and liability. However, as stated, Defendant does not oppose this motion.
[2] Exhibits are to the declaration of Abbas Kazerounian unless otherwise stated.
[3] Unless otherwise specified, defined terms used in this memorandum are intended to have the meaning ascribed to those terms in the Agreement.

benefits to the Settlement Class Members and is in their best interests. Kazerounian Decl., ¶¶ 5-9; Declaration of Joshua B. Swigart ("Swigart Decl."), ¶¶ 7-12; Declaration of Todd M. Friedman ("Friedman Decl."), ¶¶ 7-11. Plaintiffs also believe that the Settlement is appropriate, as they recognize the expense and amount of time required to continue pursuing this Action through trial, maintaining class certification status in light of the motion for reconsideration filed by Defendant, and the uncertainty, risk, and difficulties of proof inherent in prosecuting such TCPA claims. Declaration of Muhammad Abdeljalil ("Abdeljalil Decl."), ¶¶ 4-6, and 14; Declaration of Richard Springer ("Springer Decl."), ¶¶ 4-6, and 14; Declaration of Joseph A. Hofer ("Hofer Decl."), ¶¶ 4-6, and 14; Declaration of Bradley Moore ("Moore Decl."), ¶¶ 4-6, and 14; Agr. § I.B. Similarly, in an effort to avoid further costs, and as evidenced by the Agreement, Defendant has determined that it is also desirable to settle the Action. Agr. § I.B.

Accordingly, Plaintiffs move the Court for an order preliminarily approving the proposed Settlement, provisionally certifying the Class pursuant to Federal Rule of Civil Procedure 23(b)(3) ("Rule 23(b)(3)") for settlement purposes only, directing dissemination of class notice, and scheduling a final approval hearing. Agr. § III.C.1. The motion is unopposed by Defendant. A proposed Preliminary Approval Order and Final Approval Order are attached as Exhibits 6 and 7, respectively, to the Agreement. The proposed Settlement satisfies all of the criteria for preliminary approval.

## II.   FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Defendant is a federal savings bank providing customized credit programs and other financial services to retailers and consumers. Fourth Amended Complaint, Dkt. No. 136-1, ¶ 11. In the Fourth Amended Complaint, Plaintiffs allege that in its collection efforts, Defendant violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*., ("TCPA") by calling consumers' cellular telephones without "prior express consent," using an "automatic telephone dialing

Kazerouni Law Group, APC
Costa Mesa, California

system" and/or using an "artificial or prerecorded voice". *See id.* at ¶¶ 15-41. Plaintiffs contend that they and the proposed class are entitled to statutory damages pursuant to the TCPA in the amount of $500 per negligent violation of 47 U.S.C. § 227 *et seq.* and $1,500 per knowing and/or willful violation. *Id.* at ¶¶ 57 and 61. Defendant has denied and continues to deny that it violated the TCPA, and denies all charges of wrongdoing or liability against it in the Action. Agr. § I.B.

The Parties participated in three mediation sessions before the Honorable Leo S. Papas (Ret.) on September 9, 2015, October 7, 2015 and January 27, 2016, which greatly assisted the Parties in reaching a class action settlement. Agr. § I.C. The Parties also conducted substantial formal discovery, including written discovery requests, depositions on both sides, and a confirmatory deposition pursuant to Fed. R. Civ. P. 30(b)(6). Kazerounian Decl., ¶ 8.

## III.   THE SETTLEMENT

### A.   THE SETTLEMENT CLASS

The "Class" or "Settlement Class Members" means the persons in the following definition:

> All persons nationwide whose cellular telephone number, at any time on or after August 22, 2008 through the date of entry of the Preliminary Approval Order, Synchrony (or any of its agents or entities) called using an artificial or prerecorded voice and/or using any automatic telephone dialing system and where the person called was called regarding an account that did not belong to him or her and did not provide the number to Synchrony or is not a person who had consented to receiving calls at that cellular telephone number.

> Excluded from the Settlement Class are the Judge to whom the Actions are assigned and any member of the Judge's staff and immediate family, as well as all persons who are validly excluded from the Settlement Class.

Agr. § II.A.25.

The "Class Period" is the period during which Defendant is alleged to have

1  placed the unlawful telephone calls to cell phones, ranging from August 22, 2008

2  through the date of entry of the Preliminary Approval Order. *Id.* at II.A.7.

3       The estimated settlement class size of 1,000,000 members was determined

4  by Cornerstone Research ("Cornerstone"), a company hired by Defendant to

5  review relevant data and provide an estimate on the size of the settlement class. *See*

6  Kazerounian Decl., ¶¶ 12 and 14. To arrive at this estimate, Cornerstone sampled

7  and analyzed six different months of available data from on or about September of

8  2012 through May of 2015. *Id.* at ¶ 13. Cornerstone is a financial and economic

9  consulting firm that provides analysis for litigation and regulatory investigations.

10 *Id.* at ¶ 15.  The deposition of Cornerstone's representative pursuant to Fed. R. Civ.

11 P. 30(b)(6) concerning the estimated class size was taken by Plaintiffs' counsel on

12 February 29, 2016. *Id.* at ¶ 11.

13     **B.**   **Settlement Payment**

14     **1.**   **Monetary Award to Class Members**

15      Defendant has agreed to pay $7,000,000 as full and complete consideration

16 for the Settlement. The non-reversionary Settlement Fund will be used to make

17 payments to claiming Settlement Class Members, Redistribution, and the following

18 Settlement Costs: (i) any award of attorneys' fees and costs to Class Counsel

19 approved by the Court; (ii) any Service Awards to Plaintiffs approved by the

20 Court; (iii) all costs of providing notice to persons in the Settlement Class

21 (including, but not limited to, costs for the Notice Program); (iv) all costs of

22 administering the Settlement, including but not limited to, the cost of printing and

23 mailing settlement payments, Claim Forms, the cost of maintaining a designated

24 post office box for receiving Claim Forms; and (v) the fees, expenses and all other

25 costs of the Claims Administrator. Agr. § III.D.1.

26     **2.**   **Non-Monetary Award**

27      Class Members will also benefit from the deterrent effect of this TCPA

28 Settlement. *See Lo v. Oxnard European Motors, LLC*, 2012 WL 1932283, *5 (S.D.

*Kazerouni Law Group, APC*
*Costa Mesa, California*

Cal., May 29, 2012); *see also Texas v. American Blast Fax, Inc*., 121 F. Supp. 2d 1085, 1090 (W.D. Tex. 2000) (noting the TCPA's statutory damages provision designed to address and deter the overall public harm caused by such conduct); Kazerounian Decl., ¶ 19. Similarly, non-Settlement Class Members will likely benefit from it deterrent effects.

