**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (SBN: 249203)
ak@kazlg.com
Jason A. Ibey Esq. (SBN: 284607)
jason@kazlg.com
245 Fischer Avenue, Suite D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

Attorneys for the Plaintiffs and
Proposed Settlement Class

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MUHAMMED ABDELJALIL, RICHARD SPRINGER, JOSEPH A. HOFER, and BRADLEY MOORE, Individually and on Behalf of All Others Similarly Situated,<br><br>PLAINTIFFS,<br>V.<br><br>GE CAPITAL RETAIL BANK,<br><br>DEFENDANT. | Case No.: 12-cv-02078-JAH-MDD<br><br>**DECLARATION OF ABBAS KAZEROUNIAN IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND CERTIFICATION OF SETTLEMENT CLASS**<br><br>**DATE**:   April 25, 2016<br>**TIME**:   2:30 p.m.<br>**CRTRM**: 13B<br>**JUDGE**:  Hon. John A. Houston |

# DECLARATION OF ABBAS KAZEROUNIAN

**I, ABBAS KAZEROUNIAN, declare:**

1. I am one of the attorneys for the plaintiffs in this action, Muhammed Abdeljalil, Richard Springer, Joseph A. Hofer and Bradley Moore ("Plaintiffs"). I am over the age of 18 and am fully competent to make this declaration. I was admitted to the State Bar of California in 2007 and have been a member in good standing ever since that time. I have litigated cases in both state and federal courts in California, Washington, Nevada, Arizona, Arkansas, New York, New Jersey, Colorado, Tennessee, Ohio, Florida, Illinois and Texas. I am admitted in every federal district in California and have handled federal litigation in the federal districts of California. I am also admitted to the state bar of Texas, Illinois, Washington, Michigan, District of Columbia, the Ninth Circuit Court of Appeals, and the Supreme Court of the United States.

2. If called as a witness, I would competently testify to the matters herein from personal knowledge. The declaration is based upon my personal knowledge, except where expressly noted otherwise.

3. I submit this declaration in support of the Plaintiffs' Motion for Preliminary Approval of Class Action Settlement and Certification of Settlement Class in the action against defendant, GE Capital Retail Bank ("Defendant").

4. Plaintiffs Joseph A. Hofer and Bradley Moore were added to this action through the Fourth Amended Complaint filed on February 19, 2016.

5. I am currently serving as Class Counsel for a similar certified class pursuant to the Court's March 26, 2015 and April 9, 2015 orders, with Plaintiff Richard Springer as Class Representative. I request to be preliminarily approved as Class Counsel for the proposed settlement class.

6. In this action, the Parties have attended three private mediation sessions

before the Honorable Leo S. Papas (Ret.), culminating in a nationwide settlement agreement that was signed on or about January 27, 2016 ("Agreement"), which calls for a substantial settlement fund of $7,000,000.

7. The Parties have agreed upon and propose that the Court appoint Kurtzman Carson Consultants to serve as the Claims Administrator.

8. Plaintiffs' attorneys have vigorously litigated this action since it was filed on August 22, 2012, including defeating the Defendant's motion to dismiss class action allegations and certifying a class similar to the proposed settlement class. The Parties have served and responded to extensive formal written discovery, taken and defended depositions, and engaged in several settlement communications among themselves.

9. I am unaware of any conflict of interest between Plaintiffs and any settlement class member or between Plaintiffs and Plaintiffs' attorneys.

10. Based on my experience and with past TCPA class action settlements and conversations with Kurtzman Carson Consultants, it is my estimate that three percent or less of the settlement class members will submit a claim to the settlement.

## SIZE OF SETTLEMENT CLASS

11. On February 29, 2016, I took the deposition of Jennifer McCabe of Cornerstone Research ("Cornerstone") pursuant to Fed. R. Civ. P. 30(b)(6).

12. Ms. McCabe testified that the estimated settlement class size at the time of the estimate was 900,000, which was determined by Cornerstone, a company hired by Defendant to review relevant data and provide an estimate on the size of the settlement class.

