# EXHIBIT A

**Exhibit A**

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release (the "Agreement") is made by and among Muhammed Abdeljalil, Richard Springer, Joseph A. Hofer and Bradley Moore (collectively, "Plaintiffs"), on behalf of themselves and the Settlement Class (as defined below), on the one hand, and Synchrony Bank, formerly known as GE Capital Retail Bank ("Synchrony"), on the other hand. Plaintiffs, Class Counsel (as defined below) and Synchrony hereby stipulate and agree that, in consideration of the promises and covenants set forth in this Agreement and upon entry by the Court (as defined below) of a Final Approval Order (as defined below), all claims of Plaintiffs and the Settlement Class Members (as defined below) in the action entitled Abdeljalil, et al. v. GE Capital Retail Bank, U.S.D.C. Southern District of California, Case No. 12-02078 (the "Abdeljalil Action"), shall be settled, compromised and released upon the terms and conditions contained herein.

**I.    RECITALS**

This Agreement is made with reference to and in contemplation of the following facts and circumstances:

A.    The Abdeljalil Action and the action entitled Hofer v. Synchrony Bank, U.S.D.C. Eastern District of Missouri, Case 14-01865 (the "Hofer Action" and, collectively, the "Actions") allege that Synchrony violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA"), by placing calls to cellular telephones through the use of an automatic telephone dialing system or an artificial or prerecorded voice without the prior express consent of Plaintiffs and the putative class members.

B.    Synchrony vigorously denies all claims asserted in the Actions and denies all allegations of wrongdoing and liability. Synchrony desires to settle the Actions on the terms set forth herein solely for the purpose of avoiding the burden, expense, risk and uncertainty of continuing these proceedings.

1

**Exhibit A**

C.      This Agreement results from and is the product of extensive, good faith and arm's length negotiations.  The Parties (as defined below) participated in three private mediations before the Honorable Leo Papas (Ret.) on September 9, 2015, October 7, 2015 and January 27, 2016, as well as follow-up meetings and negotiations.

D.      The Parties enter into this Agreement, subject to preliminary approval and final approval by the Court as required by Rule 23 of the Federal Rules of Civil Procedure, to fully, finally and forever resolve, discharge and release all rights and claims of Plaintiffs and the Settlement Class Members in exchange for Synchrony's agreement to pay the total amount of $7,000,000.00, inclusive of Settlement Costs and Settlement Awards as set forth below.

E.      The Parties understand, acknowledge and agree that the execution of this Agreement constitutes the settlement and compromise of disputed claims.  This Agreement is inadmissible as evidence except to enforce the terms of the Settlement and is not an admission of wrongdoing or liability on the part of any Party to this Agreement.  It is the Parties' desire and intention to effect a full, complete and final settlement and resolution of all existing disputes and claims as set forth herein.

**NOW, THEREFORE,** in light of the foregoing, for good and valuable consideration, the receipt of which is hereby mutually acknowledged, Plaintiffs, on behalf of themselves and the Settlement Class, and Synchrony agree to the Settlement, subject to approval by the Court, as follows:

## II.    **DEFINITIONS**

A.      In addition to the terms defined elsewhere within this Agreement, the following defined terms apply throughout this Agreement and the attached exhibits:

1.      "CAFA Notice" refers to the notice requirements imposed by 28 U.S.C. § 1715(b).

2.      "Claim Form" or "Claim" means the claim form to be submitted by Settlement Class Members in order to receive a Settlement Award pursuant to Section III.G of

2

LA 51967816

**Exhibit A**

this Agreement, subject to approval by the Court, substantially in the form attached hereto as Exhibit 1.

        3.    "Claim Period" means the period of time in which a Settlement Class Member must submit a Claim Form to be eligible to receive a Settlement Award as part of the Settlement. As set forth in III.B.1, the last day of the Claim Period will be 90 days following the Notice Deadline.

        4.    "Claims Administrator" means the Claims Administrator selected by the Parties and subject to approval by the Court. The Claims Administrator shall be responsible for providing the Class Notice as well as services related to administration of the Settlement.

        5.    "Class Counsel" means Kazerouni Law Group, APC, Hyde & Swigart, and Law Offices of Todd M. Friedman, P.C.

        6.    "Class Notice" means any type of notice that may be utilized to notify persons in the Settlement Class of the Settlement, including one or more of the following methods: E-mail Notice, Mail Notice, Publication/Media Notice, Website Notice and any different or additional notice that might be ordered by the Court. A description of the contemplated Class Notice is provided in Section III.F of this Agreement.

        7.    "Class Period" means the period from August 22, 2008 through the date of entry of the Preliminary Approval Order (as defined below).

        8.    "Court" means the United States District Court for the Southern District of California.

        9.    "*Cy Pres* Distribution" means monies that may be distributed in connection with the Settlement pursuant to Section III.H.3 of this Agreement. *Cy Pres* will only be distributed for uncashed or undeposited checks and only then if a redistribution to those eligible Settlement Class Members is not feasible pursuant to Section III.H.2 of this Agreement.

        10.    "Effective Date" means the fifth business day after the last of the following dates:

3

**Exhibit A**

        a.      All Parties, Synchrony's Counsel and Class Counsel have executed this Agreement;

        b.      The Court has entered, without material change, the Final Approval Order; and

        c.      The final disposition of any related appeals, and in the case of no appeal or review being filed, expiration of the applicable appellate period.

11.    "E-mail Notice" means the notice that will be provided pursuant to Section III.F.1 of this Agreement, subject to approval by the Court, substantially in the form attached hereto as <u>Exhibit 2</u>.

12.    "Final Approval Hearing" means the hearing during which the Court considers the Parties' request to enter the Final Approval Order granting final approval of the Settlement and to determine the amount of fees, costs and expenses awarded to Class Counsel and the amount of the service awards to Plaintiffs.

13.    "Final Approval Order" means the order and judgment that the Court enters upon finally approving the Settlement, the proposed form of which is attached hereto as <u>Exhibit 7</u>. "Final Approval" occurs on the date that the Court enters, without material change, the Final Approval Order.

14.    "Mail Notice" means the postcard notice that will be provided pursuant to Section III.F.1 of this Agreement, subject to approval by the Court, substantially in the form attached hereto as <u>Exhibit 3</u>.

15.    "Notice Deadline" shall have the meaning set forth in Section III.C.1 of this Agreement.

16.    "Opt-Out and Objection Deadline" shall have the meaning set forth in Section III.C.1 of this Agreement.

17.    "Parties" means Plaintiffs and Synchrony.

4

**Exhibit A**

18.    "Preliminary Approval Order" means the order that the Court enters upon preliminarily approving the Settlement, the proposed form of which is attached hereto as Exhibit 6. "Preliminary Approval" occurs on the date that the Court enters, without material change, the Preliminary Approval Order.

19.    "Publication/Media Notice" means the notice of settlement that will be provided pursuant to Section III.F.2 of this Agreement, subject to approval by the Court, substantially in the form attached hereto as Exhibit 4.

20.    "Released Claims" means all claims to be released as set forth in Section III.I of this Agreement. The "Releases" means all of the releases contained in Section III.I of this Agreement.

21.    "Released Parties" means those persons and entities released as set forth in Section III.I of this Agreement.

22.    "Releasing Parties" means Plaintiffs and each and all Settlement Class Members, on behalf of themselves and their respective spouses, heirs, executors, administrators, representatives, agents, attorneys, partners, successors, predecessors-in-interest, assigns, any other person or entity claiming through them and, if relevant, any co-signer, co-buyer or co-borrower or guarantors, as set forth in Section III.I of this Agreement.

23.    "Settlement" means the settlement which the Parties have entered to resolve the Actions. The terms of the Settlement are set forth in this Agreement and the attached exhibits, which are incorporated by reference herein.

24.    "Settlement Award" means a cash payment that may be available to eligible Settlement Class Members pursuant to Section III.G of this Agreement.

25.    "Settlement Class" means: "All persons nationwide whose cellular telephone number, at any time on or after August 22, 2008 through the date of entry of the Preliminary Approval Order, Synchrony (or any of its agents or entities) called using an artificial or prerecorded voice and/or using any automatic telephone dialing system and where the person

5

**Exhibit A**

called was called regarding an account that did not belong to him or her and did not provide the number to Synchrony or is not a person who had consented to receiving calls at that cellular telephone number." Excluded from the Settlement Class are the Judge to whom the Actions are assigned and any member of the Judge's staff and immediate family, as well as all persons who are validly excluded from the Settlement Class.

26.     "Settlement Class Member" means any person in the Settlement Class who is not validly excluded from the Settlement Class.

27.     "Settlement Costs" means: (i) any award of attorneys' fees and costs to Class Counsel approved by the Court; (ii) any service award to Plaintiffs approved by the Court; (iii) all costs of printing and providing notice to persons in the Settlement Class (including, but not limited to, costs for E-mail Notice, Mail Notice, Publication Notice, and Website Notice and any different or additional notice that might be ordered by the Court); (iv) all costs of administering the Settlement, including, but not limited to, the cost of printing and mailing Settlement Awards and other payments, Claim Forms, the cost of maintaining a designated post office box and/or operating the Settlement Website for receiving Claim Forms; and (v) the fees, expenses and all other costs of the Claims Administrator.

28.     "Settlement Fund" means the amount of $7,000,000.00 to be paid by Synchrony as set forth in this Agreement.

29.     "Settlement Website" means the website established by the Claims Administrator to aid in the administration of the Settlement.

30.     "Synchrony's Counsel" means Stroock & Stroock & Lavan LLP.

31.     "Website Notice" means the website notice provided pursuant to Section III.F.3 of this Agreement, substantially in the form attached hereto as Exhibit 5. The Website Notice will be posted on the "Settlement Website."

B.     Capitalized terms used in this Agreement but not defined above shall have the meaning ascribed to them in this Agreement, including the attached exhibits.

6

**Exhibit A**

III.   **TERMS OF SETTLEMENT**

A.   Dismissal of the Hofer Action and Addition of Joseph A. Hofer and Bradley Moore as Named Plaintiffs in the Abdeljalil Action.   Prior to seeking Preliminary Approval of the Settlement, Plaintiffs shall file in the Abdeljalil Action a Fourth Amended Complaint incorporating all claims alleged or which could have been alleged in the Actions and adding Joseph A. Hofer and Bradley Moore as named plaintiffs.   Plaintiff Joseph A. Hofer also shall dismiss the Hofer Action without prejudice prior to seeking Preliminary Approval of the Settlement.   Synchrony shall not be required to respond to the Fourth Amended Complaint and, pursuant to this Agreement, all material allegations thereof shall be deemed to have been denied by Synchrony.

B.   Conditional Certification of the Settlement Class.   Solely for the purposes of providing Class Notice and implementing the terms of this Agreement, the Parties agree to certification of the Settlement Class.   If for any reason whatsoever this Settlement is not finalized or the Settlement as detailed in this Agreement is not finally approved by the Court, the certification of the Settlement Class shall be void and the Parties and the Actions will return to the status quo as it existed prior to this Agreement, and no doctrine of waiver, estoppel or preclusion will be asserted in any proceedings, in response to any motion seeking class certification, any motion seeking to compel arbitration or otherwise asserted at any other stage of the Actions or in any other proceeding.   No agreements, documents or statements made by or entered into by any Party in connection with the Settlement may be used by Plaintiffs, any person in the proposed Settlement Class, Synchrony or any other person to establish liability, any defense and/or any of the elements of class certification, whether in the Actions or in any other proceeding.

C.   Preliminary Approval.

1.   Preliminary Approval Motion.   On or before March 1, 2016, or by such other date as agreed upon by the Parties and approved by the Court, Plaintiffs will move the

7

**Exhibit A**

Court for entry of the Preliminary Approval Order, which shall specifically include provisions that: (a) preliminarily approve the Settlement reflected herein as fair, adequate and reasonable to the Settlement Class, and within the reasonable range of possible final approval; (b) conditionally certify the Settlement Class for settlement purposes only and appoint Class Counsel as counsel for the Settlement Class for settlement purposes only; (c) approve the forms of Class Notice and find that the Notice Program constitutes the best notice practicable under the circumstances, provides due and sufficient notice to the Settlement Class and fully satisfies the requirements of due process and Federal Rule of Civil Procedure 23; (d) direct that notice be provided to the Settlement Class, in accordance with this Agreement, within sixty (60) days following entry of the Preliminary Approval Order (the "Notice Deadline"); (e) establish a procedure for Settlement Class Members to object to the Settlement or exclude themselves from the Settlement Class; (f) set a deadline sixty (60) days after the Notice Deadline, after which no one shall be allowed to object to the Settlement or exclude himself or herself from the Settlement Class or seek to intervene (the "Opt-Out and Objection Deadline"); (g) approve the Claim Form and the claims process described herein; (h) set the Claim Period for the submission of Claims to end ninety (90) days after the Notice Deadline; (i) pending determination of whether the Settlement should be finally approved, bar and enjoin all persons in the Settlement Class, directly, on a representative basis or in any other capacity, from commencing or prosecuting against any of the Released Parties any action, arbitration, or proceeding in any court, arbitration forum or tribunal asserting any of the Released Claims unless they timely Opt-Out; (j) pending final determination of whether the Settlement should be approved, stay all proceedings except those related to effectuating the Settlement; and (k) schedule a hearing to consider Final Approval of the Settlement, which shall be scheduled no earlier than thirty (30) days after the Opt-Out and Objection Deadline.

