# EXHIBIT D

**Exhibit D**

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCHUYLER HOFFMAN, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,<br><br>Plaintiff,<br><br>v.<br><br>BANK OF AMERICA, N.A.,<br><br>Defendant. | Case No.: 3:12-cv-539 JAH (DHB)<br><br>FINAL ORDER APPROVING CLASS ACTION SETTLEMENT<br><br>HON. JOHN A. HOUSTON |

## FINAL APPROVAL ORDER

On December 9, 2013, after active litigation, extensive arm's-length negotiations, a mediation session before the Honorable Edward A. Infante (Ret.), and settlement discussions, Plaintiff and Defendant (herein jointly referred to as the "Parties") entered into a Settlement Agreement and Release (hereinafter referred to as the "Settlement Agreement" or "Settlement") on behalf of a proposed class, which is subject to review under Fed. R. Civ. P. 23.

The Settlement purported to resolve all claims asserted in *Schuyler Hoffman v. Bank of America, N.A.*, Case No. 3:12-cv-539 JAH (DHB) (the "Action").

On December 11, 2013, the Parties filed the Settlement Agreement along with the Joint Motion for Preliminary Approval of Class Action Settlement (hereinafter referred to as the "Preliminary Approval Motion").

///

FINAL ORDER APPROVING CLASS ACTION SETTLEMENT

Exhibit D

| | |
|---|---|
| 1 | In compliance with the Class Action Fairness Act of 2005, Pub. L. No. 109-2, 119 Stat. 4, on December 23, 2013, Defendants served written notice of the proposed class action settlement along with all other required documents upon the appropriate State official of each State in which a Class Member resides and the appropriate Federal official pursuant to 28 U.S.C. § 1715. |

In compliance with the Class Action Fairness Act of 2005, Pub. L. No. 109-2, 119 Stat. 4, on December 23, 2013, Defendants served written notice of the proposed class action settlement along with all other required documents upon the appropriate State official of each State in which a Class Member resides and the appropriate Federal official pursuant to 28 U.S.C. § 1715.

On February 13, 2014, upon consideration of the Settlement Agreement, Preliminary Approval Motion, and the record, the Court entered an Order of Preliminary Approval of Class Action Settlement (hereinafter referred to as the "Preliminary Approval Order"). Pursuant to the Preliminary Approval Order, the Court, among other things, (i) preliminarily certified (for settlement purposes only) a class of plaintiffs (hereinafter referred to as the "Class Members") with respect to the claims asserted in the lawsuits; (ii) preliminarily approved the proposed settlement; (iv) appointed Plaintiff Schuyler Hoffman as the Class Representative; (v) appointed Hyde & Swigart, Kazerouni Law Group, APC, and Orshansky & Yeremian LLP as Class Counsel; and (vi) set the date and time of the Final Approval Hearing.

On July 23, 2014, Class Counsel timely filed their motion for attorneys' fees, costs, and incentive awards.

On August 21, 2014, Objector Susan House ("House") objected to this class action settlement.

On August 25, 2014, the Parties filed their Joint Motion for Final Approval of Class Action Settlement Agreement (hereinafter referred to as the "Final Approval Motion"). Pursuant to their Final Approval Motion, the Parties request final certification of the settlement class under Fed. R. Civ. P. 23(b)(2) and (b)(3) and final approval of the proposed class action settlement.

On September 8, 2014, House lodged House's Objection to the Parties' Motion for Final Approval and Attorneys' Fees.

///

---

FINAL ORDER APPROVING CLASS ACTION SETTLEMENT          PAGE 2 OF 7

Exhibit D

1  On September 17, 2014, this Court ordered further briefing addressing the issues discussed in House's Opposition and Objection.

On October 1, 2014, Plaintiff's counsel timely lodged supplemental briefing discussing each of House's concerns. Moreover, Plaintiff's counsel met and conferred with House and House's counsel before the Honorable Herbert B. Hoffman (Ret.) regarding each of House's issues.

Following this meet and confer and after reviewing Plaintiff's Reply, House withdrew House's objection/s and Plaintiff agreed to extend the claim period to October 21, 2014.

A Final Approval Hearing was held pursuant to Fed. R. Civ. P. 23 to determine whether the lawsuit satisfies the applicable prerequisites for class action treatment and whether the proposed settlement is fundamentally fair, reasonable, adequate, and in the best interests of the Class Members and should be approved by the Court. The Court has read and considered the Settlement Agreement, Final Approval Motion and the record. All undefined capitalized terms used herein have the meanings defined herein and/or in the Settlement Agreement.

**NOW, THEREFORE, IT IS HEREBY ORDERED:**

1. <u>JURISDICTION</u>: The Court has jurisdiction over the subject matter of the Lawsuit and over all settling parties hereto.
2. <u>CLASS MEMBERS</u>: Pursuant to Fed. R.Civ. P. 23(b)(2) and (b)(3), this matter is hereby finally certified, for settlement purposes only, as a class action on behalf of the following Class (also referred to as "Settlement Class"):
   > All persons who, on or after March 2, 2011 through the date of February 13, 2014, received a mortgage servicing related call from Defendant while within the State of California that was recorded and/or monitored.

(Members of the Class are referred to as "Class Members.")

3. **CLASS REPRESENTATIVE AND CLASS COUNSEL APPOINTMENT**: Pursuant to Fed. R. Civ. P. 23, the Court finally certifies Plaintiff Schuyler Hoffman as the Class Representative and Hyde & Swigart, the Kazerouni Law Group, APC, and Orshansky & Yeremian LLP as Class Counsel.

