1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**HYDE & SWIGART**
Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108
Telephone:   (619) 233-7770
Facsimile:   (619) 297-1022

Attorneys for the Plaintiffs and
Proposed Settlement Class

### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **MUHAMMED ABDELJALIL, RICHARD SPRINGER, JOSEPH A. HOFER, and BRADLEY MOORE, Individually and on Behalf of All Others Similarly Situated,**<br><br>**PLAINTIFFS,**<br>**V.**<br><br>**GE CAPITAL RETAIL BANK,**<br><br>**DEFENDANT.** | **Case No.:** 12-cv-02078-JAH-MDD<br><br>**DECLARATION OF JOSHUA B. SWIGART IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND CERTIFICATION OF SETTLEMENT CLASS**<br><br>**DATE**:   April 25, 2016<br>**TIME**:   2:30 p.m.<br>**CRTRM**:  13B<br>**JUDGE**:   Hon. John A. Houston |

Swigart Decl. In Supp. of Mtn. For
Preliminary Approval of Settlement

Case No.: 12-cv-02078-JAH-MDD

## DECLARATION OF JOSHUA B. SWIGART

**I, JOSHUA B. SWIGART, declare:**

1. I am one of the attorneys for the plaintiffs in this action, Muhammed Abdeljalil, Richard Springer, Joseph A. Hofer and Bradley Moore ("Plaintiffs"). I am over the age of 18 and am fully competent to make this declaration. I am a member in good standing of the bars of the State of California and District of Columbia.  I am also admitted in every federal district in California and have handled federal litigation in Arizona, Washington, Minnesota, Tennessee and Texas.

2. The declaration is based upon my personal knowledge, except where expressly noted otherwise.

3. I submit this declaration in support of the Plaintiffs' Motion for Preliminary Approval of Class Action Settlement and Certification of Settlement Class in the action against defendant, GE Capital Retail Bank ("Defendant").

4. Plaintiffs Joseph A. Hofer and Bradley Moore were added to this action through the Fourth Amended Complaint filed on February 19, 2016.

5. I am currently serving as Class Counsel for a similar certified class pursuant to the Court's March 26, 2015 and April 9, 2015 orders, with Plaintiff Richard Springer as Class Representative. I request to be preliminarily approved as Class Counsel for the proposed settlement class.

6. Plaintiffs' attorneys have vigorously litigated this action since it was filed on August 22, 2012, including defeating the Defendant's motion to dismiss class action allegations. The Parties have served and responded to extensive formal written discovery, and taken and defended depositions.

7. I believe that the Parties are fully apprised of the relative strengths and weaknesses of each other's claims and defenses and the potential risks to each party of pursuing further litigation in this matter, especially following three mediation sessions before the Honorable Leo S. Papas (Ret.).

8. I believe the proposed amended Settlement is fair, adequate and reasonable.

9. I am unaware of any conflict of interest between Plaintiffs and any settlement class member or between Plaintiffs and Plaintiffs' attorneys.

### RISKS OF CONTINUED LITIGATION

10. Taking into account the burdens, uncertainty and risks inherent in this litigation, Plaintiffs' counsel have concluded that further prosecution of this action could be protracted, unduly burdensome, and expensive, and that it is desirable, fair, and beneficial to the class that the action now be fully and finally compromised, settled and terminated in the manner and upon the terms and conditions set forth in the Agreement. Although a class was certified prior to the filing of the Fourth Amended Complaint, on April 8, 2015 Defendant filed a motion for reconsideration of the class certification decision, which motion could have potentially resulted in decertification or certification of a similar class.

11. The named Plaintiffs believe that the claims asserted in the action have merit. However, taking into account the risks of continued litigation, as well as the delays and uncertainties inherent in such litigation including the risks in any subsequent appeal (and the decertification motion by Defendant), they believe that it is desirable that the action be fully and finally compromised, settled and terminated now with prejudice, and forever barred pursuant to the terms and conditions set forth in the Agreement.

