| | |
|---|---|
| 1 | **LAW OFFICES OF TODD M. FRIEDMAN, P.C.** |
| 2 | Todd M. Friedman (SBN 216752) |
| 3 | tfriedman@attorneysforconsumers.com |
|   | 324 S. Beverly Dr., #725 |
| 4 | Beverly Hills, CA 90212 |
| 5 | Phone: 877-206-4741 |
|   | Fax: 866-633-0228 |
| 6 | |
| 7 | Attorneys for the Plaintiffs and Proposed Settlement Class |

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MUHAMMED ABDELJALIL, RICHARD SPRINGER, JOSEPH A. HOFER, and BRADLEY MOORE, Individually and on Behalf of All Others Similarly Situated,<br><br>    PLAINTIFFS,<br>V.<br><br>GE CAPITAL RETAIL BANK,<br><br>    DEFENDANT. | Case No.: 12-cv-02078-JAH-MDD<br><br>**DECLARATION OF TODD M. FRIEDMAN IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND CERTIFICATION OF SETTLEMENT CLASS**<br><br>**DATE**:   April 25, 2016<br>**TIME**:   2:30 p.m.<br>**CRTRM**: 13B<br>**JUDGE**:  Hon. John A. Houston |

# DECLARATION OF TODD M. FRIEDMAN

**I, TODD M. FRIEDMAN, declare:**

1. I am one of the attorneys for the plaintiffs in this action, Muhammed Abdeljalil, Richard Springer, Joseph A. Hofer and Bradley Moore ("Plaintiffs"). I am over the age of 18 and am fully competent to make this declaration. I was admitted to the State Bar of California in 2001 and have been a member in good standing ever since that time. I was admitted to the State Bar of Illinois in 2002, and the State Bar of Pennsylvania in 2011, and am in good standing with the California State Bar, Illinois State Bar, and Pennsylvania State Bar. I am admitted to practice in all state courts in California, Illinois, and Pennsylvania. I am admitted in every federal district in California and have handled federal litigation in the federal districts of California. I am also admitted to the Ninth Circuit Court of Appeals. If called as a witness, I would competently testify to the matters herein from personal knowledge.

2. The declaration is based upon my personal knowledge, except where expressly noted otherwise.

3. I submit this declaration in support of the Plaintiffs' Motion for Preliminary Approval of Class Action Settlement and Certification of Settlement Class in the action against defendant, GE Capital Retail Bank ("Defendant").

4. Plaintiffs Joseph A. Hofer and Bradley Moore were added to this action through the Fourth Amended Complaint filed on February 19, 2016.

5. I am currently serving as Class Counsel for a similar certified class pursuant to the Court's March 26, 2015 and April 9, 2015 orders, with Plaintiff Richard Springer as Class Representative. I request to be preliminarily approved as Class Counsel for the proposed settlement class.

6. Plaintiffs' attorneys have vigorously litigated this action since it was filed

on August 22, 2012, including defeating the Defendant's motion to dismiss class action allegations. The Parties have served and responded to extensive formal written discovery, and taken and defended depositions.

7. I believe that the Parties are fully apprised of the relative strengths and weaknesses of each other's claims and defenses and the potential risks to each party of pursuing further litigation in this matter, especially following three mediation sessions before the Honorable Leo S. Papas (Ret.).

8. I am unaware of any conflict of interest between Plaintiffs and any settlement class member or between Plaintiffs and Plaintiffs' attorneys.

## RISKS OF CONTINUED LITIGATION

9. Taking into account the burdens, uncertainty and risks inherent in this litigation, Plaintiffs' counsel have concluded that further prosecution of this action could be protracted, unduly burdensome, and expensive, and that it is desirable, fair, and beneficial to the class that the action now be fully and finally compromised, settled and terminated in the manner and upon the terms and conditions set forth in the Agreement. Although a class was certified prior to the filing of the Fourth Amended Complaint, on April 8, 2015 Defendant filed a motion for reconsideration of the class certification decision, which motion could have potentially resulted in decertification or certification of a similar class.

10. The named Plaintiffs believe that the claims asserted in the action have merit. However, taking into account the risks of continued litigation, as well as the delays and uncertainties inherent in such litigation including the risks in any subsequent appeal (and the decertification motion by Defendant), they believe that it is desirable that the action be fully and finally compromised, settled and terminated now with prejudice, and forever barred pursuant to the terms and conditions set forth in the Agreement.

11. Plaintiffs' counsel have concluded that with the settlement benefits and with the deterrent effects of the this settlement, Class Counsel believe the terms and conditions of the Agreement are fair, reasonable and adequate to the proposed class, and that it is in the best interests of the proposed class to settle the Action.

### CLASS COUNSEL'S EXPERIENCE

12. The Law Offices of Todd M. Friedman, P.C., Kazerouni Law Group, APC and Hyde & Swigart seek appointment as Class Counsel in this Action for settlement purposes. As will be reflected in both my declaration and the declaration to be submitted by Joshua B. Swigart and Abbas Kazerounian, I am informed and believe that Class Counsel are qualified and able to conduct this litigation as a class action. It is my understanding that Hyde & Swigart and Kazerouni Law Group, APC, are submitting separate declarations with this unopposed submission in support of their adequacy to continue to serve as Class Counsel.

