1

2

3

4

5

6

7

8               **UNITED STATES DISTRICT COURT**

9               **SOUTHERN DISTRICT OF CALIFORNIA**

10

11  MUHAMMAD ABDELJALIL;          )   Case No. 3:12-cv-02078-JAH-MDD
    RICHARD SPRINGER; JOSEPH      )
    HOFER; BRADLEY MOORE;         )
12  individually and on behalf of all others )
    similarly situated,           )   **FINAL JUDGMENT AND ORDER**
13                                )   **OF DISMISSAL**
                                  )
14           Plaintiffs,          )
                                  )
15       vs.                      )
                                  )
16  GE CAPITAL RETAIL BANK,       )
                                  )
17           Defendant.           )
                                  )
18                                )
                                  )
19  _____  )

20

21

22

23

24

25

26

27

28

The Court having held a Final Approval Hearing on December 19, 2016, notice of the Final Approval Hearing having been duly given in accordance with this Court's Order (1) Preliminarily Approving Class Action Settlement, (2) Conditionally Certifying Settlement Class, (3) Approving Notice Plan, and (4) Setting Final Approval Hearing ("Preliminary Approval Order"), and having considered all matters submitted to it at the Final Approval Hearing and otherwise, and finding no just reason for delay in entry of this Final Judgment and good cause appearing therefore,

It is hereby ORDERED, ADJUDGED AND DECREED as follows:

1.     The Settlement Agreement and Release, including its exhibits, fully executed on January 27, 2016, as modified by Addendum No. 1 to Settlement Agreement and Release, fully executed on June 8, 2016, (together, the "Agreement"), and the definitions contained therein are incorporated by reference in this Order.  The terms of this Court's Preliminary Approval Order (Dkt. No. 146) are also incorporated by reference in this Order.

2.     This Court has jurisdiction over the subject matter of this Action and over the Parties pursuant to 28 U.S.C. § 1332, including all members of the Settlement Class certified for settlement purposes in this Court's Preliminary Approval Order.

3.     The Settlement Class means all persons nationwide whose cellular telephone number, at any time on or after August 22, 2008 through June 16, 2016, Synchrony (or any of its agents or entities) called using an artificial or prerecorded voice and/or using any automatic telephone dialing system and where the person called was called regarding an account that did not belong to him or her and did not provide the number to Synchrony or is not a person who had consented to receiving calls at that cellular telephone number.  Excluded from the Settlement Class are the Judge to whom the Action is assigned and any member of the Judge's staff and

immediate family, as well as all persons who are validly excluded from the Settlement Class.  There are an estimated 1,000,000 Settlement Class Members.

4.     All Persons who validly excluded themselves from the Settlement Class are not Settlement Class Members as that term is defined and used herein, and shall not be bound by this Final Approval Order or any release provided herein.  A list identifying the 25 persons who validly excluded themselves from the Settlement Class has been filed under seal with the Court (see Dkt. Nos. 156 and 157).

5.     There are no objections to the Settlement. After consideration of all relevant factors, the Court finds that the Settlement, taken as a whole, is fair, reasonable and adequate to all concerned.

6.     The Court hereby finds that the Agreement is the product of arm's-length settlement negotiations between the Plaintiffs and Class Counsel, on the one hand, and Synchrony and Synchrony's Counsel, on the other hand.

7.     The Court hereby finds and concludes that Class Notice was disseminated to members of the Settlement Class in accordance with the terms set forth in Section III.F of the Agreement and this Court's Preliminary Approval Order (Dkt. No. 146).  The Court further finds that the Publication/Media Notice was provided in accordance with the terms set forth in the Agreement.

8.     The Court hereby finds and concludes that the Notice Program and claims submission procedures fully satisfy Rule 23 of the Federal Rules of Civil Procedure and the requirements of due process, and constitute the best notice practicable under the circumstances.  The Court further finds that the Notice Program provided individual notice to all members of the Settlement Class who could be identified through reasonable effort and supports the Court's exercise of jurisdiction over the Settlement Class as contemplated in the Settlement and this Order.

9.     This Court hereby finds and concludes that the notice provided by Synchrony pursuant to 28 U.S.C. § 1715 fully satisfied the requirements of that statute.

10.     The Court finds that the Settlement's terms constitute, in all respects, a fair, reasonable, and adequate settlement as to all Settlement Class Members in accordance with Rule 23 of the Federal Rules of Civil Procedure, and directs its consummation pursuant to its terms and conditions.  The Plaintiffs, in their roles as Class Representatives, and Class Counsel adequately represented the Settlement Class for purposes of entering into and implementing the Agreement.  Accordingly, the Agreement is hereby finally approved in all respects, and the Parties are hereby directed to perform its terms.  The Parties and Settlement Class Members who were not excluded from the Settlement Class are bound by the terms and conditions of the Agreement.

11.     The Court specifically approves Class Counsel's application for attorneys' fees of $1,750,000 (representing 25% of the $7,000,000 Settlement Fund), which the Court finds to be fair and reasonable in this case, and the Court finds Plaintiffs' counsels' hourly rates to be fair and reasonable.  Additionally, Class Counsel is hereby awarded $26,631.21 in costs of litigation.  The award of attorneys' fees and litigation costs are to be paid from the Settlement Fund pursuant to and in the manner provided by the terms of the Agreement.