### C.   CLASS NOTICE

The class notice will be utilized to notify persons in the Settlement Class of the Settlement and will include one or more of the following methods: Mail Notice (Exhibit 2), E-Mail Notice (Exhibit 3), Publication/Media Notice (Exhibit 4), Website Notice (Exhibit 5). Agr. § III.F. A further description of the contemplated Class Notice is provided in Section III.F of the Agreement.  Class notice is to be mailed within sixty (60) days of preliminary approval. Agr. § III.C.1.

### 1.   Email Notice/Mail Notice

Within fifteen (15) days following Preliminary Approval, Synchrony will provide to the Claims Administrator a list of approximately 70,000 cellular telephone numbers identified by Synchrony from its reasonably available computerized records as belonging to possible members from the Settlement Class, which cellular telephone numbers were identified from the sampling procedure conducted by Cornerstone (*see* Passarella Decl., ¶ 9). The Claims Administrator will perform reverse look-ups in an effort to identify persons in the Settlement Class and to determine their most recent email and/or mailing address. Agr. § III.E.1.

The Claims Administrator shall rely on e-mail ("E-Mail Notice") to notify Settlement Class Members (Agr. § III.F.1) whose cellular telephone numbers were identified from the sampling procedure. Direct mail ("Mail Notice") may be used to provide notice to those persons if the Claims Administrator cannot locate an e-mail address through the reverse look-up process, but is able to locate a mailing address, or if the Claims Administrator learns that an e-mail was undeliverable.

Kazerouni Law Group, APC
Costa Mesa, California

Agr. § III.F.1. To the extent necessary, the Claims Administrator will perform a search using the National Change of Address database and update its records prior to mailing. *Id.* at III.E.1. The proposed Mail Notice and E-Mail Notice are in the form attached to the Agreement as Exhibits 2 and 3, respectively.

The E-Mail Notice shall have a return receipt or other such function that permits the Claims Administrator to reasonably determine whether emails have been delivered and/or opened. Agr. § III.F.1 The E-Mail Notice also shall have a hyperlink that Class Member recipients may click and be taken to a landing page on the Settlement Website. *Ibid.*

"Providing Class Members with individual notice via email complies with the notice requirements of Rule 23(c)(2)(B)." *Cohorst v. Bre Props., Inc.*, 2012 U.S. Dist. LEXIS 5387, *7 (S.D. Cal. Jan. 18, 2012).[4]  Class notice by email here is appropriate and complies with due process, especially when combined with other forms of notice described below. *See Morey v. Louis Vuitton N. Am., Inc.*, 2014 U.S. Dist. LEXIS 3331, *7 (S.D. Cal. Jan. 9, 2014) (finally approving settlement with notice provided in four ways: email, mail, publication and website to approximately 327,718 class members. Email notice was sent to all class members with a valid email address, and mail notice was sent to all class members with a valid mailing address); *Shames v. Hertz Corp.*, 2012 U.S. Dist. LEXIS 158577, *76 (S.D. Cal. Nov. 5, 2012) (finally approving settlement where class notice was sent by email); *Chaikin v. Lululemon USA Inc.*, 2014 U.S. Dist. LEXIS 35258, *4 (S.D. Cal. Mar. 14, 2014) (same).

## 2.   **Publication/Media Notice**

To provide additional notice to all other Settlement Class Members (i.e.,

---

[4] "Courts have come to accept both email and internet notice campaigns as acceptable means of giving notice in class actions" and they "are beginning to embrace the belief that internet notice may be preferable to traditional methods of publication notice." ARTICLE: MAKING CLASS ACTIONS WORK: THE UNTAPPED POTENTIAL OF THE INTERNET, 69 U. Pitt. L. Rev. 727, 733-734.

Kazerouni Law Group, APC
Costa Mesa, California

whose cellular telephone numbers were not identified from the sampling procedure), notice will be provided through a comprehensive nationwide publication and Internet-based notice program designed and conducted by the Claims Administrator. Agr. § III.F.2. The proposed Publication/Media Notice is attached to the Agreement as Exhibit 4. The Publication Notice will be published in various national publications, including magazines and/or newspaper supplements, over a one-month period. *See* Declaration of Patrick Passarella ("Passarella Decl."), ¶¶ 12-13.

### 3.    Settlement Website and Internet-Based Notice

The Claims Administrator will establish and maintain the Settlement Website dedicated to the Settlement. Agr. § III.F.3. The Parties propose the following URL for the Settlement Website: www.AbdeljalilTCPASettlement.com, which has been reserved. Passarella Decl., ¶ 14. The Website Notice (Exhibit 5 to Agr.), the Claim Form (Exhibit 1 to Agr.), a copy of this Agreement, the Preliminary Approval Order and the Fourth Amended Complaint, in addition to other relevant case documents, will be available on the Settlement Website beginning five (5) days following the entry of the Preliminary Approval Order and remain until the Effective Date. Agr. § III.F.3. The Settlement Website will provide for online submission of Claim Forms and provide for persons in the Settlement Class to update their contact information. *Id.*

The Claims administrator also will design and conduct an Internet-based notice program that will consist of Internet banner ads run over a one-month period. Passarella Decl., ¶ 13.  The banner ads will be targeted to U.S. Adults and will include an embedded link to the Settlement Website. *Id*.

### 4.    Toll-Free Number

Additionally, anyone can obtain information about the Settlement through the automated toll-free telephone number. *Id.* at § III.E.5. Although the automated

Kazerouni Law Group, APC
Costa Mesa, California

Kazerouni Law Group, APC
Costa Mesa, California

1  toll-free number will not have live operators, persons may leave messages
2  regarding the Settlement if they have specific inquiries. *Ibid*.

3  **D.  CLAIM PROCESS**

4  Settlement Class Members will be paid on a claims-made basis and subject
5  to potential *pro rata* reduction. Agr. §§ III.G.2 and III.G.3. Each Settlement Class
6  Member who submits a valid claim (subject to § III.G.2. of the Agreement) will
7  be paid a Settlement Award, which shall be calculated by dividing the amount
8  remaining in the Fund (after deducting all Settlement Costs, which includes
9  attorneys' fees) by the total number of valid claims. *Id*. at § III.G.1.