13. To arrive at this estimate, Ms. McCabe testified that Cornerstone sampled and analyzed six different months of available data from Defendant from the time period of on or about September of 2012 through May of 2015.

14. As the proposed class period is through the date of an order preliminarily approving of the proposed settlement, the estimated class size is not expected to exceed 1,000,000 members.

15. Ms. McCabe testified that Cornerstone is a financial and economic consulting firm that provides analysis for litigation and regulatory investigations.

16. As a result of the above process and the Parties' representations to each other, I believe that the Parties are fully apprised of the relative strengths and weaknesses of each other's claims and defenses and the potential risks to each party of pursuing further litigation in this matter.

### RISKS OF CONTINUED LITIGATION

17. Taking into account the burdens, uncertainty and risks inherent in this litigation, Plaintiffs' counsel have concluded that further prosecution of this action could be protracted, unduly burdensome, and expensive, and that it is desirable, fair, and beneficial to the class that the action now be fully and finally compromised, settled and terminated in the manner and upon the terms and conditions set forth in the Agreement. Although a class was certified prior to the filing of the Fourth Amended Complaint, on April 8, 2015 Defendant filed a motion for reconsideration of the class certification decision, which motion could have potentially resulted in decertification or certification of a similar class. There are also further risks of maintaining class certification through trial, making settlement of the TCPA claims appropriate here.

18. The named Plaintiffs believe that the claims asserted in the action have merit. However, taking into account the risks of continued litigation, as well as the delays and uncertainties inherent in such litigation including the risks in any subsequent appeal (and the decertification motion by Defendant), they believe that it is desirable that the action be fully and finally compromised,

settled and terminated now with prejudice, and forever barred pursuant to the terms and conditions set forth in the Agreement.

19. Plaintiffs' counsel have concluded that with the settlement benefits and with the deterrent effects of the this settlement, Class Counsel believe the terms and conditions of the Agreement are fair, reasonable and adequate to the proposed class, and that it is in the best interests of the proposed class to settle the Action.

20. I believe the proposed Settlement is fair, adequate and reasonable.

21. It is my understanding that Defendant does not intent to oppose the motion for preliminary approval.

### CLASS COUNSEL'S EXPERIENCE

22. Kazerouni Law Group, APC, Hyde & Swigart, and The Law Offices of Todd M. Friedman, P.C. seek appointment as Class Counsel in this action for settlement purposes. As will be reflected in both my declaration and the declaration to be submitted by Joshua B. Swigart and Todd M. Friedman, I am informed and believe that Plaintiffs' counsel are qualified and able to conduct this litigation as a class action. It is my understanding that Hyde & Swigart and the Law Offices of Todd M. Friedman, P.C. are submitting separate declarations with this unopposed submission in support of their adequacy to continue to serve as Class Counsel.

23. Since my admission to the California bar in 2007, I have been engaged exclusively in the area of consumer rights litigation, primarily in the area of fair debt collections, the defense of debt collection lawsuits, and class action litigation under the Telephone Consumer Protection Act, California's invasion of privacy statutes, under Penal Code § 630 et seq., and false advertising actions concerning consumer products.

24. My firm, Kazerouni Law Group, APC, in which I am a principal, has litigated over 1000 cases in the past eight years. My firm has six offices in

Orange County, California, Oakland, California, San Luis Obispo, California, Phoenix, Arizona, Las Vegas, Nevada, and Austin, Texas. Kazerouni Law Group, APC has extensive experience in consumer class actions and other complex litigation. My firm has a history of aggressive, successful prosecution of consumer class actions, specifically under California's invasion of privacy statutes and Telephone Consumer Protection Act.