      2.    <u>Stay/Bar of Proceedings</u>.  All proceedings in the <u>Abdeljalil</u> Action will be stayed following entry of the Preliminary Approval Order, except as may be necessary to

**Exhibit A**

implement the Settlement or comply with the terms of the Settlement. Pending final determination of whether the Settlement should be approved, Plaintiffs, all Settlement Class Members and any person or entity allegedly acting on behalf of Settlement Class Members, either directly, representatively or in any other capacity, will be preliminarily enjoined from: (1) commencing or prosecuting against the Released Parties any action or proceeding in any court or tribunal asserting any of the Released Claims; and (2) organizing any Settlement Class Members into a separate class, or soliciting the participation of other Settlement Class Members, for purposes of pursuing as a purported class action any lawsuit in any jurisdiction (including by seeking to amend a pending complaint to include class allegations, or seeking class certification in a pending action) based on or relating to the claims and causes of action, or the facts and circumstances relating thereto, in the Actions and/or the Released Claims. The Settlement will be conditioned upon the entry of such an injunction in the Final Approval Order.

       D.      Settlement Consideration.

       1.     The Settlement Fund.   Within fifteen (15) business days following Preliminary Approval, as full and complete consideration for the Settlement, Synchrony shall fund the Fund. The Claims Administrator shall maintain the Fund in a segregated account at a financial institution with more than $10 billion in assets in an account or accounts insured by an agency or agencies of the United States government, with insurance that exceeds the amounts deposited. The Fund shall be used to pay all of the following: (a) Settlement Costs; (b) all Settlement Awards to claiming Settlement Class Members; and (c) any *Cy Pres* distribution pursuant to Section H.3. The Fund, including any interest, shall be reduced by the Settlement Costs prior to paying any Settlement Awards to Settlement Class Members. Synchrony shall not, under any circumstances, be obligated to pay any amounts in addition to the Fund in connection with the Settlement.

       2.     Termination.   In the event that the Settlement is not approved, or is terminated, canceled or fails to become effective for any reason including, but not limited to,

9

**Exhibit A**

Section L.3 below, the money remaining in the Settlement Fund (including accrued interest), less expenses and taxes incurred or due and owing and payable from the Settlement Fund in accordance with this Agreement, shall be returned to Synchrony within 15 days of the event that causes the Agreement to not become effective.

     E.    <u>Claims Administrator</u>.  The Claims Administrator shall administer various aspects of the Settlement as described herein, and perform other functions assigned to the Claims Administrator elsewhere in this Agreement, including, but not limited to:  effectuating the Notice Program pursuant to Section F; calculating the amount of the Settlement Awards and distributing the Fund pursuant to Section III.H; and, in the event of termination of the Settlement pursuant to Section D.2, returning the Fund, along with any accrued interest or earnings, to Synchrony pursuant to the same Section.  The duties of the Claims Administrator, in addition to other responsibilities that are described in this Agreement, are as follows:

     1.    Obtain from Synchrony, on a confidential basis, the list of phone numbers identified by Synchrony's sampling as belonging to possible members of the Settlement Class, and perform reverse lookups in an effort to identify persons in the Settlement Class and to determine their most recent e-mail addresses and/or direct mailing addresses, and update the addresses received through the National Change of Address database for the purpose of providing the Notice and later mailing Settlement Awards;

     2.    Provide the Notice, as described herein and approved by the Court;

     3.    Establish and maintain a Post Office box for requests for exclusion from the Settlement Class;

     4.    Establish and maintain the Settlement Website;

     5.    Establish and maintain an automated toll-free telephone line (which shall not have live operators) for persons in the Settlement Class to call with, and/or to leave questions or messages regarding, Settlement-related inquiries, and to answer the questions of persons who

**Exhibit A**

call with or otherwise communicate such inquiries (except that the Claims Administrator shall not give, and shall not be expected to give, legal advice);

6. Process all claims and requests for exclusion from persons in the Settlement Class;

7. Provide weekly reports and a final report to Class Counsel and Synchrony's Counsel that summarize the number of requests for exclusion received that period, the total number of exclusion requests received to date and other pertinent information, including claims information;

8. In advance of the Final Approval Hearing, prepare an affidavit to submit to the Court that verifies that the Notice Program directed by the Court has been effectuated, confirms the number of Valid Claims, and identifies each person in the Settlement Class who timely and properly requested exclusion from the Settlement Class; and

9. Facilitate and process the payment from the Fund of the following: (a) all Settlement Costs (including any award of attorneys' fees and costs to Class Counsel approved by the Court, and any service awards to Plaintiffs approved by the Court); (b) all Settlement Awards to claiming Settlement Class Members; and (c) any *Cy Pres* Distribution.

F. <u>Settlement Class Notice Program</u>. The Notice Program will be comprised of Direct Notice, Publication/Media Notice and a Website Notice on the Settlement Website, as described below. The Notices provided under or as part of the Notice Program will not bear or include the Synchrony logo or trademarks (except for the abbreviation "Synchrony"), the return address of Synchrony, the Synchrony colors or otherwise be styled so as to appear to originate from Synchrony. The Claims Administrator shall, by the Notice Deadline, provide:

1. <u>E-mail or Mail Notice</u>. Within fifteen (15) days following Preliminary Approval, Synchrony will provide to the Claims Administrator a list of cellular telephone numbers identified by Synchrony from its reasonably available computerized records as belonging to possible members from the Settlement Class. The Claims Administrator will

11

**Exhibit A**

perform reverse look ups in an effort to identify persons in the Settlement Class and to determine their most recent email and/or mailing address information. The Claims Administrator shall rely on e-mail ("E-Mail Notice") to notify persons in the Settlement Class; direct mail ("Mail Notice") may be used to provide notice if the Claims Administrator cannot locate an e-mail address through the reverse lookup process, but is able to locate a mailing address, or if the Claims Administrator learns that an e-mail was undeliverable. To the extent necessary, the Claims Administrator will perform a search using the National Change of Address database and update its records prior to mailing. The E-Mail Notice and Mail Notice shall be in the form attached hereto as Exhibits 2 and 3, respectively. The E-Mail Notice shall have a "return receipt" or other such function that permits the Claims Administrator to reasonably determine whether emails have been delivered and/or opened. The E-Mail Notice also shall have a hyperlink that Class Member recipients may click and be taken to a landing page on the Settlement Website.

2. <u>Publication/Media Notice</u>. The Claims Administrator will design and conduct a nationwide publication and Internet-based notice program which the Parties believe will fully satisfy the requirements of due process with respect to the members of the Settlement Class not identified as part of Synchrony's sampling and for which identifying information is not reasonably available from Synchrony's records. The nationwide Publication/Media Notice program is subject to approval by the Parties and will be submitted to the Court in connection with Preliminary Approval. The Publication/Media Notice shall be in substantially the form attached hereto as Exhibit 4.

3. <u>Website Notice</u>. The Claims Administrator will establish and maintain the Settlement Website dedicated to the Settlement, using a domain name selected by Synchrony and subject to approval by Class Counsel. If the selected URL for the Settlement Website is not available or is rejected by the Court, a new URL will be selected and agreed upon by the Parties, and presented to the Court for approval. The Website Notice in the form attached hereto as

12

**Exhibit A**

Exhibit 5, the Claim Form, a copy of this Agreement, the Preliminary Approval Order and the operative Complaint, in addition to other relevant case documents, will be available on the Settlement Website beginning five (5) days following the entry of the Preliminary Approval Order and remain until the Effective Date. The Settlement Website also shall provide for online submission of Claim Forms and provide for persons in the Settlement Class to update their contact information. The Parties agree that the selected domain name shall not include the names "Synchrony Bank" or "GE Capital Retail Bank" and shall not include the words "Synchrony," "GE Capital" or "GECRB." In addition, the domain name shall not bear or include Synchrony's or any of its parents', affiliates' or subsidiaries' logo or trademarks. The Parties agree that the Settlement Website shall not link to, or appear on, the website(s) of Synchrony and/or its parents, affiliates or subsidiaries. Ownership of the Settlement Website URL shall be transferred to Synchrony within ten (10) days of the date on which operation of the Settlement Website ceases.

4.    <u>CAFA Notice</u>. Synchrony shall be responsible for timely compliance with all CAFA notice requirements.

G.    <u>Settlement Awards</u>.

1.    <u>Awards</u>. Each Settlement Class Member will be entitled to make one claim upon the Settlement Fund for a settlement award per cellular telephone number called, regardless of the number of calls the Settlement Class Member received, which will be payable as a cash award, as described below. Each Settlement Class Member who submits a valid claim (subject to Section G.2. below) will be paid a Settlement Award, which shall be calculated by dividing the amount remaining in the Fund (after deducting all Settlement Costs) by the total number of valid claims (subject to Section G.2. below).

2.    <u>Claims-Made Basis</u>. Settlement Awards shall be made to eligible Settlement Class Members on a claims-made basis. To make a claim for a Settlement Award, Settlement Class Members must submit a valid and timely Claim Form, which shall

13

**Exhibit A**

include: (a) the Settlement Class Member's full name and address; (b) the cell phone number at which Synchrony (or any of its agents or entities) allegedly contacted the Settlement Class Member; (c) certification that the Settlement Class Member was called regarding an account that did not belong to him or her, and, on or after August 22, 2008 through the date of entry of the Preliminary Approval Order, and the Settlement Class Member did not provide the number to Synchrony or is not a person who had consented to receiving calls at that cellular telephone number; (d) for mailed Claim Forms, the Settlement Class Member's signature; and (e) for Claim Forms submitted via the Settlement Website, the Settlement Class Member's electronic signature. The Claim Forms may be submitted to the Claims Administrator by mail or via the Settlement Website. Only one valid Claim Form will be honored per Settlement Class Member per cellular telephone number called, regardless of the number of calls the Settlement Class Member received. Synchrony shall have the right to review and research the submitted Claim Forms and to suggest denial of claims if Synchrony has a good faith belief that such claims are improper or fraudulent. Any suggestion of denial of claims shall be provided to Plaintiffs' counsel in writing. The Claims Administrator shall make the final determination as to whether a Claim Form is valid.

3.     Potential Pro Rata Reduction. If the Claims Administrator determines that the total awards for all valid and timely claims would exceed the amount remaining in the Settlement Fund after all Settlement Costs are paid, all awards will be reduced pro rata, based on the number of valid and timely claims.

4.     Obligations of Settlement Class Members Unaffected By Settlement. The Settlement shall not affect or affirm debts owed by Settlement Class Members to Synchrony. All Settlement Class Members will remain fully obligated on any and all such debts. Any payments issued pursuant to this Settlement will not re-start the statute(s) of limitations applicable to the collection of any debts.

14

**Exhibit A**

H.    Distribution of Settlement Awards.

1.    Settlement Award Payments.  Settlement Awards shall be paid by check. The Claims Administrator shall mail, by first-class mail, a check to each eligible, claiming Settlement Class Member receiving a check in payment of a Settlement Award within 30 days after the Effective Date.  The Claims Administrator will perform skip tracing and re-mailing, as necessary; all costs of such work will be considered Settlement Costs.  Checks will be valid for 180 days from the date on the check.

2.    Remaining Funds and Redistribution.  The amounts of any checks that remain uncashed more than 180 days after the date on the check will be redistributed on a pro rata basis to the eligible Settlement Class Members who cashed their first check, if, after administration, the redistribution is economically feasible, as reasonably determined by Class Counsel (the "Redistribution").  The Claims Administrator shall continue to make subsequent Redistributions to the extent any settlement checks remain uncashed 180 days after the date on the check mailed in connection with the Redistribution, until the Redistribution is no longer economically feasible.  Once Redistribution is no longer economically feasible, the remaining amounts shall be distributed as part of the *Cy Pres* Distribution.  No money remaining in the Settlement Fund shall revert to or otherwise be paid to Synchrony.

3.    *Cy Pres* Distribution.  If there is any money remaining in the Settlement Fund after payment of the Settlement Costs, including awards to Settlement Class Members and any Redistributions, such monies will be distributed to one or more non-profit charitable organizations (the "*Cy Pres* Distribution").  The *Cy Pres* Distribution shall be made 240 days after completion of the distribution of Settlement Award payments or, if necessary, after all Redistributions have been exhausted, whichever is later.  Plaintiffs and Synchrony shall agree to up to four proposed recipients of the *Cy Pres* Distribution and the Parties shall submit a filing to the Court identifying such proposed recipients.  The *Cy Pres* Distribution shall be made equally among the recipients designated by the Parties, subject to approval by the Court.  If, for any

15

**Exhibit A**

reason, the Parties and/or the Court determine that one or more proposed recipients are not or are no longer appropriate recipients, the Parties shall agree on replacement recipient(s) of such monies, subject to approval by the Court.