4. **NOTICE AND CLAIMS PROCESS**: Pursuant to the Court's Preliminary Approval Order, the Claims Administrator has complied with the approved notice process as confirmed in its declaration filed with the Court. The form and method for notifying the Class Members of the Settlement and its terms and conditions was in conformity with this Court's Preliminary Approval Order and satisfied the requirements of Fed. R. Civ. P. 23(c)(2)(B) and due process, and constituted the best notice practicable under the circumstances. The Court finds that the notice process was clearly designed to advise the Class Members of their rights. Further, the Court finds that the claim process set forth in the Settlement Agreement was followed and that the process was the best practicable procedure under the circumstances.

   In order to provide additional notice to the putative class members, the Court extends the claims period by October 21, 2014 and deems all claims up to and inclusive of October 21, 2014 as valid claims. Any and all claims that may have been deemed untimely up to October 21, 2014 will now be deemed as valid claims. Moreover, the claims administrator shall update the settlement website to reflect this extension. Said extension creates a benefit to the Class and the costs of this notice shall come from the Settlement Fund.

5. **FINAL CLASS CERTIFICATION**: The Court again finds that the Settlement Class satisfies the applicable prerequisites for class action treatment under Fed. R. Civ. P. 23, namely:

   (a) The Class Members are so numerous that joinder of all of them in one lawsuit would be impracticable;

(b) There are questions of law and fact common to the Class Members, which predominate over any individual questions;

(c) The claims of Plaintiff are typical of the claims of the Class Members;

(d) Plaintiff and Class Counsel have fairly and adequately represented and protected the interests of all the Class Members; and

(e) Class treatment of these claims will be efficient and manageable, thereby achieving an appreciable measure of judicial economy, and a class action is superior to other available methods for a fair and efficient adjudication of this controversy.

6. SETTLEMENT TERMS: The Settlement Agreement, which has been filed with the Court and shall be deemed incorporated herein, and the proposed Settlement are finally approved and shall be consummated in accordance with the terms and provisions thereof, except as amended by any order issued by this Court. Defendants shall pay a non-reversionary "all in" cash sum in the total amount of $2,600,000.00 (the "Settlement Fund"), and Class Members who submitted a valid claim form will receive a pro-rata share of the Settlement Fund less the costs of notice and claims administration, the award of attorneys' fees and costs, and the incentive award to the named plaintiff.

Upon the cessation of the extended claims period, a total of 916 valid claims were received by the Garden City Group, Inc. As a result of this settlement, each of these 916 consumers will receive $1,763.63.

7. ATTORNEYS' FEES AND COSTS: The Court approves the requested award of attorneys' fees in the amount of $650,000.00 for fees, which represents 25 percent of the Settlement Fund. The Court also approves House's counsel, Joseph Darrell Palmer, for fees in the amount of $35,000 of the $650,000 previously awarded to class counsel at no further cost the Class Members. These amounts are fair, reasonable, and adequate to compensate

Class Counsel for the work done in this case and the risks assumed in initiating and prosecuting it. The Court also approved Class Counsel's actual costs in the amount of $9,343.33 as being reasonably incurred.

8. <u>NOTICE AND ADMINISTRATION COSTS</u>: The Court also approves the costs spent on notice to the class and the administration of the settlement in the amount of $323,668.20 to Garden City Group, Inc.

9. <u>INCENTIVE AWARD TO THE CLASS REPRESENTATIVE</u>: The Court approves the incentive award to Plaintiff Schuyler Hoffman for his service as the class representative in the Action in the amount of $1500, of which Hoffman will receive $1000. The Court also approves House's $500 portion of Hoffman's incentive award her services to the class at no further cost to the Class Members.

10. <u>EXCLUSIONS AND OBJECTIONS</u>: House previously objected to the class settlement; however, said objection was withdrawn following a meet and confer guided by the Honorable Herbert B. Hoffman (Ret.) and review of Plaintiff's Reply and the extension of the Claims Period to October 21, 2014.

11. The Class Members were given an opportunity to object to the settlement. One class member, Susan House, objected to the settlement. Her objections are now moot and therefore overruled due to House's withdrawal of her objection.

12. <u>RELEASE OF CLAIMS AND DISMISSAL OF LAWSUITS</u>: The Class Representative, Class Members, and their successors and assigns are permanently barred and enjoined from instituting or prosecuting, either individually or as a class, or in any other capacity, any of the Released Claims against any of the Released Parties, as set forth in the Agreement filed with the Plaintiff's Preliminary Approval Papers (attached as Exhibit 4 to Decl. of Abbas Kazerounian; See Docket No. 45-7). Pursuant to the release contained in the Settlement Agreement, the Released Claims are

1  compromised, discharged, and dismissed with prejudice by virtue of these proceedings and this Order.

13. The Actions are hereby dismissed with prejudice in all respects.

14. This Order is not, and shall not be construed as, an admission by Defendants.

15. Without affecting the finality of this Final Judgment and Order of Dismissal with Prejudice, the Court hereby retains continuing and exclusive jurisdiction over the Parties and all matters relating to the Actions and/or Settlement Agreement, including the administration, interpretation, construction, effectuation, enforcement, and consummation of the settlement and this order.

**IT IS SO ORDERED.**

Dated: **November 3, 2014**

JOHN A. HOUSTON
UNITED STATES DISTRICT JUDGE