12. Plaintiffs' counsel have concluded that with the settlement benefits and with the deterrent effects of the this settlement, Class Counsel believe the terms and conditions of the Agreement are fair, reasonable and adequate to the proposed class, and that it is in the best interests of the proposed class to settle the Action.

//

//

## CLASS COUNSEL'S EXPERIENCE

13. Hyde & Swigart, Kazerouni Law Group, APC and The Law Offices of Todd M. Friedman, P.C. seek appointment as Class Counsel in this Action for settlement purposes. As will be reflected in both my declaration and the declarations to be submitted by Abbas Kazerounian and Todd M. Friedman, I am informed and believe that Class Counsel are qualified and able to conduct this litigation as a class action. It is my understanding that Kazerouni Law Group, APC and the Law Offices of Todd M. Friedman, P.C. are submitting separate declarations with this unopposed submission in support of their adequacy to continue to serve as Class Counsel.

14. Since my admission to the California bar in 2003, I have been engaged exclusively in the area of consumer rights litigation, primarily in the area of fair debt collections, the defense of debt collection lawsuits, and class action litigation under the Telephone Consumer Protection Act and Fair Debt Collection Practices Act.

15. My firm, Hyde & Swigart, in which I am a principal, has litigated over 1,200 cases in the past ten years. My firm has several offices, including in San Diego, California; Riverside, California; and Phoenix, Arizona. Hyde & Swigart has extensive experience in consumer class actions and other complex litigation. My firm has a history of aggressive, successful prosecution of consumer class actions, specifically under the Fair Debt Collection Practices Act and Telephone Consumer Protection Act.

### EXPERIENCE RELEVANT TO THE
### TELEPHONE CONSUMER PROTECTION ACT

16. I have filed and litigated numerous other class actions based on the Telephone Consumer Protection Act in the past three years. The following is a non-exhaustive list of other TCPA class actions which I am or have been personally involved in:

a. *Bellows v. NCO Financial Systems, Inc.*, 07-CV-01413 W(AJB) (S.D. Cal)(One of the first class action settlements under the TCPA in the nation; Hyde & Swigart served as co-lead counsel; final approval grated in 2009);

b. *Rose v. Bank of America Corporation, et al.*, 11-CV-02390-EJD (N.D. Cal 2014)(Nationwide TCPA class settlement providing class relief to over 6.9 million class members, which created a common fund in the amount in excess of $32 million dollars);

c. *Gehrich v. Chase Bank, USA, N.A.*, 12-CV-05510 (N.D. Il. 2014)(Nationwide TCPA class settlement providing class relief creating a common fund in the amount of $34 million dollars);

d. *Adams v. AllianceOne, Inc.*, 08-CV-0248 JAH (S.D. Cal) (Nationwide TCPA class settlement providing class relief of $40 per claiming class member resulting in over $2,500,000 paid to claiming class members; final approval granted in 2013);

e. *Lemieux v. Global Credit & Collection Corp.*, 08-CV-1012 IEG(POR) (S.D. Cal.)(Co-lead counsel on a national TCPA class settlement providing class recovery in the amount of $70 for each claiming class member; final approval granted in 2011);

f. *Gutierrez, et al. v. Barclays Group, et al.*, 10-CV-1012 DMS (BGS)(Common fund created in the amount of $8,262,500 based on the receipt of unsolicited text messages; final approval granted 2012);

g. *Knutson, et al. v. Schwan's Home Service, Inc.*, 12-CV-00964-GPC-DHB (S.D. Cal.)(Heavily contested TCPA class action; final approval granted on April 1, 2015);

h. *Malta, et al. v. Wells Fargo Home Mortgage, et al.*, 10-CV-1290 IEG(BLM)(Served as co-lead counsel for a settlement class of borrowers in connection with residential or automotive loans and

violations of the TCPA in attempts to collect on those accounts; obtained a common settlement fund in the amount of $17,100,000; final approval granted in 2013);