13. I am an attorney admitted to practice in the State of California and am a partner at Law Offices of Todd M. Friedman, which has been retained to represent Plaintiffs in the above-captioned matter. I am a Partner of the law firm of Law Offices of Todd M. Friedman, co-counsel of record for Plaintiff.

14. Since 2002, I have dedicated my practice exclusively to areas of consumer protection with a concentration in the Fair Debt Collection Practices Act (FDCPA), Rosenthal Fair Debt Collection Practices Act (RFDCPA), Lemon Law, Fair Credit Reporting Act (FCRA), the Truth in Lending Act (TILA), Telephone Consumer Protection Act (TCPA), and California Invasion of Privacy Act (CIPA). Prior to opening my own practice, I was the managing attorney at a top consumer litigation firm. In August of 2005, I won a trial in the case of *Brunner v. Chrysler* in San Diego County. I also successfully

defended the appeal in the same case. In November of 2005, I argued in front of the Ninth Circuit Court of Appeals. In March of 2006, I won a trial against Mercedes Benz USA in Los Angeles County in the case of *Isip v. Mercedes*. I also successfully defended Mercedes' appeal of the same trial. I also won a trial against Honda in both 2006 and 2007, in the cases of *Nomer Medina v Honda and James Latham v. Honda,* respectively.

15. I have been lead *or* secondary Counsel on over sixty (60) class action lawsuits, all of which have been filed within the past five (5) years and have been, or currently are being litigated.

## EXPERIENCE RELEVANT TO THE TELEPHONE CONSUMER PROTECTION ACT

16. I have filed and litigated numerous other class actions based on the Telephone Consumer Protection Act in the past three years. The following is a non-exhaustive list of other TCPA class actions which I am or have been personally involved in:

   a. *Ari Friedman v. LAC Basketball Club, Inc.,* 13-CV-00818 CBM (ANx)(C.D. Cal.) (class settlement approved)

   b. *Kevin Stout v. Freescore LLC*- Case No. 2:10-cv-04395-R-OP (C.D. Cal.)

   c. *Adrienne Dancer v. L.A. Times*- Case No. BC472154 (class settlement approved)

   d. *Rivera v. Nuvell Credit Company LLC*, 13-CV-00164-TJH-OP (E.D. Cal);

   e. *Foote v. Credit One Bank, N.A. et al.*, 13-cv-00512-MWF-PLA (C.D. Cal.);

   f. *Webb v. Healthcare Revenue Recovery Group*, 13-cv-00737–RS (N.D. Cal.).

   g. *Gehrich v. Chase bank USA, N.A.,* 1:12-CV-5510 (N.D. IL) (preliminarily approved for $34,000,000);

   h. *Couser v. Comenity Bank*, 12-cv-02484-MMA-BGS (S.D. Cal. Oc. 2, 2014) (Finally approved for 8,475,000);

i. *Couser v. Apria Healthcare, Inc. et al.*, 13-cv-00035-JVS-RNB (C.D. Cal. Oct. 27, 2014) (Finally approved on March 9, 2015);

j. *Sayan Aboudo v T Mobile,* 3:12-cv-02169-BTM-NLS (Final Settlement Approved); and,

k. *Stemple v. QC Holdings, Inc.*, 12-cv-01997-BAS-WVG (S.D. Cal. Sept. 5, 2014) (Motion for class certification granted).

17. The outstanding results mentioned above are a direct result of the diligence and tenacity shown by both myself and Law Offices of Todd M. Friedman, P.C., in successfully prosecuting complex class actions.

## ADDITIONAL RELEVANT TRAINING/ENGAGEMENTS AND ASSOCIATIONS

18. My firm, Law Offices of Todd M. Friedman, in which I am a principal, has litigated over 1000 cases in the past five years. Law Offices of Todd M. Friedman, P.C., has extensive experience in consumer class actions and other complex litigation. My firm has a history of aggressive, successful prosecution of consumer class actions, specifically under California's Telephone Consumer Protection Act.

19. I am also a member in good standing with the National Association of Consumer Advocates (NACA).

20. In February of 2013, I was a guest speaker at the California Association of Collectors (CAC), District 5, Annual Meeting where I conducted a presentation and question and answer session regarding consumer rights and litigation pertaining to various consumer protection statutes including: Fair Debt Collection Practices Act, Rosenthal Fair Debt Collection Practices Act, Telephone Consumer Protection Act, and California Invasion of Privacy Act.

21. In 2009, WebRecon, LLC reported that I was the one of the top 5 'most active' FDCPA attorneys in the United States for that calendar year, representing hundreds of consumers in federal courts alone.

1  22. I believe the proposed amended Settlement is fair, adequate and reasonable.

I declare under penalty of perjury under the laws of California and the United States of America that the foregoing is true and correct, and that this declaration was executed on March 1, 2016.

By: /s/ Todd M. Friedman
Todd M. Friedman