12.     The Court finds the payment of service awards in the amount of $5,000 to each of the four Settlement Class Representatives fair and reasonable. Accordingly, each of the Settlement Class Representatives is hereby awarded $5,000, such amounts to be paid from the Settlement Fund pursuant to and in the manner provided by the terms of the Agreement.

13.     The Court approves payment of $965,842.17 in notice and administration expenses to the claims administrator, Kurtzman Carson Consultants, LLC, to be paid from the Settlement Fund.

14.     The Settlement Class described in paragraph 3 above is hereby finally certified, solely for purposes of effectuating the Settlement and this Order and Final Judgment.

15.     The requirements of Rule 23(a) and (b)(3) have been satisfied for settlement purposes, for the reasons set forth herein.  The Settlement Class is so numerous that joinder of all members is impracticable; there are questions of law and fact common to the class; the claims of the Class Representatives are typical of the claims of the Settlement Class; the Class Representatives will fairly and adequately protect the interests of the class; the questions of law or fact common to class members predominate over any questions affecting only individual members; and a class action is superior to other available methods for fairly and efficiently adjudicating the controversy between the Settlement Class Members and Synchrony.

16.     This Court hereby dismisses, with prejudice, without costs to any party, except as expressly provided for in the Agreement, this Action.

17.     The Claims Administrator is directed to distribute the consideration to the Settlement Class pursuant to the terms of the Agreement.

18.     Plaintiffs and each and every one of the Settlement Class Members unconditionally, fully, and finally release and forever discharge the Released Parties from the Released Claims as provided for in the Agreement.  In addition, any rights of the Settlement Class Representatives and each and every one of the Settlement Class Members to the protections afforded under Section 1542 of the California Civil Code and/or any other similar, comparable, or equivalent laws, are terminated.

19.     Each and every Settlement Class Member, and any person actually or purportedly acting on behalf of any Settlement Class Member(s), is hereby permanently barred and enjoined from commencing, instituting, continuing, pursuing, maintaining, prosecuting, or enforcing any Released Claims (including, without limitation, in any individual, class or putative class, representative or other action or proceeding), directly or indirectly, in any judicial, administrative, arbitral, or other forum, against the Released Parties.  This permanent bar and injunction is necessary to protect and effectuate the Agreement, this Final Judgment and Order of

Dismissal, and this Court's authority to effectuate the Agreement, and is ordered in aid of this Court's jurisdiction and to protect its judgments.

20.     The Agreement (including, without limitation, its exhibits), and any and all negotiations, documents, and discussions associated with it, shall not be deemed or construed to be an admission or evidence of any violation of any statute, law, rule, regulation, or principle of common law or equity, of any liability or wrongdoing, by Synchrony, or of the truth of any of the claims asserted by Plaintiffs, and evidence relating to the Agreement shall not be discoverable or used, directly or indirectly, in any way, whether in this Action or in any other action or proceeding, except for purposes of enforcing the terms and conditions of the Agreement, the Preliminary Approval Order, and/or this Order.

21.     In the event that any provision of the Settlement or this Final Judgment and Order of Dismissal is asserted by Synchrony as a defense in whole or in part to any Claim, or otherwise asserted (including, without limitation, as a basis for a stay) in any other suit, action, or proceeding brought by a Settlement Class Member or any person actually or purportedly acting on behalf of any Settlement Class Member(s), that suit, action or other proceeding shall be immediately stayed and enjoined until this Court or the court or tribunal in which the claim is pending has determined any issues related to such defense or assertion.  Solely for purposes of such suit, action, or other proceeding, to the fullest extent they may effectively do so under applicable law, the Parties irrevocably waive and agree not to assert, by way of motion, as a defense or otherwise, any claim or objection that they are not subject to the jurisdiction of the Court, or that the Court is, in any way, an improper venue or an inconvenient forum.  These provisions are necessary to protect the Agreement, this Order and this Court's authority to effectuate the Settlement, and are ordered in aid of this Court's jurisdiction and to protect its judgment.

22.    By incorporating the Agreement and its terms herein, the Court determines that this Final Judgment complies in all respects with Federal Rule of Civil Procedure 65(d)(1).

23.    Finding that there is no just reason for delay, the Court orders that this Final Judgment and Order of Dismissal shall constitute a final judgment pursuant to Rule 54 of the Federal Rules of Civil Procedure.  The Court orders that, upon the Effective Date, the Settlement shall be the exclusive remedy for any and all Released Claims or Plaintiffs and each and every Settlement Class Member.  The Clerk of the Court is directed to enter this Order on the docket forthwith.

24.    If an appeal, writ proceeding or other challenge is filed as to this Final Approval Order, and if thereafter the Final Approval Order is not ultimately upheld, all orders entered, stipulations made and releases delivered in connection herewith, or in the Settlement or in connection therewith, shall be null and void to the extent provided by and in accordance with the Settlement.

25.    Without further order of the Court, the Parties may agree to reasonably necessary extensions of time to carry out any of the provisions of the Settlement.


IT IS SO ORDERED.

Dated: December 21, 2016

Hon. John A. Houston
United States District Judge