10  To make a claim, a Class Member must submit a valid and timely Claim
11  Form, substantially in the form attached as Exhibit 1 to the Agreement ("Claim
12  Form"). *Id.* at § III.G.2.  A claim is valid if the Claim Form is completely filled
13  out and includes: full name and address of the Settlement Class Member; cell
14  phone number allegedly called; certification that, on or after August 22, 2008
15  through the date of preliminary approval, the Settlement Class Member was called
16  regarding an account that did not belong to him or her, and the Settlement Class
17  Member did not consent to receiving such call/s on his/her cell phone number; and
18  either a physical signature if submitted by mail or an e-signature if submitted
19  online. *Id.* The claims must be submitted online or postmarked on or before 90
20  days from the Notice Deadline. *Id.* at § III.C.1.  Only one valid Claim Form will
21  be honored per Settlement Class Member per cellular telephone number called,
22  regardless of the number of calls received.  *Id.* at § III.G.2.

23  Defendant has the right to review and research submitted claims and
24  suggest denial; however, the Claims Administrator shall make the final
25  determination as to whether a Claim Form is valid. *Id.*

26  **E.  OPPORTUNITY TO OPT OUT AND OBJECT**

27  Class Members will be permitted to exclude themselves from (i.e., opt out
28  of) the Settlement by sending a written letter to the Claims Administrator by the

Opt-Out and Objection Deadline, which shall be 60 days following the Notice Deadline. *Id.* at § III.C.1. Exclusion requests must: (a) be signed by the person in the Settlement Class who is requesting exclusion; (b) include the full name and address of the person in the Settlement Class requesting exclusion; and (c) include the following statement: "I/we request to be excluded from the settlement in the Abdeljalil action." *Id.* at § III.L.1.

Any Settlement Class Member may appear at the Final Approval Hearing to object to the proposed Settlement and/or to the application of Class Counsel for an award of attorneys' fees and costs and/or a Service Award, but only if the Settlement Class Member has first filed a written objection meeting the requirements described in Section III.M.2 of the Agreement. The written objection must be filed with the Court within 60 days following the Notice Deadline. *Id.* at § III.C.1. The written objection must also be mailed to counsel for the Parties and postmarked no later than the last day to file the objection. *Id.* at § III.M.2.

Settlement Class Members will be informed of these rights through the Settlement Class Notice Program. Agr. § III.F.

**F.    SCOPE OF RELEASE**

The scope of Release by all Settlement Class Members (other than those who validly and timely elect not to participate in the Settlement), tracks the scope of the Plaintiffs' allegations in the Fourth Amended Complaint. Only claims under the TCPA and similar federal or state laws involving the making, placing or initiating  calls using an automatic telephone dialing system and/or an artificial or prerecorded voice are within the scope of the Release.   The full Release is available on pages 16-17 of the Agreement.

**G.    TERMINATION OF SETTLEMENT**

In the event that the Settlement is not approved, or is terminated, canceled or fails to become effective for any reason, including, but not limited to, Section D.2 of the Agreement, the money remaining in the Settlement Fund, less expenses and

Kazerouni Law Group, APC
Costa Mesa, California

taxes incurred or due and owing and payable from the Settlement Fund in accordance with this Agreement, shall be returned to Synchrony within 15 days of the event that causes the Agreement to not become effective. **Synchrony may terminate the Settlement if requests for exclusion exceed 300.** Agr. § L.3.

### H.   PAYMENT OF NOTICE AND ADMINISTRATION COSTS

The Agreement provides that all reasonable costs and expenses associated with giving notice to the Class Members and for administration of the Settlement shall be deducted from the Settlement Fund prior to paying any Settlement Awards to Settlement Class Members. Agr. § III.D.1.

### I.   CLASS REPRESENTATIVES' APPLICATION FOR SERVICE AWARD

The proposed Settlement contemplates that Class Counsel will request Service Awards  in the amount of $5,000 to be distributed from the Settlement Fund to each of the four named Plaintiffs (Muhammed Abdeljalil; Richard Springer; Bradley Moore; and Joseph A. Hofer), subject to Court approval, and shall be paid at the same time as the attorneys' fees and costs payments to Class Counsel. Agr. § III.K. *See Morey*, 2014 U.S. Dist. LEXIS 3331 at *31 (approving $5,000 service award); *Williams v. Costco Wholesale Corp.*, No. 02-cv-2003-IEG-AJB, 2010 U.S. Dist. LEXIS 67731, 2012 WL 2721452, at *7 (S.D. Cal. Jul. 7, 2010) (same). Court approval of the Service Awards or their amount is not a condition of the Settlement.  Agr. § III.K.

### J.   CLASS COUNSEL'S APPLICATION FOR ATTORNEYS' FEES AND COSTS

The proposed Settlement contemplates that Class Counsel shall be entitled to apply to the Court for an award of attorneys' fees of up to 30% of the Settlement Fund ($2,100,000) to be distributed from the Settlement Fund, as well as actual litigation expenses approved by the Court. Agr. § III.J. *See Adams v. AllianceOne, Inc.*, Case No. 08-cv-00248-JAH-WVG, Dkt. No. 137 (S.D. Cal.) (Sept. 28, 2012) (order granting attorneys' fees request of 30% of fund in TCPA case) (Houston). Court approval of Class Counsel's request for fees or costs, or their amount, is not

Kazerouni Law Group, APC
Costa Mesa, California

a condition of the Settlement.  Agr. § III.J.

### K.   REMAINING FUNDS AND REDISTRIBUTION

If any checks remain uncashed more than 180 days after the date on the check, the amounts of such checks will be redistributed on a pro rata basis to the eligible Settlement Class Members who cashed their first check, if, after administration, the redistribution is economically feasible, as reasonably determined by Class Counsel (the "Redistribution"). Agr. § III.H.2. The Claims Administrator shall continue to make subsequent Redistributions to the extent any settlement checks remain uncashed 180 days after the date on the check mailed in connection with the Redistribution, until the Redistribution is no longer economically feasible. *Ibid.* Once Redistribution is no longer economically feasible, the remaining amounts shall be distributed as part of the *Cy Pres* Distribution. *Ibid.* No money remaining in the Settlement Fund shall revert to or otherwise be paid to Synchrony. *Id.*