## EXPERIENCE RELEVANT TO THE TELEPHONE CONSUMER PROTECTION ACT

25. I have filed and litigated numerous other class actions based on the Telephone Consumer Protection Act in the past four years. The following is a non-exhaustive list of other TCPA class actions which I am or have been personally involved in:

   a. *Lemieux v. EZ Lube, LLC, et al.,* 12-CV-01791-JLS-WYG (S.D. Cal.) (Served as co-lead counsel; finally approved on December 8, 2014);

   b. *Malta, et al. v. Wells Fargo Home Mortgage, et al.*, 10-CV-1290-IEG (BLM) (Served as co-lead counsel for a settlement class of borrowers in connection with residential or automotive loans and violations of the TCPA in attempts to collect on those accounts; obtained a common settlement fund in the amount of $17,100,000; final approval granted in 2013);

   c. *Conner v. JPMorgan Chase Bank, et al.*, 10-CV-1284 DMS (BGS) (S.D. Cal.) (finally approved $11,973,558);

   d. *In Re: Midland Credit Management, Inc., Telephone Consumer Protection Act Litigation*, 11-md-2286-MMA (MDD) (S.D. Cal.) (Counsel for a Plaintiff in the lead action, prior to the action being recategorized through the multi-district litigation process; preliminarily approved for $18,000,000);

e. *In Re: Portfolio Recovery Associates, LLC Telephone Consumer Protection Act Litigation*, 11-md-02295-JAH (BGS) (Counsel for a Plaintiff in the lead action, prior to the action being recategorized through the multi-district litigation process);

f. *Arthur v. SLM Corporation*, 10-CV-00198 JLR (W.D. Wash.) (Nationwide settlement achieving the then-largest monetary settlement in the history of the TCPA concerning calls to cellular telephone at the time: $24.15 million; final approval granted in 2012);

g. *Lo v. Oxnard European Motors, LLC, et al.*, 11-CV-1009-JLS-MDD (S.D. Cal.) (Achieving one of the highest class member payouts in a TCPA action of $1,331.25 per claimant; final approval granted in 2012);

h. *Sarabri v. Weltman, Weinberg & Reis Co., L.P.A.*, 10-01777-AJB-NLS (S.D. Cal.) (Approved as co-lead counsel and worked to obtain a national TCPA class settlement where claiming class members each received payment in the amount of $70.00 per claimant; final approval granted in 2013);

i. *Barani v. Wells Fargo Bank, N.A.*, 12-CV-02999-GPC (KSC) (S.D. Cal.) (Co-lead class counsel in a settlement under the TCPA for the sending of unauthorized text messages to non-account holders in connection to wire transfers; finally approved on March 6, 2015 for $1,000,000);

j. *Mills v. HSBC Bank Nevada, N.A.*, Case No. 12-CV-04010-SI (N.D. Cal.) (Finally approved for $39,975,000);

k. *Martin v. Wells Fargo Bank, N.A.*, 12-CV-06030-SI (N.D. Cal.);

l. *Heinrichs v. Wells Fargo Bank, N.A.*, 13-CV-05434-WHA (N.D. Cal.);

m. *Newman v. ER Solutions, Inc.*, 11-CV-0592H (BGS);

n. *In Re Jiffy Lube International, Inc.*, MDL No. 2261 (Finally approved for $47,000,000.00);

o. *Jaber v. NASCAR*, 11-CV-1783 DMS (WVG) (S.D. Cal.);

p. *Ridley v. Union Bank, N.A.*, 11-CV-1773 DMS (NLS) (S.D. Cal.);

q. *Ryabyshchuk v. Citibank (South Dakota) N.A., et al*, 11-CV-1236-IEG (WVG);

r. *Sherman v. Kaiser Foundation Health Plan, Inc.*, 13-CV-0981-JAH (JMA) (S.D. Cal.) (Settled for $5,350,000 and finally approved on May 12, 2015; served as co-lead counsel);

s. *Rivera v. Nuvell Credit Company LLC*, 13-CV-00164-TJH-OP (E.D. Cal.);

t. *Karayan v. Gamestop Corp.*, 3:12-CV-01555-P (N.D. Texas);

u. *Foote v. Credit One Bank, N.A. et al.*, 13-cv-00512-MWF-PLA (C.D. Cal.);

v. *Barrett v. Wesley Financial Group, LLC*, 13-cv-00554-LAB-KSC (S.D. Cal.) (Class certification granted; permanent injunctive relief ordered);

w. *Stemple v. QC Holdings, Inc.*, 3:12-cv-01997-BAS-WVG (S.D. Cal.) (class certification granted and appointed as co-lead counsel);