    I.    <u>Releases</u>. As of the Effective Date, Plaintiffs and the Settlement Class Members provide the following releases:

> Upon entry of the Final Approval Order, the Releasing Parties will be deemed to have fully released and forever discharged Synchrony Bank and GE Capital Retail Bank and each and all of their present, former and future direct and indirect parent companies, affiliates, subsidiaries, agents, successors, vendors, and/or predecessors in interest and all of the respective officers, directors, employees, attorneys, shareholders, agents, and assigns of the aforementioned (together, the "Released Parties") from any and all rights, duties, obligations, claims, actions, causes of action or liabilities, with respect to any form of relief, including, without limitation, damages, restitution, disgorgement, penalties and injunctive or declaratory relief, whether known or unknown, suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated, punitive or compensatory, as of the date of the Final Approval Order, that arise out of or are related in any way to the actual or alleged use by Synchrony (or any of its agents or affiliates) of an automatic telephone dialing system and/or an artificial or prerecorded voice (to the fullest extent that those terms are used, defined or interpreted by the Telephone Consumer Protection Act, 47 U.S.C. § 227, <u>et seq.</u>, relevant regulatory or administrative

16

**Exhibit A**

promulgations and case law) to make collection calls to a cellular telephone number, by or on behalf of the Released Parties, including, but not limited to, claims under or for violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq., and the regulations promulgated thereunder and relevant case law, and all claims for violation of any other state or federal statutory or common law that regulates, governs, prohibits or restricts the making, placing or initiating of calls using an automatic telephone dialing system and/or an artificial or prerecorded voice (the "Released Claims").

Without limiting the foregoing, the Released Claims specifically extend to claims that the Releasing Parties do not know or suspect to exist in their favor at the time that the Settlement and the releases contained therein become effective. This Paragraph constitutes a waiver of, without limitation as to any other applicable law, Section 1542 of the California Civil Code, which provides:

A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

Plaintiffs and the Settlement Class Members understand and acknowledge the significance of these waivers of California Civil Code Section 1542 and any other applicable federal or state statute, case law, rule or regulation relating to limitations on releases. In connection with such waivers and relinquishment, Plaintiffs and the Settlement Class Members acknowledge that they are aware that they may hereafter learn facts in addition to, or different

17

**Exhibit A**

from, those facts that they now know or believe to be true with respect to the subject matter of the Settlement, but that it is their intention to release fully, finally and forever all Released Claims with respect to the Released Parties, and in furtherance of such intention, the releases of the Released Claims will be and remain in effect notwithstanding the discovery or existence of any such additional or different facts.

J.  <u>Attorneys' Fees And Costs</u>.  Plaintiffs shall move the Court for an award of attorneys' fees and costs to be paid to Class Counsel from the Settlement Fund, subject to Court approval.  Synchrony shall not object to such a motion so long as the amount requested in attorneys' fees is not more than 30% of the Settlement Fund, plus actual litigation expenses approved by the Court.  Class Counsel shall receive payment of the fees and costs awarded by the Court out of the Settlement Fund within thirty (30) days after the Effective Date.  Court approval of attorneys' fees and costs, or their amount, is not a condition of the Settlement.  In addition, no interest will accrue on such amounts at any time.

K.  <u>Service Awards</u>.  Plaintiffs shall move the Court for "Service Awards" to be paid out of the Settlement Fund, subject to Court approval.  Synchrony shall not object to Service Awards to Plaintiffs so long as such awards do not exceed $5,000 to each Plaintiff in the <u>Abdeljalil</u> Action.  Such Service Awards shall be paid from the Fund and paid to Plaintiffs at the same time as the attorneys' fees and costs payments to Class Counsel.  Court approval of the Service Awards or their amount shall not be a condition of the Settlement.  In addition, no interest shall accrue on such amounts at any time.

L.  <u>Opt-Out Right/Termination</u>.

1.  <u>Opt-Out Requirements</u>. Persons in the Settlement Class may request exclusion from the Settlement by sending a written request to the Claims Administrator at the address designated in the Class Notice no later than the Opt-Out and Objection Deadline. Exclusion requests must: (a) be signed by the person in the Settlement Class who is requesting exclusion; (b) include the full name and address of the person in the Settlement Class requesting

18

**Exhibit A**

exclusion; and (c) include the following statement: "I/we request to be excluded from the settlement in the <u>Abdeljalil</u> action." No request for exclusion will be valid unless all of the information described above is included. No person in the Settlement Class, or any person acting on behalf of or in concert or participation with that person (including, but not limited to, an attorney) in the Settlement Class, may exclude any other person or any group of persons from the Settlement Class.

   2. <u>Retention of Exclusions</u>. The Claims Administrator will retain a copy of all requests for exclusion and will, upon written request, provide copies of any such requests to counsel for the Parties. Class Counsel will keep any such opt-out information confidential and use it only for purposes of determining whether a person in the Settlement Class has properly opted out.

   3. <u>Cap On Opt-Outs</u>. All Settlement Class Members will be bound by all determinations and judgments in the Actions. In the event that the number of persons in the Settlement Class who validly and timely submit opt-out requests exceeds 300, Synchrony, in its sole discretion, may terminate the Settlement. Synchrony shall inform Class Counsel within thirty (30) days after it is advised in writing that the number of valid opt-out requests is higher than 300 as to whether it will exercise the right of termination. In the event that the Settlement is terminated pursuant to this provision, the Parties will be returned to the *status quo ante* as if no settlement had been negotiated or entered into.

  M. <u>Objections To The Settlement</u>.

   1. <u>Right To Object</u>. Any Settlement Class Member may appear at the Final Approval Hearing to object to the proposed Settlement and/or to the application of Class Counsel for an award of attorneys' fees and costs and/or a Service Award, but only if the Settlement Class Member has first filed a written objection with the Clerk of Court, in accordance with the requirements set forth below, by the Opt-Out and Objection Deadline. Any Settlement Class Member who does not provide a written objection in the manner described in this Section shall

19

**Exhibit A**

be deemed to have waived any objection and shall forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the Settlement or the award of any attorneys' fees and costs and/or Service Award. Further, any Settlement Class Member who intends to appear at the Final Approval Hearing must file and serve on all parties a Notice of Intention to Appear with the Court.

2.    Objection Requirements.  To be heard at the Final Approval Hearing, the Settlement Class Member must make any objection in writing and file it with the Court by the Opt-Out and Objection Deadline. The objection must also be mailed to each of the following, postmarked no later than the last day to file the objection: (a) Class Counsel – Kazerouni Law Group, APC, 245 Fischer Ave., Suite D1, Costa Mesa, CA 92626; and (b) Synchrony's Counsel -- Julia B. Strickland, Stroock & Stroock & Lavan LLP, 2029 Century Park East, Los Angeles, California 90067. An objection must:  (a) attach documents establishing, or provide information sufficient to allow the Parties to confirm, that the objector is a Settlement Class Member, including providing the cellular telephone number called; (b) include a statement of such Settlement Class Member's specific objections; (c) state the grounds for objection, as well as identify any documents which such objector desires the Court to consider; and (d) if the Settlement Class Member is represented by an attorney, list all other cases in which the Class Member has filed an objection.

N.    Final Approval. Following completion of the Class Notice process and within 30 days following expiration of the Opt-Out and Objection Period, Plaintiffs shall request that the Court enter the Final Approval Order in the form attached hereto as Exhibit 7, which shall specifically include provisions that: (a) finally approve the Settlement as fair, reasonable and adequate to the Settlement Class; (b) find that the Class Notice as given was the best notice practicable under the circumstances, is due and sufficient notice to the Settlement Class, and fully satisfies the requirements of due process and Federal Rule of Civil Procedure 23; (c) approve the plan of distribution for the Settlement Fund and any interest accrued thereon; (d)

LA 51967816

**Exhibit A**

finally certify the Settlement Class; (e) confirm that the Releasing Parties have released all Released Claims and are permanently barred and enjoined from asserting, commencing, prosecuting, or continuing any of the Released Claims against the Released Parties; and (f) dismiss the Abdeljalil Action with prejudice, without costs to any party, except as provided in this Agreement, and subject to the Court retaining continuing jurisdiction over the Parties and the Settlement Fund for the purpose of enforcement of the terms of this Agreement.

O.   Dismissal.  Upon entry of the Final Approval Order, the Abdeljalil Action shall be dismissed with prejudice as to Plaintiffs and all Settlement Class Members.

P.   No Admissions.  Synchrony expressly disclaims and denies any wrongdoing or liability whatsoever.  This Settlement, and any and all negotiations, statements, documents, and/or proceedings in connection with this Settlement, shall not be construed or deemed to be evidence of an admission or concession by the Released Parties of any liability or wrongdoing and shall not be construed or deemed to be evidence of an admission or concession that any person suffered compensable harm or is entitled to any relief.  Neither the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Settlement:  (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing by or liability of the Released Parties; (b) is or may be deemed to be or may be used in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal as an admission or evidence of any fault or omission of the Released Parties; (c) is or may be deemed a waiver of Synchrony's right to challenge class certification if this Settlement for any reason does not become final; or (d) is or may be deemed to be a waiver of Synchrony's right to seek to enforce any arbitration provision in other cases or against persons in the Settlement Class.

Q.   No Publicity Beyond Notice Procedures.  Class Counsel and/or Plaintiffs will not issue press releases or initiate any public statements regarding the Settlement, with the exception of the Notices.  The Parties will make no statements of any kind to any third party regarding the

21

**Exhibit A**

Settlement prior to filing a motion for preliminary approval with the Court, with the exception of the Claims Administrator and the Court and counsel in the Hofer Action. However, the Parties may make public statements to the Court as necessary to obtain preliminary or final approval of the Settlement and Class Counsel will not be prohibited from communicating with any person potentially in the Settlement Class regarding the Actions or the Settlement. Additionally, Class Counsel may post on their firm websites a brief statement indicating that the Settlement has been preliminarily and finally approved, if that is the case. In all communications, the Parties must comply with all confidentiality agreements in the Actions and not disclose information that is not a part of the public record.

## IV.    GENERAL PROVISIONS

A.    Settlement Conditioned Upon Approval. The Settlement is conditioned upon entry of the Preliminary Approval Order and Final Approval Order without material modification by the Court.

B.    Evidentiary Preclusion. In order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim, the Released Parties may file the Settlement Agreement and/or the judgment in any action or proceeding that may be brought against them.

C.    Confidentiality. The terms of this Settlement, including the fact of the proposed Settlement, shall remain completely confidential until all documents are executed and a motion for preliminary approval of the Settlement is filed with the Court; provided, however, that the Parties may jointly report the pendency of the mediation and/or Settlement to the Court in the Abdeljalil and/or Hofer Actions, and to potential claims administrators. Synchrony may, at its sole discretion, disclose the terms of this Settlement to its auditors and other parties as reasonably necessary to maintain normal business operations and have the Settlement internally effectuated.

22

**Exhibit A**

D.    Destruction of Confidential Documents.   It is agreed that, consistent with Paragraph 12 of the Protective Order Governing Disclosure of Confidential Information ("Protective Order") entered in the Abdeljalil Action, the originals and all copies of all confidential documents and/or information subject to all confidentiality agreements and the Protective Order ("Confidential Material") shall be returned to the producing party or destroyed within sixty (60) days after the Effective Date.   To the extent provided to Plaintiffs, this obligation extends to the list of phone numbers identified by Synchrony's sampling as belonging to possible members of the Settlement Class.

E.    No Construction Against Drafter.   This Settlement Agreement will be deemed to have been drafted by the Parties, and any rule that a document shall be interpreted against the drafter will not apply.

F.    Entire Agreement.   This Agreement contains the entire agreement between the Parties and supersedes all prior understandings, agreements, or writings regarding the subject matter of this Agreement.   This Agreement may be amended or modified only by a written instrument signed by all Parties or their successors in interest or their duly authorized representatives and approved by the Court.   The provisions of the Agreement may be waived only in a writing executed by the waiving party.   The waiver by one party of any breach of this Agreement by any other party shall not be deemed a waiver, by that party or by any other party, of any other prior or subsequent breach of this Agreement.

G.    Authority.   Plaintiffs and Synchrony represent and warrant that the persons signing this Agreement on their behalf have full power and authority to bind every person, partnership, corporation, or entity included within the definitions of Plaintiffs and Synchrony to all terms of this Agreement.   Any person executing this Agreement in a representative capacity represents and warrants that he or she has done so freely and he or she is fully authorized to do so and to bind the Party on whose behalf he or she signs this Agreement to all of the terms and provisions of this Agreement.

23

**Exhibit A**

H.     No Assignment.  No party to this Agreement has heretofore assigned, transferred, or granted, or purported to assign, transfer, or grant, any of the claims, demands, or cause or causes of action disposed of by this Agreement.