i. *Conner v. JPMorgan Chase Bank, et al.*, 10-CV-1284 DMS (BGS) (S.D. Cal.) (Currently serving as co-lead counsel for the settlement class of borrowers in connection with residential loans and TCPA violations stemming from the collection of those accounts; Settlement of more than $11,000,000; finally approved);

j. *In Re: Midland Credit Management, Inc., Telephone Consumer Protection Act Litigation*, 11-md-2286 MMA (MDD) (S.D. Cal.) (Counsel for a Plaintiff in the lead action, prior to the action being recategorized through the multi-district litigation process);

k. *In Re: Portfolio Recovery Associates, LLC Telephone Consumer Protection Act Litigation*, 11-md-02295-JAH(BGS)(Counsel for a Plaintiff in the lead action, prior to the action being recategorized through the multi-district litigation process);

l. *Arthur v. SLM Corporation*, 10-CV-00198 JLR (W.D. Wash.)(Nationwide settlement achieving the then-largest monetary settlement in the history of the TCPA: $24.15 million; final approval granted in 2012);

m. *Lo v. Oxnard European Motors, LLC, et al.*, 11-CV-1009-JLS-MDD (S.D. Cal.)(Achieving one of the highest class member payouts in a TCPA action of $1,331.25; final approval granted in 2012);

n. *Sarabi v. Weltman, Weinberg & Reis Co., L.P.A.*, 10-01777-AJB-NLS (S.D. Cal.)(Approved as co-lead counsel and worked to obtain a national TCPA class settlement where claiming class members each received payment in the amount of $70.00; final approval granted in 2013);

o. *Barani v. Wells Fargo Bank, N.A.*, 12-CV-02999-GPC-KSC (S.D. Cal.) (Class action settlement under the TCPA for the sending of unauthorized text messages to non-account holders in connection to wire transfers; preliminary approval granted April 2014; finally approved on March 6, 2015);

p. *Martin v. Wells Fargo Bank, N.A.*, 12-CV-06030-SI (N.D. Cal.); and,

q. *Heinrichs v. Wells Fargo Bank, N.A.*, 13-CV-05434-WHA (N.D. Cal.);

17. Many of the cases listed above, which have settled, have resulted in the creation of combined common funds and/or distribution to class member in the tens of millions of dollars. The outstanding results mentioned above are a direct result of the diligence and tenacity shown by both myself and Hyde & Swigart in successfully prosecuting complex class actions.

### HYDE & SWIGART'S OTHER CONSUMER RELATED EXPERIENCE AND RESULTS

18. Hyde & Swigart has extensive experience in other consumer related issues, including the Telephone Consumer Protection Act, the Fair Debt Collection Practices Act and other related consumer statutes. A brief summary of a non-inclusive list of notable published decisions are as follows:

a. *Knell v. FIA Card Services, N.A., et al.*, 12-CV-426 AJB(WVG)(S.D. Cal. 2014); (Co-lead counsel on a California class action involving privacy rights under Cal. Penal Code § 632 et seq. Class relief provided for a common fund in the amount of $2,750,000. Counsel obtained final approval on August 15, 2014);

b. *Hoffman v. Bank of America, N.A.*, 12-CV-539 JAH(DHB) (S.D. Cal. 2014); (Co-lead counsel on a California class action involving privacy rights under Cal. Penal Code § 632 et seq. Class relief provided for a

common fund in the amount of $2,600,000. Finally approved on November 6, 2014);

c. *Zaw v. Nelnet Business Solutions, Inc.*, et al., C 13-05788 RS (N.D. Cal. 2014); (Co-lead counsel on a California class action involving privacy rights under Cal. Penal Code § 632 et seq. Class relief provided for a common fund in the amount of $1,188,110. Final approval granted on December 1, 2014);

d. *CashCall, Inc. v. Superior Court*, 159 Cal. App. 273 (2008); (Allowing the original plaintiff who lacked standing in a class action to conduct pre-certification discovery of the identities of potential plaintiffs with standing);