### L.   CY PRES DISTRIBUTION

If there is any money remaining in the Settlement Fund after payment of the Settlement Costs, including awards to Settlement Class Members and any Redistributions, such monies will be distributed to one or more non-profit charitable organizations (the "*Cy Pres* Distribution") to be selected by the Parties and approved by the Court. Agr. § III.H.3. *See Vandervort v. Balboa Capital Corp.*, 2014 U.S. Dist. LEXIS 46174, *6 (C.D. Cal. Mar. 27, 2014) (approving contingent *cy pres* distribution as part of TCPA class action settlement). This is in line with the *Dennis v. Kellogg Co.*, 2012 WL 2870128 (9th Cir. July 13, 2012) decision. The *Cy Pres* Distribution shall be made 240 days after completion of the distribution of Settlement Award payments or, if necessary, after all Redistributions have been exhausted, whichever is later. *Id.*

//

//

**IV.   LEGAL STANDARDS FOR PRELIMINARY APPROVAL OF A CLASS ACTION SETTLEMENT**

A class action may not be dismissed, compromised or settled without the approval of the Court. Fed. R. Civ. Proc. 23(e). The purpose of the Court's preliminary evaluation of the settlement is to determine whether it is within the "range of reasonableness," and thus whether notice to the class of the terms and conditions of the settlement, and the scheduling of a formal fairness hearing, are worthwhile. *See* 4 Herbert B. Newberg, Newberg on Class Actions § 11.25 *et seq.*, and § 13.64 (4th ed. 2002 and Supp. 2004). The Court is not required to undertake an in-depth consideration of the relevant factors for final approval. Instead, the "judge must make a preliminary determination on the fairness, reasonableness, and adequacy of the settlement terms and must direct the preparation of notice of the certification, proposed settlement, and date of the final fairness hearing." Manual for Complex Litigation § 21.632 (4th ed. 2004).

**A.   Public Policy Favors Settlement.**

As a matter of public policy, settlement is a strongly favored method for resolving disputes. *See Utility Reform Project v. Bonneville Power Admin.*, 869 F.2d 437, 443 (9th Cir. 1989). As a result, courts should exercise their discretion to approve settlements "in recognition of the policy encouraging settlement of disputed claims." *In re Prudential Sec. Inc. Ltd. Partnerships Litig.*, 163 F.R.D. 200, 209 (S.D.N.Y. 1995). To make the preliminary fairness determination, courts may consider several relevant factors, including "the strength of the plaintiffs' case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class action status through trial; the amount offered in settlement; the extent of discovery completed and the stage of the proceedings; [and] the experience and views of counsel ..." *See Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998). Furthermore, courts must give "proper deference to the private consensual decision of the parties," since "the court's intrusion upon what

Kazerouni Law Group, APC
Costa Mesa, California

is otherwise a private consensual agreement negotiated between the parties to a lawsuit must be limited to the extent necessary to reach a reasoned judgment that the agreement is not the product of fraud or overreaching by, or collusion between, the negotiating parties, and that the settlement, taken as a whole, is fair, reasonable and adequate to all concerned." *Id*. at 1027.

**B.     Conclusions of Fact And Law Are Not Necessary At This Stage.**

Preliminary approval does not require the Court to make a final determination that the settlement is fair, reasonable, and adequate. Rather, that decision is made only at the final approval stage, after notice of the settlement has been given to the class members and they have had an opportunity to voice their views of the settlement or to exclude themselves from the settlement. *See* 5 James Wm. Moore, Moore's Federal Practice – Civil § 23.165[3] (3d ed.). Thus, in considering a potential settlement, the Court need not reach any ultimate conclusions on the issues of fact and law, which underlie the merits of the dispute, *West Va. v. Chas. Pfizer & Co.*, 440 F.2d 1079, 1086 (2d Cir. 1971), and need not engage in a trial on the merits, *Officers for Justice v. Civil Service Comm'n*, 688 F.2d at 625. Preliminary approval is merely a prerequisite to giving notice so that "the proposed settlement ... may be submitted to members of the prospective class for their acceptance or rejection." *Philadelphia Hous. Auth. v. Am. Radiator & Standard Sanitary Corp.*, 323 F. Supp. 364, 372 (E.D. Pa. 1970).

Preliminary approval of the settlement should be granted if there are no "reservations about the settlement, such as unduly preferential treatment of class representatives or segments of the class, inadequate compensation or harms to the classes, the need for subclasses, or excessive compensation for attorneys." Manual § 21.632, at 321 (4th ed. 2004). This proposed settlement satisfies those standards.

**C.     Counsel's Experienced Judgment Holds Considerable Weight.**

The decision to approve or reject a proposed settlement "is committed to the sound discretion of the trial judge[.]" *See Hanlon*, 150 F.3d at 1026. This

Kazerouni Law Group, APC
Costa Mesa, California

discretion is to be exercised "in light of the strong judicial policy that favors settlements, particularly where complex class action litigation is concerned," which minimizes substantial litigation expenses for both sides and conserves judicial resources. *See Linney v. Cellular Alaska P'ship*, 151 F.3d 1234, 1238 (9th Cir. 1998) (quotations omitted). Furthermore, the opinion of experienced counsel supporting the settlement is entitled to considerable weight. *See*., *e.g.*, *Kirkorian v. Borelli*, 695 F. Supp. 446 (N.D. Cal.1988) (opinion of experienced counsel carries significant weight in the court's determination of the reasonableness of the settlement); *Boyd v. Bechtel Corp.*, 485 F. Supp. 610, 622 (N.D. Cal. 1979) (recommendations of plaintiffs' counsel should be given a presumption of reasonableness).

Based on these standards, Plaintiffs' counsel respectfully submit that, for the reasons detailed below, the Court should preliminarily approve the proposed Settlement as fair, reasonable and adequate. Kazerounian Decl., ¶¶ 16-20; Swigart Decl., ¶ 12; Friedman Decl., ¶¶ 11 and 23.

## V.   THE PROPOSED SETTLEMENT IS FAIR, REASONABLE AND ADEQUATE AND SHOULD BE PRELIMINARILY APPROVED.

### A.   LIABILITY IS HIGHLY CONTESTED AND BOTH SIDES FACE SIGNIFICANT CHALLENGES IN LITIGATING THIS CASE.

Synchrony has vigorously contested the claims asserted by Plaintiffs in this Action. *See* Dkt. No. 39; *see also* Agr. § I.B. While both sides strongly believe in the merits of their respective cases, there are risks to both sides in continuing the Action. *See* Agr. § I.B. Class Counsel understand there are uncertainties associated with complex class action litigation and that no one can predict the outcome of the case, as some courts in this District have declined to certify TCPA class actions. *See Smith v. Microsoft Corp.*, 2014 U.S. Dist. LEXIS 12799 (S.D. Cal. 2014); and *Connelly v. Hilton Grand Vacations Co., LLC*, 294 F.R.D. 574 (S.D. Cal. 2013).