x. *Webb v. Healthcare Revenue Recovery Group*, 13-cv-00737–RS (N.D. Cal.);

y. *Gehrich v. Chase Bank USA, N.A.,* 1:12-CV-5510 (N.D. IL) (finally approved for $34,000,000);

z. *Couser v. Comenity Bank*, 12-cv-02484-MMA-BGS (S.D. Cal. Oc. 2, 2014) (Finally approved for $8,475,000 on May 27, 2015 as served as co-lead counsel);

aa. *Couser v. Apria Healthcare, Inc. et al.*, 13-cv-00035-JVS-RNB (C.D. Cal. Oct. 27, 2014) (Finally approved on March 9, 2015 and served as co-lead counsel); and,

bb. *Rose v. Bank of America Corporation et al.,* 12-cv-04009-EJD (N.D. Cal.) (Finally approved for $32,000,000 in 2014).

26. Many of the cases listed above, which have settled, have resulted in the creation of combined common funds and/or distribution to class member in the tens of millions of dollars. The outstanding results mentioned above are a direct result of the diligence and tenacity shown by both myself and Kazerouni Law Group, APC, in successfully prosecuting complex class actions.

27. I argued before the Ninth Circuit Court of Appeals concerning the TCPA case of *Knutson v. Sirius XM Radio*, No. 12-56120 (9th Cir. 2014) as co-lead counsel, which resulted in an order in favor of my client.

### KAZEROUNI LAW GROUP, APC'S OTHER CONSUMER RELATED EXPERIENCE AND RESULTS

28. Kazerouni Law Group, APC has extensive experience in other consumer related issues, including the Telephone Consumer Protection Act, the Fair Debt Collection Practices Act and other related consumer statutes. A brief summary of a non-inclusive list of notable published decisions are as follows:

   a. *Knell, et al. v. FIA Card Services, N.A.*, 13-CV-01653-AJB-WVG (S.D. Cal.) (California class action settlement under Penal Code 632 et seq., for claims of invasion of privacy. Settlement resulted in a common fund in the amount of $2,750,000; finally approved in August 15, 2014);

   b. *Hoffman v. Bank of America Corporation*, 12-CV-00539-JAH-DHB (S.D. Cal.) (California class action settlement under Penal Code 632 et seq., for claims of invasion of privacy. Settlement resulted in a common fund in the amount of $2,600,000; finally approved on November 6, 2014 and served as co-lead counsel);

   c. *Sherman v. Yahoo!, Inc.*, 2014 U.S. Dist. LEXIS 13286; 13-CV-0041-GPC-WVG (S.D. Cal.) (TCPA class action where Defendant's motion

for summary judgment was denied holding that a single call or text message with the use of an ATDS may be actionable under the TCPA);

d. *Olney v. Progressive Casualty Insurance Company*, 13-CV-2058-GPC-NLS, 2014 U.S. Dist. LEXIS 9146 (S.D. Cal.) (Defendant's motion to dismiss or in the alternative to strike the class allegations was denied finding that debt collection calls were not exempt from coverage under the TCPA);

e. *Iniguez v. The CBE Group, Inc.*, 2013 U.S. Dist. LEXIS 127066 (E.D. Cal.); 13-CV-00843-JAM-AC (The court denied Defendant's motion to dismiss and to strike class allegations holding that the TCPA applies to any call made to a cellular telephone with an ATDS); and,

f. *Macias v. Water & Power Community Credit Union*, BC515936 (Los Angeles Superior Court) (Class certification granted under the Rosenthal Fair Debt Collection Practices Act; class action settlement preliminarily approved on November 10, 2015).