I.     Receipt of Advice of Counsel.  Each Party acknowledges, agrees and specifically warrants that he, she or it has fully read this Agreement and the Releases contained herein, received independent legal advice with respect to the advisability of entering this Agreement and the Releases, and the legal effects of this Agreement and the Releases, and fully understands the effect of this Agreement and the Releases.  Each Party to this Agreement warrants that he, she, or it is acting upon his, her or its independent judgment and upon the advice of his, her, or its own counsel and not in reliance upon any warranty or representation, express or implied, of any nature or kind by any other party, other than the warranties and representations expressly made in this Agreement.

J.     Agreement Binding on Successors in Interest.  This Agreement is binding on and shall inure to the benefit of the respective heirs, successors and assigns of the Parties.

K.     Execution In Counterparts.  The Parties may execute this Agreement in any number of counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

L.     Notices.  All notices to counsel provided for herein shall be sent by e-mail with a hard copy sent by overnight mail to:

24

**Exhibit A**

As to Plaintiffs and the Settlement Class:

KAZEROUNI LAW GROUP, APC
Abbas Kazerounian
245 Fischer Ave., Suite D1
Costa Mesa, CA 92626

HYDE & SWIGART
Joshua B. Swigart
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108

LAW OFFICES OF TODD M. FRIEDMAN, P.C.
Todd M. Friedman
8730 Wilshire Blvd., Suite 310
Beverly Hills, CA 90211

As to Synchrony:

STROOCK & STROOCK & LAVAN LLP
Julia B. Strickland
jstrickland@stroock.com
Marcos D. Sasso
msasso@stroock.com
2029 Century Park East
Los Angeles, CA 90067-3086

M.   Retention of Jurisdiction.   The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of this Agreement, and all Parties submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement embodied in this Agreement.

N.   Confirmatory Discovery.   The Parties agree that Plaintiffs will be entitled to limited confirmatory discovery in the form of written discovery requests and a Fed. R. Civ. P. 30(b)(6) deposition surrounding topics including, but not limited to, the estimated size of the Settlement Class and the method of determining any persons who will receive direct notice of the Settlement.  Plaintiffs and Class Counsel agree to work cooperatively with Synchrony to assure that confirmatory discovery is timely completed, not overbroad and does not compromise the privacy of Synchrony's customers, employees or third parties.  Synchrony reserves all rights to object to the form or substance of any confirmatory discovery, as necessary.  The confirmatory discovery, responses thereto, and deposition testimony, shall be used only in connection with this settlement of the Actions and shall not be used for any other purpose in connection with the Actions or otherwise.  The Parties agree that the confirmatory discovery, responses thereto and

25

**Exhibit A**

deposition testimony are settlement communications within the meaning of Rule 408 of the Federal Rules of Evidence.

IN WITNESS WHEREOF, the Parties hereto have caused this Agreement to be executed as follows:

**PLAINTIFFS:**

_____                     Dated:  January ___, 2016
Muhammed Abdeljalil


_____                     Dated:  January ___, 2016
Richard Springer


_____                     Dated:  January ___, 2016
Joseph A. Hofer


_____                     Dated:  January ___, 2016
Bradley Moore


**SYNCHRONY BANK:**

By: _____                 Dated:  January 27 2016

Its: _SENIOR COUNSEL_____

26

**Exhibit A**

**APPROVED AS TO FORM AND CONTENT:**

**CLASS COUNSEL**

Kazerouni Law Group, APC

By: _____     Dated: January 27, 2016
      Abbas Kazerounian

Hyde & Swigart

By: _____     Dated: January 27, 2016
      Joshua B. Swigart

Law Offices of Todd M. Friedman, P.C.

By: _____     Dated: January 27, 2016
      Todd M. Friedman

**APPROVED AS TO FORM:**

**SYNCHRONY'S COUNSEL**

Stroock & Stroock & Lavan LLP

By: _____     Dated: January 27, 2016
      Julia B. Strickland

27

**Exhibit A**

deposition testimony are settlement communications within the meaning of Rule 408 of the Federal Rules of Evidence.

IN WITNESS WHEREOF, the Parties hereto have caused this Agreement to be executed as follows:

**PLAINTIFFS:**

Dated: January 29, 2016

_____
Muhammed Abdeljalil

Dated: January ___, 2016

_____
Richard Springer

Dated: January ___, 2016

_____
Joseph A. Hofer

Dated: January ___, 2016

_____
Bradley Moore

**SYNCHRONY BANK:**

By: _____

Dated: January 27 2016

Its: SENIOR COUNSEL _____

26

LA 51967816

**Exhibit A**

deposition testimony are settlement communications within the meaning of Rule 408 of the Federal Rules of Evidence.

IN WITNESS WHEREOF, the Parties hereto have caused this Agreement to be executed as follows:

**PLAINTIFFS:**

_____     Dated: January ___, 2016
Muhammed Abdeljalil


_____     Dated: January 2 7, 2016
Richard Springer


_____     Dated: January ___, 2016
Joseph A. Hofer


_____     Dated: January ___, 2016
Bradley Moore


**SYNCHRONY BANK:**

By: _____     Dated: January 27 2016

Its: SENIOR COUNSEL _____


26

LA 51967816

deposition testimony are settlement communications within the meaning of Rule 408 of the Federal Rules of Evidence.

IN WITNESS WHEREOF, the Parties hereto have caused this Agreement to be executed as follows:

**PLAINTIFFS:**

_____            Dated: January ___, 2016
Muhammed Abdeljalil


_____            Dated: January ___, 2016
Richard Springer


_____            Dated: January 29, 2016
Joseph A. Hofer


_____            Dated: January ___, 2016
Bradley Moore

**SYNCHRONY BANK:**

By: _____        Dated: January 27 2016

Its: _SENIOR COUNSEL_____

26

LA 51967816

**Exhibit A**

deposition testimony are settlement communications within the meaning of Rule 408 of the Federal Rules of Evidence.

IN WITNESS WHEREOF, the Parties hereto have caused this Agreement to be executed as follows:

**PLAINTIFFS:**

_____          Dated: January ___, 2016
Muhammed Abdeljalil

_____          Dated: January ___, 2016
Richard Springer

_____          Dated: January ___, 2016
Joseph A. Hofer

_____          Dated: January 28, 2016
Bradley Moore

**SYNCHRONY BANK:**

By: _____        Dated: January 27 2016

Its: SENIOR COUNSEL _____

26

**Exhibit A**

## EXHIBIT 1

## CLAIM FORM

**Exhibit A**

*Abdeljalil, et al. v. GE Capital Retail Bank*, U.S.D.C.
**Southern District of California, Case No. 12-02078**

_____, Claims Administrator                    **Toll-Free Number: x-xxx-xxx-xxxx**
**PO Box [_____]**                                              **Website: www.xxxxxxxxxxxxxx.com**
**[_____]**

**<<mail id>>**
**<<Name1>>**
**<<Name2>>**
**<<Address1>>**
**<<Address2>>**
**<<City>><<State>><<Zip>>**

## CLAIM FORM

**TO RECEIVE BENEFITS FROM THIS SETTLEMENT, YOU MUST PROVIDE
<u>ALL</u> OF THE INFORMATION BELOW AND YOU <u>MUST</u> SIGN THIS CLAIM FORM.  IF THIS CLAIM FORM IS
SUBMITTED ONLINE, YOU <u>MUST</u> SUBMIT AN ELECTRONIC SIGNATURE.**

**YOUR CLAIM FORM MUST BE <u>SUBMITTED ON OR BEFORE</u> [INSERT CLAIM DEADLINE].**

1.  **<u>CLAIMANT INFORMATION:</u>**

_____    _____    _____
FIRST NAME                   MIDDLE NAME         LAST NAME

_____
ADDRESS 1

_____
ADDRESS 2

_____    _____   _____ - _____
CITY                                                                   STATE        ZIP        (optional)

_____    _____
TELEPHONE NUMBER(S) (where you received call(s))         E-MAIL ADDRESS (optional)

2.  **<u>AFFIRMATION:</u>**

By signing below, I certify that the information above is true and accurate and that, on or after August 22, 2008 through TBD, I received calls from Synchrony Bank, formerly known as GE Capital Retail Bank ("Synchrony") (or any of its agents or entities), to my cellular telephone number.  I further certify that I was called regarding an account that did not belong to me, I did not provide the cellular telephone number to Synchrony, and I did not consent to receiving calls at the cellular telephone number at which I was called.  This Claim Form may be researched and verified by Synchrony and/or the Claims Administrator.

Signature: _____

Name (please print): _____

Date: _____

**QUESTIONS? VISIT www.xxxxxxxxxxxxxxxxxxxx.com OR CALL [_____]**

**Exhibit A**

## EXHIBIT 2

## MAIL NOTICE

**Exhibit A**

Abdeljalil, et al. v. GE Capital Retail Bank Settlement
c/o [CLAIMS ADMINISTRATOR]
[ADDRESS]
[ADDRESS]

FIRST-CLASS
MAIL U.S.
POSTAGE PAID
PERMIT NO
1234

**NOTICE OF CLASS ACTION LAWSUIT
AND PROPOSED SETTLEMENT**

THE COURT AUTHORIZED THIS
NOTICE. THIS IS NOT A SOLICITATION
FROM A LAWYER.

YOU MAY RECEIVE MONEY FROM
A SETTLEMENT.

- **If you received automated telephone calls about a Synchrony Bank (formerly known as GE Capital Retail Bank) credit card on your cell phone between August 22, 2008 through [TBD], your rights may be affected by this class action settlement.**
- **Plaintiffs claim that these calls were improper. The court has not decided who is right or wrong. Instead the parties have agreed to settle the case to avoid the risk and cost associated with further litigation.**
- **Eligible class members who submit a valid claim form will receive a payment from the $7,000,000 settlement fund.**
- **Go to [WEBSITE] for more details.**



7 012345 678908

**John Q. Sample, Jr.**
123 Main Street
Apt. #4
New York, NY 12345-6789

# Exhibit A

**What is this?** This is a notice of a proposed settlement in a class action lawsuit. This notice explains your legal rights.

**What is this lawsuit about?** The Settlement would resolve the lawsuit *Abdeljalil v. GE Capital Retail Bank*, U.S.D.C., Southern District of California, Case No. 12-02078. The lawsuit alleges that between August 22, 2008 and [TBD], Synchrony used an automatic telephone dialing system and/or an artificial or prerecorded voice to place non-emergency phone calls to cell phones in connection with its customer accounts, and that these calls were made without the prior express consent of the persons called. Synchrony denies these allegations and any wrongdoing. The Court has not ruled on the merits of Plaintiffs' claims or Synchrony's defenses.

**Why am I getting this notice?** You were identified as someone who may have received calls.

**What does the settlement provide?** Synchrony has agreed to pay a total of $7,000,000 into a Settlement Fund. The Settlement Fund will pay cash awards to Class Members who file a valid claim, Class Counsel's attorneys' fees and costs (subject to Court approval), Plaintiffs' service awards (subject to Court approval), settlement administration costs, and possibly a charitable contribution for uncashed checks. Settlement Class Members who submit a valid Claim Form will receive a cash award, the exact amount of which depends on the number of valid Claim Forms that Class Members send in, and will be calculated by dividing the amount remaining in the Fund after deducting all Settlement Costs (which include cost of notice and administration of the settlement, attorneys' fees and costs incurred by Class Counsel, and service awards for Plaintiffs approved by the Court) by the total number of valid claims. Plaintiffs will request a service award not to exceed $5,000 each for their work in representing the Class, and Class Counsel will ask the Court to approve an award of up to 30% of the Settlement Fund for attorneys' fees, plus costs.

**How do I get a payment?** To receive a payment from the settlement, you must complete and submit a valid Claim Form by [INSERT DATE]. The Claim Form is enclosed and available online at [INSERT URL]. You can also get a Claim Form mailed to you by

Administrator at the address below or calling 1-800-\*\*\*-\*\*\*\*.

**Do I have to be included in the settlement?** If you don't want to receive money from this settlement and you want to keep the right to sue or continue to sue Synchrony on your own, then you must exclude yourself from the settlement. You will not get any money from this settlement if you exclude yourself. The Court will exclude any class member who properly requests exclusion by sending a letter requesting exclusion to the Settlement Administrator at the address on this postcard by [INSERT DATE] at the address below. That request must contain your name, address, signature and a statement that you wish to be excluded from the settlement. Further details are available at [INSERT URL].

**If I don't like something about the settlement, how do I tell the Court?** If you don't exclude yourself from the settlement, you can object to any part of the settlement. You must mail your written objection to the Court, Class Counsel and Synchrony's counsel by [INSERT DATE]. You may enter an appearance through an attorney if you so desire, but you do not have to do so. Complete details about how to object are on the Settlement Website.

**What if I do nothing?** If you do nothing, you will not be eligible for a payment. All Class Members that do not opt out will be bound by the settlement and the decisions of the Court, and will release Synchrony (and its agents and affiliates) from liability for the calls.

**When is the Final Approval Hearing?** The Court will hold a hearing in this case to consider whether to approve the Settlement on _____, at _____, United States District Court, 333 West Broadway, Courtroom 13B, San Diego, CA 92101. You may go to the hearing, but you do not have to.