e. *Kight v. CashCall, Inc.*, 200 Cal. App. 4th 1377 (2011); (Co-lead counsel on a class action involving privacy rights under Cal. Penal Code § 632 et seq. Appeals court reversing the trial courts granting of Defendant's motion for summary judgment after case was certified);

f. *Engelen v. Erin Capital Management, LLC*, et al., No. 12-55039 (9th Cir. 2013, not for publication, D.C. No.: 3:10-cv-01125-BEN-RBB)(Reversing the lower court's granting of summary judgment to the defendant debt collector on the basis of the bona fide error defense and remanding for further proceedings);

g. *Sherman v. Yahoo!, Inc.*, 2014 U.S. Dist. LEXIS 13286; 13-CV-0041-GPC-WVG (S.D. Cal.)(TCPA class action where Defendant's motion for summary judgment was denied holding that a single call or text message with the use of an ATDS may be actionable under the TCPA);

h. *Olney v. Progressive Casualty Insurance Company*, 2014 U.S. Dist. LEXIS 9146 (S.D. Cal.); 13-CV-2058-GPC-NLS (Defendant's motion to dismiss or in the alternative to strike the class allegations was denied

finding that debt collection calls were not exempt from coverage under the TCPA);

i. *Iniguez v. The CBE Group, Inc.*, 2013 U.S. Dist. LEXIS 127066 (E.D. Cal.); 13-CV-00843-JAM-AC (The court denying Defendant's motion to dismiss and to strike class allegations holding that the TCPA applies to any call made to a cellular telephone with an ATDS).

j. *Catala v. Resurgent Capital Servs., L.P.*, 08-CV-2401 NLS, 2010 U.S. Dist. LEXIS 63501 (S.D. Cal.)(Co-lead counsel on a class settlement involving the Fair Debt Collection Practices Act);

k. *Hosseinzadeh v. M.R.S. Assocs.*, 387 F. Supp. 2d 1104 (C.D. Cal. 2005)(Summary judgment was granted *sua sponte* in favor of a debtor where debt collector violated the Fair Debt Collection Practices Act, when its employees failed to disclose the debt collector's identity and the nature of its business in the messages left on the debtor's answering machine).  This case has now been followed in at least four different districts throughout the country.

l. *Edstrom v. All Servs. & Processing*, 2005 U.S. Dist. LEXIS 2773 (N.D. Cal. 2005)(Numerous omissions from a letter sent by a debt collector to members of a homeowners association, and a statement requiring any dispute to be put in writing, violated 15 U.S.C. § 1692g(a) of the FDCPA and Cal. Civ. Code §1788.17.  The FDCPA required strict compliance; actual confusion on debtors' part was not required);

m. *Forsberg v. Fid. Nat'l Credit Servs.*, 2004 U.S. Dist. LEXIS 7622 (S.D. Cal. 2004)(Plaintiff alleged sufficient facts to support his claim that a collection company, in its initial communication, did not comply with the statutory requirements for notice of validation of debts under the FDCPA)

n. *Sparrow v. Mazda Am. Credit*, 385 F. Supp. 2d 1063 (N.D. Cal. 2005);(Court struck Defendant's counter claim of the underlying debt in a fair debt action based on lack of subject matter jurisdiction);

o. *Geoffroy, et al. v. Washington Mutual Bank,* 484 F. Supp. 2d 1115 (S.D. Cal. 2007)(Court striking down Defendant's arbitration agreement as both procedurally and substantively unconscionable);

p. *Yang v. DTS Financial Group*, 07-CV-1731 JLS (WMc); (Holding that for profit debt settlement companies are covered under the FDCPA and can be construed as "debt collectors" under 15 U.S.C. § 1692a(6));

q. *Mason v. Creditanswers,* 2008 U.S. Dist. LEXIS 68575; (Holding that a forum selection clause causing a California consumer to litigate its claims seems contrary to the polices advanced by certain consumer protection statutes).