Here, the Court certified a class action with Mr. Springer as class representative (Dkt. No. 103), prior to the addition of named Plaintiffs Mr. Moore

Kazerouni Law Group, APC
Costa Mesa, California

and Mr. Hofer. However, if the Action were to continue, challenges would likely be made to the prior certified class and as to any further class certification motion made by Plaintiffs, thereby placing doubt on whether a class could be certified as presently defined, and additional substantive challenges to the claims might also be raised. For example, there is also a risk that the Supreme Court will hold that statutory damage class actions lack Article III standing. This issue is before the Court in *Spokeo v Thomas Robbins*, 11-56843 (9th Cir. 2014) (cert. granted April 27, 2015). Also, ACA International has filed an appeal in the D.C. Circuit from the FCC's recent Omnibus Order, arguing that (1) the FCC unlawfully expanded the definition of an autodialer, and (2) that the "one-call" safe harbor provision for calling a reassigned number creates perverse incentive for called parties to conceal that they are not the intended recipients in order to multiply the caller's liability, which may significantly limit the scope and application of the TCPA. Indeed, Defendant filed a motion for reconsideration of the class certification order (Dkt. No. 112), which was taken off calendar in light of the Settlement.

In considering the Settlement, Plaintiffs and Class Counsel carefully balanced the risks of continuing to engage in protracted and contentious litigation against the benefits to the Settlement Class, including the significant Settlement Fund and the deterrent effects it would have. Kazerounian Decl., ¶¶ 17-20; Swigart Decl. ¶¶ 6-11; Abdeljalil Decl. ¶ 6; Springer Decl. ¶ 6; Hofer Decl. ¶ 6; Moore Decl., ¶ 6; *see also* Agr. § I.

Similarly, Defendant must recognize that if the Class as represented by Mr. Springer remains certified (Dkt. No. 103), the potential amount of damages could be substantially higher than the Settlement agreed upon here. The Settlement avoids that risk. Due to the costs and risks to both sides, and delays of continued litigation, the Settlement presents a fair and reasonable alternative to continuing to pursue the action as a class action for the alleged violations of the TCPA.

This Settlement is similar to the TCPA action settlements finally approved

or preliminarily approved in *Couser v. Comenity Bank*, 2015 U.S. Dist. LEXIS 118061 (S.D. Cal. May 27, 2015) and *Malta v. Fed. Home Loan Mortg. Corp.*, 2013 U.S. Dist. LEXIS 15731 (S.D. Cal. Feb. 4, 2013).

## B.  THE AGREEMENT TO CREATE A $7,000,000 FUND PROVIDES A FAIR AND SUBSTANTIAL CLASS BENEFIT

As set forth above, Synchrony has agreed to provide a $7,000,000 Settlement Fund, which will be used to pay all claiming Settlement Class Members, any Redistribution, and all Settlement Costs. Agr. § I.D.

Class Counsel estimate that the individual Settlement Class Members award will be approximately $131 per claim[5] based on an anticipated claims rate of 3%. *See* Exhibit B (Settlement Matrix); Kazerounian Decl., ¶ 10. Thus, the settlement award that each Class Member will receive is fair, appropriate, and reasonable given the purposes of the TCPA and in light of the anticipated risk, expense, and uncertainty of continued litigation.

The purpose of the TCPA is to protect the privacy interests of residential telephone subscribers by placing restrictions on unsolicited, automated telephone calls. S. Rep. No. 102-178, at 6 (1991), as reprinted in 1991 U.S.C.C.A.N. 1968, 1973. Although the TCPA provides for statutory damages of $500 for each negligent violation and $1,500 for each willful violation, it is well-settled that a proposed settlement may be acceptable even though it amounts to only a small percentage of the potential recovery that might be available to the class members at trial. *See e.g., National Rural Tele. Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 527 (C.D. Cal. 2004) ("well settled law that a proposed settlement may be acceptable even though it amounts to only a fraction of the potential recovery"); *In re Global Crossing Sec. and ERISA Litig.*, 225 F.R.D. 436, 460 (E.D. Pa. 2000) ("the fact

---

[5] $7,000,000 (Settlement Fund) - $2,100,000 (attorneys' fees) – $40,000 (litigation costs, expected to be no more than $40,000) - $20,000 (Service Awards) – $890,000 (notice/administration expenses, estimated) = $3,950,000. $3,950,000 / 30,000 (3% of Class Members) = Approximately $131.

Kazerouni Law Group, APC
Costa Mesa, California

that a proposed settlement constitutes a relatively small percentage of the most optimistic estimate does not, in itself, weigh against the settlement; rather, the percentage should be considered in light of strength of the claims"); *In re Omnivision Tech., Inc.*, 559 F. Supp. 2d 1036 (N.D. Cal. Jan. 9, 2008) (court-approved settlement amount that was just over 9% of the maximum potential recovery); *In re Mego Fin'l Corp. Sec. Litig.*, 213 F. 3d 454, 459 (9th Cir. 2000).

## C.   THE SETTLEMENT WAS REACHED AS THE RESULT OF ARM'S LENGTH NEGOTIATION WITH THE COURT'S ASSISTANCE.

The proposed Settlement is the result of a series of spirited arm's length negotiations. Since August of 2012, the Parties have actively litigated the Action in the Southern District of California.  *See* Dkt. Nos. 15, 20, 21, 70, 78, 83, and 112. Notably, the Parties participated in three mediation sessions before the Honorable Leo Papas (Ret.). Agr. § I.C.  At the third mediation session, the Parties agreed to a settlement for this Action, subject to further negotiations and the approval of the Court. Kazerounian Decl., ¶ 6. The time and effort spent on settlement negotiations, as well as the time spent with the Honorable Leo Papas (Ret.) in mediation, militate in favor of preliminary approval of the proposed Settlement, as they strongly indicate there was no collusion (Agr. § I.C) *See In re Wireless Facilities, Inc. Sec. Litig. II*, 253 F.R.D. 607, 610 (S.D. Cal. 2008) (Settlements that follow sufficient discovery and genuine arms-length negotiation are presumed fair."); *National Rural Telecommunications Cooperative v. DIRECTV, Inc.,* 221 F.R.D. 523, 527 (C.D. Cal. 2004) (same).