### ADDITIONAL RELEVANT TRAINING, SPEAKING/TEACHING ENGAGEMENTS AND ASSOCIATIONS

29. I have undergone extensive training in the area of consumer law and the Telephone Consumer Protection Act. The following is a list of recent training conferences I attended:

a. Four-day National Consumer Law Center Conference; Nashville, TN – 2008;

b. Three-day National Consumer Law Center Conference; Portland, OR - 2008;

c. Three-day National Consumer Law Center Conference; San Diego, CA - 2009;

d. Three-day National Consumer Law Center Conference; Seattle, WA - 2011;

   e. Three-day CAALA Conference; Las Vegas, NV – 2009;
   f. Three-day CAALA Conference; Las Vegas, NV – 2013;
   g. Three-day CAALA Conference; Las Vegas, NV – 2015;
   h. Three-day COAC Conference – 2014 and 2015
   i. Speaker ABA National Conference, Business Litigation Section; Trends in Consumer Litigation; San Francisco, CA – 2013; and
   j. Speaker at the ABA TCPA National Webinar (Consumer Protection, Privacy & Information Security, Private Advertising Litigation, and Media & Technology Committees) – September 2013.
   k. Spoke at the 2014 ACA Conference in November 2014.

30. As one of the main plaintiff litigators of consumer rights cases in the Central District of California, I have been requested to and have made regular presentations to community organizations regarding debt collection laws and consumer rights, including the Telephone Consumer Protection Act ("TCPA"). These organizations include Whittier Law School, Iranian American Bar Association, Trinity School of Law and Chapman Law School, University of California, Irvine, and California Western School of Law.

31. I was the principle anchor on Time Television Broadcasting every Thursday night as an expert on consumer law generally, and the TCPA specifically, between 2012 and 2013.

32. I am an adjunct professor at California Western School of Law where I teach a three credit course in consumer law.

33. I was a panelist in a webinar, ABA Telephonic Brown Bag re: TCPA, on August 25, 2015.

34. I lectured in Class Action Trends at the CAOC 2015 Conference in San Francisco.

35. I lectured on the TCPA before the ABA Business Law Section, Consumer

Financial Services Committee in January 2016 at an event in Utah entitled, "Impact of the FCC's 2015 Rulings on TCPA Litigation."

36. I have also been named Rising Star by San Diego Daily Tribune in 2012, and Rising Star in Super Lawyers Magazine in 2013, 2014, 2015 and 2016.

37. I am a member in good standing of the following local and national associations:

    a. Consumer Attorneys Association of Los Angeles;
    b. The Orange County Bar Association;
    c. Twice served as former President of the Orange County Chapter of the Iranian American Bar Association;
    d. Member in good standing of National Association of Consumer Advocates;
    e. Member of Consumer Attorneys of California;
    f. Member of the Federal Bar Association; and
    g. Member of the Leading Forum of the American Association of Justice.

38. I have been appointed class counsel in several class actions brought under the Telephone Consumer Protection Act of 1991, 47 U.S.C. § 227 (TCPA). My practice involves significant TCPA litigation and I am or have been counsel in significant national TCPA class actions including, but not limited to, class actions against Bank of America, Chase, Wells Fargo and Comenity Bank, to mention a few.

39. In addition to my class action experience, I have experience in commercial litigation and large-scale products liability litigation including a $2.5 million dollar settlement in *Mei Lu Hwei, et al v. American Honda Motor Co., Inc.*, et al. (Case No. BC401211 in Superior Court of California for County of Los Angeles). I have regularly litigated cases in state and federal courts, and

have reached numerous confidential seven-figure settlements against internationally known companies.

## EXHIBITS

40. Attached as **Exhibit A** is a true and correct copy of the executed settlement agreement in this action, with its accompanying exhibits.

41. Attached as **Exhibit B** is a true and correct copy of a TCPA settlement matrix prepared by Plaintiffs' counsel.

42. Attached as **Exhibit C** is a true and correct copy of the class certification decision in *Barrett v. Wesley Financial Group, LLC et al.*, 13-cv-00554-LAB-KSC, Dkt. No. 66 (S.D. Cal. Mar. 30, 2015).

43. Attached as **Exhibit D** is a true and correct copy of the final approval order in *Hoffman v. Bank of America, N.A.*, 12-cv-00539-JAH-DHB (S.D. Cal. Nov. 6, 2014).

I declare under penalty of perjury under the laws of California and the United States of America that the foregoing is true and correct, and that this declaration was executed on March 1, 2016.

By: /s/ Abbas Kazerounian
Abbas Kazerounian