**How do I get more information about the settlement?** This notice contains limited information about the settlement. For more information, to view additional settlement documents, and to review information regarding your exclusion and objection rights and the final approval hearing, visit [INSERT URL], or call 1-800-\*\*\*-\*\*\*\*.

# Exhibit A

_____

_____

Place
Stamp
Here

*Mail To:*
**Abdeljalil v. GE Capital Retail Bank Settlement**
c/o [CLAIMS ADMINISTRATOR]
[ADDRESS]
[ADDRESS]

**Exhibit A**

### CLAIM FORM

**TO RECEIVE BENEFITS FROM THIS SETTLEMENT, YOU MUST PROVIDE
ALL OF THE INFORMATION BELOW AND YOU MUST SIGN THIS CLAIM FORM. IF THIS CLAIM FORM IS SUBMITTED ONLINE,
YOU MUST SUBMIT AN ELECTRONIC SIGNATURE.**

**YOUR CLAIM FORM MUST BE <u>SUBMITTED ON OR BEFORE</u> [INSERT DATE]**
**(Claimants with privacy concerns may submit their claim online, or may mail this card in an envelope to the same address)**

1. **<u>CLAIMANT INFORMATION:</u>**

    _____  _____  _____
    FIRST NAME                           MIDDLE NAME          LAST NAME

    _____
    ADDRESS 1

    _____
    ADDRESS 2

    _____   _____  _____ - _____
    CITY                                                                            STATE     ZIP                (optional)

    _____   _____
    TELEPHONE NUMBER(S) (where you received call(s))        E-MAIL ADDRESS (optional)

2. **<u>AFFIRMATION:</u>**

    By signing below, I certify that the information above is true and accurate and that, on or after August 22, 2008 through ***, I received calls from Synchrony Bank, formerly known as GE Capital Retail Bank ("Synchrony") (or any of its agents or entities), to my cellular telephone number. I further certify that I was called regarding an account that did not belong to me, I did not provide the cellular

LA 51967848

# Exhibit A

telephone number to Synchrony, and I did not consent to receiving calls at the cellular telephone number at which I was called. This Claim Form may be researched and verified by Synchrony and/or the Claims Administrator.

Signature: _____     Date: _____

**QUESTIONS? VISIT [INSERT URL] OR CALL [INSERT TOLL-FREE NUMBER]**

LA 51967848

**Exhibit A**

**EXHIBIT 3**

**E-MAIL NOTICE**

30

**Exhibit A**

EXHIBIT 3

**NOTICE OF CLASS ACTION LAWSUIT AND PROPOSED SETTLEMENT**
THE COURT AUTHORIZED THIS NOTICE. THIS IS NOT A SOLICITATION FROM A LAWYER.

YOU MAY RECEIVE MONEY FROM A SETTLEMENT.

- **If you received automated telephone calls about a Synchrony Bank (formerly known as GE Capital Retail Bank) credit card on your cell phone between August 22, 2008 through [TBD], your rights may be affected by this class action settlement.**
- **Plaintiffs claim that these calls were improper. The court has not decided who is right or wrong. Instead the parties have agreed to settle the case to avoid the risk and cost associated with further litigation.**
- **Eligible class members who submit a valid claim form will receive a payment from the $7,000,000 settlement fund.**
- **Go to [WEBSITE] for more details.**

**What is this?** This is a notice of a proposed settlement in a class action lawsuit. This notice explains your legal rights.

**What is this lawsuit about?** The settlement would resolve the lawsuit *Abdeljalil v. GE Capital Retail Bank*, U.S.D.C., Southern District of California, Case No. 12-02078. The lawsuit alleges that between August 22, 2008 and [TBD], Synchrony used an automatic telephone dialing system and/or an artificial or prerecorded voice to place non-emergency phone calls to cell phones in connection with its customer accounts, and that these calls were made without the prior express consent of the persons called. Synchrony denies these allegations and any wrongdoing.  The Court has not ruled on the merits of Plaintiffs' claims or Synchrony's defenses.

**Why am I getting this notice?** You were identified as someone who may have received calls.

**What does the settlement provide?**  Synchrony has agreed to pay a total of $7,000,000 into a Settlement Fund.  The Settlement Fund will pay cash awards to Class Members who file a valid claim, Class Counsel's attorneys' fees and costs (subject to Court approval), Plaintiffs' service awards (subject to Court approval), settlement administration costs, and possibly a charitable contribution for uncashed checks.  Eligible Settlement Class Members who submit a valid Claim Form will receive a cash award, the exact amount of which depends on the number of valid Claim Forms that Class Members send in, and will be calculated by dividing the amount remaining in the Fund after deducting all Settlement Costs (which include cost of notice and administration of the settlement, attorneys' fees and costs incurred by Class Counsel and service awards for Plaintiffs approved by the Court) by the total number of valid claims.  Plaintiffs will request a service award not to exceed $5,000 each for their work in representing the Class, and Class Counsel will ask the Court to approve an award of up to 30% of the Settlement Fund for attorneys' fees, plus costs.

**How do I get a payment?** To receive a payment from the settlement, you must complete and submit a valid Claim Form by [INSERT DATE].  The Claim Form is available online at [INSERT URL].  You can also get a Claim Form mailed to you by calling the Settlement Administrator at 1-800-***-****. You can submit your Claim Form by mailing it to the Settlement Administrator at the address below or online at [INSERT URL].

**Do I have to be included in the settlement?** If you don't want to receive money from this Settlement and you want to keep the right to sue or continue to sue Synchrony on your own, then you must exclude yourself from the settlement. You will not get any money from this settlement if you exclude yourself.  The Court will exclude any class member who properly requests exclusion by sending a letter requesting exclusion to the Settlement Administrator at the address on this postcard by [INSERT

**Exhibit A**

EXHIBIT 3

DATE] at the address below. That request must contain your name, address, signature and a statement that you wish to be excluded from the settlement.  Further details are available at [INSERT URL].

**If I don't like something about the settlement, how do I tell the Court?** If you don't exclude yourself from the settlement, you can object to any part of the settlement.  You must mail your written objection to the Court, Class Counsel and Synchrony's counsel by [INSERT DATE].  You may enter an appearance through an attorney if you so desire, but you do not have to do so. Complete details about how to object are on the Settlement Website.

**What if I do nothing?** If you do nothing, you will not be eligible for a payment. All Class Members that do not opt out will be bound by the settlement and the decisions of the Court, and will release Synchrony (and its agents and affiliates) from liability for the calls.

**When is the Final Approval Hearing?** The Court will hold a hearing in this case to consider whether to approve the settlement on _____, at _____, United States District Court, 333 West Broadway, Courtroom 13B, San Diego, CA 92101.  You may go to the hearing, but you do not have to.

**How do I get more information about the settlement?** This notice contains limited information about the settlement. For more information, to view additional settlement documents, and to review information regarding your exclusion and objection rights and the final approval hearing, visit [INSERT URL], or call 1-800-***-****.

**Exhibit A**

## EXHIBIT 4

## PUBLICATION/MEDIA NOTICE

**Exhibit A**

EXHIBIT 4

# NOTICE OF CLASS ACTION LAWSUIT AND PROPOSED SETTLEMENT
### THE COURT AUTHORIZED THIS NOTICE. THIS IS NOT A SOLICITATION FROM A LAWYER.

### YOU MAY BE ENTITLED TO RECEIVE MONETARY COMPENSATION.

| | |
|---|---|
| **What is this?** | This is notice of a Proposed Settlement in a class action lawsuit entitled <u>Abdeljalil v. GE Capital Retail Bank</u>, U.S.D.C., Southern District of California, Case No. 12-02078. |
| **What is this lawsuit about?** | The Settlement would resolve a lawsuit brought on behalf of a putative class of individuals, alleging that, on or after August 22, 2008, Synchrony Bank, formerly known as GE Capital Retail Bank ("Synchrony"), used an automatic telephone dialing system and/or an artificial or prerecorded voice to place non-emergency phone calls to cell phones without the prior express consent of the persons called.  Synchrony denies these allegations and any wrongdoing. The Court has not ruled on the merits of Plaintiffs' claims or Synchrony's defenses. |
| **How do I know if I am in the Settlement Class?** | If you are not a Synchrony customer and received the calls described above, you may be part of the Settlement Class. |
| **What does the settlement provide?** | Synchrony has agreed to pay a total of $7,000,000 into a Settlement Fund, which will pay for the cost of notice and administration of the settlement, Settlement Class members' claims, attorneys' fees and costs incurred by counsel for Plaintiffs and the Settlement Class ("Class Counsel"), service awards for Plaintiffs and a possible charitable contribution for uncashed checks, if approved |

**Exhibit A**

| | by the Court.  Plaintiffs will apply for service awards not to exceed $5,000 to each Plaintiff for their work in representing the Settlement Class and an award to Class Counsel not to exceed 30% of the Settlement Fund plus actual litigation expenses. |
|---|---|
| **How can I receive a payment from the settlement?** | To receive payment, you must complete and submit a valid Claim Form by ***.  You can obtain and submit a Claim Form online at www.***.com.   You can also obtain a mail-in Claim Form by calling ***.   Mail-in Claim Forms must be sent to the Claims Administrator at the address below. |
| **Do I have to be included in the settlement?** | If you do not want monetary compensation from this Settlement and you want to keep the right to sue or continue to sue Synchrony on your own, then you must exclude yourself from the Settlement Class by sending a letter requesting exclusion to the Claims Administrator by *** at the address below.   Your request must contain the specific information set forth in the Settlement Website. |
| **If I don't like something about the settlement, how do I tell the Court?** | You can object to any part of the Settlement.  You must file your written objection with the Court and mail it to both Class Counsel and Synchrony's counsel by ***.  Your objection must contain the specific information set forth in the Settlement Website. |
| **What if I do nothing?** | If you do nothing, you will not be eligible for a payment.  But you will still be a Settlement Class Member and bound by the settlement, and you will release Synchrony from liability. |
| **How do I get more information about the settlement?** | This notice contains limited information about the settlement.  For more information, to view additional settlement documents, and to review information regarding your opt-out and objection rights and |

**Exhibit A**

| | the Final Approval Hearing, visit www.***.com.  You can also obtain additional information, a long form notice or Claim Form by calling ***. |
|---|---|

**Exhibit A**

## **EXHIBIT 5**

## **WEBSITE NOTICE**

LA 51967816

**Exhibit A**

***Abdeljalil, et al. v. GE Capital Retail Bank*,**
**United States District Court for the Southern District of California,**
**Case No. 3:12-02078-JAH-MDD**

**If you received automated calls to your cell phone from Synchrony Bank, formerly known as GE Capital Retail Bank (or any of its agents or affiliates) ("Synchrony") from August 22, 2008 through \*\*\*, you may be entitled to benefits under a class action settlement.**

*A federal court authorized this Notice.  This is not a solicitation from a lawyer.*

- **A proposed settlement will provide a total of $7,000,000 (the "Settlement Fund") to fully settle and release claims of persons to whom calls were placed on their cell phones by Synchrony using an automatic telephone dialing system or prerecorded or artificial voice during the time period set forth above, where the call was regarding an account not belonging to that person and who did not provide the number or otherwise consent to the call (the "Settlement Class").**

- **Plaintiffs Muhammed Abdeljalil, Richard Springer, Joseph A. Hofer and Bradley Moore (collectively, "Plaintiffs") allege that these calls violated the federal Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* (the "TCPA"). Synchrony denies Plaintiffs' allegations and denies any wrongdoing whatsoever.  By entering into the settlement, Synchrony has not conceded the truth or validity of any of the claims against it.**

- **The Settlement Fund shall be used to pay all amounts related to the settlement, including awards to Settlement Class Members who submit a valid and timely claim form to receive payment ("Claim Form"), attorneys' fees and costs to attorneys representing Plaintiffs and the Settlement Class ("Class Counsel"), any service awards to Plaintiffs and the costs of notice and administration of the settlement. Monies remaining in the Settlement Fund if checks are uncashed will be distributed to a charity approved by the Court only if subsequent distributions to Settlement Class Members are not economically feasible.  No amount of the Settlement Fund will revert to Synchrony.**

- **Your rights and options, and the deadlines to exercise them, are explained in this Notice.  Your legal rights are affected whether you act or don't act.  Read this Notice carefully.**

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
|---|---|
| SUBMIT A CLAIM FORM | If you are eligible to submit a Claim and submit a valid Claim Form by \*\*\*, you will receive a payment and will give up your rights to sue Synchrony and/or any other released parties on a released claim.  Claim Forms may be submitted by mail to _____ or through the settlement website by clicking [here]. |

EXHIBIT 5

| EXCLUDE YOURSELF OR "OPT-OUT" OF THE SETTLEMENT | If you ask to be excluded, you will not receive a payment. This is the only option that allows you to pursue your own claims against Synchrony and/or other released parties in the future.  The deadline for excluding yourself is ***. |
|---|---|
| OBJECT TO THE SETTLEMENT | Write to the Court about why you believe the settlement is unfair in any respect.  The deadline for objecting is ***.  To obtain a benefit from this settlement, you must still submit a Claim Form.  If you submit only an objection, you will not receive any benefit from the settlement and you will give up your rights to sue Synchrony and/or any other released parties on a released claim. |
| DO NOTHING | If you do nothing, you will not receive any monetary award and you will give up your rights to sue Synchrony and/or any other released parties on a released claim. |
| GO TO THE FINAL APPROVAL HEARING | Ask to speak in Court about the fairness of the settlement.  To speak at the Final Approval Hearing, you must file a document which complies with the requirements set forth on the Settlement Website. |

- These rights and options—and the deadlines to exercise them—are explained in this Notice.