r. *Myers v. LHR, Inc*., 543 F.Supp.2d 1215 (2008); (Recognizing actual and statutory damages in the amount of $92,000 in a default judgment based on violations of the State and Federal collection statutes);

s. *Yates v. Allied Intl Credit Corp*., 578 F. Supp. 2d 1251 (2008); (Holding a debtors claim based on the FDCPA stemming from the filing of a false police report was not subject to the litigation privilege under Cal. Civ. Code § 47(b));

t. *Owings v. Hunt & Henriques, et al*., 2010 U.S. Dist. LEXIS 91819 (S.D. Cal.); (Recognizing that the Service Members Civil Relief Act applies to California National Guard Members and that the debt collection attorney's false declaration the court violates the FDCPA);

u. *Heathman v. Portfolio Recovery Assocs., LLC*, 2013 U.S. Dist. LEXIS 98742 (S.D. Cal. 2013)(Holding that failing to properly list and disclose the identify of the original creditor in a state collection pleading is a

violation of the Fair Debt Collection Practices Act under 15 U.S.C. § 1692e).

### ADDITIONAL RELEVANT TRAINING, SPEAKING/TEACHING ENGAGEMENTS AND ASSOCIATIONS

19. I have undergone extensive training in the area of consumer law and the Telephone Consumer Protection Act. The following is a list of recent training conferences I attended:

   a. National Consumer Law Conference; Oakland, CA – 2003;

   b. National Consumer Law Conference (FDCPA Mini-Conference); Kansas City, MO – 2004;

   c. National Consumer Law Conference; Boston, MA – 2004;

   d. Five-day extensive one-on-one training with The Barry Law Office; San Diego, CA –2005;

   e. Three-day FDCPA Mini-Conference; Minneapolis, MN – 2005;

   f. Four-day extensive one-on-one training with The Barry Law Office; Minneapolis, MN – 2005;

   g. Four-day National Association of Consumer Advocates Conference; Minneapolis, MN – 2005;

   h. Four-day National Consumer Law Center Conference; Nashville, TN –2008;

   i. Three-day National Consumer Law Center Conference; Portland, OR -2008;

   j. Speaker at a Three-day National Consumer Law Center Conference; San Diego, CA - 2009;

   k. Speaker ABA/JAG presentation to military service members and counsel; MCRD, San Diego CA – 2010;

   l. Speaker ABA teleconference on defending consumer credit card debt and related issues; San Diego, CA – 2010;

m. Three-day National Consumer Law Center Conference; Seattle, WA - 2011;

n. Two-day FDCPA Mini-Conference; New Orleans; LA - 2012;

o. Two-day National Consumer Law Center Conference on the FDCPA; Seattle, WA - 2012;

p. National Consumer Law Center Conference, National Convention; Balitmore, MD - 2013;

q. Speaker ABA National Conference, Business Litigation Section; Trends in Consumer Litigation; San Francisco, CA - 2013;

r. Speaker National Consumer Law Center; Nuts and Bolts of TCPA Litigation; San Antonio, TX - 2014;

s. Speaker San Diego County Bar Association; Convergence of the FDCPA and Consumer Bankruptcy; San Diego, CA - 2014;

t. Guest Speaker at California Western School of Law; Consumer Law class - 2014;

u. 8th Annual Class Action Seminar; San Francisco, CA – 2014.

20. I am a member in good standing of the following local and national associations:

a. National Association of Consumer Advocates;

b. Federal Bar Association, Southern District of California Chapter;

c. San Diego County Bar Association;

d. Riverside County Bar Association;

e. San Bernardino County Bar Association;

f. Enright Inns of Court (2011-2014);

g. American Association for Justice;

h. Public Justice.

1    I declare under penalty of perjury under the laws of California and the

2    United States of America that the foregoing is true and correct, and that this

3    declaration was executed on March 1, 2016.

4                                              By:/s/ Joshua B. Swigart
                                                    Joshua B. Swigart
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28