## D.   EXPERIENCED COUNSEL HAVE DETERMINED THAT THE SETTLEMENT IS APPROPRIATE AND FAIR TO THE CLASS.

The Parties are represented by counsel experienced in complex class action litigation. Class Counsel have extensive experience in class actions, as well as particular expertise in class actions relating to consumer protection and specifically the TCPA.  Kazerounian Decl., ¶¶ 22-39; Swigart Decl., ¶¶ 13-20; Friedman Decl., ¶¶ 12-21.  Similarly, Counsel for Defendant have extensive experience based upon a

Kazerouni Law Group, APC
Costa Mesa, California

long    track    record    in    complex    class    actions    (*see* http://www.stroock.com/people/JStrickland).   Defense   counsel   has   vigorously defended Synchrony throughout this case. *See* Agr. §§ I.B. and I.C.; Dkt. Nos. 24, and 26. Class Counsel believe that under the circumstances, the proposed Settlement is fair, reasonable and adequate and in the best interests of the Class Members. *See* Kazerounian Decl., ¶¶ 16 and 20; Swigart Decl., ¶¶ 8 and 12; Friedman Decl., ¶¶ 11 and 23.

### E.   THE COURT SHOULD PRELIMINARILY CERTIFY THE CLASS FOR PURPOSES OF SETTLEMENT.

Courts have long acknowledged the propriety of class certification for purposes of class action settlements.  *See In re Wireless Facilities*, 253 F.R.D. at 610 ("Parties may settle a class action before class certification and stipulate that a defined class be conditionally certified for settlement purposes").  Like any other class certification decision, certification of a class for settlement purposes requires a determination that the requirements of Rule 23 are met.  *Id.*  Certification of a settlement class is appropriate here because the action meets the requirements of Rule 23(a) and Rule 23(b)(3). *See e.g., Stemple v. QC Holdings, Inc*., 2014 U.S. Dist. LEXIS 125313, *26 (S.D. Cal. Sept. 5, 2014); and *Knutson v. Schwan's Home Serv*., 2013 U.S. Dist. LEXIS 127032, *30 (S.D. Cal. Sept. 5, 2013).

### 1.   The Proposed Class Is Sufficiently Numerous.

Class certification under Rule 23(a)(1) is appropriate where a class contains so many members that joinder of all would be impracticable.  "Impracticability does not mean 'impossibility,' but only the difficulty or inconvenience of joining all members of the class.'"  *Harris v. Palm Springs Alpine Estates, Inc*., 329 F.2d 909, 913-14 (9th Cir. 1964) (citation omitted). Here, the Class consists of approximately 1,000,000 potential Settlement Class Members within the scope of the Class definition (*see* Kazerounian Decl., ¶¶ 12-14), which more than satisfies the numerosity prerequisite pursuant to Fed. R. Civ. P. 23(a)(1).  *See also Abdeljalil*

Kazerouni Law Group, APC
Costa Mesa, California

1   *v. GE Capital Corp.*, 306 F.R.D. 303, 308 (S.D. Cal. 2015).

2              **2.    The Commonality Requirement Is Satisfied.**

3          The commonality requirement is met if there are questions of law and fact

4   common to the class.  *Hanlon*, 150 F.3d at 1019 ("The existence of shared legal

5   issues with divergent legal factual predicates is sufficient, as is a common core of

6   salient facts coupled with disparate legal remedies within the class.").  Here, for

7   purposes of settlement, the proposed Class Members' claims all stem from the

8   same factual circumstances, specifically that debt collection calls were made by

9   Defendant to Class Members between August 22, 2008 and the date of preliminary

10  approval, allegedly using autodialing equipment or a prerecorded voice message.

11  *See* Agr. § II.7; *see generally, Abdeljalil*, 306 F.R.D. at 308.

12         Plaintiffs' claims also present a number of questions of law that are common

13  to all members of the Class for settlement purposes, including: (1) whether

14  Synchrony called "cellular" telephone numbers for debt collection purposes; (2)

15  using an ATDS or a prerecorded voice; (3) without the called party's "prior

16  express consent" (Dkt. No. 136-1, ¶ 49). *See e.g., Lemieux v. Schwan's Home Serv.*,

17  2013 U.S. Dist. LEXIS 98735, *22 (S.D. Cal. July 15, 2013) ("The common question

18  is thus, 'were we all called on our cellular telephones, by an autodialer or artificial or

19  prerecorded voice, on behalf of [defendant], without having given express

20  consent?'"). The Plaintiffs all seek the same remedies, including statutory damages

21  and injunctive relief. Dkt. No. 136-1, ¶¶ 57 and 58. Under these circumstances, the

22  commonality requirement is satisfied for purposes of certifying a settlement class.

23  *See Hanlon*, 150 F. 3d at 1019-20.

24              **3.    The Typicality Requirement Is Satisfied.**

25         The typicality requirement is met if the claims of the named representatives

26  are typical of those of the class, though "they need not be substantially identical."

27  *Hanlon*, 150 F.3d at 1020.   For purposes of settlement, Plaintiffs' claims are

28  typical of the claims of the whole class because they arise from the same factual

**Kazerouni Law Group, APC**
Costa Mesa, California

basis – (i.e. debt collection calls made to Plaintiff using autodialing equipment, without prior express consent) and are based on the same legal theory as applies to the Class as a whole – (i.e. that the calls violated the TCPA). Dkt. No. 136-1, ¶ 49; *See Wehner v. Syntex Corp*., 117 F.R.D. 641, 644 (N.D. Cal. 1987). The Plaintiffs' claims here are typical of the claims of the Settlement Class Members. Thus, the typicality requirement for certifying a settlement class is satisfied. *See Malta*, 2013 U.S. Dist. LEXIS 15731 at *7 ("Plaintiffs' claims arise from the same factual basis as that of the class: calls made to Plaintiffs using auto-dialing equipment. … In addition, plaintiffs' claims are based on the same legal theory as that applicable to the class."); *see also Abdeljalil*, 306 F.R.D. at 309.

### 4.    The Adequacy Requirement Is Satisfied.

Rule 23(a)(4) is satisfied if "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4).  The Court must measure the adequacy of representation by two standards: "(1) Do the representative plaintiffs and their counsel have any conflicts of interest with other class members, and (2) will the representative plaintiffs and their counsel prosecute the action vigorously on behalf of the class?"  *In re Wireless Facilities*, 253 F.R.D. at 611 (quoting *Staton v. Boeing Co*., 327 F.3d 938, 958 (9th Cir. 2003)).