- The Court still has to decide whether to approve the settlement.  Payments will be made if the Court approves the settlement and after any appeals are resolved.  Please be patient.

## BASIC INFORMATION

### 1.  What is the purpose of this Notice?

The purpose of this Notice is to inform you that a proposed settlement has been reached in the lawsuit entitled *Abdeljalil, et al. v. GE Capital Retail Bank*, U.S.D.C. Southern District of California, Case No. 12-0207 (S.D. Cal.).   Because your rights will be affected by this settlement, it is extremely important that you read this Notice carefully.  This Notice summarizes the settlement and your rights under it.   Additional information regarding the settlement is available on the Settlement Website.

### 2.  What does it mean if I received an email or postcard about this settlement?

If you received an email or postcard describing this settlement, that is because Synchrony's records indicate that you may be a member of the Settlement Class in this action.

### 3.  What is this class action lawsuit about?

**Exhibit A**

EXHIBIT 5

In a class action, one or more people called class representatives (here, Plaintiffs) sue on behalf of people who allegedly have similar claims. This group is called a class and the persons included are called class members. One court resolves the issues for all of the class members, except for those who exclude themselves from the class.

Here, Plaintiffs claim Synchrony violated the TCPA by placing calls to cellular telephones between August 22, 2008 and ***, through the use of an automatic telephone dialing system or an artificial or prerecorded voice without prior express consent. Synchrony denies these allegations and denies any claim of wrongdoing. The Court has conditionally certified the Settlement Class for settlement purposes only. The Honorable John A. Houston is in charge of this action.

| **4.  Why is there a settlement?** |
| --- |

The Court has not decided in favor of Plaintiffs or Synchrony. Instead, both sides agreed to this settlement, thereby avoiding the risk and cost of further litigation and ensuring Settlement Class Members will receive some compensation for their claims. Plaintiffs and Class Counsel think the settlement is best for all persons in the Settlement Class.

## WHO IS IN THE SETTLEMENT CLASS?

| **5.  How do I know if I am a part of the Settlement Class?** |
| --- |

The Court has certified a Settlement Class for settlement purposes only. The Settlement Class is defined as:

> All persons nationwide whose cellular telephone number, at any time on or after August 22, 2008 through ***[TBD]***, Synchrony (or any of its agents or entities) called using an artificial or prerecorded voice and/or using any automatic telephone dialing system and where the person called was called regarding an account that did not belong to him or her and did not provide the number to Synchrony or is not a person who had consented to receiving calls at that cellular telephone number. Excluded from the Settlement Class are the Judge to whom the action is assigned and any member of the Judge's staff and immediate family, as well as all persons who are validly excluded from the Settlement Class.

"Settlement Class Member" is defined as any person in the Settlement Class who is not validly excluded from the Settlement Class. If you are still not sure whether you are included, you can visit other sections of the Settlement Website, www.***.com, you may write to the Claims Administrator at ***, c/o _____, or you may call the Toll-Free Settlement Hotline, 1-_____, for more information.

**Exhibit A**

EXHIBIT 5
## THE LAWYERS REPRESENTING YOU

| **6.  Do I have lawyers in this case?** |
|---|

The Court has appointed the law firms of Kazerouni Law Group, APC, Hyde & Swigart, and Law Offices of Todd M. Friedman, P.C. as Class Counsel to represent you and the other persons in the Settlement Class.  You will not be personally charged by these lawyers.

| **7.  How will Class Counsel be paid?** |
|---|

Class Counsel will ask the Court to approve payment of up to 30% of the $7,000,000 Settlement Fund to them for attorneys' fees, plus actual litigation expenses.  Class Counsel also will ask the Court to approve payment of up to $5,000 to each of the Plaintiffs for their services as Class Representatives.  The Court may award less than these amounts.

## THE SETTLEMENT BENEFITS – WHAT YOU GET

| **8.  What does the settlement provide?** |
|---|

**Settlement Fund**.  Synchrony will pay the total amount of $7,000,000 into a fund (the "Settlement Fund"), which will cover:  (1) cash payments to Settlement Class Members who submit timely and valid Claim Forms; (2) an award of attorneys' fees and costs to Class Counsel, in an amount not to exceed 30% of the Settlement Fund plus actual litigation expenses, as approved by the Court; (3) service awards to Plaintiffs, in an amount not to exceed $5,000 to each Plaintiff, as approved by the Court; (4) the costs of notice and administration of the Settlement; and (5) if there are any uncashed checks, a charitable contribution, approved by the Court.

**Cash Payments**.  All Settlement Class Members are eligible to submit a Claim Form and receive a cash payment.  To submit a Claim Form, follow the procedures described under Question 11 below.

**No Portion of the Settlement Fund Will Return to Synchrony.**  Any money remaining in the Settlement Fund after paying all valid and timely claims to Settlement Class Members, attorneys' fees and costs to Class Counsel, any service awards to Plaintiffs and the costs of notice and administration of the settlement will be paid either:  (1) in a second distribution to Settlement Class Members who submitted valid and timely Claim Forms and whose initial payments were cashed; or (2) if there are not enough funds to justify a second distribution, the remaining funds will be donated to a *cy pres* recipient approved by the Court.  No portion of the Settlement Fund will return to Synchrony.

| **9.  How much will my payment be?** |
|---|

Your share of the Settlement Fund will depend on the number of valid Claim Forms that Settlement Class Members submit.

**Exhibit A**

EXHIBIT 5

**10.  What am I giving up to stay in the Settlement Class?**

Unless you exclude yourself from the settlement, you will be part of the Settlement Class and will be bound by the release of claims in the settlement.  This means that if the settlement is approved, you cannot rely on any Released Claim to sue or continue to sue, on your own or as part of any other lawsuit, Synchrony and/or any other Released Parties, as explained in the settlement agreement.  It also means that all of the Court's orders will apply to you and legally bind you.  Unless you exclude yourself from the settlement, you will agree to release Synchrony and any other Released Parties, as defined in the settlement agreement, from any and all claims that arise from the automated calls to your cellular telephone at issue in this action.

In summary, the Release includes, without limitation, all claims that arise out of the use by Synchrony or any of its agents or affiliates, acting for or on their behalf, of an "automatic telephone dialing system" and/or an "artificial or prerecorded voice" to make "calls" to a cellular telephone (to the fullest extent that those terms are used, defined or interpreted by the TCPA, relevant regulatory or administrative promulgations and case law) to make collection calls to a cellular telephone number, by or on behalf of the Released Parties, including, but not limited to, claims under or for violation of the TCPA, and the regulations promulgated thereunder and relevant case law, and all claims for violation of any other state or federal statutory or common law that regulates, governs, prohibits or restricts the making, placing or initiating of calls using an automatic telephone dialing system and/or an artificial or prerecorded voice.

If you have any questions about the Release or what it means, you can speak to Class Counsel, listed under Question 6, for free, or you can, at your own expense, talk to your own lawyer.  The Release does not apply to persons potentially in the Settlement Class who timely exclude themselves.

## HOW TO OBTAIN A PAYMENT

**11.  How can I get a payment?**

To receive a payment, you must submit a Claim Form.  You may get a Claim Form on the Settlement Website, www.***.com, or by calling the Toll-Free Settlement Hotline, _____.  **Read the instructions carefully, fill out the form completely and accurately, sign it and submit it**.  To be valid, the Claim Form must be completed fully and accurately, signed and submitted timely.  A Claim Form may be submitted by mail to the Claims Administrator at: ***, c/o _____, or via the Settlement Website [click here].

If you are submitting your claim via the Settlement Website, it must be submitted no later than ***.  If you are mailing your Claim Form to the Claims Administrator, it must be postmarked by that date.

**Exhibit A**

EXHIBIT 5
## WHEN WILL I RECEIVE MY SETTLEMENT PAYMENT?

| **12.  When would I receive a settlement payment?** |
|---|

The Court will hold a Final Approval Hearing on \*\*\* to decide whether to approve the settlement.  If the Court approves the settlement, after that, there may be appeals.  It is always uncertain whether these appeals can be resolved, and resolving them can take time, perhaps more than a year.  Everyone who sends in a Claim Form will be informed of the progress of the settlement through information posted on the Settlement Website at www.\*\*\*.com.  Please be patient.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

| **13.  How do I get out of the settlement?** |
|---|

If you want to keep the right to sue or continue to sue Synchrony or a Released Party, as defined in the settlement agreement, then you must take steps to get out of the Settlement Class.  This is called excluding yourself from, or opting-out of, the Settlement Class.

To exclude yourself from the settlement, you must send an exclusion request to the claims administrator.  To be valid, an exclusion request must:  (i) be signed by the person in the Settlement Class who is requesting exclusion; (ii) include the full name and address of the person in the Settlement Class requesting exclusion; and (iii) include the following statement: "I/we request to be excluded from the settlement in the Abdeljalil action."  No request for exclusion will be valid unless all of the information described above is included.  No person in the Settlement Class, or any person acting on behalf of or in concert or participation with that person in the Settlement Class, may exclude any other person or any group of persons from the Settlement Class.

**To be valid, you must mail your exclusion request postmarked no later than \*\*\* to the Claims Administrator at \*\*\*, c/o _____.**

| **14.  If I do not exclude myself, can I sue Synchrony for the same thing later?** |
|---|

No.  If you do not exclude yourself, you give up any right to sue (or continue to sue) Synchrony or any Released Parties for the claims that this settlement resolves.

| **15.  If I exclude myself, can I get a benefit from this settlement?** |
|---|

No.  If you ask to be excluded, you will not be able to submit a Claim Form for a settlement payment and you cannot object to the settlement.

## OBJECTING TO THE SETTLEMENT

| **16.  How do I tell the Court that I do not think the settlement is fair?** |
|---|

If you are in the Settlement Class, you can object to the settlement or any part of the settlement that you think the Court should reject, and the Court will consider your views.  If you do not

**Exhibit A**

EXHIBIT 5

provide a written objection in the manner described below, you shall be deemed to have waived any objection and shall forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the settlement or the award of any attorneys' fees and costs and/or service awards.

To object, you must make your objection in writing, stating that you object to the settlement in <u>Abdeljalil, et al. v. GE Capital Retail Bank</u>.  To be considered by the Court, the written objection must:  (a) attach documents establishing, or provide information sufficient to allow the Parties to confirm, that the objector is a Settlement Class Member, including providing the cellular telephone number called; (b) include a statement of such Settlement Class Member's specific objections; (c) state the grounds for objection, as well as identify any documents which the objector desires the Court to consider; and (d) if the Settlement Class Member is represented by an attorney, list all other cases in which the Class Member has filed an objection.

**To be considered, you must file your objections with the Court and mail your objections to the addresses below no later than \*\*\*.**

For Plaintiffs:                                     For Synchrony:

Kazerouni Law Group, APC                Strook & Strook & Lavan LLP
Abbas Kazerounian                           Julia B. Strickland, Esq.
245 Fischer Ave., Suite D1                2029 Century Park East
Costa Mesa, CA 92626                      Los Angeles, CA 90067-3086

**Even if you timely and properly object, to obtain a benefit from this settlement, you must submit a Claim Form.  If you object but fail to submit a Claim Form, you will not receive any monetary award.**

| **17.  What is the difference between objecting and excluding yourself?** |
| --- |

Objecting is telling the Court that you do not like something about the settlement.  You can object only if you stay in the Settlement Class.  Excluding yourself means that you do not want to be part of the Settlement Class.  If you exclude yourself, you have no basis to object because the case no longer affects you.

## IF YOU DO NOTHING

| **18.  What happens if I do nothing at all?** |
| --- |

If you do nothing, you will not receive any monetary award and you will give up your rights to sue Synchrony and/or any other Released Parties on a Released Claim.  For information relating to what rights you are giving up, see Question 10.

## THE FINAL APPROVAL HEARING

| **19.  When and where will the Court decide whether to approve the settlement?** |
| --- |

**Exhibit A**

EXHIBIT 5

The Court will hold a Final Approval Hearing at *** a/p.m. on *** at the United States District Court for the Southern District of California, 333 West Broadway, San Diego, California 92101, Courtroom 13B.  At this hearing, the Court will consider whether the settlement is fair, reasonable and adequate.  If there are valid objections that comply with the requirements in Question 14 above, the Court also will consider them and will listen to people who have asked to speak at the hearing.  The Court may also decide how much to pay to Class Counsel and Plaintiffs.