Plaintiffs and their counsel have no known conflicts of interest with other Class Members because, for purposes of the Settlement, Plaintiffs' claims are typical of (and very similar to) those of other Settlement Class Members allegedly called without their consent. *See* Dkt. No. 136-1, ¶ 50; Abdeljalil Decl., ¶¶ 7-8, and 12; Springer Decl., ¶¶ 7-8, and 12; Hofer Decl., ¶¶ 7-8, and 12; Moore Decl., ¶¶ 7-8, and 14; Kazerounian Decl., ¶ 9; Swigart Decl., ¶ 9; Friedman Decl., ¶ 8.

Plaintiffs and their counsel have been vigorously prosecuting this action since August of 2012 (and obtained class certification status of a similar Class, *Abdeljalil*, 306 F.R.D. at 310)*,* and have also participated in three mediation sessions. Agr. § I.C.   Plaintiffs and their counsel share the common goal of

protecting and improving consumer and privacy rights throughout the nation. *See* Abdeljalil Decl., ¶ 13; Springer Decl., ¶ 13; Hofer Decl., ¶ 13; Kazerounian Decl., ¶¶ 5-8; Swigart Decl., ¶¶ 5-9. Also, Plaintiffs' counsel have extensive experience in litigation, including the prosecution of class actions seeking to protect privacy and consumer rights, including TCPA actions. Kazerounian Decl., ¶¶ 22-39; Swigart Decl., ¶¶ 13-20; Friedman Decl., ¶¶ 12-21. Plaintiffs' counsel are qualified and able to conduct this litigation.  Kazerounian Decl., ¶ 22-39; Swigart Decl., ¶¶ 13-20; Friedman Decl., ¶¶ 12-21.  Thus, Rule 23(a)(4) is satisfied.

### 5.  <u>Common Questions Predominate Sufficient To Certify A Class for Settlement Purposes Only.</u>

Class certification under Rule 23(b)(3) is appropriate where "questions of law or fact common to class members predominate over any questions affecting only individual members." Fed. R. Civ. P. 23(b)(3).  The inquiry focuses on whether the class is "sufficiently cohesive to warrant adjudication by representation."  *Local Joint Exec. Bd. of Culinary/Bartender Trust Fund v. Las Vegas Sands, Inc*., 244 F.3d 1152, 1162 (9th Cir. 2001).  Central to this question is "the notion that the adjudication of common issues will help achieve judicial economy."  *Zincser v. Accufix Research Institute, Inc*., 253 F.3d 1188, 1189 (9th Cir. 2001) (citation omitted), amended, 273 F. 3d 1266 (9th Cir. 2001).

Here, the central inquiry is whether Synchrony violated the TCPA with automated and/or prerecorded debt collection calls made to Settlement Class Members' cellular telephones without prior express consent. Dkt. No. 136-1, ¶ 49. *See Abdeljalil*, 306 F.R.D. 303, 310-12; *Malta*, 2013 U.S. Dist. LEXIS 15731 at *10 ("The central inquiry is whether Wells Fargo violated the TCPA by making calls to the class members.").

"When common questions present a significant aspect of the case and they can be resolved for all members of the class in a single adjudication, there is clear justification for handling the dispute on a representative rather than on an

individual basis." *Hanlon*, 150 F.3d at 1022. Therefore, the court should certify the class for settlement purposes because common questions predominate.

### 6. Class Treatment for Settlement Purposes Is Superior To Individual Resolutions.

To determine whether the superiority requirements of Rule 23(b)(3) are satisfied, a court must compare a class action with alternative methods for adjudicating the parties' claims. "[I]f a comparable evaluation of other procedures reveals no other realistic possibilities, [the] superiority portion of Rule 23(b)(3) has been satisfied." *Culinary/Bartenders Trust Fund*, 244 F.3d at 1163. *See Valentino v. Carter-Wallace*, 97 F.3d 1227, 1235-36 (9th Cir. 1996) ("a class action is a superior method for managing litigation if no realistic alternative exists").

Consideration of the factors listed in Rule 23(b)(3) supports the conclusion that, for purposes of a settlement class, certification is appropriate. Ordinarily, these factors are (A) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and (D) the difficulties likely to be encountered in the management of a class action. Fed. R. Civ. P. 23(b)(3).

However, when a court reviews a class action settlement, the fourth factor does not apply. In deciding whether to certify a settlement class action, a district court "need not inquire whether the case, if tried, would present intractable management problems." *Amchem Prods. Inc. v. Woodward*, 521 U.S. 591, 620 (1997). Furthermore, "[w]ith the settlement in hand, the desirability of concentrating the litigation in one forum is obvious . . . ." *Elkins v. Equitable Life Ins. of Iowa*, No. Civ. A96-296-Civ-T-17B, 1998 WL 133741, at *20 (M.D. Fla. Jan. 27, 1998); *see also Strube v. Am. Equity Inv. Life Ins. Co.*, 226 F.R.D. 688, 697 (M.D. Fla. 2005) (Rule 23(b)(3)(C) and (D) factors are "'conceptually irrelevant in the context of settlement'") (citation omitted).

Kazerouni Law Group, APC
Costa Mesa, California

Kazerouni Law Group, APC
Costa Mesa, California

Here, the Rule 23(b)(3)(A), (B) and (C) factors all favor class certification (*Abdeljalil*, 306 F.R.D. 303, 310-12.). *See Malta*, 2013 U.S. Dist. LEXIS 15731 at *11. In fact, the Court already certified a similar Class on March 26, 2015, Dkt. No. 103, prior to the addition of named Plaintiffs Hofer and Moore (*see* Dkt. No. 138). Any Settlement Class Member who wishes to pursue a separate action can opt out of the Settlement. *See* Agr. § III.L.1. The Parties agree that it would be desirable to resolve Plaintiffs' claims in this forum.  Agr. § I.E.  It is unlikely that individual actions will be filed because of the small individual claims of Class Members (*Barani v. Wells Fargo Bank, N.A.*, 2014 U.S. Dist. LEXIS 49838, *9 (S.D. Cal. Apr. 9, 2014; *Barrett v. Wesley Financial Group, LLC et. al.*, 13-cv-00554-LAB-KSC, Dkt. No. 66, 13:9-10 (S.D. Cal. Mar. 30, 2015) [Exhibit C]) and because consumers find individual TCPA actions complex and time consuming (*see Mainstream Mktg. Servs. v. FTC*, 284 F. Supp. 2d 1266, 1273 (D. Colo. 2003)).