The Final Approval Hearing may be moved to a different date or time without additional notice, so it is a good idea to check the Settlement Website for updates.

| **20.  Do I have to come to the hearing?** |
| --- |

No.  Class Counsel will appear on behalf of the Settlement Class.  But, you are welcome to come, or have your own lawyer appear, at your own expense.

| **21.  May I speak at the hearing?** |
| --- |

You may ask the Court for permission to speak at the Final Approval Hearing, but only in connection with an objection that you have timely submitted to the Court according to the procedure set forth in Question 16 above.  To speak at the Final Approval Hearing, you must also file a document with the Court stating your intention to appear.  For this document to be considered, it must include your name, address, telephone number and your signature.  The document must be filed with the Court no later than ***.  You cannot speak at the hearing if you exclude yourself from the settlement.

## GETTING MORE INFORMATION

| **22.  How do I get more information?** |
| --- |

This notice is only a summary of the proposed settlement.  You can get a copy of the settlement agreement by visiting the Settlement Website, www.***.com, or you can write to the address below or call the Toll-Free Settlement Hotline, _____.  You can also contact Class Counsel with any questions at *** or ***.

**DO NOT CALL OR WRITE TO THE COURT, THE CLERK OF THE COURT, SYNCHRONY OR SYNCHRONY'S COUNSEL ABOUT THE SETTLEMENT.**

**Exhibit A**

# EXHIBIT 6

## PRELIMINARY APPROVAL ORDER

**Exhibit A**

1
2
3
4
5
6
7

8        **UNITED STATES DISTRICT COURT**

9        **SOUTHERN DISTRICT OF CALIFORNIA**

10

| | |
|---|---|
| MUHAMMAD ABDELJALIL and RICHARD SPRINGER, individually and on behalf of all others similarly situated, ) ) ) | Case No. 3:12-cv-02078-JAH-MDD |
| Plaintiffs, ) | **[PROPOSED] ORDER  (1) CONDITIONALLY CERTIFYING A SETTLEMENT CLASS, (2) PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT, (3) APPROVING NOTICE PLAN AND (4) SETTING FINAL APPROVAL HEARING** |
| vs. ) | |
| GE CAPITAL RETAIL BANK, ) | |
| Defendant. ) | |

11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

LA 51967875

**Exhibit A**

1   This matter came before the Court on Plaintiffs' Motion for Preliminary

2   Approval of the proposed class action settlement (the "Settlement") of the case

3   entitled <u>Abdeljalil, et al. v. GE Capital Retail Bank</u>, United States District Court for

4   the Southern District of California Case No. 12-02078 (the "Action").  The Action is

5   brought by plaintiffs Muhammed Abdeljalil, Richard Springer, Joseph A. Hofer and

6   Bradley Moore ("Plaintiffs"), individually and on behalf of all others similarly

7   situated, against defendant Synchrony Bank, formerly known as GE Capital Retail

8   Bank ("Synchrony" and, together with Plaintiffs, the "Parties").  Based on this

9   Court's review of the Parties' Settlement Agreement and Release (the "Agreement"),

10  Plaintiffs' Motion for Preliminary Approval of Settlement, and the arguments of

11  counsel, THE COURT HEREBY FINDS AND ORDERS AS FOLLOWS:

12      1.     <u>Settlement Terms</u>.  <u>Unless</u> otherwise defined herein, all terms in this

13  Order shall have the meanings ascribed to them in the Agreement.

14      2.     <u>Jurisdiction</u>.  The Court has jurisdiction over the subject matter of the

15  Action, the Parties, and all persons in the Settlement Class.

16      3.     <u>Scope of Settlement</u>.  The Agreement resolves all claims alleged in the

17  Class Action Complaint filed in the Southern District of California on August 22,

18  2012, as amended on September 27, 2012, October 17, 2012, August 22, 2013, and

19  ***.  <u>See</u> Dkts. 1, 9, 12, 34, and ***.

20      4.     <u>Preliminary Approval of Proposed Agreement</u>.  The Court has

21  conducted a preliminary evaluation of the Settlement as set forth in the Agreement.

22  Based on this preliminary evaluation, the Court finds that: (a) the Agreement is fair,

23  reasonable and adequate, and within the range of possible approval; (b) the

24  Agreement has been negotiated in good faith at arm's length between experienced

25  attorneys familiar with the legal and factual issues of this case; and (c) with respect

26  to the forms of notice of the material terms of the Settlement to persons in the

27  Settlement Class for their consideration (Exs. 2, 3 and 4 to the Agreement), that

28

**Exhibit A**

notice is appropriate and warranted.  Therefore, the Court grants preliminary approval of the Settlement.

5.   <u>Class Certification for Settlement Purposes Only</u>.  The Court, pursuant to Rule 23 of the Federal Rules of Civil Procedure, conditionally certifies, for purposes of this Settlement only, the following Settlement Class:

> All persons nationwide whose cellular telephone number, at any time on or after August 22, 2008 through the date of Preliminary Approval, Synchrony (or any of its agents or entities, including its predecessor GE Capital Retail Bank) called using an artificial or prerecorded voice and/or using any automatic telephone dialing system and where the person called was called regarding an account that did not belong to him or her and did not provide the number to Synchrony or is not a person who had consented to receiving calls at that cellular telephone number.  Excluded from the Settlement Class are the Judge to whom the Action is assigned and any member of the Judge's staff and immediate family, as well as all persons who are validly excluded from the Settlement Class.

6.   In connection with this conditional certification, the Court makes the following preliminary findings:

(a)   The Settlement Class appears to be so numerous that joinder of all members is impracticable;

(b)   There appear to be questions of law or fact common to the Settlement Class for purposes of determining whether the Settlement should be approved;

(c)   Plaintiffs' claims appear to be typical of the claims being resolved through the Settlement;

(d)   Plaintiffs appear to be capable of fairly and adequately protecting the interests of all members of the Settlement Class in connection with the Settlement;

(e)   For purposes of determining whether the Agreement is fair, reasonable and adequate, common questions of law and fact appear to predominate over questions affecting only individual persons in the Settlement Class;

**Exhibit A**

Accordingly, the Settlement Class appears to be sufficiently cohesive to warrant settlement by representation; and

(f)     For purposes of the Settlement, certification of the Settlement Class appears to be superior to other available methods for the fair and efficient settlement of the claims of the Settlement Class.

7.     <u>Class Representative</u>.  The Court appoints Plaintiffs to act as class representatives of the Settlement Class pursuant to Rule 23 of the Federal Rules of Civil Procedure.

8.     <u>Class Counsel</u>.  The Court Kazerouni Law Group, APC, Hyde & Swigart, and Law Offices of Todd M. Friedman, P.C. as Class Counsel pursuant to Rule 23 of the Federal Rules of Civil Procedure.

9.     <u>Final Approval Hearing</u>.  At _____ _.m. on _____, 2016, in Courtroom 13B of United States Courthouse, 333 West Broadway, San Diego, California, or at such other date and time later set by Court Order, this Court will hold a Final Approval Hearing on the fairness, adequacy and reasonableness of the Agreement and to determine whether (a) final approval of the Settlement embodied in the Agreement should be granted, and (b) Class Counsel's application for attorneys' fees and expenses, and service awards to Plaintiffs, should be granted, and in what amount.  No later than _____, 2016, Plaintiffs must file papers in support of Class Counsel's application for attorneys' fees and expenses and the service awards to Plaintiffs.  No later than _____, 2016, which is twenty-eight (28) days prior to the Final Approval Hearing, papers in support of final approval of the Settlement and response to any written objections must be filed.

10.     <u>Settlement Claims Administrator</u>.  _____ is hereby appointed as the Claims Administrator and shall be required to perform all the duties of the Claims Administrator as set forth in the Agreement and this Order.

11.     <u>Class Notice</u>.  The Court approves the proposed plan for giving notice to the Settlement Class directly (using e-mail and post cards) and through a

**Exhibit A**

publication/media program and establishment of a Settlement Website, as more fully described in Plaintiffs' Motion and the Agreement ("Notice Plan").  The Notice Plan, in form, method and content, complies with the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process, and constitutes the best notice practicable under the circumstances.  The Court hereby directs the Parties and the Claims Administrator to complete all aspects of the Notice Plan no later than _____, 2016 ("Notice Deadline").

12.     The Claims Administrator will file with the Court by no later than _____, 2016, which is fourteen (14) days prior to the Final Approval Hearing, proof that notice was provided in accordance with the Agreement and this Order.

13.     <u>Opt-Out and Objection Deadline</u>.  Persons in the Settlement Class who wish to either object to the Settlement or request exclusion from the Settlement Class must do so by _____, 2016, which is sixty (60) calendar days after the Notice Deadline.  Persons in the Settlement Class may not both object and opt-out.  If a person both requests to opt-out and objects, the request to opt-out will control.

14.     <u>Exclusion from the Settlement Class</u>.  To request exclusion from the Settlement Class, a person in the Settlement Class must follow the directions in the Class Notice and send a compliant request to the Claims Administrator at the address designated in the Class Notice by the Opt-Out and Objection Deadline.  Exclusion requests must: (i) be signed by the person in the Settlement Class who is requesting exclusion; (ii) include the full name and address of the person in the Settlement Class requesting exclusion; and (iii) include the following statement: "I/we request to be excluded from the settlement in the <u>Abdeljalil</u> action."  No request for exclusion will be valid unless all of the foregoing information is included.  No person in the Settlement Class, or any person acting on behalf of or in concert or participation with that person in the Settlement Class, may exclude any other person or any group of persons from the Settlement Class.

**Exhibit A**

15.     The Claims Administrator will retain a copy of all requests for exclusion.  Not later than fourteen (14) days before the Final Approval Hearing, the Claims Administrator will file under seal with the Court a declaration that lists all of the exclusion requests received.

16.     If a timely and valid exclusion request is made by a person in the Settlement Class, then the Agreement and any determinations and judgments concerning the Settlement will not bind the excluded person.

17.     All Settlement Class Members will be bound by all determinations and judgments concerning the Settlement.

18.     <u>Objections to the Settlement</u>.  To object to the Settlement, Settlement Class Members must follow the directions below and in the Class Notice and file a written objection with the Court by the Opt-Out and Objection Deadline.  Settlement Class Members also must mail the objection by the Opt-Out and Objection Deadline to each of the following: (i) Class Counsel – Kazerouni Law Group, APC, 245 Fischer Ave., Suite D1, Costa Mesa, CA 92626; and (ii) Synchrony's Counsel -- Julia B. Strickland, Stroock & Stroock & Lavan LLP, 2029 Century Park East, Los Angeles, California 90067.  In connection with an objection, the Settlement Class Member must:  (a) attach documents establishing, or provide information sufficient to allow the Parties to confirm, that the objector is a Settlement Class Member, including providing the cellular telephone number called; (b) include a statement of such Settlement Class Member's specific objections; (c) state the grounds for objection, as well as identify any documents which such objector desires the Court to consider; and (d) if the Settlement Class Member is represented by an attorney, list all other cases in which the Class Member has filed an objection.  The Court will not consider an objection unless the objection includes all of the foregoing information.

19.     Any Settlement Class Member who fails to comply with Paragraph 18 will not be permitted to object to the Settlement at the Final Approval Hearing, will be foreclosed from seeking any review of the Settlement by appeal or other means,

**Exhibit A**

will be deemed to have waived his, her or its objections, and will be forever barred from making any objections in the Action or any other related action or proceeding. All Settlement Class Members will be bound by all determinations and judgments in the Action, whether favorable or unfavorable to the Settlement Class.

20.     For any objection filed, the Clerk of the Court is ordered to redact any social security number, the street address, telephone number and last name except first letter of last name in order to protect the objector's privacy.  The objector's first name and city, state and zip code, as well as the objection, will not be redacted.

21.     <u>Stay of Other Proceedings</u>.  Pending the final determination of whether the Settlement should be approved, all pre-trial proceedings and briefing schedules in the Action are stayed.

22.     Pending the final determination of whether the Settlement should be approved, Plaintiffs and all persons in the Settlement Class are hereby stayed and enjoined from commencing, pursuing, maintaining, enforcing or prosecuting, either directly or indirectly, any Released Claims in any judicial, administrative, arbitral or other forum, against any of the Released Parties.  Such injunction will remain in force until the Court enters the Final Approval Order or until such time as the Parties notify the Court that the Settlement has been terminated.  Nothing herein will prevent any person in the Settlement Class, or any person actually or purportedly acting on behalf of any such person (s), from taking any actions to stay or dismiss any Released Claim(s).  This injunction is necessary to protect and effectuate the Agreement, this Preliminary Approval Order, and the Court's flexibility and authority to effectuate the Agreement and to enter judgment when appropriate, and is ordered in aid of this Court's jurisdiction and to protect its judgments.  This injunction does not apply to any person who requests exclusion from the Settlement.