Thus, class settlement here is superior to individual resolution.

### F.   THE PROPOSED METHOD OF CLASS NOTICE IS APPROPRIATE.

Rule 23(c)(2)(B) provides that, in any case certified under Rule 23(b)(3), the court must direct to class members the "best notice practicable" under the circumstances.  Rule 23(c)(2)(B) does not require "actual notice" or that a notice be "actually received."  *Silber v. Mabon*, 18 F.3d 1449, 1454 (9th Cir. 1994). Notice need only be given in a manner "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections."  *Mullane v. Central Hanover Bank & Trust Co*., 339 U.S. 306, 314 (1950).  "Adequate notice is critical to court approval of a class settlement under Rule 23(e)."  *Hanlon*, 150 F.3d at 1025.

Pursuant to the Fed. R. Civ. P. 23(e)(1)(B), "[t]he court must direct notice in a reasonable manner to all class members who would be bound by the proposal." Rule 23(c)(2)(B) also sets forth requirements as to the content of the notice.  The notice must concisely and clearly state in plain, easily understood language: (i) the

1   nature of the action; (ii) the definition of the class; (iii) the class claims, issues, or

2   defenses; (iv) that class member may enter an appearance through counsel if the

3   member so desires; (v) that the court will exclude from the class any member who

4   requests exclusion, stating when and how members may elect to be excluded; (vi)

5   the time and manner for requesting exclusion; and (vii) the binding effect of a class

6   judgment on class members under Rule 23(c)(3).  Fed. R. Civ. P. 23(c)(2)(B).

7   Here, the Settlement provides for direct notice (whether by email or direct

8   mail; *see* Exhibits 3 and 2 to Agr.) to Settlement Class Members whose cellular

9   telephone numbers were identified from the sampling procedure (i.e., the

10   approximately 70,000 cell phone numbers). *See* Agr. § III.F. All other Settlement

11   Class Members will be provided notice as part of a comprehensive notice plan

12   utilizing Publication/Media Notice (Exhibit 4 to Agr.; including publication in

13   nationwide publications, as well as Internet-based banner ads run over a one-month

14   period), and a Settlement Website with a formal Q&A notice/Long Form notice

15   (Exhibit 5 to Agr.).  *See* Agr. § III.F.  There will also be a toll-free number that

16   anyone may call to obtain information about how to submit a claim. Agr. § III.E.5.

17   Thus, the notice plan fulfills the requirements of adequate notice for due process

18   purposes and should be preliminarily approved. *Torrisi v. Tucson Elec. Power Co.*,

19   8 F.3d 1370, 1374-75 (9th Cir. Ariz. 1993); *Malta*, 2013 U.S. Dist. LEXIS 15731

20   at *29-30; *Hoffman v. Bank of America, N.A.*, 12-cv-00539-JAH-DHB (S.D. Cal.

21   Nov. 6, 2014) [Exhibit D]; Rule 23(c)(2); Manual, 3d. 30.21.

22   **G.   THE COURT SHOULD APPOINT THE CLASS REPRESENTATIVES AND CLASS COUNSEL**

23   The adequacy of representation requirement is satisfied here, especially

24   where Mr. Springer has already been certified as Class Representative of a

25   similar Class (*Abdeljalil*, 306 F.R.D. at 310). For settlement purposes, the

26   Parties jointly request that Plaintiffs (Muhammed Abdeljalil; Richard Springer;

27   Joseph A. Hofer; and Bradley Moore) be appointed as Class Representatives of the

28   Settlement Class Members. Agr. § 1(k). The Parties have agreed that Abbas

Kazerouni Law Group, APC
Costa Mesa, California

Kazerounian, Joshua B Swigart, and Todd M. Friedman should be appointed as Class Counsel for Plaintiff and for all other purposes of the Settlement. Agr. § 1(g).

### H. THE COURT SHOULD APPOINT KURTZMAN CARSON CONSULTANTS AS CLAIMS ADMINISTRATOR.

The Parties have agreed upon and propose that the Court appoint Kurtzman Carson Consultants ("KCC") to serve as the Claims Administrator. Kazerounian Decl., ¶ 7. KCC specializes in providing administrative services in class action litigation and has extensive experience in administering consumer protection and privacy class action settlements. Passarella Decl., ¶¶ 1-6.

### I. A FINAL APPROVAL HEARING SHOULD BE SCHEDULED

Plaintiffs request that the formal Final Approval Hearing or Fairness Hearing be scheduled no earlier than thirty (30) days after the Opt-Out and Objection Deadline to allow sufficient time for providing class notice as well as for objections, exclusion requests and submission of claims. Agr. § III.C.1.

## VI.   CLASS ACTION FAIRNESS ACT NOTICE

Synchrony shall be responsible for timely serving the Class Action Fairness Act ("CAFA") notice required by 28 U.S.C. § 1715. Agr. § III.F.4.

## VII.   CONCLUSION

For all the foregoing reasons, Plaintiffs respectfully request that the Court enter an order (i) preliminarily approving the proposed Settlement and order notice to the Settlement Class Members; (ii) appointing Muhammed Abdeljalil, Richard Springer, Joseph A. Hofer and Bradley Moore as Class Representatives (iii) and appointing Abbas Kazerounian, Joshua B. Swigart and Todd M. Friedman as Class Counsel.

Dated: March 1, 2016                  **KAZEROUNI LAW GROUP, APC**

                                      By:  /s Abbas Kazerounian___
                                      ABBAS KAZEROUNIAN, ESQ.
                                      ATTORNEYS FOR PLAINTIFFS

Kazerouni Law Group, APC
Costa Mesa, California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Kazerouni Law Group, APC**
Costa Mesa, California

**HYDE & SWIGART**
Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108
Telephone: (619) 233-7770
Facsimile: (619) 297-1022
*Attorneys for Plaintiffs*

**LAW OFFICES OF TODD M. FRIEDMAN, P.C.**
Todd M. Friedman, Esq. (SBN: 216752)
tfriedman@attorneysforconsumers.com
324 S. Beverly Dr., #725
Beverly Hills, CA 90212
Telephone: (877) 206-4741
Facsimile: (866) 633-0228
*Attorneys for Plaintiffs*