23.     If for any reason whatsoever this Settlement is not finalized or the Settlement as detailed in the Agreement is not finally approved by the Court, the certification of the Settlement Class shall be void and the Parties and the Action will

**Exhibit A**

return to the status quo as it existed prior to the Agreement, and no doctrine of waiver, estoppel or preclusion will be asserted in any proceedings, in response to any motion seeking class certification, any motion seeking to compel arbitration or otherwise asserted at any other stage of the Action or in any other proceeding.  No agreements, documents or statements made by or entered into by any Party in connection with the Settlement may be used by Plaintiffs, any person in the proposed Settlement Class, Synchrony or any other person to establish liability, any defense and/or any of the elements of class certification, whether in the Action or in any other proceeding.

24.     In the event that the Settlement is not approved, or is terminated, canceled or fails to become effective for any reason, the money remaining in the Settlement Fund (including accrued interest), less expenses and taxes incurred or due and owing and payable from the Settlement Fund in accordance with the Agreement, shall be returned to Synchrony within 15 days of the event that causes the Agreement to not become effective.

25.     <u>No Admission of Liability</u>.  The Agreement and any and all negotiations, documents, and discussions associated with it, will not be deemed or construed to be an admission or evidence of any violation of any statute, law, rule, regulation or principle of common law or equity, or of any liability or wrongdoing by Synchrony, or the truth of any of the claims.  Evidence relating to the Agreement will not be discoverable or used, directly or indirectly, in any way, whether in the Action or in any other action or proceeding, except for purposes of demonstrating, describing, implementing or enforcing the terms and conditions of the Agreement, this Order and the Final Approval Order.

26.     <u>Reasonable Procedures to Effectuate the Settlement</u>.  Counsel are hereby authorized to use all reasonable procedures in connection with approval and administration of the Settlement that are not materially inconsistent with this Order or the Agreement, including making, without further approval of the Court, minor

**Exhibit A**

changes to the form or content of the Class Notice and Claim Form and other exhibits that they jointly agree are reasonable and necessary.  The Court reserves the right to approve the Agreement with such modifications, if any, as may be agreed to by the Parties without further notice to persons in the Settlement Class.

27.  <u>Schedule of Future Events</u>.  Accordingly, the following are the deadlines by which certain events must occur:

| | |
|---|---|
| **_____, 2016** [60 days after the date of this Order] | Deadline for notice to be provided in accordance with the Agreement and this Order (Notice Deadline) |
| **_____, 2016** [30 days after the Notice Deadline] | Deadline for filing of Plaintiffs' Motion for Attorneys' Fees and Costs and Service Awards |
| **_____, 2016** [60 days after the Notice Deadline] | Deadline to file objections or submit requests for exclusion (Opt-Out and Objection Deadline) |
| **_____, 2016** [90 days after the Notice Deadline] | Deadline for Settlement Class Members to Submit a Claim Form (Claim Period) |
| **_____, 2016** [40 days after the Opt-Out and Objection Deadline] | Deadline for Parties to file the following: (1) List of persons who made timely and proper requests for exclusion (under seal); (2) Proof of Class Notice; and (3) Motion and memorandum in support of final approval, including responses to any objections. |
| **_____, 2016 at .m.** [No earlier than 149 days from the entry of this Order] | Final Approval Hearing |

IT IS SO ORDERED.

Dated:_____

____

_____
Hon. John A. Houston
United States District Judge

**Exhibit A**

# EXHIBIT 7

## FINAL APPROVAL ORDER

**Exhibit A**

1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

## SOUTHERN DISTRICT OF CALIFORNIA

10

11  MUHAMMAD ABDELJALIL and          )   Case No. 3:12-cv-02078-JAH-MDD
    RICHARD SPRINGER, individually and )
12  on behalf of all others similarly situated, )

13              Plaintiffs,              )   **[PROPOSED] FINAL JUDGMENT**
                                         )   **AND ORDER OF DISMISSAL**
14          vs.                          )

15  GE CAPITAL RETAIL BANK,             )

16              Defendant.              )

17                                       )
18                                       )
19  _____       )

20
21
22
23
24
25
26
27
28

**Exhibit A**

LA 51967878

The Court having held a Final Approval Hearing on *** -.m., notice of the Final Approval Hearing having been duly given in accordance with this Court's Order (1) Preliminarily Approving Class Action Settlement, (2) Conditionally Certifying Settlement Class, (3) Approving Notice Plan, and (4) Setting Final Approval Hearing ("Preliminary Approval Order"), and having considered all matters submitted to it at the Final Approval Hearing and otherwise, and finding no just reason for delay in entry of this Final Judgment and good cause appearing therefore,

It is hereby ORDERED, ADJUDGED AND DECREED as follows:

1.     The Settlement Agreement and Release, including its exhibits, fully executed on January 27, 2016 (the "Agreement"), and the definitions contained therein are incorporated by reference in this Order.  The terms of this Court's Preliminary Approval Order (Dkt. No. ***) are also incorporated by reference in this Order.

2.     This Court has jurisdiction over the subject matter of this Action and over the Parties pursuant to 28 U.S.C. § 1332, including all members of the Settlement Class certified for settlement purposes in this Court's Preliminary Approval Order.

3.     The Settlement Class means all persons nationwide whose cellular telephone number, at any time on or after August 22, 2008 through ***[TBD]***, Synchrony (or any of its agents or entities) called using an artificial or prerecorded voice and/or using any automatic telephone dialing system and where the person called was called regarding an account that did not belong to him or her and did not provide the number to Synchrony or is not a person who had consented to receiving calls at that cellular telephone number.  Excluded from the Settlement Class are the Judge to whom the Action is assigned and any member of the Judge's staff and immediate family, as well as all persons who are validly excluded from the Settlement Class.  All Persons who validly excluded themselves from the Settlement

**Exhibit A**

Class are not Settlement Class Members as that term is defined and used herein, and shall not be bound by this Final Approval Order or any release provided herein. A list identifying all Persons who validly excluded themselves from the Settlement Class has been filed under seal with the Court (see Dkt. No. ___).

4.     The Court has considered and hereby overrules all objections to the Settlement. After consideration of all relevant factors, the Court finds that none of them are well-founded and that the Settlement, taken as a whole, is fair, reasonable and adequate to all concerned.

5.     The Court hereby finds that the Agreement is the product of arm's-length settlement negotiations between the Plaintiffs and Class Counsel, on the one hand, and Synchrony and Synchrony's Counsel, on the other hand.

6.     The Court hereby finds and concludes that Class Notice was disseminated to members of the Settlement Class in accordance with the terms set forth in Section III.F of the Agreement and this Court's Preliminary Approval Order (Dkt. No. ***). The Court further finds that the Publication/Media Notice was provided in accordance with the terms set forth in the Agreement.

7.     The Court hereby finds and concludes that the Notice Program and claims submission procedures fully satisfy Rule 23 of the Federal Rules of Civil Procedure and the requirements of due process, and constitute the best notice practicable under the circumstances. The Court further finds that the Notice Program provided individual notice to all members of the Settlement Class who could be identified through reasonable effort and supports the Court's exercise of jurisdiction over the Settlement Class as contemplated in the Settlement and this Order.

8.     This Court hereby finds and concludes that the notice provided by Synchrony pursuant to 28 U.S.C. § 1715 fully satisfied the requirements of that statute.

9.     The Court finds that the Settlement's terms constitute, in all respects, a fair, reasonable, and adequate settlement as to all Settlement Class Members in

**Exhibit A**

accordance with Rule 23 of the Federal Rules of Civil Procedure, and directs its consummation pursuant to its terms and conditions.  The Plaintiffs, in their roles as Class Representatives, and Class Counsel adequately represented the Settlement Class for purposes of entering into and implementing the Agreement.  Accordingly, the Agreement is hereby finally approved in all respects, and the Parties are hereby directed to perform its terms.  The Parties and Settlement Class Members who were not excluded from the Settlement Class are bound by the terms and conditions of the Agreement.

10.    The Court specifically approves Class Counsel's application for attorneys' fees and costs of $***, which the Court finds to be fair and reasonable. Accordingly, Class Counsel is hereby awarded $***, such amounts to be paid from the Settlement Fund pursuant to and in the manner provided by the terms of the Agreement.

11.    The Court finds the payment of service awards in the amount of $5,000 to each of the Settlement Class Representatives fair and reasonable.  Accordingly, each of the Settlement Class Representatives is hereby awarded $5,000, such amounts to be paid from the Settlement Fund pursuant to and in the manner provided by the terms of the Agreement.

12.    The Settlement Class described in paragraph 3 above is hereby finally certified, solely for purposes of effectuating the Settlement and this Order and Final Judgment.

13.    The requirements of Rule 23(a) and (b)(3) have been satisfied for settlement purposes, for the reasons set forth herein.  The Settlement Class is so numerous that joinder of all members is impracticable; there are questions of law and fact common to the class; the claims of the Class Representatives are typical of the claims of the Settlement Class; the Class Representatives will fairly and adequately protect the interests of the class; the questions of law or fact common to class members predominate over any questions affecting only individual members; and a

**Exhibit A**

class action is superior to other available methods for fairly and efficiently adjudicating the controversy between the Settlement Class Members and Synchrony.

14. This Court hereby dismisses, with prejudice, without costs to any party, except as expressly provided for in the Agreement, this Action.

15. The Claims Administrator is directed to distribute the consideration to the Settlement Class pursuant to the terms of the Agreement.

16. Plaintiffs and each and every one of the Settlement Class Members unconditionally, fully, and finally release and forever discharge the Released Parties from the Released Claims as provided for in the Agreement. In addition, any rights of the Settlement Class Representatives and each and every one of the Settlement Class Members to the protections afforded under Section 1542 of the California Civil Code and/or any other similar, comparable, or equivalent laws, are terminated.

17. Each and every Settlement Class Member, and any person actually or purportedly acting on behalf of any Settlement Class Member(s), is hereby permanently barred and enjoined from commencing, instituting, continuing, pursuing, maintaining, prosecuting, or enforcing any Released Claims (including, without limitation, in any individual, class or putative class, representative or other action or proceeding), directly or indirectly, in any judicial, administrative, arbitral, or other forum, against the Released Parties. This permanent bar and injunction is necessary to protect and effectuate the Agreement, this Final Judgment and Order of Dismissal, and this Court's authority to effectuate the Agreement, and is ordered in aid of this Court's jurisdiction and to protect its judgments.

18. The Agreement (including, without limitation, its exhibits), and any and all negotiations, documents, and discussions associated with it, shall not be deemed or construed to be an admission or evidence of any violation of any statute, law, rule, regulation, or principle of common law or equity, of any liability or wrongdoing, by Synchrony, or of the truth of any of the claims asserted by Plaintiffs, and evidence relating to the Agreement shall not be discoverable or used, directly or indirectly, in

**Exhibit A**

any way, whether in this Action or in any other action or proceeding, except for purposes of enforcing the terms and conditions of the Agreement, the Preliminary Approval Order, and/or this Order.

19.     In the event that any provision of the Settlement or this Final Judgment and Order of Dismissal is asserted by Synchrony as a defense in whole or in part to any Claim, or otherwise asserted (including, without limitation, as a basis for a stay) in any other suit, action, or proceeding brought by a Settlement Class Member or any person actually or purportedly acting on behalf of any Settlement Class Member(s), that suit, action or other proceeding shall be immediately stayed and enjoined until this Court or the court or tribunal in which the claim is pending has determined any issues related to such defense or assertion.  Solely for purposes of such suit, action, or other proceeding, to the fullest extent they may effectively do so under applicable law, the Parties irrevocably waive and agree not to assert, by way of motion, as a defense or otherwise, any claim or objection that they are not subject to the jurisdiction of the Court, or that the Court is, in any way, an improper venue or an inconvenient forum.  These provisions are necessary to protect the Agreement, this Order and this Court's authority to effectuate the Settlement, and are ordered in aid of this Court's jurisdiction and to protect its judgment.

20.     By incorporating the Agreement and its terms herein, the Court determines that this Final Judgment complies in all respects with Federal Rule of Civil Procedure 65(d)(1).

21.     Finding that there is no just reason for delay, the Court orders that this Final Judgment and Order of Dismissal shall constitute a final judgment pursuant to Rule 54 of the Federal Rules of Civil Procedure.  The Court orders that, upon the Effective Date, the Settlement shall be the exclusive remedy for any and all Released Claims or Plaintiffs and each and every Settlement Class Member.  The Clerk of the Court is directed to enter this Order on the docket forthwith.

**Exhibit A**

LA 51967878

22.     If an appeal, writ proceeding or other challenge is filed as to this Final Approval Order, and if thereafter the Final Approval Order is not ultimately upheld, all orders entered, stipulations made and releases delivered in connection herewith, or in the Settlement or in connection therewith, shall be null and void to the extent provided by and in accordance with the Settlement.

23.     Without further order of the Court, the Parties may agree to reasonably necessary extensions of time to carry out any of the provisions of the Settlement.

IT IS SO ORDERED.

Dated:_____          _____
                                        Hon. John A. Houston
                                        United States District Judge

LA 51967878

**Exhibit A**